1270

U.S. DISTRICT COURT
DISTRICT OF NH
FILED

2018 MAY 18  A 10: 36

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v

Town of Woleboro                    JURY TRIAL DEMANDED FOR DAMAGES ONLY

### JURISDICTION

This cause of action happened in New Hampshire.   The Complaint that is before the
Court is under 42 U.S.C. 1983 and 42 U.S.C. 1985, a civil rights action.

### PARTIES

1.      Plaintiff,  Josephine Amatucci,  a citizen of the United States,  and a resident of
Wolfeboro,  New Hampshire,  residing at Post Office Box 272,  Wolfeboro,
New Hampshire 03896;

2.      Defendant,  Town of Wolfeboro, P. O. Box 629, Wolfeboro,  New Hampshire 03894.

RELEVANT FACTS - *No PROBABLe Cause*
*This case is Against the Town Not the Judge Signatures.*

3.      The defendants  filed a Petition on June 29, 2015 in the carroll county superior court

to declare the Plaintiff a vexatious litigant,  for in their words,   "Amatucci will NOT STOP

SUING THE TOWN.   The Plaintiff states however,   that this is an issue that has been

actually and necessarily litigated and determined in a prior action,  in 2012 by the

Superior Court Judge Steven Houran.   And may not be drawn into question in this

subsequent action.  Fort Frye Teachers Assn. v. State Emp. Relations Bd. 81 Ohio St.

3d 392, 395,1998 Ohio -435.

1

4.     However,  the  Plaintiff claims that she had PROBABLE CAUSE  to file her lawsuits

and motions,   and that the filing of the Petition was a violation of Due Process and a

violation of the Res Judicata Doctrine,   and that the defendants only filed the Petition

which was only 4 days after they received the final judgment of the carroll county

trial court judge Patten's  ORDER ON THE MERITS,  that the judge found the Plaintiff

NOT GUILTY of Speeding,   and that the police had no probable cause to seize,  arrest,

incarcerate and maliciously prosecute her.   And that they filed the Petiition to deny

the Plaintiff access to the Superior court to file a lawsuit regarding this Fourth

Amendment Malicious Prosecution by the police.   The filing of the Petition so close

to the Order of the court that  It was conspiciously timely.   Frisbie v. Morris 75 Conn.

637 639-40, 55A 9 (1903).  Brideport Hydraulic Co. v. Pearson 139 Conn. 186, 194, 91 A.2d & 778,

781 (1952).                    *No Probable Cause*

5.     The Plaintiff states that the defendants failed to state a claim upon which relief

could be granted,  and under Res Judicata,  because Judge Steven Houran in 2012 of the

same Superior Court already declared the   Plaintiff  a 'restrictive filer' in filing any case that

pertains to the 2002, 2003 arrests,  as he stated now and......IN ANY FUTURE CASE.

6.       Under the doctrine of  res judicata   "a final judgment on the merits of an action

precludes the parties or their  privies from .......RELITIGATING ISSUES.......that were or could

have been raised in that   action.  Allen v. McCurry, 449 U.S. 90, 94 (1980).   See also  Satsky v.

Paramount Inc.,   7 F.3d 1464, 1467 (10th Cir. 1993.  "The doctrine of res judicata  precludes

parties from relitigating issues that were or could have been raised,  parties cannot DEFEAT

ITS APPLICATION by simply alleging new legal theories.   Clark v. Haas Group,   Inc. 953 F.2d

 1235, 1238 (10th Cir. 1992).  Further a court's  conclusions are  conclusions .........OF LAW.

7.      Under the New  Hampshire transactional approach,  a final judgment on the merits

extinguished the defendants Petition.     Petromanagment 835 F.2d at 1335.

2  *B*

8.     The Plaintiff states that the Petition was barred under Res Judicata, that the matter of calling the Plaintiff a 'restrictive filer' for the 2002 and 2003 arrests was already determined, judged, decided, and resolved by Judge Houran and his judgment in the matter and it was adjudicated for .......ALL FUTURE FILINGS. This judgment overrules the defendants Petition, and the Order of the Superior Court judge Ignatius is Void on its face, it has no legal force.

9.     That on November 28, 2012 in the same jurisdiction the Superior court, under Docket No. 212-2012-CV-238 Judge Steven Houran already barred any future filing of claims by the Plaintiff regarding the 2002, 2003 arrests and gave his own Orders regarding the filing of ALL FUTURE LAWSUITS BY THE PLAINTIFF. Judge Houran stated:

"I deny a request that I bar the Plaintiff from filing further claims arising out of the 2002 or 2003 events in this court absent the posting of a bond to secure any award of costs or attorney's fees those defending may incur, subject to the right to the defendants to file motions seeking such an order should Ms. Amatucci file such litigation in the future".

