4110

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

2018 JUL -9 A 11: 09

Josephine Amatucci

v.

Town of Wolfeboro

A NEW AND INDEPENDENT ACTION

MOTION FOR RELIEF FROM A JUDGMENT OR ORDER

UNDER FRAUD, A VOID JUDGMENT

UNDER FEDERAL R. CIV. P. 60

"CITING EXTRAORDINARY CIRCUMSTANCES"

UNDER THE SAVING CLAUSE


A STATE PROCEDURAL CHALLENGE

1. The Plaintiff filed this action in Federal Court to have her State Court conviction for the offense of Disobeying a Police Officer overturned and or nullified by a jury of her peers, as allowed under the Federal Constitution, the Law of the Land. See ( State v. Josephine Amatucci 00836). Regarding her State conviction in September of 2015.

2. As the conviction was based on a violaion of her rights under Due Process and based under FRAUD.

3. The plaintiff was convicted in September of 2015 for a misdemeanor A, but because the prosecutor changed the misdemeanor A to a misdemeanor B prior to her conviction, she was not allowed a jury trial. Under State procedural grounds

1

there is no jury trial for a Misdemeanor B. Even though the Plaintiff was convicted under a Misdemeanor A.

4. This procedure of the State is contrary to her Federal Civil Rights which under the Supremacy Clause forbids a state from using a state rule to trump the fundamental requirements of the United States Constitution, a right to a jury trial. That the Constitution shall be the Supreme Law of the land. U. S. Const. art V1. Staub v. City of Baxley, 355 U.S. 13-318-20, 78 S. Ct.277.

### STATE LAW NOT ADEQUATE - A PROCEDURAL CHALLENGE

5. The Plaintiff has a right to file this suit, in the Federal Court..........- in another trial court......... on the theory that the prior decision in the State Court was without DUE PROCESS, a right to a jury trial, and under FRAUD. Sotomura v. County of Hawaii, 460 f. Supp. (D. Hawaii 1978) Robinson v. Ariyoshi, 441 F. Supp. 559 (D. Hawaii 1977). A procedural challenge. State Law not adequate when it violates the United States Constitution right to a jury trial, James Doan v. Anthony J. Brigano. In the absence of an available State corrective process.

6. The Plaintiff states that Fed. R. Civ. P. 60 (b)(6) allows the Court to relieve a party from a final judgment for "any reason that justifies relief"

### UNDER FEDERAL RULES OF CIVIL PROCEDURE

### TITLE V11, RULE 60 RELIEF FROM JUDGMENT OR ORDER

### FEDERAL COURT JURISDICTION

7. Under Rule 60 reconstruction there are two types of procedure to obtain relief from judgments, one procedure is by motion in the court and in the action in which the judgment was rendered, and the other procedure is by a NEW AND INDEPENDENT ACTION to obtain relief from a judgment, "WHICH ACTION MAY OR .....MAY NOT BE BEGUN IN THE COURT WHICH RENDERED THE JUDGMENT." See Federal Rules of Civil Procedure

Title V11, Rule 60 Relief rom a Judgment or Order".

8.  Fraud as an express ground for relief, and under the saving clause is permitted.

9.  That although the State Court did not sentence the Plaintiff to jail time, or fine the Plaintiff, she still maintains this crime on her Criminal Record.

10.  CONVICTION OBTAINED BY FRAUD ON THE COURT

To convict a person for the offense of disobeying a police officer, the trial court judge had to first determine the Plaintiff's state of mind that day, why she did not stop for the police when they were pursuing her. However the trial court judge ignored the evidence of her State of Mind, that she did not stop first of all because she was not in lawful detention, second that the police had no probable cause to stop her car, and third that the Court knew from the evidence in the case files, before the judge at the trial, that she was threatened by the police chief shortly before he was pursuing her, and that she was afraid for her safety. The Court had evidence as the trial court judge stated, that the pursuit of the Plaintiff was a set-up, that she was not speeding, and a Narrative was before the Court which the judge made police officer Emerson read at the trial, which was under OATH by a credible witness Deputy Sheriff Timothy Thompson. The judge had a statement from Ann Marble, the secretary to the former Town Manager, where she states that the Plaintiff feared for her safety, when the Plaintiff visited her right after the former Chief Chase threatened her. As she had gone in the police station on May 7, 2014 to report police misconduct to the Police Chief Chase, of a bogus traffic violation by one of his police officer's and when the Chief saw the evidence that the Plaintiff had he went beserk, and threatened her and told her "if you ever accuse my men of misconduct I will get you and arrest you on the spot." This action by the Police Chief is the same as his actions in a prior bad act when a Mrs. Kennedy from Danvers, filed a lawsuit against Chief Chase for also Retaliating against her and falsely imprisoning her when she

3

also complained to Chase about police misconduct. Chase was also a Police Chief at the time, in Danvers, and he had only been Chief one year.

