4110



UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro                    Case Number: 1:17-cv-00716-JD

A NEW AND INDEPENDENT ACTION

RULE 60 RELIEF FROM A JUDGMENT OR ORDER

UNDER FRAUD

FEDERAL R. CIV. P. 60

"CITING EXTRAORDINARY CIRCUMSTANCES"

AND UNDER THE SAVING CLAUSE

NO STATUTE OF LIMITATIONS

1.      The Plaintiff states that Fed. R. Civ. P. 60 (b)(6) allows a Court to relieve a party from a final judgment for

"any reason that justifies relief"

2.      Under Rule 60 reconstruction there are two types of procedure to obtain relief from judgments, one procedure is by motion in the court and in the action in which the judgment was rendered, and the other procedure is by a NEW AND INDEPENDENT ACTION to obtain relief from a judgment, "WHICH ACTION MAY OR MAY NOT BE BEGUN IN THE COURT WHICH RENDERED THE JUDGMENT."  See Federal Rules of Civil Procedure

1

Title V11, Rule 60 Relief rom a Judgment or Order".

2.      Fraud as an express ground for relief, and under the saving clause is permitted.

3.      There are two reasons to justificy relief from a final judgment of the State, one being that the State lacks a procedure which would allow the Plaintiff a jury trial to reverse the unlawful decision of the trial court, for a conviction for the offense of Disobeying a Police Officer.   As under the State procedure there is no right to a jury trial when the prosecutor changes a misdemeanor A to a misdemeanor B.   There is no right to a jury trial for a misdemeanor B, even though the Plaintiff was convicted under a misdemeanor A.

### OBEDIENCE TO AND EFFECT OF TRAFFIC LAWS Section 265:3

4.      Under this State Rule of the Road 265:3 OBEDIENCE TO POLICE OFFICERS:

"No person shall willfully fail or refuse to comply with any....LAWFULLY ORDER ...or direction of any police officer invested by aw with authority to direct, control or regulate traffic, the fine for a violation of this section shall be $100."

When the police stopped the Plaintiff they do so unlawfully, and there was no violence attached or the people were not threatened by her actions.

5.      The police accused her of the Offense of Disobeying a Police officer, this was not a LAWFUL ORDER, as this ORDER was based on an unlawful seizure of the Plaintiff when she was NOT SPEEDING as claimed by the police, and therefore the police had no authority no legal right to stop her car.   Therefore, her arrest, incarceration, detention and malicious prosecution, based on her UNLAWFUL seizure automatically nuffifies the lawfulness of her not stopping for the police.   When the stop was unlawful and the police had no probable cause to stop her car.

6.      In the case of Terry v. Ohio, the United States Supreme Court stated:

"If a police officer wants to seize your car, he needs to have reasonable articulate suspicion that criminal activity is afoot."

2

7.      This Court has jurisdiction to allow the Plaintiff a new trial under the Federal Rules of Civil Procedure TITLE V11 JUDGMENT, Rule 60 Relief from a judgment or Order.

8.      The reconstruction of Rule 60(b) has for one of its purposes a clarification of this situation.  Two types of procedure to obtain relief from judgments. One is by a new or INDEPENDENT ACTION such as this one to obtain relief from a judgment which action "MAY OR.... MAY NOT... BE BEGUN IN THE COURT WHICH RENDERED THE JUDGMENT"

9.      The Plaintiff is asking for a jury trial of her peers to have her unlawful State conviction nullified and reversed for the offense of Disobeying a Police Officer.  Where there was no violence and no threat to the public and a jury trial is available under Federal law in this extraordinary circumstance,   where a jury could easily find Beyond a Reasonable Doubt that the seizure of the Plaintiff was UNLAWFUL under NH Section 265:3 which states that no person shall willfully refuse to comply with any ..............LAWFUL ORDER............OF THE POLICE.

10.     The ORDER of the police on May 7, 2014 was not a lawful order.  The police did not have reasonable articulate suspicion that criminal activity was afoot.  The police claimed she was speeding,  however the trial court judge found her NOT GUILTY of speeding, and he found that her seizure was a set up by the police to stop her from reaching the sheriff's office where she was going to lodge a complaint against the police chief, who had just theatened her in the police station and pushed her out the door, in RETALIATION for her accusing 'his men' of misconduct.   Where the video of the event in the police station will show the police chief with his finger in her face threatening her.  And a narrative written by the deputy sheriff Timothy Thompson under OATH was was at the scene of her unlawful seizure and arrest, was before the court at all times, during the trial, who verified in his Narrative that the Plaintiff was afraid for her safety.  That a deposition by the adminstrator for the town manager, Anne Marble states that the Plaintiff was afraid for her safety.  That

3

the video, and the statements from Anne Marble was evidence of her STATE OF MIND, which the trial court judge ignored and wrongly stated to convict her for disobeying a police officer, that there was no direct evidence in the file to prove her STATE OF MIND.  This was a grave error of the trial court judge, especially where under the law the police had no reasonable suspicion of criminal activity of the Plaintiff.

11.     The Deputy Sheriff Timoth Thompson also stated in his Narrative UNDER OATH that the police told him ....."the Plaintiff was not speeding, but that they just wanted to stop her car".  However, the police cannot JUST STOP YOUR CAR.

12.     The ORDER by the police on May 7, 2018 was not a LAWFUL ORDER.........
The Plaintiff should never have been convicted of the offense of Disobeying a Police Officer, which is a serious offense, which allows up to a year in jail.

