U.S. DISTRICT COURT
DISTRICT OF NH

2018 NOV 14 PM 12:08

FILED

4220

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Chief Deputy Richard M. Young, Jr.

Sargeant Michael Bedley          JURY TRIAL REQUESTED

Carroll County Sheriff's Department

## JURISDICTION

This cause of action happened in New Hampshire. The Complaint that is before the Court is under 42 U.S.C. 1983 and 42 U.S.C. 1985, a civil rights action.

## PARTIES

1.      Chief Deputy Sheriff Richard M. Young, Jr. sued individually, Carroll County Sheriff's Department, 96 Water Village Road, Ossipee, NH 03864;

2.      Sergeant Michael Bedley, Carroll County Sheriff's Department, 96 Water Village Road, Ossipee, NH 03896;

3.      Carroll County Sheriff's Department, 96 Water Village Road, Ossipee, NH 03896;

4.      Josephine Amatucci, P. O. Box 272, Wolfeboro Falls, NH 03896.

## RELEVANT FACTS

5.      The Carroll County Sheriff's Department advises the citizens on the Internet that

they provide courteous service, with the highest of professionalism.

6.      However, on September 7, 2018 Chief Deputy Young attacked me unreasonably and unjustifiably and and Sargeant Bedley failed to intervene.

7.      I was inside the hallway of the office of the Carroll County Prosecutors office to file a complaint against Wolfeboro Police Chief Dean Rondeau, who had just threatened me and again in a continuing wrong conduct accused me of a crime I never committed. And there was no where else to go and in fear I went to see the County County District Attorney Michaela Andruzzi. I rang the bell for service (an unusual procedure, as in other sections of NH there is a person to greet you when you arrive), I rang the bell and stated that I feared for my safety and I wanted to file a Complaint. I was not greeted in a friendly manner, and I was told I believe to either write a letter or ask for an appointment which I did. Then no respond. I rang the bell again and before you know it two Sheriff's arrived Young, and Bedley and they asked me to leave. I didn't want to leave until I was able to file a Complaint, for my safety, as was my right under the First Amendment, a right to Redress my grievances to all government. Where was I going to go I couldn't go to the police department because I was complaining about the police chief. All Government protects the citizens.

8.      I explained to Deputy Young that I wanted to wait for someone to come out of the office to allow me to file a Complaint, as in my previous experience if you sit and wait they eventually come out to talk to you.

9.      There was also another situation, I didn't trust Deputy Young because I had gone to see him previously to ask him how could the Sheriff had hired the former police chief Stuart Chase, when Chase was a criminal, who actually was terminated for what he did to me. And not only me but in Danvers when he was a police chief also, he was sued by a citizen for attacking her and unlawfully imprisoning her, in retaliation

2

fo her accusing one of his police officers of misconduct and asking Chase to investigate Almost exactly what he did to me, except he went further with me and prosecuted me for a crime I never committed.

10. Deputy Young lied and told me they investigated Chase through the Wolfeboro town officials, before hiring him, but the Selectwoman Linda Murray told me the Sheriff's Department never investigated. So I feared Young.

11. When Young tried to approach me I rang the bell and pleaded for someone to come outside the office, I told them to get "this criminal away from me" referring to Young who aided and abetted Chase, and I didn't want him near me.

12. Suddenly Young grabbed my right arm and twisted it and squeezed it so hard that I screamed, and all the time Sargeant Bedley just stood watching and didn't come over to help me in any way. He could have taken one of my arms and peacefully made me leave, but he did nothing, but stood by and watch Young abuse me. Still twisting and squeezing my arm Young escorted me out of the building.

13. Under the law I had every legal right to be there, every legal right to redress my grievances.

15. On my way home my arm started to pain me severely and when I looked down my arm had turned red and purple and a large lump appeared. The pain was so excruciating I went straight to my primary care doctors office. When the nurse saw my arm she told me I needed to go to the immergency ward and she personally accompanied me there.

16. At the immergency ward the doctor looked at my arm and believed I had a broken bone and ordered an x-ray, put my arm in a sling and gave me prescription pills. As it turns out I did not have a broken bone. But the pain was so excruciating I couldn't sleep for nights on end. I ended up going back to the immergency ward several days

later as the contusion was spreading on my arm, instead of getting better. I am left with a scar on my arm.

17. After I left the doctors office I went back to the County Attorney to show what damage Young did to my arm, but they refused to come outside. So across the way in the court house I let a bailiff by the name of Bruce look at my arm, and I told him what happened, so that someone could be a witness to my bruise.

18. I am suing Young for using UNREASONABLE FORCE on me, for violating my First Amendment right to redress my grievance without Retaliation, and I am suing Bedley for failure to intervene which was his duty. Each one of the sheriffs could have taken one arm each and escorted me to the door peacefully.

19. I am an 80 year old person who was peacefully defending my rights, and was not a threat to anyone's safety.

20. I filed a formal complaint to the Sheriff's department and the County Attorney's Department.

21. As a direct and proximate result of the said acts described above, the defendants acts made me suffer the following injuries and damages:

a. violation of the First and Fourth Amendments to the United States Constitution under 1983 and under Monell, to be free from an unreasonable seizure, and for the right to redress her grievances without retaliation;

b. a loss of physical liberty;

c. physical pain and suffering, emotional trauma and suffering, requiring the expenditure of money for treatment;

d. that the actions of the defendants violated clearly established and well settled federal constitutional rights of Josephine Amatucci;

e. freedom from unreasonable seizure;

f. Freedom from the use of excessive, unreasonable and unjustified force against the person;

G. By Deputy Sheriff Young who as a Deputy Sheriff is a policymaking official who acts as an advisor and formulates plans for the implementation of broad goals of the department, in his direct action, personally caused and action, that constituted a policy, that even one such action as a policymaker constituted a policy of the Sheriffs Department which violated the Plaintiffs constitutional federal rights, under a 1983 Monell claim.

### COUNT 1

22. Plaintiff Amatucci claims damages for the injuries set forth above under 42 U.S.C. section 1983 against defendants, Deputy Sheriff Young, Sargeant Bedley, and the Carroll County Sheriff's Department, for violation of my constitutional rights under color of law;

### COUNT 2

23. As result of unjustified force the Plaintiff suffered damages;

### COUNT 3

24. As a result of the POLICY of the Sheriff's office by a policymaker of the office, the deputy sheriff Young, the Plaintiff's constitutional rights were violated. Under Monell.

WHEREFORE: The Plaintiff requests that this court:

    a. allow her a jury trial for damages;

    b. award compensatory damages against the defendants jointly and severally and individually;

    c. allow the jury to determine what damages to be awarded;

    d. that they allow further relief due to her age, and as this court deems reasonable appropriate. Dated November 14, 2018.

THE PLAINTIFF.

BY _Josephine Amatucci_

Josephine Amatucci

P. O. Box 272

Wolfeboro Falls, NH 03896

Phone (603) 569-2429

From: J. Amavee
P.P. Box 272
Wolfeboro Falls N.H. 03896

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301