4319

U.S. DISTRICT COURT
DISTRICT OF NH

2019 MAY -9  AM 10: 38

FILED

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

Plaintiff

v                                                    Criminal Case 464-2018-1490

Town of Wolfeboro ,  Police Chief Dean Rondeau

Sargeant William Wright,  Belnap Sheriff's  Dept.

 Defendants                                          jury trial requested



### JURISDICTION

1.  This new cause of action for damages,  is brought pursuant to 42 U.S.C. 1983.

Jurisdiction is founded upon 28 U.S.C 1331 (1)(3)(4),  and the aforementioned

statutory provision.   Plaintiff further invokes the supplemental jurisdiction of the

court under 28 U.S.C. 1367 (a) to hear and adjudicate state law claims.   Plaintiff

claims a trial by jury.

### PARTIES

2.    Plaintiff Josephine Amatucci,  P.O. Box 272,  Wolfeboro Falls, N.H. 03896 is

a citizen of the United States and a resident of Wolfeboro, New Hampshire.

3.    Town of Woleboro, 84 South Main Street,  P.O. Box 629  Wolfeboro,  N.H.03894.

sued In an Official Capacity;

4.    Police  Chief Dean Rondeau,   251 S. Main Street,  Wolfeboro, NH 03894,  sued
individually;

5.     Belnap Sheriff's office;  Officially ;

6.     Sargeant William Wright  sued individually;

COMPLAINT INTRODUCTION

7.      A  Complaint was filed in the Carroll County District Court on August 6, 2018 by
Sargeant  William Wright ,  of the Belnap Sheriff's  Department ......without probable
cause..... by falsely accusing the Plaintiff of a  Misdemeanor B  of a Simple Assault,
under RSA  631:2-A, 1 (B), which requires an injury.   The Complaint and charge was
initiated by police chief Dean Rondeau and directly involved the Wolfeboro Prosecutor
Timothy Morgan, who both  initiated,  handled and supervised the  entire investigation
done by the Belnap sheriff's department.    Where the Wolfeboro police told the Belnap
Sheriff's  department to do the investigation and the Wolfeboro prosecutor would do
the prosecution.     Concerning an incident that  allegedly  occurred  at the Woleboro Solid
Waste Facility,   the "DUMP",  in August of 2018.   Where it was claimed by the Wolfeboro
Police,  notably Rondeau, that an employee of the "Dump" named Robert Maloney,  was
allegedly assaulted by the Plaintiff.

8.      A decision making by  the policymaking officials of the Town of Wolfeboro,
namely,   Police Chief Dean Rondeau and Wolfeboro prosecutor Timothy Morgan who
together were the direct cause for her unlawful seizure and violation of her Civil
Rights,    when they accused her along with the Belnap Sargeant William Wright of
assaulting Robert  Maloney,  and charged her for a  Simple Assault,  under
RSA 631:2 A, 1 (B).   Which required an injury to the victim.

9.       However,  the defendants all had access to the  evidence in the files,  that
Robert Maloney stated .......THERE WAS NO INJURY,  which was required to charge the
Plaintiff of Simple Assault under this statute.   That therefore the unlawful seizure and
charge by the policymaking officials of the town of Wolfeboro was a Monell claim under

2

1983.

10.  .     In a 'continuing conduct'  this is the second time that Police Chief Dean Rondeau

accused the Plaintiff INTENTIONALLY and in malice of a crime he knew she never committed.

11.        Rondeau had access to all  evidence provided by the investigation of the Belnap

sheriff's Department,   which revealed beyond a reasonable doubt that the Plaintiff was

innocent of the charge of a  Simple  Assault under RSA 631:2-A, 1 (B),  which required an

injury of the victim.  Yet  even with this evidence of her innocence,   the defendants

continued to pursue their unlawful charge against her,   waiting for the trial.   However,

before the trial the Plaintiff filed a Motion to Dismiss,  and the charges were dropped.

