4767



# THE UNITED STATES DISTRICT COURT

# DISRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, Police Chief Dean Rondeau,

Steve Champaign, Robert Maloney, Sargeant

William Wright, prosectors Judy Estes and

Timonthy Morgan

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1983. Jurisdiction is founded upon 28 U.S.C. 1331 (1x3x4) and aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of the court under 28 U.S.C. 1`367 (a) to hear and adjudicate state law claims.

## PARTIES

2. Plaintiff Josephine Amatucci is a citizen of the United States and a resident of Wolfeboro, New Hampshire;

3. Police Chief Dean Rondeau, 251 S. Main Street, Wolfeboro, NH 03894, sued Individually;

4. Town of Wolfeboro, 84 South Main Street, P.O. Box 629, Wolfeboro, NH 03894 sue in Official Capacity;

5. Belnap Sherff's Dept. 42 County Drive, Laconia, New Hampshire, 03246 official

1

capacity;

6.  Sargeant William Wright sued individually;

7.  Robert Maloney, Town of Woleboro sued individually'

8.  Steven champaigne, sued individually;

9.  Judy Estes, prosecutor for the Belnap Sheriff's Dept. sued individually;

10. Timothy Morgan of the Town of Wolfeboro, sued individually;

## COMPLAINT INTRODUCTION

11. This new cause of action is solely based on the viiolation of my civil rights when I was UNLAWFULLY charged and prosecuted by Sargeant William Wright on August 6, 2018 for the crime of causing BODILY INJURY to Robert Maloney, under RSA 631:2-A, 1(b) :

......................WITHOUT PROBABLE CAUSE......WITHOUT PROBABLE CAUSE............

these are magic words that were "NEVER MENTIONED" never ruled on by the Court in the previous cause of action.  On the merits.

12. WITHOUT PRO BABLE CAUSE, Sargeant Wright who knew before he filed the Complaint in the District Court on August 6, 2018 charging the Plaintiff with the crime of causing BODLY INJURY to Robert Maloney, an employee at the dump, that he Sargeant Wright knew that Maloney had made it clear to Wright during his investigation of the event that occurred at the dump, that he Maloney had no BODILY INJURY, that ....THERE WAS NO BODILY INJURY.  And yet knowing there was no bodily injury Sargeant Wright filed the Complaint and charged the Plaintiff with causing BODILY INJURY to Robert Maloney.  WITHOUT PROBABLE CAUSE.

13. A civil rights violation, a violation of the Fourth Amendment, a Fourth

amendment Malicious Prosecution, a violation of the Fourteenth Amendment under the Due Process Clause, a detainment of her liberty rights, and a Monell claim. My rights to liberty uner the Fourth and Fourteenth Amendments . State v. Goding, 128 N.H. 267, 270, 513 A.2d 325 (1986), State v. Burr 142 N.H. 89, 91-92, 696 A.2d 1114  (1997). Appeal of Morgan 144 N.H. 44, 47, 742 A.2d 101 (1999).

14.     This issue of having .... NO PROBABLE CAUSE.... to charge and prosecute was never addressed by this Court, never never never never never never never in the JUDGMENT of Joseph A. DiClerico Jr. did he mention there was NO PROBABLE CAUSE to charge and prosecute her for Bodily Injury. Charging her WITHOUT PROBABLE CAUSE is the key issue to the claim. No Probable Cause was never addressed or mentioned by the Court at all or on its merits. Therefore this claim has to be addressed in this new cause of action, as it is very serious., therefore the Plaintiff had to file this New Cause of Action for a ruling on the issue that she was charged and prosecuted .........WITHOUT PROBABLE CAUSE.

THE ONLY ISSUE IN THIS CAUSE OF ACTION

15.     The previous cause of action was not dismissed with prejudice leaving the Plaintiff the right to file this new cause of action. And it is to be noted that although the Plaintiff spreads out evidence in the case the ONLY ISSUE IN THIS LAWSUIT,  THE ONLY ISSUE IN THIS LAWSUIT, is that she was charged and prosecuted for causing bodily injury when the defendants all knew ............THERE WAS NO BODILY INJURY. Therefore this Court must is ORDERED to only rule on this claim.

