5091



UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
JUL 08 2020
FILED

Josephine Amatucci

v

Stuart Chase, etal               JURY TRIAL REQUESTED

### JURISDICTION

This cause of action happened in New Hampshire. The Complaint that is before the Court is under 42 U.S. C. 1983 and 42 U.S.C. 1985, a civil rights action.

### PARTIES:

1. Stuart Chase, 26 Orchard Road, Wolfeboro, N.H. 03896;

2. Town of Wolfeboro, 84 South Main St. Wolfeboro, N.H. 03894

### RELEVANT FACTS

3. This is a new cause of action for damages, for an active claim before the Court under Case No. 17-cv-237 JL. Of a violation of the Speedy Trial Act. The Court has not addressed the claim and therefore the Plaintiff is filing this new cause of action to address the claim. A meritorious claim, of a violation of the

Sixth Amendment, and a Fourth Amendment claim of an unlawful seizure

4.  This cause of action refers to a violation caused by the defendants under the Federal Constitution under the Sixth Amendment, Speedy Trial Act, when they violated the Sixth Amendment Speedy Trial Act when they held a trial and formerly charged the Plaintiff for the offenses of speeding and disobeying a police officer when they should instead should have dismissed the charges, as the statute of limitations to charge her had expired under the Speedy Trial Act, and therefore their Act was a violation of her Civil Rights, a violation of Due Process that amounted to an unlawful seizure. And yes, a malicious prosecution.

5.  She was initially formerly charged of these two offenses on May 7, 2014 and a trial wasn't held until June 25, 2015 one year and 3 weeks later. When they had only 70 days to commense a trial. There existed no legitimate reason shown for the delay for the trial, and the Plaintiff did in fact asserted her rights to a Speedy Trial as early as July 17, 2014 in the Carroll County District Court.

THE BARKER ANALYSIS

6.  Citing the principles demanded for a speedy trial, the United States Supreme Court under the case of Barker v. Wingo 407 U.s. 514 (1972), stated a violation of the speedy trial Act occurs (a) by the length of the delay (b) by the reason for the delay (c) if the defendant asserted her rights to a speedy trial (d) and the degree of prejudice.

7.  Citing each issue, (a) the length of the delay before a trial was held was one year and three week, when 70 days was the limit for charging and having trial; (b) there was no legitimate reason given for the delay or that was determined; (c) the defendant asserted her speedy trial rights as early as July 17, 2014; (d) the degree of prejudice rests in the fact that the defendant was the age of 75 years old at the time.

8.      The Plaintiff was indeed "PREJUDICED" in the denial of a speedy trial as the Statute states that the Court SHALL take appropriate action to ensure a speedy trial to minimize the length of time a victim 65 years of age or older must endure with the stress of involvement in the proceeding.  That the Court SHALL consider any adverse impact the delay may have on the well-being of the victim 65 years or older.

9.      The Plaintiff was 75 years old at the time making the lengthy time before a trial was held of one year and 3 weeks "prejudicial".  See the case of Hanson v. Denckla, 357 U.s. 235 2 L Ed 2d 1283 8 5 Ct. 1228.  where the Court stated, "A judgment may not be rendered in violation of constitutional limitations and guarantees.   The Plaintiff had a guarantee under the Constitution for a speedy trial.

10.     The United States Court of Appeals for the Second Circuit stated:

"The Speedy Trial Act requires that criminal defendants be brought to trial within 70 days of being charged".  Also Judge Ginsburg argued that the Fourth Amendment was the appropriate vehicle for a violation of a speedy trial because the "SEIZURE" was not just a physical restraint but CONTINUED through the pendency of the defendant's obligation to appear in court...WHETHER OR NOT HE REMAINED IN CUSTODY, he is still SEIZED in the Constitutionally sense.

11.     (There was no probable cause for a trial to be held when the trial was a volation of the Speedy Trial Ac.  There was no probable cause to formerly charge the Plaintiff in violation of the Speedy Trial Act).   The Plaintiff was charged with the offense of Speeding when Speeding was not a crime in New Hampshire, which in itself besides the violation of a speedy trial was an offense in itself under the Fourth Amendment, for an unlawful SEIZURE, with NO PROBABLE CAUSE, where

she was arrested without probable cause as the trial court judge determined by the evidence before him that she was NOT GUILTY of speeding, and besides he stated that she was .....NEVER SPEEDING.  She was unlawfully charged with disobeying a police officer as the time to charge her had lapsed,  and the offense should have been dismissed instead of charging her for this offense.   That the conviction under the violation of the Speedy Trial Act is void and the Plaintiff is asking that this Cour reverse this charge as it is the duty of the Court under the law,  there is no discretion.

12.	However,  under the speedy trial Act all charges after the limtiation period has passed must be reversed by the judge.   Therefore this Court must reverse the  conviction.    As all the charges and proceeding after the statute of Limitations had ceased to run are inoperative.   The right to charge her for an  offense had passed.   Therefore the proceedings at the trial must be entirely  disregarded.

13.	The Plaintiff is petitioning the Court to order a show cause hearing to formally dismiss the Conviction WITH PREJUDICE.   Or just dismiss the conviction automatically under the speedy trial Act.

14.	These are all the elements of a Fourth Amendment SEIZURE in both the speeding and disobeying a police officer offenses.   The Plaintiff was arrested for both the speeding and disobeying offense,  she was unlawfully detained for a lengthy period of time,  and she was found NOT GUILTY FOR SPEEDING.   Besides the fact at in his ORDER ON THE MERITS the trial court judge Patten ruled that according to the evidence before him,  the Plaintiff Josephine Amatucci  was NEVER SPEEDING That the  pursuit by the police on  May 7, 2014 was nothing but  a set-up by the police to stop her before she reached the Sheriff's  office where police chief Stuart Chase knew she was going to lodge a complaint aginst  him.   So in Retaliation Chase pursued

her and falsely accused her of speeding, and unlawfully arrested and incarcerated her for BOTH A SPEEDING AND DISOBEYING A POLICE OFFICER OFFENSE.

15. That this unlawful act of formerly charging her, when instead the defendands had the duty to dismiss the charges caused the Plaintiff severe emotional distress, a woman of 75 years old. For the long restraint to her liberty, and the pendency of her obligation to appear in court.

16. Therefore the Plaintiff is suing the defendants for a violation of the Speedy Trial Act, and a Monell claim as it was the policymaking officials, namely the former police chief Stuart Chase (defendant) and the prosecutor Morgan who DIRECTLY CAUSED the violation of the speedy trial act, and that under MONELL the municipality is liable for this violation of her Federal Civil Rights, even if only one act occurred. See the case of Pembaur v. City of Cincinnati, 475 U.S. 469, 1986.

## CLAIMS

COUNT 1.....Severe pain and suffering, a CONTINUOUS lengthy infliction of emotional distress for an elderly person plus a violaion of her liberty rights;

COUNT 11....MALICE, enhanced damages amounting to one million dollars for the 6 years it took for this case to be resolved;

COUNT 111...A FOURTH AMENDMENT MALICIOUS PROSECUTION, as the time period to prosecute had passed, and where speeding is not a crime there is no prosecution;

COUNT 1V.....Deprivation of her rights under Due Process of law under the Fourteenth Amendment.

COUNT V.......A MONELL CLAIM against the muncipality for the violation of my civil rights by the policymaking officials.

*Chase - INDIVIDUALLY & OFFICIALLY*
*TOWN          "*

Respectfully,

Josephine Amatucci

July 3, 2020

c.   Town of Wolfeboro,  Stuart Chase

*Josephine Amatucci*