5092

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v

Town of Wolfeboro, Stuart Chase           JURY TRIAL REQUESTED

Atty. Daniel Mullen

JURISDICTION

This NEW cause of action happened in New Hampshire. The Complaint that is before the Court is under 42 U.S.C.1983 and 42 U.S.C. 1985, a civil rights action.

PARTIES

1. Town of Wolfeboro, 84 South Main Street, Wolfeboro, NH 03896

2. Stuart Chase, 26 Orchard Road, Wolfeboro, NH 03896

3. Attorney Daniel J. Mullen, Ransmeier & Spellman, 1 Capitol St. Ste 1, Concord, N.H. 03301.

RELEVANT FACTS

4. This new cause of action seeks damages and relief for the violation of the Plaintiff's Civil Rights in an......" Abuse of Process" when the defendants filed a motion for summary judgment and that even if it was valid as to whether they had probable cause to "stop" the plaintiff's car in an offense of disobeying the police, it was an abuse

of process when they fraudulently convinced the Court to deny the Plaintiff's summary judgment as her claim of a Malicious Prosecution does not stand as she was never arrested, for speeding, which was required for such a claim.   When in fact the defendants knew all along that she was arrested for speeding.   And she is suing for damages as because of the fraud,  the Court denied her summary judgment based on the fact stated by the defendants that she had no claim of malicious prosecution,  when she was not held in legal custody or detainment of her liberty.

5.      That even though the underlying cause of action for their motion for summary judgment was valid,   the defendants also used the summry judgment to achieve another purpose in an abuse of process when they fraudulently convinced the Court to deny the Plaintiff's motion for summary judgment by wrongly stating to the court that the Plaintiff did not have a maicious prosecution claim, as she was not arrrested for speeding, which is required for a claim of a malicious prosecuiotn,  an ulterior motive to have the court allow their summary judgment,  and deny hers.

6.      A wrong committed during the course of litigation to gain an unfair and advantage over the Plaintiff.   To obstruct the just disposal of her proceedings.   In bad faith with no genuine belief in its merits,  but an ulterior motive.

7.      That there was no genuine belief in the merits as the defendants knew that she was indeed arrested for speeding.   As in the record there are several documents where the defendants themselves,  and an Affidavit by defendant Stuart chase himself,  stating that the Plaintiff was arrested for speeding.   Therefore they knew they had no probable cause or a legal action to have the Court deny her malicious prosecution claim based on the wrongful action of having the Court deny her motion for summary judgment.   In an abuse of process.

8.      That the Plaintiff suffered harm arising from the defendants abuse of process.

9.      In the case of Nienstedt, 133 Ariz. at 353, 641 P.2d at 882,  the court speaks of conscience and deliberate dishonesty by defendants of the misrepresentation of the truth in

the filing for a summary judgment,

10. That ironically the Court denied the Plaintiff's summary judgment with no proof by the defendants that she was NOT arrested for speeding as they were stating. That they did not present any evidence for the court to deny her a malicious prosecution claim. Yet, the Court did state that the Plaintiff could not prove that she was indeed arrested.

11. The term 'process' refers to the proceedings in "ANY" civil lawsuit or criminal proecution, and particularly describes the formal notice or writ used by a court to exercise jurisdicion over a person. Such process compels the received to come to court, or comply with an order of the Court.

12. 'Abuse of Process' refers to the improper use of a civil or criminal legal procedure for an unintended, malicious, or perverse reason. It is the malicious and deliberate misuse of regularly issued civil or criminal court process that is NOT JUSTIFIED by the underlying legal action. Abuse of Process includes litigation actions in BAD FAITH. To gain an unfair or illegal advantage. To accomplish an improper purpose. Abuse of Process is an intentional tort. Cognizable injury for abuse of process is the harm caused by the msuse of process. In this case the harm was that the Plaintiff lost her malicious prosecution claim for damages.

13. Abuse of Process encompasses the ......"entire range of procedures incident to the litigation process. Cognizant INJURY for abue of process is the HARM caused by the misuse of process. "damages for abuse of process are confined to the DAMAGE flowing from such abuse.

## NIENSTEDT V. WETZEL COURT OF APPEALS OF ARIZONA

14. In the case of Nienstedt, 133 Ariz. at 354, 651 P.2d at 882 , the Court states there is a "primary purpose requirement" for an "Abuse of Process" claim. The Court

3

stating:

"One who uses a legal process, whether criminal or civil against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." (a) primarily to accomplish a purpose for which the process was not designed; (b) for harm that has been caused to the plaintiff by such misuse of process";

That an abuse of process claim may be used on the full range of the court procedures provided by the civil litgation process. The abuse was an act t of fraud. As the defendants knew all along that the Plaintiff was indeed arrested for speeding, in legal custody, detained illegally, and prosecuted illegally for speeding when speeding is not a crime in New Hampshire. Besides the fact that the defendants knew that the trial court judge besides finding her NOT GUILTY of speeding, also found that she was NEVER SPEEDING, and that the pursuit of her by the police was a set up to stop her from reaching the sheriff's office where they knew she was going to lodge a Complaint against defendant Stuart Chase. Besides the fact that the defendants may have had a right to charge her initially for not "stopping" for the police, by the time they had a trial the statute of limitations to legally charge her had passed. And therefore the defendants could only dismiss the charges, under the Speedy Trial Act.

15.                     WIKIPEDIA

Abuse of Process -WiKipedia, is the unjustified or unreasonable use of legal proceedings or process to further a cause of action by a plaintiff in an action.

