5098

FILED - USDC-NH
2020 JUL 21 AM10:36

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Town of Wolfeboro,  Stuart Chase, Daniel Mullen          JURY TRIAL REQUIRED


SUPPLEMENT TO ADD TO THE NEW CAUSE OF ACTION

FILED RECENTLY IN THE COURT UNDER

VIOLATION OF 'AN ABUSE OF PROCESS'   # 5092


1.      The Plaintiff filed this claim in this Court timely,   but the judge ignored the claim

and never  ruled on it.   Therefore the Plaintiff filed  a new cause of action to have this

claim ruled on.

2.      The Plaintiff would like to expand the  Sixth Amendment Violation in this

this claim,  by adding  an ... Abuse of Process... when  the defendant's held a trial for

the  charges of  speeding and disobeying a police officer one year and three weeks  after

she was initially charged,   a violaion of the Sixth Amendment Speedy trial Act.   As the

longest detainment allowed under the Sixth Amendment before a trial is held is up to 70

days or less.   Therefore the lenghty detainment ... the  CONTINUANCE OF A PROSECUTION,

1

when the limitaions statute passed was a violation of the Speedy Trial Act.

2.        Also,  the defendants stated  RECENTLY at the summary judgment hearing
that her speeding charge was just a violation,  and not criminal.  If this is true then
the prosecution for speeding was unlawful,  as the police have no authority to prosecute
the Plaintiff  for a  violation,  which is not a crime,  as the police have no authority to
prosecute civil matters.  Therefore when the police held a trial for a simple violation,  for
a civil matter  for speeding  THIS WAS AN ABUSE OF PROCESS.  And a malicious prosecution.

3.        Also, where  the trial for a conviction for disobeying a police officer was held
in violation of the  Sixth Amendment,  speedy trial act,  then the conviction is void of no
legal force,   and this Court is mandated to reverse this conviction.

4.         As under the  Sixth Amendment Speedy Trial Act,  the  statute of limitations to
 prosecute the  Plaintiff  for the offenses of speeding and disobeying a police officer had
passed,  after the police waited one year and three weeks before a trial was held,  and
therefore by holding a trial when the police had no longer authority to  charge her,  was an
Abuse of Process,  and a malicious prosecution,  and a violaton of  her liberty rights,   her
right not to be unlawfully detained and  had to endure  the procedure of a  trial.

5.        Also,   there was an Abuse of Process when Attorney Mullen,  in order to
have the court allow his summary judgment at the summary judgment hearing  Mullen
denied that the Plaintiff was  arrested for speeding,    by stating that her arrest was only
for the disobeying a police officer offense,   when he knew or should have known that in the
files, in the record,   there was evidence beyond a reasonable doubt,   a preponderance of
evidence of statements  by the defendants,  especially an Affidavit by  defendant Stuart
Chase,  stating that the  Plaintiff.................WAS ARRESTED FOR SPEEDING.

6.        That by this fraudulent deception Mullen caused damage to the Plaintiff when the
Court was convinced she was never arrested for speeding, and denied her summary

2

judgment,  which made her lose her right to damages for the Fourth Amendment Malicious

Prosecution claim in her summary judgment.

7.        This was an Abuse of Process,  of deception,   by convincing the court that the

Plaintiff was never arrested for speeding,   for the benefit to have his summary judgment

allowed.    This was FRAUD,  misrepresentation of the truah are  an  Abuse of Process.

8.        Also,  if the defendants claim that the speeding offense was  just a violation or

a civil offense,   and not criminal,   at the summary judgment hearing,     then there was an

Abuse of Process when she was prosecuted for speeding,  when a trial was held for the

charge of speeding,   as the police have no authority to prosecute or detain someone

for a violation of a civil offense.    This was an Abuse of Process,  a malicious prosecution.

As speeding is .........NOT A CRIME IN NEW HAMPSHIRE .   The procedure for a violation is

you pay the fine or the person who committed the violation has a trial to show cause.

9.        Wherefore the Plaintiff is demanding her right to a jury trial of her peers for

the violaltion of Due Processa (Abuse of Process) nd a malicious prosecution.  Violation of

the Sixth Amendment and a Monell claim.

10.       She is suing Mullen and Chase individually,  and the Town officially.

under 1983.

11.       When the defendants had NO PROBABLE CAUSE to prosecute her for speeding,

NO PRO BABLE CAUSE to have a trial after the statute of limitations passed to charge her

especially a person 75 years old,  under the Sixth Amendment and Due Process,  as she

was initially charged on May 7, 2014 and the trial was not held until June 25, 2015.  One

year and 3 weeks later,   and a Monell claim as the violaion of her civil rights were done by

policymaking officials of the municpality,  Chase and the prosecutor Timothy Morgan.

12.        Also,  and most importantly   in the case of Yaklevich v. Kemp, schaeffer & Rowe

3

Co. 68 Ohio St. 3d 294 1994,  the Supreme Court of Ohio stated as in the case of Schaeffer & Rowe Co. L.PL.A. 1994,  which the court states:

"Ohio law like the English common law before it,  has long recognized the right to recover in tort for the misuse of civil and criminal actions as a means of causing harm."  See Trussell v. Gen. Motors Corp. (1990) 53 Ohio St. 3d 142, 144, 59 N.E. 2d 732, 734, citing Pope v. Polock (1889),  46 Ohio St. 367, 368-371, 21 356-35.  Where the Trussell Court applying Roers v. Barbera (1960) 170 Ohio St. 241, 10 2d 248, 164 N.W. 2d 162 observed":

"The elements of  a Fourth Amendment Malicious Prosecution are (1) malice in the institution or the CONTINUING of the Prosecution;  (2) lack of probable cause to hold a trial and to file a summary judgment  based on the continuation of the prosecution; (3) for the filing of the prior lawsuit; (4) termination of the prior proceeding by the Court and by the Sixth Amendment Speedy Trial Act; (4) Seizure of the Plaintiff's  person during the coarse of the proceedings before and at the court trial.

13.         The Court in the Yaklevich case stated that the abuse of process does not arrise out of the transaction or occurrence that is the subject matter of the underlying claim,   but instead arises from events that occur during the course of the underlying litigation.   The Corut therefore stated:

"We hold that a claim for an abuse of process is not a compulsory counterclaim which must be brought in the underlying litigation. That an abuse of process shall be brought within the 4 year personal injury law,  after the cause accrued.   Under an abuse of process as to "whether an improper purp[ose was sought to be achieved by the use of a lawfully brough previous action."

14.         That therefore there is a fourth Amendment Malicious Prosecution claim   due to the violation of the Sixth Amendment Speedy Jury trial Act and under an Abuse of Process, also for the unlawful seizure,   the arrest  for speeding when speeding is not a crime.

Respectfully,

Josephine Amatucci2

July 20, 2020

c.    Town of Wolfeboro,  Atty. Mullen ,  Chase.

*Josephine Amatucci*                4

George H.W. Bush

USA
Forever

MANCHESTER NH 030

20 JUL 2020 PM 3 L

FROM : JOSEPHINE ABRAVUCCI
P.O. BOX 272
WolfeBoro FAlls N.H. 03896

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, New Hampshire 03301

03301-394135

