5101

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Attorney Mullen, Town of Wolfeboro

Stuart Chase

Docket 1:18-me-00038


A VOID ORDER OF THE COURT

RIGHT OF AN OPPORTUNITY TO BE HEARD

INTENTIONAL FRAUDULENT MISREPRESENTATION

UPON THE COURT AND BY THE COURT


1. The Courts recent judgment dated July 17, 2020 is a......VOID JUDGMENT..... as ontrary to what Judge Laplante states .....his decisions in this case WERE NOT MERITORIOUS. That Judge Laplante is not capable of forming any meritorious acts. His decisions were all based on his continuous and fraudulent misrepresentation of the merits of the claims, of the fact and LAW in the case, of his fraudulent continuous decisions, to IGNORE the claim that the Plaintiff was unlawfully PROSECUTED for speeding, to avoid allowing her malicious prosecution claim, his non meritorious interpretation of a Monell claim as described by the Plaintiff, when the policymaking officials, chase and the prosecutor Timothy Morgan DIRECTLY CAUSED the violations of

1

he civil rights, giving the municipality liability, EVER IF FOR ONE EVENT. A violation of the Sixth Amendment Speedy Trial Clause when a trial was held UNLAWFULLY one year and 3 weeks afer she was initially charged. These claims were NOT DECIDED ON THEIR MERITS. Therefore, contrary to what Judge Laplante is stating, he will not be revisiting his decisions on the merits of the claims, he will be revisiting.... HIS.... FRAUDULENT MISREPRESENTATION OF THE CLAIMS. In case 17...237 as case 15-356 does not apply as it does not exist as it was dismissed by the Plaintiff.

2.    Only the evidence produced in the 356 case to the case is applicable, specifically showing evidence that she was indeed arrested for speeding. Even though it doesn't matter if she was arrested or not for speeding, as it is the "PROSECUTION' for speeding that is a violation of the FEDERAL CONSTITUTION, as speeding is NOT A CRIME in New Hampshire, and the police had no authority to prosecute a civil offense, or had no authority to hold a trial for the offense of speeding, where holding a trial one year and 3 weeks after being charged was a violation of the Sixth Amendment Speedy Trial Act.

3.    If this judge continues to state that his decisions were meritorious he has shown a MENTAL DEFECT of which the Plaintiff will move forward with advising the discipline committee of his having a mental defect, of which he is not capable of being a judge. And to have Judge Laplante to step down as a judge.

4.    The law not to be prosecuted for speeding, as it is not a crime in New Hampshire ......the law not to have a trial after 70 days under the speedy trial Act, a violation of the Sixth Amendment LAW.....a law that not allows policymaking officials to violate a persons Federal Rights (by prosecuting her for speeding) and (by charging her after the right to charge her has passed) (and becasue of the violation of the speedy trial the CONVICTION FOR DISOBEYING A POLICE OFFICER IS VOID OF NO LEGAL FORCE .

## SUPREME COURT DECISIONS ON VOID ORDERS

## AN ABUSE OF PROCESS

5. The Supreme Court stated in the case of Earle v. McVeigh, 91 US 503, 23 L Ed 398, Prather v. Loyd, 86 Idaho 45, 382 P2d 910 , "A judgment may not be rendered in violation of constitutional protections. The validity of a judgment is affected by a failure to give the constitutionally required due process notice and an opportunity to be heard." "Every person is entitled to an opportunity to be heard in a court of law ..........UPON EVERY QUESTION.......involving his rights or interests, before he is affected........... by any judicial decision on the question. Earle v. McVeigh 91 US 503, 23 L Ed 398.

6. The limitations inherent in the requirements of due process and equal protection OF THE LAW extend to judicial as well as political brances of government, "SO THAT A JUDGMENT MAY NOT BE RENDERED IN VIOLATION OF THOSE CONSTITUTIONAL LIMITATIONS AND GUARANTEES". Hanson v. Denckla, 357 US 235, 1 L Ed 2d 1283, 78 S Ct 1228.

