5127

THE UNITED STTES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Judge Joseph Laplante              JURY TRIAL DEMANDED

JURISDICTION

This cause of action happened in New hampshire. The Complaint that is before the court is under 42 U.S.C. 1983 and 42 U.S.C. 1985, a civil rights action. And /or under rule 60 (b).

PARTIES

Judge Joseph Laplante...U.s. District Court, district of New hampshire, Office of the Clerk, 55 Pleasant St. Room 110, Concord 03301-3941. Individually and in his official capacity as Justice of the United States District Court.

RELEVANT FACTS

1.      This is a "NEW CAUSE OF ACTION"......of Fraud Upon/On the Court, this is not fraud between the parties, of a subject matter that was never visited by the

TOTAL OF 40 PAGES

Court in the past, in an action declaring Judge Laplante's judgments on Attorney Mullen's motion for summary judgment as a nullity. The judge is an officer of the court, and whenever an officer of the court, commits fraud during a proceeding in the court, he is engaged in "fraud upon the court" In Bulloch v. United States 763 F.2d 1115, 1121 (10th cir. 1985) the court stated:

"Fraud upon the court is fraud which is directed to the judicial machinery itself and is NOT FRAUD BETWEEN THE PARTIES, or fraudulent documents, false statement or perjury ...it is where the court or a memer is corrupted or influence is attempted or where the judge has not performed his judicial function...thus where the impartial functions of the court have been DIRECTLY CORRUPTED."

"A DECISION THAT NEVER BECOMES FINAL"

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (United States).

2.      "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to defile the court itself or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are poresente for adjudication". Kenner v. C.I.R. 387 F. 3d 689 (1968). 7 Moore's Federal Practice 2d ed. p. 512 60.23. The 7th circuit further stated "A DECISION PRODUCED BY FRAUD UPON THE COURT IS NOT IN ESSENCE A DECISION AT ALL, ............AND NEVER BECOMES FINAL."

3.      Besides, "fraud upon the court" makes VOID the orders and judgments of that court.

4.      In Pfizer Inc. v. Lord, 456 F. 2d 532 (8th Cir. 1972) the Court stated that "it is important that the litigant not only acually receive JUSTICE, but that he believes that he has received justice."

VIOLATION OF DUE PROCESS

2

5.    Judge Laplante must either allow the Plaintiff a jury trial for damages for her claims of a fourth amendment Malicious Prosecution, a Monell claim and a violation of the speedy trial Act, or Judge Joseph Laplante is in violation of the Due Process Clause of the United States Constitution.  United States v. Sciuto, 521 F.2d 842, 845 (7th Circuit 1996). (the right to a tribunal free from bias or prejudice is based on the Due Process Clause".) In the case of the U.s. v. Marion, 404 U.s. 307, 320 L.ed. 2d 468, 479 the United States Supreme Court held that "a formal information, a formal charge, to answer to a criminal charge, engages the protections of the Seedy Trial prvisions of the Sixth Amendment.

6.    The Plaintiff states that Judge Laplante issued an Order allowing Attorney Mullen his motion for summary judgment after Judge Laplante was disqualified by law to rule on Mullen's summary judgment, as the summary judgment was based entirely on charges for the offenses of speeding and disobeying a police officer, that had been dismissed under the sixth Amendment, Speedy Trial Clause.  That under the Sixth Amendment the Plaintiff was protected from any charges under the two offenses, due to the violation of the Speedy Trial clause, and that the police instead of waiting one year and three weeks to charge her and to have to trial on the charges, they were mandated to dismiss the charges after 70 days had passed to charge her for these crimes.

7.    It is to be noted also, that judge Laplante in his bias agenda at the summary judgment hearing, to question why she was found NOT GUILTY for speeding, he in facgt stated and stated and stated, the only reason why she was found NOT GUILTY was because the prosecutor failed to submit evidence of the ......conditions prevailing...... of the weather, it is assumed.   When the judge knew that the prosecutor failed to

present conditions of the wheather for his charge, because it was a beautiful spring day on May 7, 2014, and therefore there were NO PREVAILING CONDICTIONS that would allow the police to prosecute or charge her for speeding.

8.      Therefore Judge Laplante everything in this case shows that your entire ruling was based on fraud. And that you had malicious "INTENT" all along to throw my claims under a bus. That it was all pre-determined.

### PERSONAL CAPACITY OF JUDGE LAPLANTE

9.      Where the Judge knew or should have known, that the charges were void of no legal force, under the Speedy Trial clause of the Sixth Amendment, the judge acted in his personal capacity and not in his judicial capacity. And had no lawful authority to act in this manner. And in doing so has disqualified himself from ruling in this case. United States v. Sciuto.   And has thus warred against the Constitution and is therefore "disqualified" from ruling on Mullen's summary judgment.

