AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of

| | |
|---|---|
| _JOSEPHINE AMATUCC._ | ) |
| _Plaintiff(s)_ | ) ) ) ) |
| v. | ) ) |
| _ATTY DANIEL J. MULLEN_ | ) ) ) ) |
| _Defendant(s)_ | ) |

Civil Action No. _1:18-MC-00038-JL_

## SUMMONS IN A CIVIL ACTION _(A PERSONAL INJURY CASE)_

To: *(Defendant's name and address)*

_ATTORNEY DANIEL J. MULLEN_
_RANSMEIER & SPELLMAN_
_ONE CAPITOL STREET_
_P. O. BOX 600_
_CONCORD, N.H. 03302_

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____
_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

5139

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Attorney Daniel J. Mullen

Case No. 1:18-mc-00038-JL                    JURY TRIAL DEMANDED


NEW CAUSE OF ACTION UNDER "PERSONAL INJURY LAW"

A THREE YEAR STATUTE OF LIMITATIONS


1.      It appears that Judge Laplante does not want to consider this case as a
NEW CAUSE OF ACTION,  besides the judge must consider that the statute of
limitations for fraud,  deceit and or intentional fraudulent misrepresentation has
a three year statute of limitations.   Mullen committed these offenses against the
Plaintiff in 2018 at the hearing for cross summary judgements,  therefore this claim
is well within the statute of limitation for a PERSONAL INJURY CLAIM,  that is
PERSONALLY accusing Mullen of causing the Plaintiff mental anguish,  causing her
to lose her claim for damages for an unlawful arrest detainment,  and prosecution for
speeding,   when he knew he was not telling the truth to the judge,  denying that she
was NEVER arrested for speeding,  which convinced the judge and in doing so he
dismissed her claim of a malicious prosecution based on Mullen's  fraud that she was

1

never arrested for speeding.

2.      This is indeed a new cause of action under a "PERSONAL INJURY LAW"

against Mullen personally,  which has a 3 year statute of limtiations to file against

MULLEN,  personally,  not in his  official manner..

3.       Also,  there is no limitation to file a claim  as presented in this case

under Rule 60 especially when the disobeying a police officer claim has been

"satisfied"   under Rule 60,  where there is no limitations,  and under the Speedy Trial

Clause,  and where Judge Laplante had no  jurisidiction to rule on the charge of

Disobeying a Police Officer,  and no  jurisdiction to allow Mullen's  summary judgment

based entirely  on that charge,

4.      The Plaintiff''S NEW CAUSE OF ACTION as filed,  is under a PERSONAL INJURY

CLAIM against Attorney Daniel Mullen personally and Ransmeier officially.

 5.      The case  is also under a fraudulent misrepresentation claim,  based on the fact

that Mullen stated to Judge Laplante that she was never arrested for speeding.   Which

violated her Fourth Amendment Malicious Prosecution claim,  when she proved

Mullen was PERSONALLY misrepresenting the truth at the summary judgment hearing.

6.      A Personal injury law  for  lack of jurisdiction for judge Laplante to allow Attorney

Mullen's summary judgment which was based entirely on the charge of disobeying a police

officer,  when there was no  charge for disobeying a police officer at the time,  as

the charge was dismissed under the Sixth Amendment of the Speedy Trial Act.

7.       Therefore,  Judge Laplante  is mandated to reverse the summary judgment

he allowed to Mullen's  summary judgment motion,  based on  the disobeying a police

officer charge .......WHICH WAS AUTOMATICALLY DISMISSED UNDER THE SPEEDY TRIAL

CLAUSE.   WHICH WAS VOID OF NO LEGAL FORCE,  UNDER THE SIXTH AMENDMENT.

8.     Therefore unless Mullen and the Judge allow the Plaintiff the right to damages by a jury of her peers,  she is suing Mullen personally for $500,000.  of which she is due for his  violations of her civil rights,  when he  extorted her damages  money under fraud. Under a charge that was dismissed and VOID OF NO LEGAL FORCE.

9.     That her claims are under a PERSONAL INJURY LAW,  a fraudulent misrepresentation law,  when Mullen denied she was arrested for speeding,  and a violation of the Sixth Amendment,  Speedy Trial Clause,  besides a Monell claim.

10.     See Patch v. Arsenault,  139 N.H. 313, 319, 653 a.2d a079, 1083-84 (1995);   Gray v. N.H. Banks 138 N.H. 279, 283, 640 A.2d 276, 279, (1994);  Proctor v. Bank of N.H. 123 N.H. 395

399, 464 A.2d 263, 265 (1983).


