RECEIVED - USDC -NH
2020 OCT 1 AM10:29

5119

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Attorney Daniel Mullen, et al          JURY TRIAL REQUESTED

## JURISDICTION

This new cause of action happened in New Hampshire. The Complaint that is before the Court is under 42 U.S.C. 1983 and is a .......PERSONAL INJURY CLAIM.

## PARTIES

1. Attorney Daniel J. Mullen, Ransmeier & Spellman, 1 Capitol St. Ste 1, Concord N.H. 03301. individually

2. Ransmeier & Spellman, 1 Capitol St. Ste. 1, Concord, N.H. 03301, OFFICIALLY

## RELEVANT FACTS

3. This new cause of action is questioning the right of Attorney Mullen to file a summary judgment motion based on the CHARGE'S of speeding and disobeying a police officer, by the police in the trial court on June 25, 2015, which was one year and three weeks after she was initially charged which was May 7, 2014. As under the Sixth Amendment, Speedy Trial Act, the judge had no JURISDICTION IN THE MATTER, as the statute of limitations to charge the Plaintiff of any offenses had lapsed under the Sixth amendment, Speedy Trial Act. Therefore, any ruling at the trial is void of no legal force.

1

And Judge Laplante is MANDATED to reverse the conviction she received at this unlawful trial for the disobeying a police officer offense.

4. That where defendant Mullen's summary judgment was based entirely on the ruling of the trial court judge, and where the judge had NO JURISDICTION to make any ruling, on the charges against the Plaintiff, then the allowance of the summary judgment must be reversed by Judge Laplante. As any decision made in the trial court is void of no legal force. Which means that there was NO CHARGE for any offense on which Mullen can base a summary judgment. And therefore Mullen's summary judgment is void of no legal force, and the judge must reverse his decision to allow the summary judgment based on the fact that there were actually NO CHARGES in this May 7, 2014 event UNDER THE LAW. Under a violation of the Sixth Amendment, speedy trial Act.

5. In the case of Zedner v. United States, The Supreme Court ruled that criminal defendants be brought to trial WITHIN 70 DAYS of being CHARGED, otherwise the accused is entitled to a MANDATORY, MANDATORY, MANDATORY dismissal of the charges. Therefore this judge must dismissed the disobeying a police officer charge and the speeding charge. It is MANDATORY. The Plaintiff has always been addressing a Speedy Trial claim. And she asked for a speedy trial as far back as when the case was in the Ossipee District Court.

6. In the case of State v. Bain, 145 N.H. 367, 374 (2000) the court stated that where a defendant charged with a misdemeanor is NOT IN JAIL the Court stated, "we do not considr a pretrail delay of fewer than six months to be presumptively prejudicial.

7. Mullen based the merit of his summary judgment motion on the fact that the trial court allowed the police probable cause to "stop" her car and probable cause for the .......CHARGE......of disobeying a police officer. But the problem is the trial court judge

Patten had .......NO JURISDICTION.....to allow this charge at the trial held on June 25, 2015 as the statute of limitations had charging the Plaintiff of any offenses by the police had passed for the police to file "ANY CHARGES" against the Plaintiff relating to the May 7, 2014 event. As the trial was a violation of the the Sixth amendment right to a Speedy Trial, as the statute of limitations to file any charges had passed.

8.      Therefore instead of charging her the police had to dismiss any and all charges in the event of May 7, 2014.

9.      That therefore Judge Laplante must reverse his ruling allowing the defendants their motion for summary judgment as it was based on the rulings of the trial held on 'June 25, 2015 where the judge had NO JURISDICTION to rule.

## FRAUD ON THE COURT-ABUSE OF PROCESS

10.     Now to make matters worse this new cause of action is also a claim of Fraud on the Court and/or on an Abuse of Process adding Rule 60 (b) against Attorney Daniel Mullen.

11.     Rule 60 (b) does not impose a time limit on motions asserting fraud on the court. That the Fraud by Attorney Daniel Mullen was directed to the judicial machinery itself, and is not fraud between the parties, not in privity. That Mullen committed fraud on the Court, and was successful in convincing the judge in his act of fraud.

12.     This is to remind the court that case 00356 was legally dismissed by the Plaintiff herself and therefore it never existed, nor any restrictions that might have occurred in that case, That case 356 NEVER HAPPENED. NO LEGAL RESTRICTIONS.

13.     Also there were no legal restrictions in the 237 case, as a hearing was never held on restrictions in the 237 case, the restriction hearing was considered moot once the judge dismissed the Plaintiff's summary judgment. He closed the case.

14.     Here the court is not revisiting the same subject matter,  as this subject matter has never been addressed or ruled upon, it is therfore a NEW CAUSE OF ACTION.

15.     In Wilkin v. Sunbeam Corp. 10th Circuit, the court considered a claim under Rule 60 (b) as "Releif under this rule may be granted when the application is clearly substantiated by adequate proof".

16.     That the motion for summary judgment of the defendants stated clearly on page 14 of the motion, that the Plaintiff was indeed arrested for speeding  and this motion for summary judgment was in whole available at the summary judgment hearing.

17.     The Plaintiff has addressed  facts where "Every person is entitled to an opportunity to be heard in a court of  law upon .......EVERY QUESTION.....(this question was never heard) involving his rights or  interests,  before he is affected by any judicial decision on the question.   Earle  v. McVeigh 91 US 503, 23 L Ed 398.

