5170                         UNITED STATES DISTRICT COURT

                              DISTRICT OF NEW HAMPSHIRE

                                                                                    FILED - USDC-NH
                                                                                    2020 OCT 7 PM 2:05

Josephine Amatucci

v.

Attorney Daniel Mullen

Case No. 1:18-mc-00038


                                    ERROR OF COURT

                              THE SEPTEMBER 29, 2020 FILING IS

                               A "PERSONAL" INJURY LAWSUIT

                            THE AUGUST 10th FILING IS A CIVIL CLAIM

                        TWO DIFFERENT WAYS OF SEEKING COMPENSATION


1.      You, Judge Joseph Laplante is obligated under the law to make right all the wrongs you and Mullen have done in this case. I WANT THE MONEY STOLEN FROM ME. I am again emailing Mullen a copy of my PERSONAL INJURY LAWSUIT, and SUMMONS to appear in Court. He has a certain time period to respond or he is in DEFAULT.

2.      Judge Laplante made an error in his ORDER dated October 1, 2020 stating that Doc. No. 19 filed by the Plaintiff on August 10, is IDENTICAL to ..........

     Doc. No. 22 filed by the Plaintiff on September 29, 2020.

3.      The September case is not a civil claim, as her claim filed under case 237, which was given Docket 19 by the Court, her Complaint filed in September it is a PERSONAL INJURY .......LAWSUIT.

                                               1

PERSONAL INJURY …….LAWSUIT.

4.      The September Complaint is a NEW CAUSE OF ACTION, a PERSONAL INJURY LAWSUIT, only between the Plaintiff and Mullen, who is being sued INDIVDUALLY and between his law firm Ransmeier & Spellman, who is being sued OFFICIALLY. And I assume against their insurance company.

5.      DUE PROCESS mandates Judge Laplante to docket this new PERSONAL INJURY LAWSUIT.

6.      Mullen is going to pay me for the damage money he stole from me when he convinced the judge I was never arrested for speeding. When he filed a fraudulent motion for summary judgment based on charges, probable cause, and a conviction allowed at a trial where the judge had NO JURISDICTION to hear or rule on the case. As the police waited too long to hold a trial on their charges, and under the Sixth Amendment, Speedy Trial Clause, after 70-90 days without a trial the charges are dismissed under the law. So therefore, when the police held a trial one year and 3 weeks after arresting, incarcerating, detaining and prosecuting her they were violating the Constitution, the Sixth amendment.

7.      Which made Mullen's summary judgment based on FRAUD. As the police were never given probable cause to charge her, as the charges were dismissed under the Sixth amendment by the time they held a trial.

8.      Judge Laplante allowed this FRAUDULENT summary judgment to Mullen, without having JURISDICTION to do so. As there were NO CHARGES, NO PROBABLE CAUSE, AND NO CONVICTION allowed to the police, as Mullen stated in his summary judgment.

9.      I had a right to claim DAMAGES for two unlawful sezures by the police,

a violation of my civil rights.

10.     That Mullen was able to convince Judge Laplante that I was never ARRESTED FOR SPEEDING, which allowed Judge Laplante to deny my claims of a Fourth Amendment unlawful SEIZURE, which in turn I lost the money I had a right to receive for the violation of my civil rights by the police, under a CLEARLY ESTABLISHED LAW.  Damages in the amount of $500,000.00 which includes triple damages for the elderly.

11.     Therefore Judge Laplane the two filings are not IDENTICAL.  The NEW CAUSE OF ACTION is titled Josephine Amatucci v. Attorney Daniel Mullen unlike the title of the case under docket No. 19 filed in August, which is titled Josephine Amatucci v. Chase, under case 237.  This NEW CAUSE OF ACTION is not under case 237.  The cases are two different cases with two different defendants.  Under very different facts and law.

12.     This is a PERSONAL INJURY LAWSUIT between Mullen and Josephine Amatucci, which has nothing to do with Chase.  It is about the actions of Mullen, not the actions of Chase.

13.     The August file is a CLAIM and the September filing is a LAWSUIT.  Claims and lawsuits are different ways of seeking compensation for damages.  Personal injury damages include LOST WAGES, in this case LOST DAMAGES that that Mullen's actions STOLE from the Plaintiff, by committing PERJURY, by convincing Judge Laplante there was no arrest for the speeding offense against me by the police, which was the basis of her Fourth Amendment claim, and the judge was convinced that I was never arrested for speeding, thanks to Mullen's fraud, so he denied her the right to damages in the amount of $500,000.00, triple damages, for the violations of her civil rights of which she had a civil right to collect.

