5193

FILED - USDC-NH
2020 OCT 29 AM 11:59

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Daniel Mullen, et al


A FURTHER MOTION FOR RECUSAL OF JUDGE JOSEPH LAPLANTE

UNDER DUE PROCESS


1. Dear Judge Joseph Laplante, allow me to prove that my allegations were not a disagreement of your ruling, which by he way was VOID OF NO LEGAL FORCE, but that my allegations were all supported with evidence of the violation of the law., of Due Process:

Was my allegation that in Mullen's summary judgment motion he revealed the fact that I was indeed arrested for speeding, evidence..... BEYOND JUST YOUR OPINION.... evidence of your FRAUDULENT MISREPRESENTATION of this evidence when you pretended you never saw this evidence, and denied me my summary judgment by stating there was NO EVIDENCE IN THE FILES to show that I was arrested for speeding, a violation of Due Process, becasue Judge Laplante the evidence was right there before your eyes in Mullen's Motion for Summary Judgment;

My allegations were not disagreements, they were based on the violation of the LAW, on FRAUD, on a violation of Due Process. Allegations that were supported by evidence that Mullen committed fraud when he stated in his summary judgment that I had no Fourth Amendment claim as there was probable cause for the charge of disobeying a police officer allowed by the trial court judge Patten on June 25, 2015, which by the way was one year and 3

1

weeks after the police formerly arrested me for the crime of disobeying a police officer.  Where Mullen knew or should have known this long detainment by the police before they held a trial, was a violation of the Sixth Amendment Speedy Trial Clause,  and Mullen knew or should have known that any probable cause or any ruling allowed by the trial court judge Patten on June 25th was VOID of NO LEGAL FORCE,  as the charges and porobable cause did not exist at the time of the trial as they were dismissed automatically under the Speedy Trial clause, VOID OF NO LEGAL FORCE by the time the trial court judge ruled on them.  They didn't  exist, they were automatically dismissed under the sixth Amendment,  which means the trial court judge HAD NO JURISDITION TO HEAR THE CASE AT ALL.  No JURISDICTION TO EVEN RULE ON THE CASE, yet Mullen fraudulently convinced Judge Laplante who himself should have known he had no JURISDICTION to rule on the summary judgment,  Mullen appears to have convinced Laplante to deny my  Fourth Amendment claim of an unlawful seizure,  based on VOID CHARGES AND A VOID RULING OF PROBABLE CAUSE.   When  Judge Laplante knew or should have known he had NO JURISDICTION to hear the summary judgment based on FRAUD.   And he knw the trial court Judge Patten lacked JURISDICTION to hear the case under the Sixth amendment Speedy Trial Clause,  when the police did not hold a trial until one year and 3 weeks after they arrested me for the charge of disobeying a police officer,  where under the Speedy Trial Clause of the Sixth amendment the police only had 70-90 days to detain me before they held a trial.   That Mullen was committing FRAUDULENT MISREPRESENTATION in his motion for summary judgment.

Therfore  isn't it true and not an allegation that you Judge Laplante  had NO JURISDICITION  to rule on charges and probable cause issues  that were VOID OF NO LEGAL FORCE in Mullen's motion for summary judgment;

Is it not  true and not an allegation that you Judge Laplante committed FRAUD ON/UPON THE COURT  when you knew or should have known that I was indeed arrested for speeding,  and knew or should have known  that you had NO JURISDICTION to rule upon a VOID OF NO LEGAL FORCE,   a claim of probable cause, that was VOID in volation of the speedy trial clause.   That there was NO PROBABLE CAUSE allowed to the police that the ruling of the trial court judge allowing probable casue was DISMISSED under the Sixth Amendment Speedy Trial Clause,  before it reached the trial court judge Patten.  And therefore Judge Laplante UNDER THE LAW,  UNDER DUE PROCESS,  you had no legal right to deny me  two Fourth Amendment claims.   This was not a decision of yours Judge laplante this was a denial of my civil righs.

And isn't it true and not an allegation that these were just not rulings by you these were violations of  Due Process when  under FRAUD you denied me two Fourth Amendment unlawful seizures under 1983 and in doing so you extorted my damages that are allowed to me uner 1983,  by commiting FRAUD,   That you had NO GROUNDS under the law to make fraudulent decisions,  to deny me my right under DUE PROCESS to collect damages for two unlawful seizures by the police.   This does constitute a valid basis  for your recusal.   And you have NO DISCRETION to deny to step down,  as all your rulings were

2

VOID OF NO LEGAL FORCE and you are mandated to step down under your violation of DUE PROCESS of he law.

