FILED - USDC-NH
2020 NOV 16 PM12:38

5214

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMSPHIRE

Josephine Amatucci

v.

Stuart Chase, Town of Wolfeboro                    JURY TRIAL DEMANDED


## JURISDICTION

1.      This new cause of action for damages,  is brought under 28 U.S.C. 1983

and is founded upon 28 U.S.C. 1331 (1)(3)(4),  and the aforementioned

statutory privsion.   Plaintiff claims a trial by jury.


## PARTIES

2.      Plaintiff Josephine Amatucci at P.O. Box 272,  Wolfeboro Fals, NH 03896
is a citizen of the United States and a resident of Wolfeboro, New Hampshire.

3.      Defendant  former Police Chief Stuart Chase,  at Carroll County Sheriff's office
95 Water Village Road, Ossipee, NH 03864,  sued in his personal and official capacity;

4.      Town of Wolfeboro,  P.O. Box 629,  Wolfeboro, NH 03896  sued in official capacity;

## COMPLAINT INTRODUCTION

5.       This Complaint is a NEW CAUSE OF ACTION about an event that occurred on

May 7, 2014.  There is no statute of limitations as this case is based on FRAUD ON/UPON

the Court  and therefore the  case was  not decided on the merits in 2018 by Judge Joseph

Laplante,  at a cross summary judgment hearing.     Fraud is never final,  and this case is

below the 3 years statute of limitations from the fraud at the cross summary judgment

hearing heard by Judge Joseph Laplante.

6.       All the evidence in this case can be found in the previous case under Docket

00027  which was before this court under the Title of  Josephine Amatucci v. Stuart Chase.

7.       The misrepresentation of the facts  occurred when at a cross summary judgment

hearing Judge Laplante denied the Plaintiff's  meritorious claim of an unalwful arrest for

speeding by stating that nothing in the record showed that she was arrested for speeding,

a   misrepresentation as before Judge Laplante was a statement  in the defendant's

motion for  summary judgment  a statement where Attorney Mullen made it very clear

that  the Plaintiff was indeed  ARRESTED FOR SPEEDING.   Evidence that Judge Laplante knew

from his inspecition of Mullen's  motion for summary judgment that there was indeed

"evidence in the record"  that  the Plaintiff was arrested for speeding.   Making Judge

Laplante's his denial of her motion for summary judgment a  MISREPRESENTATION of the

evidence before him.  Making her motion for summary judgment based on an

unlawful arrest,    meritorious,    contrary to Judge Laplante's  misjudgment of the facts.

Her  Fourth Amendment claim of an unawful arrest and detainment and prosecution for

speeding, (as speeding is not a crime in New Hampshire)  a meritorious claim.

8.       Other evidence IN THE RECORD before Judge Laplante and before attorney

Mullen was a Document previously filed by Mullen's  own law firm Ransmeier

& Spellmant, in this Court, in this case,  where in the Document, the former police chief

Stuart Chase,  the defendant in this case,   states under oath that the Plaintiff was arrested

for BOTH SPEEDING AND DISOBEYING A POLICE OFFICER.   That Judge Laplante  and

Mullen knew or should have known of this document,  which further verified that the

Plaintiff was indeed arrested for speeding,  by the defendant himself the former Stuart

Chase.   Who by the way was TERMINATED for his unlawful arrest and long detainment

of the Plaintiff on May 7, 2014.

9.         The other evidence of FRAUD and FRAUDLENT MISREPRESENTATION

was in Mullen's motion for summary judgment which was based on the facts that the

police were allowed probable cause to arrest the Plaintiff for the charge of

disobeying a police officer, by the ruling of the trial court judge Patten on June 25,

2014, and therefore the defendant's stated that where the police were allowed

probable cause for the arrest of disobeying a police officer, the Plaintiff had no Fourth

Amendment claim for an unlawful seizure, as they stated, a Fourth Amendment claim

under 1983 requires that the police have no probable cause to arrest. And under these

fraudulent statements, Judge Laplante allowed Mullen's summary judgment.

And the Judge denied the Plaintiff's motion for summary judgment.

10.        However, Mullen and Judge Laplante knew or should have known that the

charges and the determination of probable cause by the trial court judge Patten on

May 7, 2014 was VOID OF NO LEGAL FOCE, and knew or should have known that any

ruling by the trial court judge Patten was VOID OF NO LEGAL FORCE, as Judge Patten

had NO JURISDICTION TO RULE on the charges.

11.        As all charges and the probable cause ruling by Judge patten were dismissed

automatically in the violation the Sixth Amendment Speedy Trial Clause when the police

detained the Plaintiff longer that the 70-90 day limit under the law to hold a trial for the

charges. When they didn't hold a trial until one year and 3 weeks later. Which was a

violation of the law and the charges were automatically dismissed under the law.

12.         Therefore, when the defendant's attorney Mullen stated to the court

at the summary judgment hearing that the police had probable cause to charge

the Plaintiff for disobeying a police officer, he was in fact committing FRAUD ON

3

THE COURT.   As he knew or should have known that under the Speedy Trial Clause,

all charges and any ruling of probable cause to arrest were VOID OF NO LEGAL FORCE.

Therefore his Motion for summary judgment was based on FRAUD.   It had no legal force.

13.        Also, that  the trial court judge Patten had NO JURISDICTION to hear the case

which was held one year and 3 weeks after the Plaintiff was formerly arrested,  a

violation of the Speedy Trial Clause,   which made Judge patten's  ruling allowing the

charge of disobeying a police officer and pro bable cause to arrest that Judge Patten's

ruling was VOID OF NO LEGAL FORCE.

14.        And Judge Laplante himself also had NO JURISDICITON to rule on Mullen's

motion for summary judgment,  and NO  JURISDICTION to allow Mullen's  summary

judgment based on  fraudulent misrepresentation.   Making  Judge Laplant's  ruling

allowing Mullen's  motion for summry judgment is VOID OF NO LEGAL FORCE.

15.        This new cause of action addresses two fourth amendment unlawful seizures

of  an unlawful arrest and long detention for a charge of speeding,  on May 7, 2014 when

speeding is not a crime in New Hampshire,   and where the Plaintiff was found NOT GUILTY

of speeding by the trial court judge Patten on June 25, 2015.

16.        The other fourth amendment claim is the unlawful long detention before

the police held a trial on their charges,  which was a violation of the Sixth Amendment

Speedy Trial Clause,   of an unalawful detention where a trial was held longer than the

maximum days allowed which is 70-90 days before a jury trial can be held under the

law.  Especially for the elderly who should not be detained too long.  When the police

waited one year and 3 weeks before holding a trial on the charges.

17.        Then there is a Monell claim of  the Plaintiff's  version of the claim which

under  Judge Laplante was denying  the facts in the case of Pembaur where

4

the United States Supreme Court confirmed the Plaintiff's version of a Monell

claim, that when a policymaking official (stuart chase and prosecutor Timothy Morgan)

is the DIRECTLY CAUSE of a violation of the Constitution, the town is liable for damages,

even if the event occurred only once. When unmeitoriously Judge Laplante at the

hearing was denying the Plaintiff's interpretation of a Monell claim, instead stating

it had to be a CUSTOM of the town, when the truth is even ONE INCDENT makes the

town liable.

18.        Therefore the Plaintiff is seeking HER RIGHT to a jury trial for damages

in the amount of $500,000.00, triple damages.

19.        Asking for an expeditious trial due to the fact that this case has been

before the Court for ..........SIX LONG YEARS.


Respectfully,

Josephine Amatucci

November 1, 2020

c.  Attorney Mullen, Town, Stuart Chase