FILED - USDC-NH
2020 NOV 9 AM 11:58

5119

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Attorney Daniel Mullen, et al          JURY TRIAL REQUESTED

SECOND AMENDED

COMPLAINT FOR LEGAL MALPRACTICE LAWSUIT

JURISDICTION

This new cause of action happened in New Hampshire. The Complaint that is before the Court is under 42 U.S.C. 1983 and is a .......LEGAL MALPRACTICE CASE

PARTIES-

1.    Attorney Daniel J. Mullen, Ransmeier & Spellman, 1 Capitol St. Ste 1, Concord N.H. 03301. individually

2.    Ransmeier & Spellman, 1 Capitol St. Ste. 1, Concord, N.H. 03301, OFFICIALLY

RELEVANT FACTS

3.    This case is based on Attorney Daniel Mullen's Acts of FRAUD ON THE COURT in the conduct of his litigation at a hearing held in this Court for cross summary judgments in September 2018, In the case of Josephine Amatucci v. Chase 000237.

4.    The Court states In the case of Cox v. Burke 706 So. 2d 43 (1998):

"The requisite FRAUD ON THE COURT occurs where it can be demonstrated clearly and convincingly, that a part has sentiently set in motion some unconscious scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter    by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing

1

party's claim or defense. Aoude v. Mobile Oil Corp. 892 F.2d 1115, 1118 (lst Cir. 1989)"

5.      Mullen's issues go directly to the issue of damages. At a hearing held for cross Motions for Summary Judgment Mullen fraudulently convinced the Judge that the Plaintiff was never arrested for speeding, and fraudulently convinced the Judge that the police had probable cause to charge her for the offense of disobeying a police officer. Both claims of Mullen were a FRAUDULENT MISREPRESENTATION of the truth, which convinced the Judge to deny the Plaintiff's her two unlawful seizures, two Fourth Amendment violations, which led to the denial of her right to a jury trial for damages as allowed under 1983 for the violations of her rights.

6.      Where in Mullen's own writing in his motion for summary judgment he clearly noted that the Plaintiff was indeed ARRESTED FOR SPEEDING. Besides the fact that he knew or should have known that his own law firm Ransmeier & Spellman filed a document in this case where Stuart chase the police chief at the time acknowleded under oath that the Plaintiff was indeed arrested for BOTH SPEEDING AND DISOBEYING A POLICE OFFICER OFFENSES.

7.      Also going directly to damages was the Plaintiff's unlawful seizure her long detention, detainment, before the police held a trial for the charges against her, which was a violation of the Sixth Amendment Speedy Trial Clause, which allows the police only 70-90 days to hold a trial and keep the person in detention. That the police formeraly arrested her on May 7, 2014, and didn't hold a trial until June 25, 2015, one year and 3 weeks later. A violation of the Speedy Trial Clause, which dismissed the charges automatically. Therefore the trial court judge Patten lacked JURISDICTION to hear the case where the charges were VOID OF NO LEGAL FORCE. And therefore the ruling of the judge allowing the police probable cause and convicting her of the disobeying a

police officer charge were all VOID OF NO LEGAL FORCE.

8.  That Mullen knew or should have known he was presenting claims to the judge that were VOID OF NO LEGAL FORCE.  And he knew or should have known that Judge Laplante had NO JURISDICTION to allow his fraudulent motion for summary judgment. When any ruling by the trial court was VOID OF NO LEGAL FORCE.  There was NO PROBABLE CAUSE ALLOWED TO THE POLICE.

9.  Yet in his continuous FRAUD in this case,  Mullen convinced Judge Laplante that the police were allowed probable cause by the trial court judge (which was of no legal force under the Sixth Amendment)  a denial of a Fourth Amendment claim, as under a Fourth Amendment unlawful seizue she must show that the police had no probable cause to seizure her.  A fraudulent statement which led to the denial of damages allowed under 1983.  This was ABUSE, dishonesty, deliberate bad faith.

10.  "Abuse occurs when a material factor deserving signifcant weight is ignored, when an improper factor is relied upon.

10.  Fraud on the court is described in the case of Cox v. Burke which refers to substantive,  not procedural misconduct-although the line between the two can be blurry. Cox makes clear that the sanction of dismissal with prejudice or default is available for both substantive and procedural misconduct,  of lying about the facts central to the case.  That set into motion an "unconscionable scheme " to interfere with  " the judicial system's ability to impartially adjudicate the matter."  Of clear and convincing evidence of  FRAUD

11.  The integrity of the civil litigation process depends on truthful disclosure of facts.  Courts have repeatedly held "that a party who has been guilty of fraud or misconduct in the defense of a civil proceeding should not be permitted to continue

to employ the very institution it has subverted to achieve her end"s.   Metropolitan Dade County v. Martinsen,  736 So. 2d 794, 795 (Fla.3d DCA 1999) quoting Hanono v. Murhy 723 So. 2d 892 , 895 Fla. 3d DCA 1998)  Cox v. Burke 706 So. 2d 43. 47 (Fla. 5th DCA 1998); O'Vahey v. Miller 644 So. 2d 550 551 (Fla. 1994) Kornblum v Schneider 609 So. 2d 138, 139 (Fla. 4th DCA 1992).

12. What emerges in these cases cited , is that if the offending conduct is sufficiently serious and egregious to come withi the definition of fraud on the court, dismissal will rarely be reversed.  Sufficiently egregious to the issue of liabiity or damages. Of the fraudulent and willful nature of the misconduct in the first instance.

13. Therefore the Plaintiff is asking that this Court allow her the damages due her under 1983 for two unlawful seizures,  one for the unlawful arrest for speeding by the police,  when speeding is not a crime in New Hampshire,  and she was found NOT GUILTY OF SPEEDING,  and the other unlawful seizure,  the other Fourth Amendment claim of the violation of the Sixth Amendment Speedy Trial Clause,  where the Plaintiff was  detained longer than the 90 day limit under the law,  detained for one year and 3 weeks.

14. She is asking the amount of $500,000.00 for the amount lost for two unlawful siezures,  and a Monell claim,  where the unlawful seizure was directly caused by two policymaking officials,  the police chief Stuart Chase and the prosecutor Timothy Morgan of the Town of Wolfeboro, and against the town of Wolfeboro.

15. And that this court  sanction Mullen as allowed under the law.


Respectfully,

Josephine Amatucci

November 6, 2020

*Josephine Amatucci*

4

c. Mullen, Ransmeier and town of Wolfeboro