FILED - USDC-NH
2020 DEC 9 PM 1:36

5237

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Stuart Chase, Town of Wolfeboro              JURY TRIAL DEMANDED

PLAINTIFF IS ADDING TWO NEW CLAIMS

1. Plaintiff is adding two new claims in this new cause of action filed in the court, which is dated November 1, 2020.

2. She is adding the claims of False Imprisonment and civil Kidnapping.

3. She was accused of violating Section 265:4 1 (c) Disobeying an Officer by the police, for not stopping when they had their sirens and lights on to stop my car, and they accused me of speeding. I was never speeding, and found NOT GUILTY of speeding by the trial court judge Patten, a claim of False Imprisonment, and Kidnapping.

4. I didn't stop my car for the police because they were pursuing me to try to stop me from reaching the Sheriff's office, where they knew I was going to lodge a Complaint against the defendant the former Police Chief Stuart Chase. The pursuit was a set-up to stop me and accuse then of falsely accuse me of speeding to put me in jail, all done in retaliation for my filing a Complaint against a police officer for misconduct

1

earliar .

5.     According to the Statute Section 265:4 Disobeying an Officer under 1(c) if i was guilty of disobeying a police officer,  for not stopping for the police,  I should never have been accused of a Misdemeanor A,  and should never have gone to jail.  As under  1 (c) you are accused of a  Misdemeanor A  only if you  violate the "subparagraph" of 1 (c) which is when one tries to elude pursuit of  the police by increasing speed, extinguishing headlamps while still in motion,   or abandoning a vehicle while being pursued.

6.     I was never speeding, therefore I could never have been increasing my speed. I was found NOT GUILTY OF SPEEDING by the trial court judge Patten.  Therefore,  my imprisonment and long detainment on a speeding charge of which I was found NOT GUILTY, was a False Imprisonment,  and also a  Fourth Amendment claim  an unlawful seizure against the police under 1983,   besides a violation of the Speedy Trial Clause  of the Sixth Amendment.   For the long detainment before a trial was held.

7.     That,  if I was never speeding,  I should never have gone to jail,  as speeding is not a crime in New Hamphire.  My detainment for One year and 3 weeks before a trial was held on the speeding charge,   proves that I was unlawfully detained on  the speeding charge,  which was a violation of the Sixth Amendment,   Speedy Trial  Clause.    Therefore the speeding charge and the disobeying charge were  VOID of NO LEGAL FORCE.

 Respectfully,

Josephine Amatucci

December 8, 2020

c. Town of Wolfeboro and Stuart Chase

*Josephine Amatucci*

2