FILED - USDC-NH
2020 DEC 15 PM 12:31

5239

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephne Amatucci

v.

Attorney Daniel Mullen

RESPONSE TO ORDER DATED 11/25/2020

DENYING LEGAL MALPRACTICE CLAIM

PLAINTIFF STATING "A DECISION PRODUCED BY FRAUD

"NEVER BECOMES FINAL"

1.   The Plaintiff's November 9, 2020 filing does not concern matters arising out of the events between the parties on May 7, 2014. Instead the LEGAL MALPRACTIC lawsuit arises out of Attorney Mullen's FRAUD which was directed to the judicial machinery itself. It is not fraud between the parties. It is where the court or a member is corrupted or influenced or influence is attempted where the judge has not performed his judicial function .....thus where the impartial functions of the court have been directly CORRUPTED. It is "FRAUD UPON /ON THE COURT." Which never becomes FINAL.   See the case of Bulloch v. United States 763 F.2d 1115, 1121 (10th Cir. 1985) where the court stated that "Fraud upon the court" is fraud which is directed to the judicial machinery itself.

1

2.       Which is what this LEGAL MALPRACTICE lawsuit against Mullen is all about.

3.       "fRAUD upon the court has been defined by the 7th Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."  Kenner v. C.I. R. 387 F.3d 689 (1968);  7 Moore's Federal Practice 2d .  The 7th Circuit further stated "a decision prduced by fraud upon the court is not in essence a decision at all, AND NEVER BECOMES FINAL.  A law repugnant to the Constitution is VOID,  and all courts, are bound by that instrument Marury v. Madison, 1 Cranch 137 (1803).

4.       Judge Laplante had NO JURISDICTION to rule on Mullen's fraudulent motion for summary judgment, that was based on charges and /or probable cause that were VOID OF NO LEGAL FORCE, under the Sixth Amendment Speedy Trial Clause, when the police held a trial on June 25, 2015 one year and 3 weeks after the Plaintiff was initially charged and arrested and detained on May 7, 2014.  Where under the Speedy Trial Clause the police only had 70-90 days to hold a trial for the charges and /or probable cause or the charges are automatically void of no legal force in violation of the Speedy Trial Clause.  Therefore by detaining the Plaintiff one year and 3 weeks the 3rd circuit judge had NO JURISDICTION to rule on  VOID CHARGES, and therefore his rulings were void of no legal force nder the Sixth Amendment speedy trial clause.  And any ruling made by the 3rd circuit Judge Patten at the trial without JURISDICTION are of no legal force.

5.       Judge laplante also had.... NO JURISDICTION... to rule on Mullen's motion for summary judgment which was based on the rulings of Judge Patten who had

NO JURISDICTION to rule on the police charges, nor to allow the police probable cause for the charge of disobeying a police officer, a charge that had been voided under the Sixth amendment, and therefore had NO LEGAL FORCE. under the speedy trial clause.

6. Judge Laplante has no discretion but to step down from this case and any case that the Plaintiff has filed in this court. Due to his continuance fraud, and by allowing Mullen summary judgment when he had no legal right to rule on the summary judgment. Judge Laplante is not allowed " GOOD FAITH" when he should have known he was ruling on VOID CHARGES THAT HAD NO LEGAL FORCE to rule on and allow.

7. The Plaintiff filed a personal injury lawsuit against Judge Laplante, giving him no right to rule on this case or any other of her cases in this court.

8. The 15-356 case was legally dismissed by the plaintiff, therefore any and all rulings in the case are VOID OF NO LEGAL FORCE. therefore Judge Laplante cannot address any issues or facts addressed in the 356 case. The 000237 case replaced the 356 case.

9. Judge Laplante knew very well that the charge of disobeying a police officer by the police was NOT A..... MISDEMEANOR A.... as she was charged by the police, he knew not stopping for the police was just a traffic violation, and knew she should never have been incarcerated, put in jail, under the disobeying a police officer statute under RSA 265:4 (1) (c) This is only an infraction under the statue, not a crime. She should have just been given a fine, and not arrested and incarcerated and detained.

10. Therfore Judge Laplante committed very serious continuous FRAUD in his rulings against the Plaintiff which caused her serious mental anguish by his Theft by Deception when he and Mullen both denied her right to damages for the violation of her civil rights

3

allowed under 1983.

