5247

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Judge Joseph Laplante

MOTION FOR JUDGE LAPLANTE TO

VOID THE SUMMARY JUDGMENT HE ALLOWED TO ATTORNEY MULLEN

1.      The Plaintiff is asking that Judge laplante VOID the summry judgment of Mullen that he illegally allowed,  which addressed the  charge of disobeying a police officer,  when the charge was VOIDED  OF NO LEGAL FORCE under the Sixth amendment Speedy Trial Clause,  when the police did not hold a trial within the legal limit of 70-90 days after they charged me.   Therefore Judge Laplante you had no JURISDICTION ,   no legal right to allow charges that did not exist.   That were VOID. Where  PROBABLE CAUSE did not exist.   And in doing so caused injury to the Plaintiff.   When she was denied her motion for summary judgment.

2.       As  under the Sixth Amendment where the police did not hold a trial within 70-90 days after they initially charged and arrested her for disobeying a police officer,  the charges and any ruling allowed by the 3rd circuit judge Patten

1

at a trial that was illegally held one year and 3 weeks after she was formerly charged and arrested, were automatically VOID OF NO LEGAL FORCE, under the Sixth Amendment Speedy Trial Clause.

3. Besides the fact that you yourself Judge Patten also had NO JURISDICTION to hear and rule on charges that were void of no legal force.

4. That you Judge Laplante had NO JURISDICTION to hear and allow Mullen's summary judgment which was based on the offense of disobeying a police officer that was legally VOID OF NO LEGAL FORCE, that under the Speedy Trial Clause did not exist, that was automatically voided after 70-90 days that the police had to hold a trial.

5. Therefore UNDER THE LAW Judge Laplante you must put in writing that the summary judgment allowed Mullen was an error and you must void it immediately, as required under the law.

Respectfully,

Josephine Amatucci

December 15, 2020

c. Attorney Mullen

*Josephine Amatucci*