"I exercise my discretion to DECLINE TO BAR Amatucii from filing claims in this court. Further, because a requirement that she post a substantial bond to pay all previously ordered costs and fees prior to filing claims may have the effect of barring her from filing, I likewise decline to order the posting of such a bond or requiring completion of such payments."

10.     It must be noted that Judge Houran included his judgment to be for ALL future lawsuits that the Plaintff files.

11.     Therefore under res judicata the 2002 and 2003 arrests could not be refiled in the Superior Court for relief for a thing already judged, and judged for all future lawsuits in the 2002 and 2003 case.    So because this one lawsuit which includes both the 2002 and 2002 arrests, is BARRED from being refiling, that only leaves the 2013 and 2013 lawsuits.   Which is not enough lawsuits to file a Petition to declare the Plaintiff a vexatious litigant, as the judgment of Judge Houran was conclusive on all matters regarding the 2002, 2003 arrests.

3  🖋

12.     Therefore the Plaintiff is accusing the defendants of violating Due Process of the
law, when they attempted to get a different disposition of the 2002 and 2003 claims. That
they were trying to override the judgment of judge Houran to deny the Plaintiff the right to
file future lawsuits on ALL MATTERS, where the Town was involved, according to the
lenient judgment of Judge Houran. And that the main purpose of filing the Petition
was to stop the Plaintiff from filing a lawsuit in the Superior Court regarding the 2014
unlawful arrest, incarceration and Fourth Amendment Malicious Prosecution by the
police.

### NO PROBABLE CAUSE

13.     That the defendants had NO PROBABLE CAUSE to declare her a vexatious litigant,
as it relates to the 2013 and 2014 lawsuits.

14.     That the defendants are guilty of violating her Due Process Rights,
under the Fourteenth Amendment, they violated her First Amendment Right to access
 the Courts, they defamed her good character when they advertised in the local
newspaper that her lawsuits were found by the courts to be without merit and declared
to be a Vexatious Litigant by the Court. That they told the public that her unmeritorious
lawsuits caused the town insurance carrier Primex to raise the rates up to 10% when the
truth is they stated in the Granite News that the raise was due to the high medical bills
of the town employees. They stated that the police were after her because she
committed crimes, when she never committed any crimes. These accusations were
done under MALICE AND DECEIT, to cause her intentional and negligent emotional
distress and Pain and Suffering.

15.     A Filing restriction has already been ordered by Judge Houran, requiring her not to
file any more lawsuits regarding the 2002, 2003 arrests that the Clerk of court will not
document any lawsuits pertaining to the 2002 and 2003 arrest.

4

16.     We will review the 2002, 2003,  2013, 2014 lawsuits that the defendants have based

their 'vexatious litigant' Petition.   To see if the Plaintiff did indeed have PROBABLE CAUSE

to file the lawsuits.

THE 2014 LAWSUIT

IT WAS THE DEFENDANTS WHO WERE FRIVOLOUS

AND HARRASSING  NOT THE PLAINTIFF

DECEIT,  DECEIT, DECEIT

17.     The defendants stated,  "to stop the Plaintiff from raising the same accusations in

the 2014 lawsuit.  And the accusation they said the Plaintiff made in the  2014 lawsuit  was

when she filed a Right to Know claim in the Superior Court asking that the Town be ordered

to produce the "TRUE VIDEO" of the events of May 7, 2014 when Amatucci presented herself

in the Town's  Public Safety Building .  Such Right to Know claims is  an abuse of the judicial

process,  as Amatucci had already........ASKED........(but did not get) the Circuit court in her

pending criminal prosecution for a copy of the Town's  video  of the events of May 7, 2014 and

the Town had provided all copies of the VIDEO

          "either to Amatucci.................OR TO THE COURT".

18.     The Plaintiff .........was never provided with a copy of the True Video......a copy

however was provided to the Court.... which concealed the video from the Plaintiff....

and  the court allowed the defendants to provide  a fabricated video as evidence,   when

the court knew that it was a fabricated video.  The video showed Cif Stuart Chase assaulting

the Plaintiff,   pushing her out the door of the police station,  and thereatening her yelling

at her and telling her if she accuses the police of misconduct he will get her and arrest

her on the spot.    This was my defense as to why I did not stop for Chief Chase when he

started to pursue me on May 7, 2013 to stop me from reaching the Sheriff's  office where

I was going to lodge a Complaint against him.