## THE PREPONDERANCE OF EVIDENCE
## OF HER STATE OF MIND

11. This case is before the Federal Court for the denial of her Due Process of the law, where she is allowed a new trial. see Laurie 139 N.H. at 329-33, where the Court allowed a new trial.

12. The trial Court judge Patten convicted the Plaintiff of the offense of Disobeying a Police officer by fraudulently stating that there was no evidence in the files to show any STATE OF MIND as to why Amatucci did not stop for the police. This was not true.

## FRAUD ON THE COURT

13. The Prosecutor had produced a fabricated video at the trial and the True Video as the plaintiff later discovered was concealed in the bottom of the case file.

14. The concealed True Video proved her STATE OF MIND of fear for her safety when in Retaliation for her accusing 'his men' of misconduct in the police station on May 7, 2014, Chief Chase threatened her with his finger in her face, and pushed her out the door. Proof of her State of Mind, of being threatened which was in the case files. The Plaintiff presented this video to the Court in another case under 00237.

15. Chase was pursuing her with his lights and siren on because he knew she was heading to the Sheriff's Dept. to lodge a complaint against him. And the Plaintiff did not stop for him because she was threatened by him a few minutes earlier that he was going to arrest her, if she ever complained about police misconduct.

16. Regarding her STATE OF MIND that day, there was also the statement by Anne Marble, the former town Manager's Secretary confirming my State of Mind that day, when the Plaintiff visited her to ask her to call the Selecmen for her as she feared

4

for her safety due to the actions of Chase.

17.     There was also a Narrative before the trial court judge, under OATH by a credible witness Deputy Sheriff Timothy Thompson who stated that the police told him that the Plaintiff was not speeding, but that the police just wanted to stop her car. And Timothy verifies that the Plaintiff was very frightened as Chase threatened her in the police station.   In fact at the trial because officer Emerson was lying about the event of May 7th the judge ordered him before he spoke any further to read the Narrative of Thompson.

18.     All of this evidence was available and before the trial court judge when he fraudulently stated that there was no eivdence of her 'MENTAL STATE OF MIND".   And he fraudulently convicted her of disobeying a police officer.

### TERRY V. OHIO (a Terry stop)

19.     In this United States Supreme Court case it was stated :

"If a police officer wants to seize your car he needs to have reasonable articulated suspicion that criminal activity is afoot."

### TITLE XX1 CHAPTER 265 Section 265:3

20.     "No person shall willfully fail or refuse to comply with an LAWFUL ORDER or direction of any police officer invested by law with authority to direct, control or regulate traffic. The violation for a violation of this section shall be $100."

21.     The Plaintiff did not comply with an UNLAWFUL ORDER by the police,  who had no authority to seize her when she was not speeding, when there was no violence, and where the public were not threatened.   She is NOT GUILTY OF AN OFFENSE THAT WOULD ALLOW HER TO BE CONVICTED.   She did not place another in danger of "serious bodily injury, she was not guilty of reckless conduct, she did not place another in danger of serious bodily injury.   Only then could she have been CONVICTED.   There is no punishment for defending oneself against the Retalitation of a police officer.    The Plaintiff was not

5

in LEGAL DETENTION. The fact that the police arrested her for speeding when they knew the arrest was unlawful, when they knew that speeding is not a crime in New Hampshire shows their MALICIOUS INTENT that day. If we a Democratic nation did not defend ourselves, we would have Anarchy.

## THE RIGHT TO DISOBEY

22. Our individual liberties under our Civil Rights, allows for occassions when one may have a right to disobey a police officer. As we live in a Democratic society. A free society will inquire whether the citizen obeyed or refused to obey the police order whether the police had a right to make such an order. A refusal to obey can be justified where the circumstances show conclusively that the police officer's discretion was purely arbitrary and not calculated in any way to promote public order. Opinion of New York Court of Appeals, by Judge Irving Lehman. You have a right to be free from police harrassment, otherwise it is a police state, a Communist or Fascist State.

23, The trial court judge had to show some reasonableness of the arrest and malicious prosecution before a convicion for the offense of disobeying a police office could be obtained. You cannot be arrested or convicted when the conduct is not punishable, where there is no disorderly conduct, no breach of the peace, and when the police transcend their lawful authority. See People v. Galpern. Faiure to obey an unlawful order.

24. Convicting the Plaintiff for disobeying a police officer was an abuse of process by the trial court judge Patten. A perversion of lawfully initiated process to legitimize the ends. The conviction was obtained by FRAUD ON THE COURT. The Plaintiff had no duty to stop.