13.     Although the trial court Judge Patten found the Plaintiff NOT GUILTY of speeding, he UNLAWFULLY convicted her of the offense of Disobeying a Police Officer.  Especially where under Chapter 265 one only has to COMPLY WITH A LEGAL ORDER.  Stopping my car with the sirens and lights on was NOT A LEGAL ORDER that day on May 7, 2018.
In fact the trial court judge Patten stated in his ORDER ON THE MERITS at the trial, that the pursuit by the police was a set up, that the seizure was a set up and the Judge himself gave all the evidence that the police UNLAWFULLY seized her car, YET THIS JUDGE STILL CONVICTED THE PLAINTIFF OF THE OFFENSE OF DISOBEYING A POLICE OFFICER, which must be removed from her CRIMINAL RECORD.  For the sake of justice.  Under Federal Constitutional civil rights.

14.     Besides, the judge knew that the police should be prosecuted for what they did to the Plaintiff that day, in the bottom of the case file was a sticky note by the judge to the police, stating, "don't worry there will be a police prosecutor at the Grand Jury."  Also at the bottom of the file sealed, was the true video showing the police chief

4

threatening the Plaintiff and pushing her out the door, which was her proof of her mental state which would have found me NOT GUILTY of the offense of disobeying a police officer. Also for her mental state of fear, which would have found the plaintiff NOT GUILTY was in the Narrative of the Deputy Sheriff when he detailed that the plaintiff did not stop for the police because she feared for her safety, as the police chief had just threatened her in the police station.

15. A jury would Beyond a Reasonable Doubt nullify this conviction.

16. The Plaintiff is asking the Federal Court to remove this conviction because the State does not hav a procedure to allow her a jury trial. Under State law if a prosecutor changes a misdemeanor A to a misdemeanor b, there is no jury trial for a misdemeanor b. However, the Plaintiff was convicted under a misdemeanor A. A travesty of justice.

17. Therefore, under Rule 60 as stated above the Plaintiff is allowed under extraordinary circumstances, and Relief From Judgment .........which action may not be begun in the court which rendered the judgment, the Plaintiff is filing this NEW AND INDEPENDENT ACTION IN THIS FEDERAL COURT. To obtain relief from the UNLAWFUL and FRAUDULENT CONVICTION for the offense of disobeying a police officer in State court.

18. The Plaintiff was found NOT GUILTY of speeding and there is a causal connection between the speeding offense and the offense of disobeying a police officer. The Federal Constitution requires that any facts necessary to authorize a sentence imposed must be provenby a jury. Beyond a Reasonable Doubt. People v. Jackson, 199 Illinois. The Plaintiff states that she had a right to disobey, and that the State had no legal right to convict the Plaintiff for this offense. That the most important reason was her STATE OF MIND AT THE TIME. That the trial court judge erroneously stated that there was no evidence of the Plaintiff's state of mind when he was convicting her, when in truth he had before him a Narrative given under

5

oath by deputy sheriff Thompson, stating that she didn't stop for the police because "she was being threatened " The trial court judge ignored this evidence before him, he was well aware that she was being theatened, he was well aware of this Narrative by Thompson, it was before him at the jury trial, that when the police officer Emerson who arrested her was testifying and lying on the podium, the judge interupted Emerson and told Emerson to read the narrative of Thompson before speaking further, as the Narrative was contradicting everything that Emerson was saying.

19. The trial was pre-determined to find the Plaintiff guilty of anything in order not to find the police guilty. When the trial court judge sentenced the Plaintiff he fraudulently stated there was no direct evidence of her STATE OF MIND for not stopping for the police, this was FRAUD, there was the Narrative of Thomson, the deposition of Anne Marble which stated that the Plaintiff was afraid for her safety.

20. A copy of the trial video will be presented to this court.

21. RIGHT TO DISOBEY....Edwards v. South Carolina

COMPETING HARMS DEFENSE

STAND YOUR GROUND DEFENSE

CASTILE DOCTRINE

By not stopping I was protecting my rights to free speech, I was redressing my grievances which were protected by the First and Fourteenth Amendments. Under Due Process the police had no right to pursue me, and not stopping was my legal right. When there was no violence involved and the public were not threated, no reason existed for me to stop where I was NOT SPEEDING. I should never never never have been PROSECUTED. Under my Civil Rights.

22. This unlawful act constituted grave consequences to me, most important I have this offense on my record. There was severe damage to my reputation as this

6

incident was spread over the entire news papers many times accusing me of crimes I never committed. Crimes of moral turpitude are necessarily jury eligible because of damage to the reputation, integrity or personal values. Dolny 161 Arizona. Citing loss of dignity, fraud, dishonesty, perjury, moral misconduct, libel.

23. The Federal Constitution requires that any facts necessary to authorize the sentence imposed must be proven by a jury. Beyond a Reasonable doubt. People v. Jackson, 199 Illinois.

WHEREFORE: The Plaintiff is asking for her civil rights to reverse this unlawful ORDER either by this court or by a jury trial of her peers, who can easily nuffify this unlawful conviction.


Respectfully,

Josephine Amatucci

July 4, 2018

c. Town of Wolfeboro

*(signature: Josephine Amatucci)*

From: J. Ahajuell
P.O. Box 2142
Wolfeboro Falls, N.H. 03896

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301