There was ...........NO PROBABLE CAUSE..........ever to charge the Plaintiff with the

evidence that ..........THERE WAS NO INJURY INVOLVED.   Aside from the fact that she

never touched Maloney,  as evidence will show Maloney acted in retaliation for the

Plaintiff accusing a fellow employee of being rude to her.

12.        The crimninal proceeding under this  Statute was discharged by the Belnap

Sheriff's  department,  when she filed a  Motion to Dismiss,   which proved beyond a

reasonable doubt that she was innocent of this charge.   That there was .........

NO PROBABLE CAUSE........to charge her for this crime.   Under the law.   That this was

an unreasonable seizure intitiated by the Wolfeboro Police Department policymaking

officials,  namely Rondeau and Morgan.

MONELL CLAIM

NO PROBABLE CAUSE

IMPROPER PURPOSE

14.        Monell v. Dep. of Social Services 436 U.s. 658, 694 (1918),   That as policymaking

officials,  defendantds Rondeau, Wright and prosecutor Morgan,  in  requirement of a Monell

claim under 1983,  states that if the decision to file a Criminal  Complaint........... without

3

Probable Cause....... a Federal Constitutional violation is a direct cause of the policymakers

decision, who played an active role with an improper purpose, who acted in bad faith,

where it is held that a single decision by an official with policymaking authority (in this case

prosecutor Estes, and Sargeant Wright) which even a single decision constitutes liability for

the Sheriff's Department. And for the Town of Wolfeboro regarding the decision of the

policymaker police chief Dean Rondeau. constitutes liabiliity for the municipality.  See

Pembauer v. City of Cincinnati, 475 U.S. 469, 481, 106 s.cT. 1292, 89 l. eD 452 (1986) ("where

action is directed by those who establish government policy, the municpality is equally

responsible whether that action is taken ONLY ONCE or to be taken repeatedly."  See

Rodriguez v. Municipality of San' Juan 659 F.3d 168, 181 (lst cir. 2011) .  "One way of

establishing a policy or custom is by showing that 'a person with final policy making authority

' caused the constitutional injury." (quoting Welch v. Ciampa, 542 F.3d 927, 941-42 (lst Cir.

2008),  Liability may be impoosed on a municipality for a SINGLE DECISION by a final policy

maker. Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 770 (1st Cir. 2010). Rosaura Bldg.

Corp. v. Municipality of Mayaguez 778 F.3d 55 (lst Cir. 2015).

### Police Chief Dean Rondeau's direct involvement

15.       That Police Chief Dean rondeau and prosecutor Timothy Morgan assisted, managed,

and pursued the case along with defendant Sargeant Wright, all policymaking officials,

Evidence will show that The Sheriff wanted to issue an Arrest Warrant on  November 16,

2018, but the Wolfeboro Prosecutor Timothy  Morgan who was Conspiring with Rondeau to

have  me charged with a crime of Simple Assault, and who was overseeing the Belnap

prosecutor in all phases of the prosecution by the assigned Belnap Sheriff's Department,

decided against an Arrest Warrant to be issued, and instead a Complaint was filed on

November 16, 2018, accusing the Plaintiff of  the crime of  Simple Assault under  RSA 631:2-

A, 1(B) which states, "Recklessly causes bodily injury to another".  However, where the

4

alleged victim Robert Maloney had told Sheriff Wright that there was NO INJURY , so the

Complaint was void on its face, and was dismissed and was Amended, without her

knowledge, as she was never sent a copy of the Amended Complaint.  The Amended

Complaint was issued days after the Plaintiff filed a Motion to Dismiss.  The Amended

Complaint accused her of the SAME CRIME.  Which constitutes Double Jeopardy.