............................................................................

16.     Therefore there is no res judicata because this claim of charging her WITHOUT PROBABLE CAUSE was completley ignored by this judge, this charge was never

adudicated or ruled on by the Court, on its merits.   Proving that the judge must step down from this case and another unbiased judge must rule on this new cause of action,  with the warning that there will be no DECEIT in the ruling.

17.     Police Chief Dean Rondeau of the Wolfeboro Police Department asked the Belnap County Sheriffs Department to do an investigation an incident that occurred at the dump, and stated to them that the Town of Wolfeboro prosecutor Timothy Morgan would do the prosecution.

18.     However, as it turned out Sargeant William Wright who was doing the investigation had stated to Rondeau that he found no evidence of a prosecutable case.  However, because Rondeau had the evil INTENT of harming the Plaintiff along with defendants Robert Maloney and Steven Champaigne,  Rondeau who at this point did not want to do the prosecution as he was told there was no evidence of a prosecutable case,  instead ORDERED sARGEANT Wright to prosecute, and to base the prosecution on a claim of Amatucci causing BODILY INJURY to Maloney, even though Rondeau knew that Maloney had NO BODILY INJURY.  With the understanding that the Plaintiff did not have the evidence that Maloney had NO BODILY INJURY. Did not have a copy of the investigation results showing that Maloney had stated there was NO BODILY INJURY.

19.     That when these conspirators sent a copy of the investigation to the Town of Wolfeboro, they made sure they did not send the evidence where Maloney stated to Sargeant Wright that he had ........NO BODILY INJURY.

20.     Therefore this was a Conspiracy to conceal this evidence of NO BODILY INJURY,  in order to UNLAWFULLY charge and prosecute the Plaintiff for this charge. based on the fact that Rondeau had

4

21.     That under the Federal Constitution, government cannot seize a person and take away their liberty, WITHOUT PROBABLE CAUSE, as this would be a violation of the Fourth Amendment, and under Due Process of the Fourteenth Amendment.

## CONSPIRACY TO HARM

22.     That because the defendants all knew there was NO BODILY INJURY to the employee of the dump, and because they still charged and prosecuted the Plaintiff KNOWING that she was NOT GUILTY of the charge, in doing so they are accused of a Fourth Amendment Malicious Prosecution, where "Every arrest and every seizure having the essential attributes of a formal arrest, is unreasonable unless it is supported by probable cause. United States v. Merritt, 945 F.3d 578, 583 (lst Cir. 2019).

## A WARRANT WAS ISSUED FOR HER ARREST

23.     The Plaintiff is attaching facts to show that she was indeed seized, in the attributes of a formal arrest.  She is attaching documents which show that Sargeant Willimam Wright obtained an Arrest Warrant on the Plaintiff, and attaching an ARREST REPORT filed by the Belnap Sheriff's Department which is solid proof that she was indeed formerly arrested, without probable casue.  A claim for a Fourth Amendment violation.  That the defendants failed to prosecute her on Original Complaint for causing Bodily Injury, after she filed a Motion to Dismiss, showing the charge was a false charge, without probable cause, they ABANDONED THE CHARGE, and a dismissal for failure to prosecute reflects upon the merits of the action...favorable merits, as "One does not abandon a meritiorious action once it is instituted."  Brodie v. Hawaii Automotive Retail Gasoline Dealers Assoc. (1981) 2 Hawaii App 316, 631 P.2d 600, where the court stated that failure to prosecute was a TERMINATION IN FAVOR OF THE DEFENDANT FOR A MALICIOUS PROSECUTION ACTION.  Snider v. Lewis (1971) 150 Ind App 30, 276 NE 2d

160, where the Cort held that the element of a favorable termnation of proceedings was adequately met by proof they were dismissed.   That the Original Complaint as filed was insufficient.    In the case of Minasian v. Sapse 1978, 2d Dist. 80 Cal. Rptr 829,  the Court held :

> "A dismissal for failure to prosecute",  reflects upon the MERITS of the action, favorable to defendant in a claim for a malicicious prosecution.   As one does not abandon a meritorious action once it is instituted."