That abuse of process does not require proof of malice, or lack of probable cause or does not require " TERMINATION FAVORABLE TO THE PLAINTIFF"

16.        " Typically, the person who abuses the process is interested only in accomplishing some improper purpose that ......OFFENDS JUSTICE".

..................................................................................

17.        A "legal process" can be...... ANY PART..... of a lawsuit, not simply the entire lawsuit.
4

That the defendants may have had probable cause to "stop" her car and arrest her for disobeying a police officer offense, but they did not have probable cause to arrest her for speeding.

18.     When someone files a summary judgment motion, and the motion is based on a lie, this is an abuse, and when the lie is perpetrated in order to gain an advantage of sort it is particularly eregious, abusive litigation, frivolous and unfounded claims lacking substantial justification. That damages for abuse of procees can be recovered.

19.     That the Plaintiff states that because the defendants did not produce evidence that the Plaintiff was NOT arrested for speeding, any reasonable person would not agree with the Court whena the Court sided with the defendants and was convinced that she was NOT arrested for speeding, without evidence. That although Judge Laplante denied the Plaintiff her summary judgment motion by stating that she did not prove that she was arrested for speeding, the truth is neither did the defendants prove to him that she was... NOT... arrested for speeding.

20.     That In December of 2018 the United States District Court issued an ORDER allowing the defendants summary judgment motion and denying the Plaintiff her summary judgment when the defendants wrongfully stated that the Plaintiff was never arrested for speeding, and in doing so the court denied her summary judgment and she was injured, as she lost the right to collect damages for her unlawful arrest for speeding, where speeding was not a crime in New Hampshire, and that the arrest and detainment and her custody, by the arrest, were a Fourth Amendment Malicious Prosecution claim where she is allowed damages under civil rights 1983 law.

21.     That the court was convinced by the defendants that she did not have a malicious prosecution claim which requires her being arrested and in legal custory. Because

without being arrested, she was never under legal custody, or legally detained, as required to have a malicious prosecution claim.

22. A violation of Due Process, of a Fourth Amendment Malicious Prosecution, a Monell claim, and a violation of the Speedy Trial Act, where she was initially charged on May 7, 2014 and a trial wasn't held until June 25, 2015, where 70 days is the limit or the statute of limitations is passed, and the only thing for the defendants to have done was to dismiss the charges. As the time to file the charges was barred under the statute of limitations under the violation of a speedy trial after 70 days had passed to charge her formerly.

23. The New Mexico Supreme Court stated in the case of Devaney v. Thriftway Mktg. Corp 124 N.M. 512 (N.M. 1997) with resect to its holding that all abuse of process claims require the defendant to have initiated a judicial proceeding against the plaintiff. The Supreme Court restated the elements of abuse of process, the process is confined to the damages flowing from such abuse, . And the following elements constitute intentional abuse of process:

(a) the deliberate abuse of process of a civil court process interested only in accomplishing some improper purpose;

24. Denying the Plaintiff's malicious prosecution claim was improper when they denied she was not arrested for speeding. When all the defendants knew at the time of litigating her summary judgment claims, that they themselves filed documents, and affidavits, and motions admitting to the Court that the Plaintiff was indeed ARRESTED FOR SPEEDING, they themselves the defendants all admitted and were involved in the admissions to the court that the Plaintiff .............WAS ARRESTED FOR SPEEDING. So they all knew that they were committing FRAUD in convincing the Court to deny her claim in her motion for summary judgment on the unlawful arrest for speeding. This is an Abuse

of Process.   That defendant Stuart Chase himself filed a document, affidavit to the Court, in the records and files, stating under oath that the Plaintiff was arrested for speeding.  Therefore there was the evidence all along that the defendants KNEW SHE WAS ARRESTED, and that they were Abusing the Process, convincing the judge under fraud that she was not arrested for speeding, so that the Court could deny her meritorious claim.

25.     That this Court must reverse the denial of her summary judgment and allowed and the Plaintiff to collect all the damages she is due under 1983.

26.     Also, besides an Abuse of Process claim, a Fourth Amendment Malicious Prosecution claim, a violation of the speedy trial and a Monell claim where policy makers of the municipality Chase and the prosecutor Morgan DIRECTLY CAUSED the violation of her civil rights.

27.     That the Court has the duty to dismiss the charges of speeding and disobeying a police officer under the violation of the speedy trial act.

28.     That due to the abuse of process, the Plaintiff lost her malicious proecution claim which would have awarded her subsantial damages, under 1983.

29.     This is a Federal Claim, and there is no immunity for any of the defendants when they fraudulently violated the Plaintiff's civil rights.  Each defendants took the action to deny her her malicious prosecution claim in a malicious intent to cause a deprivation of a Constitutional right of a Clearly Established Fourth Amendment claim.   See Wood v. Strickland, 420 U.S. 308, 420 U.S. 322.   There is NO IMMUNITY.  This was NOT A DISCRETIONARY ACT.    This was a purposeful malicious INTENT Act to deny her Civil Rights.

CLAIMS

COUNT 1   Damages for her losses in the Abuse of Process by the defendants;

COUNT 2   Damages lost by the unlawful denial of her Fourth Amendment Malicious prosecution claim, her Monell claim and the violation of the speedy trial act;

COUNT 3   Triple Damages for Pain and Suffering of all the abuse as enhanced due to the age of the Plaintiff who was 75 years old at the time.

Respectfully,

Josephine Amatucci

July 7, 2020

c.   Town of Wolfeboro, Stuart Chase, Atty. Mullen

*Josephine Amatucci*

P.S. See Case 000237 for copies of documents filed by defendants stating that the Plaintiff "WAS ARRESTED FOR SPEEDING"