"A void judgment is not entitled to the respect accorded a valid adjudication, but may be ENTIRELY DISREGARDED, or declared inoperable by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place....It is not entitled to enforcement....ALL PROCEEDINGS FOUNDED ON THE VOID JUDGMENT ARE THEMSELVES AS INVALID. 30A Am Jur Judgments" 44, 45.

"It is a fundamental doctrine of law that a party to be affected by a personal judgment.....MUST HAVE HIS DAY IN COURT ...and an opportunity to be heard". Renaud v. Abbott, 116 US 277, 29 L. Ed 629, 6 S Ct 1194.

7. In the case of Sabariego v. Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461 the court stated:

"A void judgment does not created any binding obligations. decsions addressing VOID court judgments include Kalb v. Feuersteing (1940) 308 US 433, 60 S Ct 343, 84 L ed 370; Ex parte Rowland (1882) 104 U.s. 604, 26 L.Ed 861: "A judgment which is VOID UPON ITS FACE

and which requires only an inspection of the judgment roll to demonstrate its wants of vitality is a dead limb upon the judicial tree, which should be LOPPED OFF".

8. WHEREFORE:  This is the last opportunity for this court and not under Judge Laplante who has lost all jurisdiction in this case for his VOID JUDGMENTS,  but for this Court to grant relief to the Plaintiff for her meriotorious claims as set forth in her summary judgment, or this entire court is warring against the Federal Constitution.  The Plaintiff is looking for her right under Section 1983 for damages for the outrageous malicious acts of the defendants.  In violation of her civil rights.

Respectfully,

Josephine Amatucci

July 21, 2020

c.  Town of Wolfeboro, Attorney Mullen, Stuart Chase

*Josephine Amatucci*

# Supreme Court Decisions on Void Orders

A judgment may not be rendered in violation of constitutional protections. The validity of a judgment may be affected by a <u>failure to give the constitutionally required due process notice</u> and an opportunity to be heard. *Earle v. McVeigh*, 91 US 503, 23 L Ed 398. See also Restatements, Judgments ' 4(b). *Prather v Loyd*, 86 Idaho 45, 382 P2d 910. The limitations inherent in the requirements of due process and equal protection of the law extend to judicial as well as political branches of government, so that <u>a judgment may not be rendered in violation of those constitutional limitations and guarantees</u>. *Hanson v Denckla*, 357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228.

> A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place. ... It is not entitled to enforcement ... All proceedings founded on the void judgment are themselves regarded as invalid. 30A Am Jur Judgments " 44, 45.
> It is a fundamental doctrine of law that a party to be affected by a personal judgment must have his day in court, and an opportunity to be heard. *Renaud v. Abbott*, 116 US 277, 29 L Ed 629, 6 S Ct 1194. Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. *Earle v McVeigh*, 91 US 503, 23 L Ed 398.

## No Opportunity to Be Heard

A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights. *Sabariego v Maverick*, 124 US 261, 31 L Ed 430, 8 S Ct 461, and is not entitled to respect in any other tribunal.

> "A void judgment does not create any binding obligation. Federal decisions addressing void state court judgments include Kalb v. Feuerstein (1940) 308 US 433, 60 S Ct 343, 84 L ed 370; *Ex parte Rowland* (1882) 104 U.S. 604, 26 L.Ed. 861: "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its wants of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power to do so exists." *People v. Greene*, 71 Cal. 100 [16 Pac. 197, 5 Am. St. Rep. 448]. "If a court grants relief, which under the circumstances it hasn't any authority to grant, its judgment is to that extent void." (1 Freeman on Judgments, 120-c.)
> An illegal order is forever void.

FROM: JOSEPHINE AMATUCCI
P.O. Box 272
Wolfeboro Falls, N.H. 03896

MANCHESTER NH 030
21 JUL 2020 PM 3 L

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

03301-10850