10.     That Judge laplante lacked jurisdiction to address "charges" that did not exist and that were void of no legal force under the Sixth Amendment Speedy Trial Act, statute of limitations. That under the Speedy Trial Act, a trial must commence within 70 days from the date the charge was filed. However, a trial court was commensed one year and three weeks after the intitial charge on May 7, 2014.

11.     State v. Fletcher, 135 N.H. 605, 607 (1992); see also Langone, 127 N.H. at 54 (ten-month dealy in misdemeanor cases presumptively prejucial. And under Superior Court Speedy Trial Policy, Aplp. to Sup. Ct. R. stating that pending six months without disposition shall be scheduled to show cause hearing on potential dismissal under the case of Barker.

12. The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice" Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United Sttes, 348 U.s. 11, 14, 75 S. Ct. 11, 13 (1954). Judge Laplante's judgments and orders in this case are nullities, simply void, as they constitute no justification, and that all concerned in executing such judgments as Attorney Daniel Mullen are in law TRESPASSERS. Elliot v. Piersol, 328, 340 26 U.s. 328, 340 (1828).

13. That Judge Laplante is not immune for actions though judicial in nature, taken in complete absence of jurisdiction, by not acting impartially and lawfully in this case. People v. Zajic 88 Ill.App.3d 47, 410 N.e.2d 626 (1980). The 7th Circuit Court of Appeals in the case of Kenner v. C.I.R. 387 F.3d 689 (1968) stated, "a decision produced by fraud is not

in essence a decision at all, and NEVER BECOMES FINAL, NEVER BECOMES FINAL. The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.e. 229 (1934). Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) Village of Willowbrook, 37 Ill. App.2d 393 (1962). Dunham v. Dunham, 57 Ill App. 475 (1894) Skelly Oil Co. v. Universal Oil Products. Co. 338 Ill. App. 79, 86 N.E. 2d 875, 883-4 (1949).

"That under Federal law, when any officer of the court has committed "fraud upon the court", the orders and judgments of that court are VOID, OF NO LEGAL FORCE OR EFFECT."

14 fraud by the court- upon the court is when judge Laplante at the cross summary judgment hearing and in his ORDER denying the Plaintiff her claim for a malicious prosecution, falsley stated there was no evidence in Attorney Mullens motion for summary judgment that proves that the Plaintiff was arrested for speeding. However, , in the motion for summary judgment which was reviewed by the judge Mullen admitted that the Plaintiff was indeed arrested for speeding on page 14. Which makes the "judgement" denying her her malicious prosecution for not being arrested a void judgment of fraud and must be reversed. And this Judge must allow her a jury trial for this claim. Or he and Mullen who denied she was arrested for speeding are going to pay the damages I would and should have gotten in this case. Yes, the judge and Mullen will be sued.

15. There was NO JUSTICE when Attorney Mullen and Judge Laplante misrepresented the facts and law in this case, in fraudulent misinterpretation, which harmed me significantly.

16. 5. And in denying her meritorious claims, they robbed her of damages allowed under 1983 for the violations of her civil rights.

17. A meritorious claim for two malicious prosecution violations, one when she

4

was unlawfully arrested for speeding, where speeding is not a crime in New Hamphsire, A CLEARLY ESTABLISHED LAW, where she was found NOT GUILTY of speeding and where the trial court judge found with the evidence before him that she was NEVER SPEEDING, but that the pursuit by the police was a set up, the other malicious prosecution was the continuous detainment a violation of her liberty rights, even after 70 days when the statute of limitations had run to charge her under the Sixth Amendment Speedy Trial Act, A CLEARLY ESTABLISHED LAW, when the police instead of dismissing the case after the 70 days limit to have a trial, instead continued to take away her liberty, continued to detain her, continued with the prosecution, until one year and 3 weeks when the held a trial. Which means the trial court had no jurisdiction to hear the case and any rulings and the conviction for disobeying a policy officer by the trial judge is void of no legal force and MUST BE REVERSED. This judge Laplante is MANDATED to reverse the conviction. Wherefore, if this judge does not get me before a jury of my peers to collect the right to damages, the Plaintiff will sue him and Mullen for the money allowed under her claims under 1983. Anyway she is getting the money due her.

18. And a meritorious claim under Monell where the policymaking officials the former police chief Stuart Chase and the prosecutor Timothy Morgan DIRECTLY CAUSED the violations of her civil rights when they prosecuted her for speeding when speeding is not a crime in New Hampshire, and detained her more than 70 days before they held a trial. A CLEARLY ESTABLISHED LAW.