Respectfully,

Josephine Amatucci

August 21, 2020

c.   Attorney  Daniel Mullen

Josephine Amatucci

FILED - USDC - NH
2020 SEP 3 A 12:32

5119

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Attorney Mullen                              JURY TRIAL REQUESTED


## JURISDICTION

This new cause of action happened in New Hampshire.   The Complaint that is

before the Court is under 42 U.S.C. 1983 and 42 U.s.C. 1985, a civil rights actions.


## PARTIES

1.     Attorney Daniel J. Mullen,  Ransmeier & Spellman, 1 Capitol St. Ste 1, Concord N.H.
03301. individually

2.     Ransmeier & Spellman,  1 Capitol St. Ste. 1, Concord, N.H. 03301.


## RELEVANT FACTS

3.     This new cause of action is questioning  the  right of Attorney Mullen to file

a summary judgment motion based  on the CHARGE'S  of speeding and disobeying  a

police officer,  by the police  in the trial court  on June 25, 2015,  which was  one year and

three  weeks  after she was initially charged which was May 7, 2014.   As under the Sixth

Amendment ,  Speedy Trial Act, the judge  had no JURISDICTION IN THE MATTER,  as the

statute of limitations to charge the Plaintiff of any offenses had lapsed under  the Sixth

amendment, Speedy Trial Act.  Therefore,  any ruling at the  trial is  void of no legal force.

1  *q*

And Judge Laplante is MANDATED to reverse the conviction she received at this unlawful trial for the disobeying a police officer offense.

4.      That where defendant Mullen's  summary judgment was based entirely on the ruling of the trial court judge,  and where the judge had NO JURISDICTION to make any ruling,   on the charges against the Plaintiff,  then the allowance of the summary judgment must be reversed by Judge Laplante.   As any decision made in the trial court is void of no legal force.   Which means that there was NO CHARGE for any offense on which Mullen can base a summary judgment. And therefore Mullen's  summary judgment is void of no legal force,  and the judge must reverse his decision to allow the summary judgment based on the fact that there were actually NO CHARGES in this May 7, 2014 event UNDER THE LAW.   Under a violation of the Sixth Amendment,  speedy trial Act.

5.      In the case of Zedner v. United States,  The Supreme Court ruled that criminal defendants be brought to trial WITHIN 70 DAYS of being CHARGED,  otherwise the accused is entitled to a MANDATORY,  MANDATORY,  MANDATORY dismissal of the charges.    Therefore this judge must dismissed the disobeying a police officer charge and the speeding charge.  It is MANDATORY.  The Plaintiff has always been addressing a Speedy Trial claim.   And she asked for a speedy trial as far back as when the case was in the Ossipee District Court.

6.      In the case of State v. Bain,  145 N.H. 367, 374 (2000) the court stated that where a defendant charged with a misdemeanor is NOT IN JAIL the Court stated,  "we do not considr a pretrail delay of fewer than six months to be presumptively prejudicial.

7.      Mullen based the merit of his summary judgment motion on the fact that the trial court allowed the police probable cause  to "stop"  her car and probable cause for the .......CHARGE......of  disobeying a police officer.     But the problem is the trial court judge

2 𝒬

Patten had .......NO JURISDICTION.....to allow this charge at the trial held on June 25, 2015 as the statute of limitations had charging the Plaintiff of any offenses by the police had passed for the police to file "ANY CHARGES" against the Plaintiff relating to the May 7, 2014 event. As the trial was a violation of the the Sixth amendment right to a Speedy Trial, as the statute of limitations to file any charges had passed.

8. Therefore instead of charging her the police had to dismiss any and all charges in the event of May 7, 2014.

9. That therefore Judge Laplante must reverse his ruling allowing the defendants their motion for summary judgment as it was based on the rulings of the trial held on 'June 25, 2015 where the judge had NO JURISDICTION to rule.

FRAUD ON THE COURT-ABUSE OF PROCESS

10. Now to make matters worse this new cause of action is also a claim of Fraud on the Court and/or on an Abuse of Process adding Rule 60 (b) against Attorney Daniel Mullen.

11. Rule 60 (b) does not impose a time limit on motions asserting fraud on the court. That the Fraud by Attorney Daniel Mullen was directed to the judicial machinery itself , and is not fraud between the parties, not in privity. That Mullen committed fraud on the Court , and was successful in convincing the judge in his act of fraud.

12. This is to remind the court that case 00356 was legally dismissed by the Plaintiff herself and therefore it never existed, nor any restrictions that might have occurred in that case, That case 356 NEVER HAPPENED. NO LEGAL RESTRICTIONS.

13. Also there were no legal restrictions in the 237 case, as a hearing was never held on restrictions in the 237 case, the restriction hearing was considered moot once the judge dismissed the Plaintiff's summary judgment. He closed the case.

3 $\mathcal{a}$

14.     Here the court is not revisiting the same subject matter,   as this subject
matter has never been addressed or ruled upon,  it is therfore a NEW CAUSE OF ACTION.