18.     This cause of action is about the fraud committed by Attorney Daniel Mullen in case number  17-cv-00237.  Fraud on the Court is fraud which is directed to the judicial machinery itself,  and is not fraud between the parties of fraudulent documents aor a false statement or perjury.   It is this fraud where Mullen influenced the judge by fraudulently stating that she was not arrested for speeding,  when in his Motion for Summary Judgment he states that she was arrested for speeding,  and where in a preponderance of evidence in the files it is evident by that  Mullen and the defendant the former police chief Stuart chase filed a motion in the court directly stating that the Plaintiff was indeed arrested for speeding.   Which was a requirement for her malicious prosecution claim according to the court,  who was influenced by Mullen's  fraud at the cross summary judgment hearing and because of this fraud,  and convinced by Mullens fraud,  the court denied

4

the Plaintiff her malicious prosecution claim based on the fraudulent statement of Mullen that she was not arrested for speeding.   And in doing so the Plaintiff was greatly harmed.   That she lost her claim for damages under her malicious prosecution claim under 1983,  besides a speedy trial claim, and a monell claim.

19.     That either Mullen pay every cent of $500,000. dollars in damages that the Plaintiff lost for his fraud,  or the court set aside the judgment of denying her  Fourth Amendment Malicious Prosecution claim,  her Monell claim,  and her violation of a Speedy Trial claim.

20.     The limitations inherent in the requirements  of due process and equal protection of the LAW extend to judicial as well as political brances of government.   "So that a judgment may NOT BE RENDERED in violations of those constitutional limitations and guarantees".    Hanson v. Dencka, 357 US 235, 1 L Ed 2d 1283, 78 S Ct 1228. "It is a fundamental docrine of law that a party affected by a personal judgment must have his day in court and an opportunity to be heard"  Renaud v. Abbott,  116 US 277 29 L.Ed 629, 6 S Ct 1194.

21.      This cause of action is about the the  wrong judgment made by  the judge Joseph Laplante at the summary judgment hearing,  due to the fraudulent misrepresentation of the offense of speeding,   when Mullen fraudulently stated that the Plaintiff was not arrested for speeding.   And Judge Laplante relied on this fraudulent statement and in doing so dismissed my claim of a malicious prosecution unlawfully,  which caused me great harm.   Which denied my right to damages for a Fourth Amendment Malicious Prosecution claim etc. under 1983.

22.      Therefore  this court must reverse their decision and allow  her summary judgment,  and allow a jury trial for damages for a Fourth Amendment Malicious

Prosecution, a Monell claim and a Speedy Trial claim.

23.	For his fraud the Plaintiff is suing Mullen for the money she was claiming for her damages for the violations of her Civil Rights.   Triple damages as allowed under fraud,  and for his  abuse of an  elderly person,  in the amount $500,000.

24.	No more than nine  months is required for pretrial delay or the delay will be considered prejudicial.   Panzera 139 N.H. at 239, 652, A.2d at 138.   Subject to the restraints of the Sixth Amendment to the United States Constitution  and Part 1, Article 14 of the N.H. Constitution.  The Plaintiff was charged on May 7, 2014 and a trial was unlawfully held one year and 3 weeks later,  this fact alone was a malicious prosecution in itself.    Making two malicious prosecutions against the Plaintiff in this case.

25.	In the case of State v. Bain,  145 N.H. 367, 374 (2000),  that where a defendant charged  with a misdemeanor is NOT IN JAIL,  the court stated,  "we do not consider a pretrial delay of fewer than six months to be presumptive prejudicial.

26.	DAMAGES.....Pain & Suffering,  in damages in the amount of $500,000 which consists of triple damages for a person of 77 years old,  for a violation of her Fourth Amendment Malicious Prosecution, a Sixth Amendment vioaltion,  and a Monell claim.  The Plaintiff is now 82 years old.

27.	The Plaintiff has mailed the Complaint via Certified Mail,  besides faxing  the Complaint to the Defendants, with a Summons to Mullen and Ransmeier.    Besides she has also given the Complaint to the Town and asked the Town to fax the Complaint to Mullen,  as evidence that he has received the Complaint and Summons.

Respectfully,

Josephine Amatucci

September 29,  2020

c.	Attorney Mullen,  Ransmeier & Spellman,  copy for town of Wolfeboro

*Josephine Amatucci*

6

## CERTIFICATION OF COPIES

_____   advs.   _JOSEPHINE AMATUCC.___
Name/s of Attorney/s (Respondent/s)         Name/s of Complainant/s

I/We hereby certify that a copy of the enclosed   _COMPLAINT_____
                                                 (Complaint, Response, etc.)
has been forwarded to all of the following complainants, respondents, and counsel for complainants and respondents in the Attorney Discipline Office matter, pursuant to New Hampshire Supreme Court Rule 37A(VII), and that I/we have included a copy of all attachments or enclosures submitted with it:

Name                                    Address

ATTORNEY DANIEL MULLEN + RANSMEIER & SPELLMAN
ONE CAPITOL ST.
P.O. BOX 600
CONCORD, N.H. 03302

Date: _9/15/2020_____       _Josephine Amatucci_
                                Signature

Date: _____        _____
                                Signature

                                _JOSEPHINE AMATUCC._
                                Printed Name/s

                                _P.O. Box 272_
                                Address

                                _Wolfeboro Falls, N.H. 03896_
                                Address

                                _(603) 569-2429_
                                Telephone Number

Your grievance must be signed under oath.

    I hearby swear or affirm under the pains and penalties of perjury that the information contained in this grievance is true to the best of my knowledge.

_____9/15/2020_____           _____Josephine Amatwai_____
Date                                                                    Signature

State of _____New Hampshire_____
County of _____Carroll_____

    On this __15th__ day of __September__ 20__20__ personally appeared the above name __Josephine Amatwai__ known to me (or satisfactorily proven) to be the person whose name is above subscribed and swore or affirmed that the facts above are true to the best of her / her knowledge.

_____
Justice of the Peace / Notary Public

BENJAMIN R FITCH
Notary Public - New Hampshire
My Commission Expires May 2, 2023