3

14.	I filed this PERSONAL INJURY LAWSUIT because due process was being denied me in the United States District Court.  Therefore the next step,  was to file a PERSONAL INJURY  LAWSUIT.

15.	In the Docket No. 19 Affidavit filed by the Plaintiff in August,  she gave a warning to the Court that she was going to file a separate claim against Mullen, stated on page 3,   to collect her damages that he STOLE FROM HER by committing PERJURY.  It is not about the fraud, it is about the theft.   It is about the MONEY SHE LOST,  OF WHICH SHE IS GOING TO GET EVERY PENNY BACK FROM MULLEN AND HIS LAW FIRM,   as Judge laplante continues to deny me DUE PROCESS,  to collect my money.

16.	Under Due Process I have a right to ORDER  judge Laplante to step down from this NEW CAUSE OF ACTION,  to have no involvement with Mullen and I,  or I will file a separte PERSONAL INJURY LAWSUIT against Judge laplante himslef who allowed Mullen his motion for summary judgment when Judge Laplante had NO JURISDICTION to do so.  As Judge Laplante  knew or should have known the police never were allowed  probable cause at the trial (held one year and 3 weeks after the initial charge, after the Plaintiff was arrested,  incarcerated,  detained and prosecuted on the charge, which was on May 7, 2014)  never allowed probable cause   as stated by Mullen  for the disobeying a police officer charge,   as the charge never existed at the time of the trial, under the Speedy trial Clause,  of the sixth Amendment,  when the police under the law had the duty to dismiss the charges after waiting more than 70-90 days to hold a trial on the charges.

RECUSAL OF JUDGE LAPLANTE

17.	That Judge Laplante knew there was no probable cause or conviction allowed to the police,  as the judge had no jurisdiction at the trial to rule on the

4

case.   That therefore his rulings allowing probable cause and a conviction for the disobeying a police officer charge was VOID ON ITS FACE.   An abuse of process. "A judge has no immunity if he is acting without jurisdiction and unconstitutionally as to the subject matter .  Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938).   There is NO GOOD FAITH.   Little v. U.S. Fidelity & guaranty Co. 217 Miss. 576, 64 So. 2s 697.   Relief from a Void judgment is mandatory,  Orner v. Shalala 30 F. 3d 1307 (Colo 1994).   Kalb v. Feurstein (1940).

18.         A void judgment an be attacked or vacated at any time and there is no statute of limitations.  Long v. Shorebank Development Corp. 182 F.3d 548 (C.A. 7 Ill. 1999).   Lubben v. Selective Service System Local Bd. No. 27 453 F.2d 645, 14 A.L.R. fed 298 (C.A. 1 Mass 1972)

19.         That therefore,  when Judge Laplante ruled on and allowed Mullen's summary judgment he did so WITHOUT JURISDICTION,  and in allowing Mullen's fraudulent summary judgment Joseph Laplante acted without authority and is liable for the damages that I was denied.   He was not acting in his judicial function.

20.         Judge Laplante  is liable for his acts as they are not in a JUDICIAL CAPACITY. A judge is not immune for acts committed in a non-judicial capacity.   forrester v. White 484 U.s. at 227-229 108 S.VCt. at 544-545;   Stump v. Sparkman,  435 U.s. at 380 98 S.Ct. at 1106 Mireles v. Waco.  112 S Ct. 286 at 288 (1991).   Laplante's  judgments are a nullity according to the U.S. Supreme Court that if a court is without authority its judgments and orders are regarded as nullities.

21.         A court must vacate any judgment entered in excess of its jurisdiction. Lubben v. Selective Service System Local Bd. No., 27 453 f.2d 645 (Ist Cir. 1972).

22.          Therefore this NO CAUSE OF ACTION WILL BE DOCKETED in the court.  And

the court will summons Mullen to appear and show cause under DUE PROCESS OF THE LAW.

Respectfully,

Josephine Amatucci

October 6, 2020

c. Mullen, Ransmier, emailed with Summons

*Josephine Amatucci*