2.     That therefore If you do not disqualify yourself and stepo down, you are in violation of the Due Process of the United States Constitution which orders you to step down, it is MANDATORY.    U.S. v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) "the right to a tribunal free from bias or prejudice is based on the Due Process Clause.  "Justice must satisfy the appearance of justice" ... Levine v. U.S.  362 U.s.610, 80 S.Ct. 1038 (1960).  28 U.s. Code  Section 455 (a) requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned. I have every reason to fear I will get a fair hearing,  because the judge is prejudice towards me.   See Rosewood Corp. v. transamerca Ins. Co. (1974).  My right is mandatory ,  Dominique 145 Ill. 2d at 319, 164 Ill.  I do not want you or  judge McAULIFFE anywhere near any of my cases.

3.     My Personal Injury lawsuit against Mullen MUST BE DOCKETED.  It is my First Amendment right to redresses a PERSONAL grievance against Mullen,  a claim that I never addressed in the past,  that does not involve any defendants,  which is based on Mullen's PERSONAL ACTS gainst me. His own personal decision to commit FRAUDULENT MISREPRESENTATION,  THEFT BY DECEPTION.

4.     When he denied  that I was not arrested for speeding when he KNEW  and stated the truth in his motion for summary judgment that I was indeed arrested for speeding.  When he knew or should have known that Stuart Chase himself admitted in an Affidavit filed before the court by his law irm Ransmeier & Spellman,  that I was arrested for BOTH speeding and disobeying a police officer.

5.     Where Mullen knew or should have known that the ruling by the trial court judge Patten on June 25, 2015 allowing the police probable cause was  VOID OF NO

LEGAL FORCE, as Judge Patten had NO JURISDICTION to rule on charges that were automatically dismissed under the Sixth amendment Speedy trial clause after the 70-90 day limit to keep me in detention, to hold a trial  When the police did not hold a trial within 70-90 days limit folowing my arrest, the charges and the probable cause ruling Judge patten was dismissed and made VOID OF NO LEGAL FORCE, and therefore Mullen committed FRAUDULENT MISREPRESENTATION when he allowed Judge laplant who also had NO JURISDICTION to rule on Mullen's  FRAUD  MOTION FOR SUMMARY JUDGMENT,  when Mullen allowed Judge Laplante to fraudulently dismiss my two Fourth Amendment claims under 1983.  The first for the unlawful arrest for speeding, when speeding is not a crime in New Hampshire, and the Second for misrepresenting that the police had probable cause which would deny me a fourth amendment claim, when the claim is only allowed when there is no probable cause.

6.       That therefore when Judge Lapolante denied me my two Fourth Amendment claims, this  was not a decision, this was FRAUD, this was   THEFT BY DECEPTION when I lost my Fourth Amendment right to damages under 1983.

7.       That therefore dear Judge Laplante these are  not decisions , these were violations of the law,   and I  am giving you one more chance to step down from any of my cases.   There is no statute of limitations for  FRAUD, and you can be sure I will get my money that you denied me.   I will never give up until I get the chance to collect my money.

8.       Therefore, my PERSONAL INJURY LAWSUIT must be docketed.  This was FRAUD, this was THEFT under  FRAUD  a PERSONAL CRIME.

9.       This is war Judge  Laplante, that if you do not step down I will be filing a formal

Complaint to the Judicial Review Board, to have you not only step down, for his FRAUD, denial of Due Process of the Law, a trespasser of the law, but for actions that you committed that was a warring against the Constitution, for warring against your Oath of Office and breaching your duty to uphold the Constitution, to have you THROWN OFF THE BENCH ENTIRELY, for being a threat to JUSTICE.

10. These are not judicial rulings alone, these are violations of the Law. Especially Judge Laplante when you KNEW OR SHOULD HAVE KNOWN you had .........NO JURISDICTION..........to rule on Mullen's summary judgment, based on probable cause that was VOID OF NO LEGAL FORCE, under the SIXTH AMENDMENT. You can't make a decision when you have NO RIGHT TO MAKE A DECISION UNDER THE LAW, when you have no JURISDICTION TO RULE AT ALL.

Josephine Amatucci

c. Mullen and Ransmeier

October 27, 2020

*Josephine Amatucci*

FR: Josephine Amatucci
P.O. Box 272
Wolfeboro Falls, N.H. 03896

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301