11.     Under fraud there is no res judicata, no collateral estoppel, no statute of limitations, and ........"NO RESTRICTIONS" as Rule 60 (d)(3) allows the District Court to set aside your judgments even if I ask this District court years later, as the judgments of Judge Laplante can be set aside under the law, where his judgments were secured by a...... FRAUD ON THE COURT.... by Mullen, of INTENTIONAL FRAUDULENT CONDUCT.

12.     Under the case of Hazel-Atlas Co v. Hartford-Empire Co. 322 U.s. 238, 248 (1944) the court stated a judge is not immune for actions though judicial in nature, but taken in complete absence of all JURISDICTION. Mireless v. Waco 502 US 9, 116 L.ed 2d 9, 14 112 CT 286 (US 1991). A judge is an officer of the court as an attorney. And must act impartially and lawfully. A judge is not the court.

13.     There are and can be NO RESTRICTIONS to re-visit this case when this case was based on Fraud of the court. Under Fraud, there is no Res judicata, collateral estoppel or statute of limitations, therefore, my new cause of action for Legal Malpractice must UNDER THE LAW be docketed. As Judge Laplante has NO JURISDICTION to rule on this case or any other of the Plaintiff's cases in front of this court.

14.     Judge Laplante has violated the Code of Ethics and must be disciplined by the Judicial Discipline Committe. Or he will not stop railroading and committing fraud on the public. Judge Laplante is a threat to the public. That there is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action for his acts. Davis v. Burris 51 Ariz. 220, 75 P.2d 689 (1938). Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruply; the exception being for acts down in the clear absence of all

JURISDICTION. Gregory v. Thompson 500 F2d 59 (C.A. 1974). Where there is no jurisdiction, there can be no discretin, for discretin is incident to jurisdiction. "Piper v. Pearson, 2 Gray 120 cited in Bradley v. fisher 13 Wall. 335, 20 L.Ed 646 (1872).

15. Attorney Daniel Mullen did NOT HAVE PROBABLE CAUSE for Judge laplante to allow his summary judgment, which was based on lies. In the case of Gleason v. Jandrucko the court found that the officers lied during the hearing about having probable cause.

16. In the Supreme Court case of Hazel-Atlas, the Supreme Court made it clear that fraud-on-the court rule is characterized by flexibility and an ability to meet new situations demanding intervention. Therefore the Plaintiff's lawsuit for Legal Malpractice must be docketed by the Court.

17. Mullen committed fraud-on-the court with abusive discovery. Federal Courts under the Federal Rules of Civil Procedure have the power to set aside judgments entered even ......YEARS EARLIER.... that were obtainted by "fraud-on-the court, in the principles of justice.

## LACK OF JURISDICTION

## DISQUALIFICATION OF JUDGE LAPLANTE

18. A judge is not immune for acts committed in a purely non-judicial capacity. Forrester v. White, Stump v. Sparkman, Mirles v. Waco. You Judge Laplante had NO JURISDICTION to act on Mullen's fraudulent summary judgment.

19. Judge Laplante's decision in the 17-237 case was no decision at all. He lacked jurisdiction to rule on Mullen's fraudulent summary judgment that was based on charges that did not exist, charges that were voided in the violation of the Sixth Amendment Speedy

Trial Clause, when the police did not hold a trial on the charges until one year and 3 weeks after they formerly arrested and detained me for speeding and disobeying a police officer.

20.     Therefore Laplante's ruling allowing Mullen's fabricated summary judgment was not a judicial function, not done in his judicial capacity, as he lacked ALL JURISDICTION to rule on charges that were Void of no legal force. As UNDER THE LAW, there was NO JURISDICTION......NO MERITS......NO RESTRICTIONS....NO RES JUDICATA, NO COLLATERAL ESTOPPEL , NO STATUTE OF LIMITATION..............UNDER FRAUD.

22.     That because Laplante had NO JURISDICTION there was no judicial process, That when a Court has NO JURISDICTION to hear the 237 case, the whole proceeding is before a person who is not a judge.  And actions will lie against them without any regard of the process.  As judge Laplante must have been aware that his JURISDICTION was lacking.

23.     Judge Laplante cannot invoke judicial immunity for acts that violate a litigants civil rights.  In violation of a Speedy Trial which voided all charges and any ruling of probable cause allowed by the trial court Judge Patten, who himself had NO JURISDICTION to rule on charges that were VOIDED of NO LEGAL FORCE, due to the violation of the Sixth Amendment Speedy Trial Clause.for the police, due to the fact that the police did not hold a trial within 70-90 days as mandated under the sixth Amendment, and a violation of this Civil Right VOIDED all charges and any probable cause ruling by the trial court judge.