5  𝓑

19.      That the defendants were concealing the TRUE VIDEO from the Plaintiff.   That in due diligence after the trial  in examining  the case file she FINALLY found the True Video,  hidden on the bottom of the file,   and concealed in a plastic bag.

20.      This explains why the defendants stated:

                    "either to Amatucci...........OR TO THE COURT."

Here they are confessing that the prosecutor ONLY GAVE THE TRUE VIDEO TO THE COURT and never gave it to Amatucci.     OR TO THE COURT.......OR TO THE COURT......OR TO THE COURT.   This means the prosecutor and the Court were concealing  the true video, and in doing so they were concealing the crimes of Police Chief Chase.

21.      Instead of presenting the True Video for the trial,  they had a fabricated video before the court,  which depicted the Plaintiff in the police station a year earlier.   And the Plaintiff kept telling the court over and over again,  that was taken at another time, it was taken a year earler when the Plaintiff had gone inside the police station to talk to Chief Chase about another incident.   that is not the True Video.   The Plaintiff discovered the True Video before the Clerk of Court,  and she can be a witness to this event.   She allowed the Plaintiff to make a copy of the True Video,   and we compared the fabricated video to the True Video.   WHO'S  HARASSING WHO......WHO'S  HARASSING WHO.

                    THE 2002-2003 LAWSUIT (ONE LAWSUIT)

22.      This case was filed under one  lawsuit in the Federal Court under Docket 05-CV-00259,  the two arrests were consolidated by the Plaintiff.

23.      The defendants Petition asked the Court to declare the Plaintiff a vexatious litigant so she will not sue the Town,  officials and employees regarding the  2002-2003 arrests.   This is a violation of Res Judicata,  as judgment was already rendered by he Superior Court Judge Houran when he restriced the Plaintiff from filing any lawsuits regarding the 2002-2003 arrests.   Where he stated that any case filed regarding these

two events WILL NOT BE DOCKETED. Therefore, under Res Judicata this judgment

cannot be renewed. It is barred under Res Judicata.

24.       Besides, the Federal Court found this lawsuit to be meritorious (not harassing)

as the Magistrate judge Muirhead stated:

"Amatucci has this stated the minimum facts necessary to demonstrate a Fourth
Amendment claim for False Arrest and Detention against O'Brien and Hamilton for the 2003
arrest, and a False Arrest and Detention for the August 2002 arrest, and in my Order I will direct
that these claims be served on both O'Brien and Hamilton."

25.       And Judge ignatius herself stated on page 7 of her 11/28/16 ORDER "The court

does not consider this case (05-cv-00259) necessarily to hve been frivolous or filed with

a purpose to harass. It is important, however, to understand that the federal court fully

addressed the matters raised in this complaint"

THE 2013 LAWSUIT

26.       In 2013 police officer Dean Rondeau accused the Plaintiff of erratic driving at the

Lake Wentworth State park, this was a bogus traffic violation. And the filing of a Lawsuit

will be shown that it was NOT FRIVOVOLOUS or was not filed to harrass the Town of

Wolfeboro.    As, the Plaintiff proved she was not in Wolfeboro that day, that she was

in Massachusetts and in two banks, where she could show that she deposited money and

also had a withdrawal slip at the same time she was SUPPOSED TO BE IN NEW HAMPSHIRE

THAT DAY.    Rondeau had notified the Department of Transportation to re-test her becaue

of her erratic driving at the Lake Wentworth State Park that day, with the intentions of

having her license to drive revoked, however, she was able to prove that she was not in

New Hampshire that day and she did not have to be re-tested. As she could be seen in

these banks with their video camera's. Where she did not have to be re-tested her

Federal civil rights were not taken away so she had no case before the Federal Court.

In the State Court she filed the case under the statute ATTEMPT but this is a criminal

7 🖉

complaint and it was dismissed under a civil action.