25. "The right of trial by jury as declared in the Federal Constitution is preserved to the parties inviolate.

6

26.     Under this State Rule of the Road 265:3 OBEDIENCE TO POLICE OFFICERS:

"No person shall willfully fail or refuse to comply with any...."LAWFULLY ORDER" ...or direction of any police officer invested by aw with authority to direct, control or regulate traffic, the fine for a violation of this section shall be $100."

When the police stopped the Plaintiff they did not do so LAWFULLY, and there was no violence attached or the people were not threatened by her actions, she was CONVICTED of a misdemeanor A which allows for incarceration for more than 6 months, which under Federal law a jury trial of her peers is MANDATED.

27.     The police seized and arrested her for speeding, this was not a LAWFUL ORDER, and if she was not in Legal Detention, she could never have been accused of disobeying a Police Officer for not stopping her car. There was no probable cause.

28.     In the case of Terry v. Ohio, the United States Supreme Court stated:

"If a police officer wants to seize your car, he needs to have reasonable articulate suspicion that criminal activity is afoot."

29.     Under TITLE XX1 CHAPTER 265 RULES OF THE ROAD Section 265:3 the law states:

"No person shall willfully fail or refuse to comply with any LAWFUL ORDER of direction of any police officer invested in law with authority to direct control or regulate traffic."

30.     The trial court judge admitted that the seizure of the Plaintiff was a set-up by the police, in his ORDER ON THE MERITS, and he admitted he believed she was NEVER SPEEDING, that her pursuit by the police on May 7, 2014 was a set-up.

31.     This Court has jurisdiction to allow the Plaintiff a new trial under the Federal Rules of Civil Procedure TITLE V11 JUDGMENT, Rule 60 Relief from a judgment or Order.

32.     The Plaintiff must have the conviction removed from her Criminal Record, and she is asking for a jury trial of her peers to have her unlawful State conviction nullified and reversed for the offense of Disobeying a Police Officer. Where there was no violence and no threat to the public and a jury trial is available under Federal law in this

7

EXTRAORDINARY CIRCUMSTANCE............   where a jury could easily find the Plaintiff innocent of the offense of disobeying a police officer, by a Preponderance of Evidence, of the law and facts and under NH Section 265:3 which states "that no person shall willfully refuse to comply with any .............LAWFUL ORDER............OF THE POLICE".

33.  Therefore, under Rule 60 the Plaintiff is allowed under extraordinary circumstances, Relief From Judgment .........which action may not be begun in the court which rendered the judgment, the Plaintiff is filing this NEW AND INDEPENDENT ACTION IN THIS FEDERAL COURT.   To obtain relief from the UNLAWFUL and FRAUDULENT CONVICTION for the offense of disobeying a police officer in State court.

34.  The Federal Constitution requires that any facts necessary to authorize a sentence imposed must be proven by a jury.  By a Preponderance of Evidence, and Beyond a Reasonable Doubt.  People v. Jackson, 199 Illinois.

35.  RIGHT TO DISOBEY....Edwards v. South Carolina

COMPETING HARMS DEFENSE

STAND YOUR GROUND DEFENSE

CASTILE DOCTRINE

By not stopping I was protecting my rights to free speech, I was redressing my grievances which were protected by the First and Fourteenth Amendments.  Under Due Process the police had no right to pursue me, and not stopping was my legal right.   When there was no violence involved and the public were not threated, no reason existed for me to stop where I was NOT SPEEDING.   I should never never never have been PROSECUTED.   Under my Civil Rights.

36.  This unlawful act constituted grave consequences to me, most important I have this offense on my record.  There was severe damage to my reputation as this incident was spread over the entire news papers many times accusing me of crimes

I never committed.   Crimes of moral turpitude are necessarily jury eligible because of damage to the reputation, integrity or personal values.   Dolny 161 Arizona. Citing loss of dignity, fraud, dishonesty, perjury, moral misconduct, libel.

37.        The Federal Constitution requires that any facts necessary to authorize the sentence imposed must be proven by a jury.   Beyond a Reasonable doubt. People v. Jackson, 199 Illinois.

WHEREFORE:   The Plaintiff is asking for her Constitutional right to have her conviction reversed which was based on an unlawful ORDER of the police, an unlawful seizure, either by this court or by a jury trial of her peers, who would easily nullify this unlawful FRAUDULENT conviction.

Respectfully,

Josephine Amatucci

July 7, 2018

c.   Town of Wolfeboro

*Josephine Amatucci*

From: J. Ammuccs
P.O. Box 272
Wolfeboro Falls, N.H. 03896

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant Street
Room 110
Concord, N.H. 03301