## CLAIMS FOR MONETARY DAMAGES

## UNDER FEDERAL LAW

16.      CLAIM ONE....Under 1983, an unlawful seizure, a violation of the Fourth
Amendment for Intentional Infliction of Emotional Distress, to an 80 year old elderly person,
where the police had .....NO PROBABLE CAUSE.   Of "a secret and evil plan, by the defendants,
to do something unlawful and harmful, to an 80 year old elderly person. (1) that the conduct
was outrageous; (2) That all defendants INTENDED to harm the Plaintiff; (3) that she suffered
severe and emotional damage; (4) That the conduct was a substantial factor in causing severe
emotional distress; (5) that the conduct was outrageous to an 80 year old elderly person, in a
civilized community;

17.      CLAIM TWO......Under Monell, under 1983, of an unlawful seizure, of false charges,
with an improper purpose, by the actively involved policymaking officials police Chief
Rondeau, and prosecutor Timothy Morgan, of the Wolfeboro Police Department, who were
actively involved, and who were the direct cause of the seizure, who initiated the entire
process, handled and supervised the case, who both intitiated,  managed and pursued the case,
directed and participated in the entire charged process, with the Belnap Sheriff's department,
who together pursued the case with maice when there was NO PROBABLE CAUSE.  Where the
prosecutor acted outside his authority in the pursuing a criminal case against the Plaintiff
knowing that there was NO INJURY involved as required under the Statute, where even one
incident constitutes liability for the Town.  Under Monell, under 1983;

18.      CLAIM THREE......An unlawful Conspiracy.   As cited above.

19.      CLAIM FOUR ......The Plaintiff seeks Damages as appropriate.

The Plaintiff reserves the right to add new claims.


Respectfully,

Josephine Amatucci

5

February 12, 2019

c. Town of Wolfeboro, Rondeau, Prosecutor Morgan, Wright, Belnap Sheriff's Dept.

*Josephine Amatucci*

**Belknap County Sheriffs Department**                                    Page: 2
NARRATIVE FOR SERGEANT WILLIAM WRIGHT
Ref: **18-153-OF**

I told him I would conduct the investigation and would be forwarding the conclusion once completed.

On September 7, 2018 I responded to the Wolfeboro Solid Waste Disposal Building, 400 Beach Pond Rd Wolfeboro, NH. At approximately 0940 hours, I met with the victim of this incident:

Robert Maloney

The building office was open and had foot traffic from the busy dump day. I was told we could use the office, but might be interrupted during the interview. I began the recorded interview asking Mr. Maloney about the incident.

He informed me on August 7, 2018 at approximately 2 p.m., he was standing in the doorway of the building office. He witnessed Josephine Amatucci speaking with Supervisor Steve Champaigne about a couple of people who were making a mess with a U-Haul truck. The people had been emptying the truck and had items spread out. Ms. Amatucci was told Mr. Champaigne had already told the people they were to clean up the mess before they left. Ms. Amatucci then walked off. As short time later, Mr. Maloney was still standing in the door way when Ms. Amatucci came to him from the flank. She then pushed him on his left side with her hands, causing him to lose his balance and fall down the two stairs into the office. She followed him into the office and began yelling at Mr. Champaigne, who was already in the room. She argued about the mess caused by the U-haul truck. After a few moments she then left. Mr. Maloney told me Ms. Amatucci did not have permission to put her hands on him. He did not have any injuries as a result of this assault. He told me she had no real reason to push him and that she could have easily walked around him. We were interrupted a couple of times during the interview. The facility was extremely busy and there was limited staff on hand. *Were he is Confessing he was Blocking the door to the office and was refusing to move over if he was at the door, which he WAS NOT at the door*

When I asked about his relationship with Ms. Amatucci and he told me he knew her from him working at the dump for the last 20 years. He said she was a frequent customer and had no idea what her concern with the U-haul truck was. His recorded statement is part of this report. *I have A RESTRAINING ORDER (Active) on his CRAZY Mother*

I then spoke with:

Joshua Nason
DoB: 12/25/93

who advised me he was a witness to the assault. Again I audio taped this interview in the same office. Mr. Nason informed me he had seen Ms. Amatucci come up to Mr. Maloney from the side. She then pushed him, causing him to fall down the stairs. She then commenced to yell at Mr. Champaigne telling him he was rude to people. She yelled for a few minutes then left. He said he left the office just after the assault. He said he did not hear of any injuries but he was aware she had no right to push him. His recorded statement is attached to this report.