Snider v. Lewis (1971) 150 Ind. App. 30, 276 NE 2d 160 where the court held:

> "The element of a favorable termination of proceedings was adquately met by proof that they ware dismissed."

### NO INJURY.....NO PROBABLE CAUSE

24.        Not allowing a hearing on her Motion to Dismiss was a violation of Rule 1.8 G of the rules of the Circuit Court of the State of New Hampshire stating :

> "MOTIONS TO DISMISS...will be heard prior to trial by stating the grounds"

Also that  the Original Charge and prosecution under RSA 631:2-a, 1(b) by the defendants,  was abandoned after she filed a Motion to Dismiss which proved that there was NO INJURY and therefore there was NO VICTIM,  AND THEREFORE THE COURT HAD NO JURISDICTION to move forward on the charge, as there was NO BODILY INJURY, which was the basis of the charge.    The Motion to Dismiss showed the Court the evidence of the investigation of Sargeant Wright,  where Robert Maloney  stated to Wright that he had  NO INJURY.    A violation of Due Process,  a Malicious Prosecution "WITHOUT PROBABLE CAUSE"   State v. Goding,  128 N.H. 267, 270, 513 A.2d 325 (1986).   State v. Burr,  Appeal of Morgan.   A claim of the right to Due Process,    under Part 1,  Article 15 of the State Constitution and the 5th and 14th Amendment of the Federal Constitution.

25.           But,  in an effort to harm the Plaintiff the Belnap Sheriff's  Department still

went ahead and charged her of causing bodily injury.

## BODILY INJURY

26.     They did so under the authority of police chief Dean Rondeau who was in total control of the investigation, he was even seen at her house when Sargeant Wright and Estes delivered to the Plaintiff the Summons and Complaint.  The Wolfeboro police cruiser was right there in the background watching every step of the way that Wright was doing.   Rondeau  even advised Wright whether to put her in custody or to just summons her to court.  and who had every intention of the towns prosecutor Morgan to do the prosecution but changed his mind and allowed the Belnap Sheriffs to prosecute.  As when Rondeau was advised by Wright that the case was not a proecutable case,  Rondeau ORDERED " ORDERED'  the Belnap Sheriff's Departmet to PROSECUTE and to charge the Plaintiff of casing BODILY INJURY,  when he figured that the Plaintiff could not know or have access to the evidence that Maloney stated to Wright during Wrights investigation of the matter, that he had no BODILY INJURY.  in a Malicious......INTENT........ to harm her.  However,  by the grace of God, the Plaintiff had this evidence, or they could easily have put her in jail, which was Rondeau's INTENT.

## EVIDENCE

27.     As a matter of fact when the Belnap Sheriff's Dept. sent a copy of all the investigative reports to the Town of Wolfeboro,  they did not include the evidence that showed that Maloney stated to Wright that  he had NO INJURY.  That they were concealing the evidence of her innocense  of this crime.

## A CIVIL CONSPIRACY

28.     This is a  "CIVIL"  Conspiracy to  maliciously and  in an agreement  to commit or cause the commission of the unlawful  charge and prosecution without PROBABLE CAUSE.

See State v. Chaisson, 123 N.H. 17, 24, 458 A.2d 95 (1983) stating:

" to establish liability for conspiracy, the State must demonstrate that the defendant had a true purpose to effect the result".

That by accusing me of a crime they knew I did not commit was a WONTON INFLICTION

OF PAIN.

## DOUBLE JEOPARDY

29.     Under the Fifth Amendment of the United States Constitution it states:

"No person shall be "subject for the SAME OFENSE to be twice put in jeopardy of life or limb. To protect a person from the trauma and inconvence of having to defend against accusation of the 'SAME OFFENSE' more than once.

In State v. Glenn,  160 N.H. 480,486 (2010) the Court stated that the State may prosecute multiple charges that constitute the SAME OFFENSE in a SINGLE PROCEEDING, consistent with Part 1, Article 16 as long as it alleges DISTINCT ALTENATE METHODS OF COMMITING THE OFFENSE.