## FRAUD UPON THE COURT

19. On page 19-20 of his Order, on the Transcript of the cross summary judgment hearing, Judge Laplante litigated my malicious prosecution claim, and denied the malicious prosecution claim by FRAUDULENTLY stating that because I was not arrested for

7

speeding, I was not in legal custody, which is a requirement for a malicious prosecution claim, there was no deprivation of my liberty, and he denied this claim.

20. However, in the defendants Motion for Summary Judgment Document 138-138-1, dated July 26, 2018, before the judge, attorney Mullen admits that the Plaintiff was arrested for speeding when on page 14 of the Motion for Summary Judgment, Mullen states "the former Chief Chase did not participate at all "IN THE ARREST FOR SPEEDING". Besides the fact that before Judge Laplante filed his ORDER for the cross summary judgment motions, BEFORE he filed an ORDER, the Plaintiff submitted four other documents that were in the files, all along, where the judge had to know they were there, and had to review them, documents that proved that the Plaintiff was indeed arrested for speeding. Yet under FRAUD, FRAUD, FRAUD, this judge and Mullen denied that the Plaintiff was ever arrested for speeding. Even when one of the documents submitted to the judge was writting by defendant Stuart Chase himself admitting that the Plaintff was indeed ARRESTED FOR SPEEDING. Therefore if the judge does not allow the Plaintiff her right to go before a jury of her peers for damages, she will sue him and Mullen for the damage money.

21. The judge did admit that the Plaintiff was PROSECUTED for speeding, but stated that because she was not arrested for speeding there was no deprivation of liberty, and he stated that if there was any deprivation of liberty for the speeding offense it went went hand and hand with the misdemeanor offense of disobeying a police officer. So in fact there was no deprivation of libety for the speeding offense, as she was being held lawfully for the disobeying offense. However, she should never have been detained for a speeding offense at all, there was NO CRIME, this was only a violation where you are asked to pay a fine. But ironically the Plaintiff was never asked to pay a fine, they



8

wanted to have her prosecuted UNDER MALICE. She never was speeding, they came after her because she was going to the Sheriff's office to lodge a Complaint against Chase. And in retaliation they KIDNAPPED HER, they KIDNAPPED HER, they put her away in retaliation. Not because she committed any crime. You better believe I am going to get money for what happened to me in this case, I will sue the pants off the judge and Mullen if I do not get what is coming to me UNDER THE LAW.

22. The Judge never addressed that there was NO PROBABLE CAUSE to prosecute her for speeding, a fact in itself that was a violation of my civil rights. As there was no crime committed, as speeding is NOT A CRIME. And therefore there was No probable cause to charge her. A CLEARLY ESTABLISHED LAW. Speeding is just a violation and you pay a fine, but I was never ordered to pay a fine, I was prosecuted instead, under MALICE.

23. An arrest constitutes by itself a deprivation of liberty, as stated in the case of ( Moreno-Medina v. Toledo, 458 f. App'x 4, 7 1st Cir. 2012), I was arrested for speeding, and the arrest alone was a deprivation of my liberty.

24. Therefore, where the Plaintiff was formerly arrested for speeding, which constiuted a deprivation of her liberty, this was a "seizure" that lasted as long as the charge for speeding against me remained unadjudicated, as determined by Judge Ginsburg in the case of Albright. Which means the "seizure" was one year and 3 weeks long, a violation of the Sixth Amendment Speedy Trial Act. A meritorious claim for damages under 1983.

25. According to the New Hampshire Supreme Court decision in the case of Stock v. Byers, 1980, to succeed in an action for malicious prosecution under 1983 the Court stated: "The plaintiff must prove that he was subjected to a criminal

prosecution, instituted by the defendant WITHOUT PROBABLE CAUSE". The Court asked for nothing more for a malicious prosecution claim.

26. 3... Any jury upon hearing this story of what happened to me from beginning to end, wouldn't hesitate to allow me $500,000.00 in triple damages due to my age, when was 76 years old, when they hear the entire story of what happened on May 7, 2014 to June 25, 2015, starting when I went inside the police station to file a complaint against a police officer and instead of accepting my Complaint, defendant Stuart Chase, a police chief at the time, retaliated and assaulted and threatened me stating that "if I accuse his men of misconduct he will get me and arrest me on the spot, which he did. For the imprisonment in the town hall by the Acting town Manager Rob Houseman, for the unlawful arrest, incarceration, long detention, prosecution and trial, not to mention the defamation caused when the town officials placed a story in the local newspaper accusing me of causing a disturbance in the town hall to cover up the retaliatory imprisonment of me by the acting town manager in the town hall, (who was terminated).

ALL THIS BECAUSE I ACCUSED A POLICE OFFICER OF MISCONDUCT.