15.     In Wilkin v. Sunbeam Corp. 10th Circuit,  the court considered a claim under
Rule 60 (b) as "Releif under this rule may be granted when the application is clearly
substantiated by adequate proof".

16.     That the motion for summary judgment of the defendants stated clearly
on page 14  of the motion,  that the Plaintiff was indeed arrested for speeding   and
this motion for summary judgment was in whole available at the summary judgment
hearing.

17.     The Plaintiff has addressed  facts where "Every person is entitled to an opportunity
to be heard in a court of  law upon .......EVERY QUESTION.....(this question was never heard)
involving his rights or  interests,  before he is affected by any judicial decision on the
question.  Earle  v. McVeigh 91 US 503, 23 L Ed 398.

18.     This cause of action is about the fraud committed by Attorney Daniel Mullen in
case number  17-cv-00237.  Fraud on the Court is fraud which is directed to the judicial
machinery itself,  and is not fraud between the parties of fraudulent documents aor a false
statement or perjury.  It is this fraud where Mullen influenced the judge by fraudulently
stating that she was not arrested for speeding,  when in his Motion for Summary Judgment
he states that she was arrested for speeding,   and where in a preponderance of evidence in
the files it is evident by that  Mullen and the defendant the former police chief Stuart chase
filed a motion in the court directly stating that the Plaintiff was indeed arrested for
speeding.   Which was a requirement for her malicious prosecution claim according
to the court, who was influenced by Mullen's fraud at the cross summary judgment
hearing and because of this fraud, and conviced by Mullens fraud,  the court denied

4  𝒬

the Plaintiff her malicious prosecution claim based on the fraudulent statement of
Mullen that she was not arrested for speeding.    And in doing so the Plaintiff was
greatly harmed.    That she lost her claim for damages under her malicious prosecution
claim under 1983,  besides a speedy trial claim,  and a monell claim.

19.        That either Mullen pay every cent of $500,000. dollars in damages that the
Plaintiff lost for his fraud,  or the court set aside the judgment of denying her  Fourth
Amendment Malicious Prosecution claim,  her Monell claim,  and her violation of a
Speedy Trial claim.

20.        The limitations inherent in the requirements  of due process and equal protection
of the LAW extend to judicial as well as political brances of government.   "So that
a judgment may NOT BE RENDERED in violations of those constitutional limitations
and guarantees".        Hanson v. Dencka, 357 US 235, 1 L Ed 2d 1283, 78 S Ct 1228.
"It is a fundamental docrine of law that a party affected by a personal judgment
must have his day in court and an opportunity to be heard" Renaud v. Abbott,  116 US
277 29 L.Ed 629, 6 S Ct 1194.

21.        This cause of action is about the the  wrong judgment made by  the judge Joseph
Laplante at the summary judgment hearing,  due to the fraudulent misrepresentation
of the offense of speeding,   when Mullen fraudulently stated that the Plaintiff was not
arrested for speeding.  And Judge Laplante relied on this fraudulent statement and
in doing so dismissed my claim of a malicious prosecution unlawfully,  which caused
me great harm.   Which denied my right to damages for a Fourth Amendment
Malicious Prosecution claim etc. under 1983.

22.        Therefore  this court must reverse their decision and allow  her summary
judgment,  and allow a jury trial for damages for a Fourth Amendment Malicious

5  𝒬

Prosecution, a Monell claim and a Speedy Trial claim.

23.     For his fraud the Plaintiff is suing Mullen for the money she was claiming

for her damages for the violations of her Civil Rights.   Triple damages as allowed

under fraud,  and for his abuse of an elderly person, in the amount $500,000.

24.      No more than nine months is required for pretrial delay or the delay will be

considered prejudicial.  Panzera 139 N.H. at 239, 652, A.2d at 138.   Subject to the

restraints of the Sixth Amendment to the United States Constitution  and Part 1,

Article 14 of the N.H. Constitution.   The Plaintiff was charged on May 7, 2014

and a trial was unlawfully held one year and 3 weeks later, this fact alone was a

malicious prosecution in itself.   Making two malicious prosecutions against the

Plaintiff in this case.

25.     In the case of State v. Bain,  145 N.H. 367, 374 (2000),  that where a defendant

charged with a misdemeanor is NOT IN JAIL, the court stated, "we do not consider a pretrial

delay of fewer than six months to be presumptive prejudicial.


Respectfully,

Josephine Amatucci

August 6, 2020

c.     Attorney Mullen,  Ransmeier & Spellman,  copy for town of Wolfeboro

*Josephine Amatucci*

6  *a*

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

From: Josephine Amatucci
P.O. Box 272
Wolfeboro Falls N.H. 03896