24.     Judge Laplante MUST BE REMOVED from this case where he is in complete absence of all jurisdiction, and any of his decisions are not a judicial act.  Piper v. Pearson, his acts are no more than an act of a private citizen, pretending to have judicial power which does not exist at all.

25.     In the case of Eliot v. Piersol the UNITED STATES SUPREME COURT stated "if a court is without authority, its judgments and orders are regarded as NULLITIES.

They are not VOIDABLE, but simply VOID. And form no bar (no restriction) to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments.

## FINALITY OF LITIGATION VERSES FRAUD

## SUPREME COURT UNRAVELS ALL

30.     The Supreme Court in the high profile case of Takhar v. Gracefield Developments held March 20, 2019 the Court concerns the competing principles of finality of litigation on one hand, but states that "FRAUD UNRAVELS ALL" on the other hand.
Whenever an officer of the court commits FRAUD during a proceeding in the court, he is engaged in "Fraud Upon the Court"   In Bulloch v. United States 763 F.2d 1115, 1121 (10th Cir 1985) the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is........... NOT FRAUD BETWEEN THE PARTIES.

31.     WHEREFORE Judge Laplante has NO JURISDICTION to rule on any cases that the plaintiff files in this court, especially her lawsuit against Mullen for LEGAL MALPRACTICE, as being a Conspirator with mullen in Mullen's Fraud on the Court, Judge Laplante is the last person in the world to be allowed to rule on any of the LEGAL MALPRACTICE CASE. Or to deny the lawsuit to be docketed.

32.     "Fraud on the Court" vitiated the entire proceeding in the 237 case, every transaction into which it entered which applies to judgments and all transactions. The People of the State of Illinois v. Freed E. Sterling, 357 Ill.354, 192 N.W. 229 (1934) Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316, 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters...") ; In re Village of Willowbrook, 37 Ill.App. 2d 393 (1962) ("it is axiomatic that fraud vitiates everything.") ; Dunham v. Dunham, 57 Ill. App. 475 (1894), affirmed 162 Ill.589 (1896); Skelly Oil Co. v. Universal

Oil Products Co. 338 Ill. App. 79, 86 N.E. 2d 875, 883-4 (1949);  Thomas Stasel v. The american Home security Corporation,  362 Ill 350, 199 N.e. (1935).

33.        Under FEDERAL LAW when any officer of the court has committed "fraud upon the court"  the orders and judgment of the cort are VOID,  OF NO FORCE OR EFFECT.

34.        In a review of the fraud committed at the hearing for  the cross summary judgments.  Judge Laplante made the following fraudulent interpretations of the facts and law at the hearing which showed he had NO INTENTIONS of providing the Plaintiff any justice in the matter.   That the results of the hearing was all pre-determined.

(1)    Although the Plaintiff provided the Judge with evience at the hearing showing that  police officer Emerson confirmed that the cruiser with Cheif Chase was behind his cruiser,  with his lights and siren on,  and evidence in an Affidavit by deputy sheriff Thompson that Chase arrested me,  Judge Laplante ruled that Chief Chase made no attempt to catch up with Amatucci and Emerson,  and that Chief Chase arrived at the scene two minutes after her vehicle has been stopped,  when she was already placed in the rear of Emerson's  cruiser and he did not give Emerson instructions to arrest her.  Statements denying that BOTH  Chase AND Emerson arrested her as stated by  witness Deputy sheriff Thompson UNDER OATH.

(2)    Judge Laplante mentions on page 9 that Chief Chase PLAYED NO ROLE in either the prosecution of Amatucci or her trial.   He did however allow her as the Chief of Police to be unlawfully  arrested  for speeding,  and to be unlawfully detained for one year and 3 weeks,  aiding and abetting the crimes.

(3)     That although the Plaintiff's claims were based on a Monell claim where even under a single event when the prosecutor,  a policymaking official of the municipality directly causes  the violation of her civil rights,  the municipality is liable.   Instead under

8

FRAUD Laplante defended Chase and stated that I said which i did not say, as can be verified in the Transcript of the hearing, he supported the fraud of Mullen and addressed instead that my claim was based on the "de facto policy of the town" refusing to accept and/ or to investigate citizens complaints.  And denied my Monell claim where he stated I did not present evidence where the town had a de facto policy.