27.     Now the Plaintiff has proven that it is the defendants who have been harassing

and abusing the Plaintiff in 2013, 2014, 2013, 2014, and filing lawsuits for these claims

were her rights under Due Process of the Fourteenth Amendment, under the First

Amendment to redress her grievances in court and her right to enter the courts to file

these grievances. That although according to Judge Houran it was the SEVENTH ATTEMPT

to assert or renew claims arising out of the SAME EVENTS, where the claims were either

dismissed or judgment was summarily entered against her, the filing of claims of the

same event might have been frivolous, but they were NOT WITHOUT MERIT. And not

to harrass the defendants. As Judge Ignatius will admit in her ORDER dated dated

11/28/16 declaring the Plaintiff a frivolous litigant, that, "this court does not consider

this case (2002-2003 arrests case 05-cv-00259) to be frivolous or filed with a purpose

to harass. The 2002-2003 arrsts WERE NOT FRIVOLOUS OR WITH THE INTENT TO HARASS

where if the defendants filed this case to declare her a vexatious litigant and where all

the SEVEN ATTEMPTS to renew her 2002-2003 claims were NOT FRIVOLOUS OR HARASSING

then the defendants had no authority to file a vexatious litigant Petition, based on two

cases the 2013 and 2014 lawsuits. As according to the vexatious litigant statute they

needed 3 lawsuits that were frivolous and with the purpose to harass which they did not

have. Therefore the Order of the Superior Court declaring the Plaintiff a vexatious

litigant is VOID ON ITS FACE, as the Petition was brought under FRAUD OF THE COURT.

28.     The Plaintiff has proven that all of her lawsuits were meritorious and

that main purpose to file the Petition was to stop the Plaintiff from filing a lawsuit

regarding the 2014 unlawful seizure, arrest, incarceration and Fourth Amendment

Malicious Prosecution by the police.

29.     And therefore, the defendants are guilty of violating the Plaintiff's Due

8

Process rights under the First and Fourteenth federal Constitution.   Are guilty of

Malice,  Deceit,  Fraud and misrepresentation.  They are guilty of  Defamation of her

good  character when they  published in the local newspaper that she was declared a

Vexatious Litigant and that none of her lawsuits were found to be meritorious and that

these unmeritorious lawsuits were costing the town taxpayers.   And they further

stated that the Town Insurer Primex was going to raise the insurance rates of the tax

payers of this town up to 10% due to all the frivolous lawsuits of the Plaintiff.   Which is

a total lie,  because the Plaintiff has an article showing Primex stating that the raise in the

insurance rates were due to the high medical bills of the town employees.

30.        It is to be noted that the  defendants requested that the Superior court judge

Ignatius                                          .

"Schedule a hearing on an expedited basis"

and there are two reasons why they were requesting an expedited ruling,   calling the

Plaintiff a frivolous litigator would clear officer Dean Rondeau of any wrongdoings in 2013.

This is shown on an email that the Plaintiff has acquired were Rondeau is shown to be

relieved that the Superior court judge found the 2013 lawsuit against him,  to be  frivolous

and that the Plaintiff filed the lawsuit to harrass him.   He states that he was relieved,

and too bad the court did not expedite the ruling sooner ........AS PROMISED.   Yes,  there

was ex parte communications with the defendants and the Superior court judge.   The

vexatius litigant Petition was rigged all around.

FOUND NOT GUILTY.....

A POTENTIAL FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

THE 2014 EVENT

31.        On June 25, 2015 the carroll county district court judge found the Plaintiff

NOT GUILTY of speeding,  and found that the police had no probable cause to seize,

9

arrest, incarcerate and commit a Fourth Amendment Malicious Prosecution against her.
4 days later,   only 4 days later,  the defendants as soon as they got this news,  they
filed this Petition, which was on June 29, 2015.   And the Carroll County Superior Court
declared the Plaintiff a vexatious litigant on November 28, 2016 four months after the
Federal Court in the Docket 15-CV-356-JL.   That therefore the defendants knew that
the Federal Court found her claims in the 2014 arrest with merit,  yet the defendants
allowed the Court to find that she filed the 2014 lawsuit to harass the defendants.
The Town lawyer knew very well as he was a party  in this lawsuit in the Federal Court.

32.        The Plaintiff states that they knew there would be a forthcoming lawsuit
for a Fourth Amendment Malicious Prosecution against the Town,   so they filed this
fraudulent Petition asking the judge to expedite an Order that would deny the Plaintiff
the right to file any civil lawsuit relating to the 2014  unlawful arrest.   A FRAUDULENT
CONCEALMENT deceitful move on the defendants.   They asked the court to:

> "Schedule a hearing on an expedited basis"

33.       To stop the Plaintiff from filing a  FOURTH AMENDMENT MALICIOUS
PROSECUTION lawsuit  in the Superior Court against:

> (a)   The FORMER Police Chief Stuart Chase;
>
> (b)   The FORMER Town Planner Rob Houseman;
>
> (c)    The FORMER police officer James O'Brien;

These are the three defendants in the 2014 unlawful arrest,  yes,  they were ALL
TERMINATED,  for their parts in her civil rights violation on May 7, 2014.