I was informed Steve Champaigne was on vacation and would not be returning until the 17th. I told the employees I would be following up with him once he returned.

I went to the Wolfeboro Police Department and spoke with a Captain. He gave me an IMC printout of Ms. Amatucci's information and contacts Wolfeboro Police Department had with her over the years. I then met

DOCKET #:_____   CHARGE ID:_____

**COMPLAINT** (VIOLATION ONLY)

☐ You **DO NOT** have to come to court. You **MUST** answer this complaint to the Department of Safety within (30) days from the date of issuance. DATE OF ISSUANCE:_____

**TO AVOID ANY ADDITIONAL ADMINISTRATIVE FEES OR REINSTATEMENT FEES SEE REVERSE SIDE FOR INSTRUCTIONS AND PENALTY INFORMATION.**

**DEPARTMENT OF SAFETY**
**FINANCIAL RESPONSIBILITY SECTION - PBM**
**PO BOX 3838, CONCORD NH 03305**
**603-227-4010**
**http://www.nh.gov/payticket**

You must come to the court indicated listed at ___8:00___ o'clock AM/PM on ___JANUARY 9___

yr ___2019___ to answer this complaint.

___3rd Circuit District Division Ossipee___
DISTRICT COURT
___96 Water Village Rd #3___
STREET
___Ossipee___                    ___NH___        ___03864___
TOWN/CITY                         STATE           ZIP CODE

**THE UNDERSIGNED COMPLAINS THAT THE DEFENDANT: (Please Print)**

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| AMATUCCI | Josephine | |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 350 Gov Wentworth Hwy | Wolfeboro | NH | 03894 |

| DOB: MO | DAY | YR. | OP LICENSE # | STATE | CLASS |
|---|---|---|---|---|---|
| 9 | 27 | 38 | 09AIJ38271 | NH | OPR |

| SEX | RACE | HEIGHT | WEIGHT | COLOR EYES | COLOR HAIR |
|---|---|---|---|---|---|
| F | W | 5 08 | 187 | BRO | BLK |

LICENSE PRESENTED: ☐ YES   ☒ NO

ON THE ___6th___ DAY OF ___August___ YR. ___2018___ AT ___2:00___ AM/PM

DID OPERATE M.V. REGISTRATION #_____ PLATE TYPE_____ STATE_____

MAKE_____ YR._____ TYPE_____

☐ COMMERCIAL VEHICLE   ☐ HAZMAT   ☐ 16+ PASSENGER

AT/LOCATION: ___Wolfeboro___   GPS_____

Upon a certain public highway, to wit - ___400 Beach Pond Rd___

☐ at a speed greater than was reasonable and prudent under the conditions prevailing, to wit, at a rate of _____ m.p.h., the prima facia lawful speed at the time and place of violation being _____ m.p.h. Contrary to RSA 265:60   ☐ Radar   ☐ Aircraft   ☐ Clocked   ☐ Laser

☐ traveling at a rate of _____ m.p.h., the same being in excess of the maximum lawful speed limit of 65 m.p.h.

☐ did fail and neglect to stop the said vehicle for a certain:
    ☐ stop sign (contrary to RSA 265:31)
    ☐ traffic light (contrary to RSA 265:9) before entering intersection of: _____

☐ did fail and neglect to have the said vehicle inspected in accordance with the regulations of the Director of Motor Vehicles. Contrary to RSA 266:5.

☐ did fail and neglect to have said vehicle registered in accordance with law. Contrary to RSA 261:40.

☒ other: ___Simple Assault___

Contrary to RSA ___631:2-A, II b___ Against the peace and dignity of the State.

___Belknap County Sheriff___          ___ #3___
Department                    Complainant          Badge Number

☒ SERVED IN HAND

FINE FROM SCHEDULE $ ___MUST APPEAR___

**YOU MUST COMPLETE THE REVERSE SIDE OF THIS FORM**
**SEE REVERSE FOR INSTRUCTION AND PENALTY INFORMATION**

**DS Nº  937580**          DSMV 428 (REV. 02/11)

DEFENDANT