An Amended Complaint was filed AFTER THE PLAINTIFF FILED HER MOTION TO DISMISS, which proved there was no injury, which proved that there was no vicitim which proved the Court had no jurisdiction to folllow through on this unlawful charge. That the Amended Complaint stated the same facts, that happened at the same time, under Simple Assault. Both the Original and Amended Complaint added bodily injury. That they both mentioned ONE ACT.   When there was NO BODILY INJURY. Factually indistinguisable from one another. State of New Hampshire v. Richard Harris,. A complete narrative that was unchanged. A single unit of prosecution. Where proof of the crime does not require a difference in evidence. State v. Ramsey, 166 N.H. 45, 51 (2014) stated:

" One Assault, one singlular act, done at the same time, in a singular incident, at one time, CONSTITUTES DOUBLE JEOPARDY."

Do the crimes require a difference in evidence.    State v. Gingras, Heald v. Perrin, State v.

Vickles, Supreme Court of NH v. James Locke .

## COMPLICITY

30.     The Plaintiff is accusing all the defendants in COMPLICITY in the participation as a partner in the Act who aids or encourages other perpetrators of the unlawful conduct. And who shared with them the INTENT to act to complete the crime.   A participation in the commision of the violation of her Civil Rights.  Causing a relationship to the other perpetrators.  Common law states that  "a person is accountable for the conduct of another when he is an accomplice of the other person in the commission of the violation of a persons civil rights.   Nieves v. McSweeney,  241 F.3d 46, 53 (lst Cir. 2001).

## A MONELL CLAIM.

31.  A Monell case,  see Theresa M. Petrello v. City of Manchester,  civil no. 16-cv-008-LM (9/07-2017 and Rossi v. Town of Pelham, 96-139-5D (9/29/97) Two cases where this Disrict court ruled that even one decision of a violation of the Constitution by a policymaking official,  constituted a "POLICY" of the municipality,  where liability attaches. That where defendants Rondeau and Wright and Estes and Morgan as policymaking officials,  were the direct cause of her Constitutional violations,  the  municipality is held liable even for a SINGLE DECISION that is improperly made,  by a policymaking official.   See Pembaur v. City of Cincinnati where the United States  Supreme Court clarified a Monell claim.  All those who play a role in the initiation of an unlawful prosecution do not enjoy immunity.

32.                 THE GOOD FAITH DOCTRINE

The good faith rule does NOT APPLY merely because an officer was unaware of a court ruling holding that particular conduct violates the Fourth Amendment.  Rather,  it must appear to the court not only that the officer had a subjective good-faith belief that his actions were lawful,  but also that it was objectively reasonable for the officer to hold

the belief. A mistaken belief based on inadequate training or a lack of awareness of legal requirements for valid seizures DOES NOT QUALIFY AS 'GOOD FAITH'. Just as a suspect's ignorance of the law IS NO EXCUSE for violating a statute, an officer's ignorance of the law is NO EXCUSE FOR VIOLATING THE CONSTITUTION.

COUNT 1:   The violation of the Fourth Amendment of a seizure and detainment of her liberty without probable cause;

Count 11:   A Fourth Amendment Malicious Prosecution;

Count 111:   A Conspiracy with the INTENT, the mens rea to harm the Plaintiff by seizing her without probable cause ;

Count 1V   A monell claim where the Police Chief Dean Rondeau and Sargeant Wright and the prosecutors Morgan and Estes who are policymakers of the municipality directly caused the violation of her civil rights forming a liability for the municipality and Belnap Sheriffs Dept. even if it was just for one event under Monell.

Count V   Violation of the Fourteenth Amendment of Due Process where she was charged and prosecuted without probable cause;

Count V1   A violation of her liberty rights;

Count V11   A violation of Double Jeopardy;

33.   Triple damages for the unlawful abuse of an elderly person of 80 years old.

Respectfully,

Josephine Amatucci

April 8, 2020

c. Town of Wolfeboro, Belnap Sheriff's Dept.

*Josephine Amatucci* (signature)