27. Therefore Judge Laplante IS MANDATED under the law, to get me before a jury for damages, as allowed under the law, or I will sue him for the money he is robbing me of by not allowing me to go before a jury for my damage money. He and Mullen will be forced to pay me this money they robbed from me, through FRAUD. There will be the involvement of the discipline committee against them, the bar, the Governor, the newspapers. Unless I am rightly before a jury for damages as allowed to me UNDER THE LAW. Under 1983.

A MONELL CLAIM

10

28. Under a fraudulent misrepresentation, Judge Laplante at the hearing for cross summary judgments, he was denying the Plaintiff's Monell claim, by denying her version of a Monell claim, with a Respondeat Superior version. The Judge was denying that her version of a Monell claim never existed, which was FRAUD. Her version is shown in the Court case of Pembaur v. City of Cincinnati. Where under Monell if the policymaking officials DIRECTLY CAUSED a violation of her civil rights, EVEN IN ONE INSTANCE, it is a liability for the municipality. Here the former police chief Stuart Chase and the prosecutor Timothy Morgan DIRECTLY violated her civil rights when they arrested, wrongly detained her for one year and 3 weeks and prosecuted her for speeding, with no probable cause, as speeding is not a crime in New Hampshire. Under FRAUD Judge Laplante denied this interpretation of Monell.

29. In the case of Rossi v. Town of Pelham, 35 F.Supp. 2d 58 (D.N.H. 1997) in this same Court .....the judge ............IN THIS UNITED STATES DISTRICT COURT OF NEW HAMPSHIRE, addressed the Courts interpretation of Monell and Municipal Liability on page 36 of this Rossi case, by stating the OPPOSITE OF JUDGE LAPLANTE and verifying the version of the Plaintiff's Monell claim by stating correctly, in citing City of St. Louis v. Propotnik, 485 U.S. 112, 124-27 (1988), THIS COURT THIS COURT under a different judge states the Plaintiff's version of a Monell claim by stating:

   "a policymaker's SINGLE DECISION constitute's official policy".

And under Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986) a court states :

   "In a 1983 suit based on an official policy promulgated by officials with policymaking authority, attribution to the municipality is EASILY ESTABLISHED."

Proving that Judge Laplante continuously committed fraud on the court.

30. Which makes the municipality liable for the violation of her civil rights, when

7   //

the policymaking officials, the former police chief and defendant Stuart Chase and/or the prosecutor Timothy Morgan, of the municipality DIRECTLY CAUSED the violation of my civil rights. Baron v. Suffolk Cty. Sheriff's Dept. 402 f.3d 225, 236 (lst cir. 2005)

31. Therefore Judge Laplante is MANDATED to reverse his judgment in this case and allow the Plaintiff her right to damages under 1983.

### Violation of the Speedy Trial Act Claim

32. 23. Under Document 74 filed by the court on 02/06/18, in this 237 case this court was FRAUDULENTLY denying me a claim for the violation of a Speedy Trial. As on page 33, under FRAUD the court addressed the "long" detention I was talking about, of one year and 3 weeks as a claim for a Fourth Amendment, to conceal the Plaintff's Speedy Trial Claim, a claim that kicks in from a Fourth Amendment claim, when the "length" of the detention lasts more than 70 days. As a person can be in detention under 70 days and have a Fourth Amendment but not over 70 days, as then it becomes a speedy trial detention.

33. That the defendants summary judgment allowed by the court must be reversed, as the summary judgment was based entirely on the rulings in the trial that was held unlawfully one year and 3 weeks after the initial charge. Which means that the judge at the trial had NO JURISDICTION to hear the case, which means the CONVICTION by the judge was void of no legal force under the Sixth amendment violation of a speedy trial. Which means that Judge Laplante must reverse the ruling allowing the defendants a summary judgment, and instead allow the Plaintiff's summary judgment based on her meritorious claims.

34. Which means when I was held for a trial on June 25, 2015 this was a violation of the Speedy Trial Clause, and being held for the trial after 70 days was

a MALICIOUS PROSECUTION, an unlawful seizure, detainment waiting for a trial to be held after 70 days of being initially charged. A lack of Probable Cause.

35. Judge Laplante is MANDATED to get me before a jury of my peers for damages as is my right under 1983, or he and Mullen have stolen my money and I will sue them directly for this money. In an Abuse of an 81 year old elderly person.

36. And they will be faced with a charge of committing treason of the Constitution.

Respectfully,

Josephine Amatucci

August 6, 2020

c. Town of Wolfeboro, Attorney Mullen, Attorney Puffer, ATTORNEY GENERAL

*Josephine Amatucci*

/3