(4)     He stated on page 12, of the transcript that I had to prove that the police had no "probable cause" to CHARGE, CHARGE, CHARGE, her for speeding, when my claim was not about a CHARGE, CHARGE, CHARGE for speeding, but for the ARREST, ARREST ARREST for speeding.  Where I verified that I was arrested for speeding citing Mullen's own statement that I was arrested for speeding in his motion for summary judgment, besides an Affidavit under oath by Chase himself, stating and verifying that I was arrested for both speeding and disobeying a police officer.

(5)     Judge Laplante stated on page 13, that in order for me to prove my case, I must show that the defendants are liable for a malicious prosecution as to the speeding CHARGE, CHARGE, CHARGE (never mentioning the ARREST FOR SPEEDING) FRAUD UPON/ON THE COURT.  Further stating that even if she was arrested for speeding that CHARGE, CHARGE, CHARGE was supported by probable cause.  Not that the arrest was supported by probable cause but the ............CHARGE WAS SUPPORTED BY PROBABLE CAUSE.

(6)     On page 18 of the Transcript of the hearing, Judge Laplante states regarding the arrest for the charge for disobeying a police officer, he states her failure to not pull over when Emerson put on his blue lights and siren in an attempt to STOP her car,

"her failure to do so was chargable as a MISDEMENOR OFFENSE"

However, under RSA 265:4 (1)(c) if you do not stop for the police, the charge is a traffic violation.......... NOT A MISDEMEANOR OFFENSE ..........as fraudulently stated by

Laplante.  That therefore my arrest, and incarceration and long detainment by the police for disobeying a police officer ......was an unlawful seizure under the Fourth Amendment.  FRAUD ON THE COURT.  A VIOLATION BY THE JUDGE OF DENYING HER CIVIL RIGHTS.  judge Laplante also defends the police for the arrest without a warrant, when they did not have a warrant to arrest and incarcerate her and detain her.  In defense he addressed the wrong statute and not the Statute for disobeying a police officer udner RSA 265:4 (1)(c), instead to give the police the right to arrest her without a warrant he cited RSA 594:10  (a) An Arrest by a peace officer without a warrant on a charge of a misdemeanor.  The charge of disobeying a police officer was not a misdemeanor, therefore the police had no probable cause to arrest her without a warrant.

(7)    On page 19, Judge Laplante in defeating her summary judgment instead of addressing her claim for the police having NO PROBABLE CAUSE to ARREST her for speeding, he instead fraudulently stated, and not EVER mentioning EVER, that she was ARRESTED for speeding, he instead said she had NO FOURTH AMENDMENT UNLAWFUL SEIZURE CLAIM for the speeding, because the traffic STOP, STOP, STOP (not for the arrest which was her claim before the court) he stated the STOP supported probable cause.  And because there was probable cause for the STOP,  there was no unlawful seizure under the Fourth amendment.  Speeding is not a crime in New Hampshire, you do not get ARRESTED for speeding, therefore the ARREST for speeding was indeed an unawful seizure under the Fourth Amendment, as an arrest for speeding is an unlawful seizure under the Fourth amendment, and there is NO PROBABLE CAUSE as speeding is NOT A CRIME.

(8)    On page 22 although he knew that Mullen's summary judgment verified that she was indeed arrested for speeding, Judge LaPlante stated there was no evidence that

she was arrested for speeding.

(9) On Page 22 he states .....No Town employee violated her 4th Amendment rights. therefore there is no municipal liability. When the Plaintiff's claim was not directed to a town employee, but to a policymaking official such as the prosecutor who directly caused the violation of the 4th Amendment, where under Monell as a policymaking official the municipaity is liable.

(10) And he finally stated that because Emerson had probable cause to STOP STOP STOP her car, the police have immunity from any damages, however, qualified immunity although may be allowed under State law, this was not a State law claim, this was a United States Constitutional violation where there is NO IMMUNITY.

35. And with these continuous fraudulent statements, it is easy to see that Judge Laplante was prejudice, he had no intentions of showing the plaintiff any justice to her claims, that it was all pre-determined he was going to throw her claims off the bridge, unlawfully, and under FRAUD, therefore, because of the continuous fraud in this case this judge is MANDATED to step down, and if he refuses the next step is to report him to the judicial discipline committee and have him DISBARRED.

36. Should a judge not disqualify himself, then the judge is in violation of Due Process, of the U.s. Constitution. United States v. Sciuto, 521 F. 2d 842, 845 (7th Cir. 1996) ("the right to a tribunal free from bias or prejuice.")

Resectfully,

Josephine Amatucci

December 12, 2020

c. Attorney Mullen

*Josephine Amatucci*

11