34.       On November 28,  2016 the Superior Court,   true to the defendants wishes
declared the Plaintiff a vexatious and made sure that the Plaintiff would not receive
damages for a Fourth Amendment Malicious Prosecution claim,  by ordering that,

> "No  Civil lawsuits  or criminal complaints related to Amatucci's arrest in 2014   however

styled will be docketed."

35.     POLICE OFFICER CHARLES HAMILTON,  OFFICER O'BRIENS SUPERVISOR

AND POLICE CHIEF BRIAN BLACK

WERE BOTH FIRED FOR THEIR INVOLVEMENT IN THE 2003 ARREST

36.     The Plaintiff states that when the Superior Court stated:

"No civil lawsuits or .......criminal.......complaints related to her 2014 arrest,

however they may be styled, will be docketed."  The courts intention was to stop the

Plaintiff for filing a lawsuit for a Fourth Amendment Malicious Prosecution against the

Town, public officials and employees. The court added CRIMINAL because the court

knew that criminal charges could be brought against Chief Chase for KIDNAPPING, and

in the 2013 case, against police officer Rondeau under Attempt. This ruling was self-

serving for the defendants.   As an e-mail in possession of the Plaintiff shows Rondeau

relieved that judge Ignatius ordered that the Plaintiff could not file any criminal charges

in his 2013 bogus traffic violation where he ATTEMPTED to have the Plaintiff's license

to drive REVOKED unlawfully,  in Retaliation because she was demanding that police

officer james O'Brien be investigated.

37.     Zeller v. Cnsolini 235, Conn. 417, 424, 666 A.2d 64, 67 (1995); Bridgeport

Hydraulic Co. v. Pearson, 139 Conn. 186, 194, 91 A.2d 778, 781 (1952).  Frisbie v. Morris,

75 Conn. 637 639-40, 55A.9 (1903).


38.                                  CLAIMS

COUNT 1........... Pain and Suffering, Intentional and Negligent Infliction of Emotional distress,
and in the future.  The Plaintiff is asking for Enhanced or treble damages.  As she had no malice
and had probable cause to file her motions.

COUNT 11...........Defamation..."the Plaintiff is entitled to recover such damages as are the
natural and direct or proximate result of the publication of the defamatory and untrue
statements,  that her lawsuits were all unmeritorious and filed to harass the Town and

11

employees of the Town.  See   Chagnon v. Union Leader Co. 103 N.H. 426, 441 (1961).  "the jury can find that the defamtory publication charged the plaintiff with a crime which would tend to injure him, he can recover from general damages,  (the Plaintiff has an article where the town states that the police got involved for her crimes)  of damages that would normally result from such a defamation,  such as his reputation.  See Lassonde v. Stanton,  157 N.H. 582, 592-93 (2008).  "He need not prove these damages specificially".  Chagnon, 103 N.H. at 441.  That he had malice and therefore Enhanced Compensatory  damages are awarded when an act is wonton, malicious,  or oppressive,  the aggravating circumstances may be reflected in an award of Enhanced Compensatory damages,  which are sometimes called libertal compensatory damages.  Stewart v. Bader,  154 N.H. 75, 87 (2006).  There must be hatred, hostility,  or evil motive on behalf of the defendant.  That they caused the citizens of the town to have anger towards her and resent her.   As the Plaintiff has two witnesses who have yelled at the Plaintiff and accused her of filing unmeritorious  claims,  a priest and a Postal clerk because of what they read in the newspaper.

COUNT 111.........Violation of Due Process of the law,  they did not have 3 frivolous lawsuits to declare her a vexatious litigant.

COUNT 1V...........Violation of her civil rights,  of the First and Fourteenth Amendments under Due Procees in a denial to have her access the courts,  denial of her liberty rights,  by putting conditions on her filing lawsuits,  and a denial of her right to redress her grivances to the court. By ordering that knowing she is an indigent litigator to pay all filing fees for any new lawsuit,  to deny her access to the courts.   And under Equal Protection of the law.

COUNT V...........FRAUD.........Regarding the True Video,  where the defendants  knew that the prosecutor was concealing the true video from the Plaintiff and concealing it at the bottom of the file,  in a plastic bag.


Respectfully,

Josephine Amatucci

~~June 21, 2017~~ *MAY 16 2018*

*Josephine Amatucci*

12