FILED - USDC-NH
2021 JAN 12 PM 12:26

5245   5239 5119

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHRE

Josephine Amatucci

v.

Attorney Daniel Mullen

and Joseph Laplante, individually, *AS A PRIVATE PERSON*

Ransmeier & Spellman                           JURY TRIAL DEMANDED

JURISDICTION

This new cause of action happened in New Hampshire.   The Complaint that is before the Court is under 42 U.S.C. 1983

PARTIES

1.   Josephine Amatucci, P.O. Box 272, Wolfeboro Falls, NH 03896

2.   Attorney Daniel J. Mullen, INDIVIDUALLY and Ransmeier & Spellman, OFFICIALLY ...1 Capitol St. Ste 1, Concord N.H. 03301.

3.   Joseph Laplante, sued INDIVIDUALLY, 55 Pleasant Street, Room 110, Concord, N.H. 03301.

*NO JURISDICTION*
*FRAUD ON/UPON THE COURT*
*NO PROBABLE CAUSE*
*OBSTRUCTION OF JUSTICE*
*ABUSE OF PROCESS*
*DENIAL OF DUE PROCESS*

RELEVANT FACTS

4.   This is a consolidation of two cases that are before the Court,   the Plaintiff was forced to VOLUNTARY DISMISS docket 20-cv-1194 and this is a new cause

1

*TOTAL 117 DOCUMENTS*
*1 OF 117 DOCUMENTS*

of action, a way to reopen the case under 1194 and any and all actions by Laplante and Attorney Mullen which occurred at a hearing for summary judgment in December 2018, This new cause of action, is filed with a different TITLE other than the TITLE that Judge McCafferty was placing on this case and in her refusal to to correct the title of the defendants in the 1194 case, from her TITLE of Amatucci v. US District Court-NH, District Judge.....to the Plaintiff's CORRECT TITLE of Amatucci v. Joseph Laplante, individually. However, in this new cause of action the the Plaintiff is consolidating her lawsuit against Attorney Daniel Mullen, with her lawsuit against Joseph Laplante, and the new TITLE is as above Josephine Amatucci v. Joseph Laplante and Attorney Daniel Mullen, and Ransmeier & Spellman.

5.      The claims, and allegations in both cases, are identical, and have not changed in this new cause of action. Identical with Mullen and Laplante when they both conspired to deny her arrest for speeding, and when they both conspired to allow Mullen a summary judgment that was based on ..........FRAUD ON/UPON THE COURT, occurred at a hearing for cross summary judgments on Decmber 24, 2018 in the U.S. District Court.

## DAMAGES

6.      In this new cause of action this Court MUST allow her MANDATORY DAMAGES, based on the FRAUD ON/UPON THE COURT by Mullen and Laplante. And that I may say in a continuous course of action that is occurring in this United States District Court and all other courts, stated district and superior courts.

(a)     Is....... MANDATED.....to REVERSE and/or DISMISS the unlawful Conviction for the DISOBEYING A POLICE OFFICER charge, which was unlawfully allowed by the 3rd Circuit District Court judge Patten, where his rulings were VOID of no legal force, when the trial was held beyond the 70-90 days limitation period allowed to hold a trial under the Sixth Amendment. In violation of the Speedy Trial Clause, not to detain a person longer than the 70-90 day time limit, in awaiting a trial. When a trial for the police charges of speeding and disobeying a police officer was not held until one year and three weeks after her bine formerlly charged which was on May 7, 2014, and because a trial was not held until June 25,

2




2015, the trial was held in violation of the law, and the Judge had NO JURISDICTION to rule and CONVICT her for the disobeying a police charge, and therefore ..........IT IS MANDATED ......that this Court reverse and dismiss the CONVICTION. And also Laplante also lacked JURISDICTION to rule on Mullen's FRAUDULENT summary judgment which was based on VOID CHARGES, that did not exist and therefore there was no ruling allowing probable cause for the police charges, if the charges did not exist. That the charges were automatically dismissed, voided under the Sixth amendment after the alloted 70-90 days to hold a trial. THE DISMISSAL AND REVERSAL OF THE CONVICTION IS ................MANDATORY UNDER THE LAW.

(b)     It is ........MANDATORY that this Court allow her a jury trial for damages on her claims of 2 Fourth Amendment violations, for her unlawful arrest for speeding, where Speeding is not a crime in New Hampshire, and there can be no probable cause to arrest, and a claim for her unlawful long detention before a trial was held on the speeding charge, a violation of the Sixth Amendment Speedy Trial Clause, where under the law the police had to hold a trial no longer than 70-90 days after formally charging her. And where she was formally charged and arrested on May 7, 2014 and a trial was not held until one year and 3 weeks after she was formerly charged which was on June 25, 2015. That the trial was held in violation of the Speedy Trial Clause, where the charges were automatically dismissed, and are VOID OF NO LEGAL FORCE. And where any rulings by the 3rd Circuit District Court judge Patten were automatically VOID OF NO LEGAL FORCE. It is to be noted that Judge Patten found the Plaintiff NOT GUILTY at the trial and ALSO found that the police pursuit was a set-up and that she was NEVER SPEEDING. Therefore it is MANDATORY ....that this Court allow her a jury trial for damages. For the violation of her Civil rights under 1983.

(c)     It is ........MANDATORY that this court allow her damages under a Monell claim, due to the fact that the violation of the Plaintiff's Civil Rights were DIRECTLY CAUSED by the Town prosecutor Timothy Morgan, a policymaking official, where the Town is officially liable for damages under a MONELL CLAIM See the case of Pembaurer v. City of Cincinnati where the UNITED STATES SUPREME COURT stated that when a PROSECUTOR violates a persons Civil Rights the town is liable for damages;

(d)     And where the charge of disobeying a police officer was DISMISSED and VOIDED under the Sixth Amendment this Court is ..........MANDATED to contact the Department of Safety to remove this charge from her CRIMINAL HISTORY RECORD which never should have been put there in the first place if it wasn't from the FRAUD ON/UPON THE COURT.

(e)     That this Court VOID the defendants Motion for Summary Judgment.

RELEVANT FACTS

7.     This new cause of action contains the exact litigation that was in the

3



case 1194 and against Joseph Laplante, along with any filing against Mullen that is filed in the Court, and under docket 934. This new cause of action is based on violations of the judicial canons.

<p style="text-align:center">FRAUD IS AND WILL NEVER BE FINAL</p>

8.      There is No immunity, no restrictions, no violation of the statute of limitation under FRAUD, as this case is based on FRAUD ON/UPON the Court by Mullen and Laplante. Where lawyers are prohitbited from submitting false evidence.

9.      The FRAUD occurred when defendant Attorney Mullen submitted a summry judgment at a cross summary judgment hearing, based on charges that he knew or should have known had been VOIDED under the violation of the Sixth Amendment Speedy trial clause, and that the charges HAD NO LEGAL FORCE. And by filing these VOID charges, Mullen committed Theft By Deception under Section 637:4 when he obtained control over the Plaintiff's summary judgment Fourth Amendment unlawful seizure claims with the INTENT to deprive me of damages allowed under 1983, and in a deceptive practice of false unlawful allegations which he knew were false, when he presented police charges and probable cause claims, that he knew were WITHOUT LEGAL FORCE, DID NOT EXIST. And in doing so he injured the Plaintiff. That this Plaintiff states to this Court that this case will never be over until she is allowed damages for Mullen's abuse of process, and under her right under due process to collect damages by a jury under 1983. See Little v. U.S. fidelity & Guaranty Co. 217 Miss. 576, 64 So. Wd 697. That Mullen clearly and convincingly set in motion an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing Laplante. An independent cause of action contrarary to case 237. Of Obstruction of



Justice and PERJURY amongst other violation of the Code of Ethics.

10.     This lawsuit replaces cases number 1:20-cv-01194 and 00934, the Plaintiff has VOLUNTARILY DISMISSED these two cases to this new CONSOLDIATED cause of action, showing Attorney Daniel Mullen and Mr. Joseph Laplante as individuals, and Laplante not as a judge, BOTH as defendants in this new cause of action.   This is a PERSONAL INJURY/LEGAL MALPRACTICE LAWSUIT, based on FRAUD, and an Abuse of Process.   Where there is NO STATUTE OF LIMITATIONS FOR FRAUD. Where FRAUD IS NEVER FINAL.  Of an unjustifiable and unreasonable use of legal proceedings and process to further Mullen's cause of action against the Plaintiff. A misuse and perversion not justified by legal action.   Where there was an ulterior motive, not proper  underlying the use of process, where abuse of process does not require the proof of malice, lack of probable cause, in procuring issuance of the process.  Does not require termination in her favor, although the Plaintiff was found NOT GUILTY OF SPEEDING by the district court judge Patten.

11.     This lawsuit is not based on the unlawful summary judgment allowed to Mullen by Laplante, which was based on charges and probable cause that did not exist legally, that were VOIDED AND OF NO LEGAL FORCE, due to the violation of the Sixth Amendment Speedy Trial Clause.  Where therefore Laplante had NO JURISDICTION TO HEAR AND RULE ON THIS SUMMARY JUDGMENT.  A PERSONAL INJURY and LEGAL MALPRACTICE LAWSUIT,  involving two private persons, Joseph Laplante  and Attorney Daniel Mullen, as individuals.  As Laplante lost all jurisdiction as a judge when he allowed Mullen his motion for summary judgment that was based on FRAUD.  The UNITED STATES SUPREME COURT in Scheuer v. Rhodes, 416 U.s. 232, 94 S.Ct. 1683, 1687 (1974) stated that .....''when an act is in violative of the Federal Constitutin,   he "comes




into conflict with the superior authority of the Constitution, and he is in that case stripped of his official or representative character and is subjected .....IN HIS PERSON ...to the consequences of his INDIVIDUAL, INDIVIDUAL, INDIVIDUAL conduct. And there is no power to impart on him any IMMUNITY from responsibility to the supreme authority of the UNITED STATES. By law a federal judge acts as a federal officer, the judge then acts not as a jude, but as a PRIVATE INDIVIDUAL (in his person).

12. Judges have no judicial immunity for aiding, assisting or conniving with others who perform FRAUDULENT ACTS. Judicial immunity does not exist for judges who engage in fraudulent activity. The Illinois Supreme Court held that "if a judge has no jurisdiction, then he and those who advise and act with im, or execute his prcess, are TRESPASSERS". Von Kettler v. Johnson, 57 Ill. 109 (1870)

13. Under Federal Law, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not avoidable but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments are considered, IN LAW, TRESPASSERS." Elliot V. Piersol, 1 Pet. 328, 340, 26 U.s. 328, 340 (1828). Whenever a judge acts where he/she is without JURISDICTION, he has engaged in an act or acts of TREASON. U.S. v. Will 449 U.s. 200, 216, 101 S.C. 471, 66 L.Ed.2d 392, 406 (1980).

14. The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, -it had NO AUTHORITY to make that finding. " The People v. Brewer, 128 Ill. 472, 483 (1928). In Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is an exercise of his

6




judicial function...it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse."

15.     There is NO IMMUNITY for Laplante acting as an individual, and Mullen was not in privity with any 'PARTIES" when Mullen and Laplante conspired together to commit "FRAUD UPON/ON THE COURT", directed to the judicial machinery itself.

16.     Mullen is NOT IN PRIVITY with the PARTIES, as the "PARTIES" are not included in this lawsuit.  That this action is about the personal acts of Mullen and Laplante where the impartial functions of the court were directly corrupted.  There can be no filing restriction, and no immunity for Laplante who was acting under lack of Jurisidiction and therefore his decisions were made by him as a private individual, not as a judge.

17.     This is a new cause of action, which does not add any new material allegations, under cases 1:20-cv-00934 and 1:20-cv-01194.  This is a new lawsuit, as the 00934 and 01194 cases were dismissed under her VOLUNTARY DISMISSAL filed with this new cause of action.  Filed to get the titile of Judge and District Court as dependants off of this or any lawsuit against Judge Laplante.  So this court cannot allow him any immunity.

18.     This lawsuit does NOT concern matters arising out of the events between the ....." PARTIES".....  that occurred on May 7, 2014.  Instead this new cause of action, is a LEGAL MALPRACTICE, Personal Injury claim, arising out of the FRAUD ON/UPON the Court, by Mullen and Laplante, in an Abuse of Process which occurred at a hearing for cross summary judgments, held on September 24, 2018 where the FRAUD of Laplante and Mullen was directed to the judicial machinery

/0



itself.  When Mullen presented charges to Laplante in his summary judgment that he and Laplante knew were VOIDED charges, that had NO LEGAL FORCE, yet Laplante still allowed Mullen his summary judgment for these voided charges, and in doing so Laplante lost all JURISDICTION in the case.  He acted without jurisdiction, as a person, not as a judge, and in doing so he injured the Plaintiff, by denying her damages due her under 1983 for two Fourth Amendment unlawful seizures.

19.     As Mullen and Laplante BOTH had the egregious INTENT to deny the Plaintiff her summary judgment,  by denying that she was ARRESTED for speeding, when they knew she was arrested for speeding, as Mullen himself admitted and stated in his Motion for Summary Judgment which was before Laplante, for ruling, when he stated that the Plaintiff was indeed ARRESTED FOR SPEEDING, besides all the other evidence that she was arrested for speeding that was before Laplante for ruling.

20.     And in ruling when he had no jurisdiction to do so Laplante denied the Plaintiff her damages for two Fourth Amendment unlawful seizures, for the unlawful arrest and detention for speeding, and for the unlawful long detention before a trial was held under a violation of the Sixth Amendment, Speedy Trial clause.  Where in the case of Zedner v. United States, the Supreme Court ruled that criminal defendants be brought to trial within 70 days of being charged.  No more than nine months is required for pretrial delay or the delay will be considered prejudicial.  Panzera 139 N.H. at 239, 652, A.2d at 138.   Where Laplante FRAUDULENTLY stated that because she was never arrested for speeding,  and because the police had PROBABLE CAUSE to ........ STOP, STOP, STOP her for speeding...... (not stating the "arrest" for speeding) but for the " STOP" for speeding.  And under probable cause to STOP her,



Laplante fraudulently stated that she does not have a Fourth Amendment claim which is only applicable when there was NO PROBABLE CAUSE.

He did not mention the UNLAWFUL ........ARREST FOR SPEEDING. Thus Laplante committed FRAUD, deceit, dishonesty. In the case of State v. Bain, 145 N.H. 367, 374 (2000) the court stated "we do not consider a pretrial delay of fewer than six months to be presumptively prejudicial. Rule 60 (b) does not impose a time limit on motions asserting FRAUD ON THE COURT. There are NO RESTRICTIONS for FRAUD ON THE COURT. The limitations inherent in the requirements of Due Process and Equal Protection of the LAW extend to judicial as well as political branches of the government. "So that a judgment may NOT be rendered in violations of those constitutional limitations and guarantees". Hanson v. Dencka, 357 US 235, 1 L Ed 2d 1283, 78 S Ct. 1228. "it is a fundamental doctrine of LAW that a party affected by a PERSONAL JUDGMENT must have his day in court and an opportunity to be heard." Renaud v. Abbott, 116 US 277 29 L.Ed 629, 6 S 1194.

21. There was NO PROBABLE CAUSE to arrest and detain the Plaintiff for one year and 3 weeks before a trial was held, for a speeding and disobeying a police officer charge. As she was intitially detained on May 7, 2014 and a trial wasn't held until June 25, 2015.

22. Therefore under the Sixth Amendment the 3rd circuit judge Patten lacked ALL JURISIDICTION to hold a trial, on the charges and therefore all of his rulings during this unlawful trial are VOID OF NO LEGAL FORCE. And therefore Mullen's summary judgment based on probable cause allowed by Judge patten on the police charges, was void of no legal force. And Laplante had no jurisdiction

to allow these probable cause, and deny the Plaintiff her damages for the unlawful arrest for speeding and the violation in the long detention before a trial was held for the charges.

23.     Therefore when Mullen presented these VOIDED CHARGES in his motion for summary judgment, and they were allowed, both Mullen and Laplante were warring against the Constitution, in an Abuse of Process, where the court or a member corrupted or influenced or influence is attempted where the judge has not performed his judicial function.....thus where the impartial functions of the court have been directly CORRUPTED. Where this "FRAUD UPON/ON THE COURT" never becomes final, until the Plaintiff is alloted her damages causes by this Fraud.   See the case of Bulloch v. United States 763 F. 2d 1115, 1121 (10th Cir. 1985) where the court stated that "Fraud upon the court" is fraud which is directed to the judicial machinery itself.

<div style="text-align:center">Abuse of Process</div>

24.     See the case of Bone v. Barnard, 2008 Ark. App. LEXIS 569 (Ark. Ct. App. Sept 10, 2008.   Stating In order to prove the tort of abuse of process, the Appellant has to establish the following elements.  (1) a legal procedure set in motion in proper form, even with probable cause, and ultimate success;  (2) the procedure is perverted to accomplish an ulterior purpose for which it was not designed;  and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding.   S. Ark. Petrol. Co. v. Schiesser, 343 Ark. 492, 36 S. W. 3d 317 (2001). This court has stated that the test of abuse of process is whether a judicial process is used to extort or coerce.  Routh Wrecker Serv., Inc. v. Washington, 335 Ark. 232, 980 S.W. 2d 240 (1998).   An improper use of process in order to accomplish a purpose for which the process was not designed.

25.     This case is not asking the Court to void the unlawful summary judgment, it is



about the impartial functions of the court that have been directly corrupted by Laplante and Mullen. Which caused the Plaintiff her injuries.

26. All the evidence for this lawsuit is already before the court as the Plaintiff previously filed all evidence in her previous filings regarding the hearing for summary judgment, besides a copy of the transcript. The Plaintiff filed numerous evidence that she was indeed arrested for speeding, filed Mullen's motion for summary judgment showing he admitted the Plaintiff was arrested for speeding. And if the court needs more or further evidence please let the Plaintiff know and she will submit such.

27. In an attorney malpractice case, the attorney must pay monetary damages to the Plaintiff Josephine Amatucci, besides that she must be able to go before a jury for her unlawful seizures. That Mullen failed to comply with the rules of conduct adopted by the court to which an attorney has been admitted to practice. In the rule of Professional Cnduct. This depends on the very very seriousness of Mullen's violation, where a large amount of money is involved and that has been stolen from the Plaintiff by his INTENTIONAL ACTIONS. Especially that of an elderly person. In Laplante's absence of complete jurisdiction, there is no discretion, and absolute judicial immunity is missing. Stump v. Sparkman 435 U.S. 349. That when he acted wrongly, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign. Cooper v. O'Conner, 99 F.2d 133. He will be held civilly liabile for abuse of process when he had no jurisdiction. Little v. U.S. Fidelity & Guaranty co. 217 Miss. 576, 64 So.2d 697. That a law repugnant to the Constitution is VOID. Marbury v. Madison, 1 Cranch 137 (1803). Fraud Upon/On the court does NOT support or uphold the Judicial Machinery of the Court. The Court is an unbiased, but methodical "creature"

11  /4  

which is GOVERNED BY THE RULE OF LAW, that is the Rules of Civil Procedure, the Rules of Criminal Procedure and the Rules of Evidence, all which:

"is overseen by CONSTITUTIONAL LAW"

That every case which has had FRAUD involved can be re-opened AT ANY TIME, because there is no statutes of limitations on FRAUD. A judge is not the Court People v. Zajic, 88 Ill. App.3d 477, 410 N.E. 2d 626 (1980). When a judge knows that he lacks jurisdictin, or acts in the face of clearly valid Constitutional rights, expressly depriving him of jurisdiction, judicial immunity is lost. Rankin v. Howard, Davis v. Burris 51 Ariz. 220, 75 P.2d 689 (1938).

28.  That there is NO WAY, NO WAY, NO WAY THAT THIS COURT IS GOING TO DENY THIS LAWSUIT. THERE IS NO WAY THAT THIS COURT CAN DENY THAT I WAS ARRESTED FOR SPEEDING, OR DENY MY SIXTH AMENDMENT CLAIM, WITH ALL THE EVIDENCE BEFORE THEM. THERE IS NO WAY THAT THIS CASE IS NOT GOING TO TRIAL IMMEDIATELY, IMMEDIATELY AS IT HAS BEEN SIX LONG YEARS THAT I HAVE BEEN WAITING FOR JUSTICE. THE CASE IS SETTLED FINALLY WITH THIS EXPOSURE OF FRAUD AND DECEIT AND PERJURY OF MULLEN AND LAPLANTE. I WILL NOT BE ABUSED FURTHER FOR ANY REASON BY THE UNITED STATE COURT JUDGES, THERE WILL BE NO NEED FOR A SUMMARY JUDGMENT, THE ONLY NEXT STEP IS A JURY TRIAL FOR DAMAGES, AND FOR THE COURT TO DETERMINE HOW MULLEN AND LAPLANTE ARE GOING TO PAY ME FOR THE PAIN AND SUFFERING THEY HAVE MADE ME ENDURE, TROUGH THEIR FRAUD AND PERJURY AND OTHER CRIMINAL ACTS.

29.  That therefore it is the duty of this Court to:

(a)  Allow the Plaintiff her damages in the amount of $500,000.00 for the 2 Fourth Amendment unlawful seizures, in any procedure chosen by the court, and to take into consideration that the unlawful arrest for speeding was only a culmination of other unlawful seizures, assaults, beginning in the police station with Chase, when he assaulted me and pushed me outside the door for complaining about police misconduct of one of his men, then in the town hall when the Acting Town Manager put the Plaintiff in a room (incarcerated her ) in retaliation for her complaining about Chase, calling the Sheriff to stop her car before she reached the Sheriff's office, having her unlawfully accused of speeding when she was never speeding, as confirmed by the trial court judge Patten, then the defamation when the town to cover the crimes of the police and the Acting Town Manager, the town placed an article in the local newspaper accusing her of causing a disturbance in the town hall and placing a NO TRESPASS ORDER on her denying her the right to ever enter the town hall andthe police



department.,  All these actions when explained of the occurrence of what occurred on May 7th to a jury will justifiy her damage amount of $500.000.00 which may include any triple damage, and considering the Plaintiff is 82 years old.

FRAUD FRAUD FRAUD ......IS NEVER FINAL.....UNTIL JUSTICE IS DONE

(b)     And that this Court has a responsibility to correct a Void judgment, to reverse and void the unlawful Conviction for disobeying a police officer placed by Judge Patten, when Patten had no jurisdiction to rule on the charges, when the disobeying a police officer charge at that time had lapsed, and were VOID OF NO LEGAL FORCE, did not exist under the Sixth Amendment Speedy Trial Act;

(c)     And that this Court reverse the summary judgment unlawfully allowed by Laplante as an individual, not as a judge, when he had no jurisdiction to allow charges that were VOID OF NO LEGAL FORCE, where therefore there was NO PROBABLE CAUSE for Laplante to allow Mullen's summary judgment which caused injury to the Plaintiff in her right to damages.

(d)     Pain and suffering beyond belief for an elderly person.  All Compensatory damages including Punitive damages in the sufficient evidence of malice, willful and wonton conduct exhibited in filing and allowing a summary juydgment based on fraud.   Using the legal process to HARM the Plaintiff and she was HARMED. Kappell v. Bartless (1988) 200 Calif. Apr. 3d 1457.

(e)     Liability of the town when the PROSECUTOR TIMOTHY MORGAN himself was the DIRECT CAUSE of the vioaltion of her civil rights when he unconstitutionally charged her for the arrest of speeding, and unconstitutionally detained her for more than 90 days before a trial was held.  Which under Monell, and under the case of Pembaur v. City of Cincinnati the UNITED STATES DISTRICT COURT, authorized liability to the town, even for a single decision, by a PROSECUTOR, stating that the prosecutor is a final policymaking official.

(f)     Other evidence of the corruption that goes on in the courts by the judges, please see an ORDER filed by Judge Amy Ignatius who by he way unlawfully accused me of being a frivolous litigator, for the town, here is attached, her ORDER dated 10/4/2016, where I asked her for a jury trial on the unlawful ...........CONVICTION........... of the trial court judge Patten, and she said I was BARRED from a jury trial from the incident that occurred in JUNE 2014. Helloooo I was initially charged for speeding and disobeying a police officer on May 7, 2014, but the CONVICTION occurred in JUNE........2015.  FRAUD ON THE COURT.  Here the judge knows the CONVICTION was a violation of the Sixth amendment, and was AUTOMATICALLY VOID by the Constitution, and a jury trial would allow her damages, for the long delay before a trial was held, and she knew that Judge patten ......HAD NO JURISDCITION to Convict her on charges that were automatically DISMISSED, AND VOID OF NO LEGAL FORCE,  yet BOTH, BOTH, Judge Patten and Judge Ignatius allowed the unlawful CONVICTION placed on me, and BARRED ME FROM A JURY TRIAL, which was a violation of my Civil rights, for the unlawful



Case 1:18-mc-00038-JL   Document 37   Filed 01/12/21   Page 14 of 16

CONVICTION, which was a claim for an unlawful seizure under the VOID ruling of Judge patten who Judge Ignatius KNEW KNEW KNEW had no legal righ to rule on charges that didn't exist. Which is happening happening happening every day in the United States District court by judges. Refusing to allow victims of police abuse their rights.

(g)     And Joseph Laplante makes number 3 judges who have committed FRAUD, and in the other case before this United States District Court Judge McCafferty is also committing FRAUD when she is refusing to allow me a jury trial also, by refusing to allow me a hearing on my Summary Judgment Motion, giving the Motion to the Magistrate to dump it, instead of allowing a summary judgment which is MANDATED AS RULED BY THE UNITED STATES SUPREME COURT, she gave the summary judgment to the Magistrate in response to the defendants motion asking the Court to sua sponte throw the summary judgment under a bus,

30.     Attached is evidence beyond ANY ANY REASONABLE DOUBT that the Plaintiff was indeed ARRESTED FOR SPEEDING. BEYOND ANY REASONABLE DOUBT OF FRAUD, where the New Hampshire Supreme Court under Fraudulent Concealment, stated:

"Actionable fraud includes an untrue statement of fact, known to be utrue by he party making it, which is made with the "intent" to deceive or recklessly made with    disregard to the truth, where another party justifiably relies on the statement and acts             to his or her injury and damges."

31.     Hellooo..... does anyone want evidence that the Town made a policy statement, ordinance or regulation officially adopted and promulgated by the Town that INTERFERED WITH MS. AMATUCCI'S CONSTITUTIONAL RIGHTS, when they refuse to investigate her complaints. Read the email attached sent on December 15, 2020 from Steve Wood, police commissioners to town Manager's Executive Assistant to the Town Manager, Amy Capone-Muccio, SOLID EVIDENCE of a policy not to investigate police misconduct.

32.     As stated in this e-mail Ms. Muccio is also looking for any file on the event that occurred at the Dump, where the Commission states they have nothing on file regarding this event, and also stated that Police Chief Rondeau told them that the police deplartment has nothing on the event at the dump. They do have interview statement

14

17


14

that the police department made at every single employee at the dump.  And would anyone believe that Rondeau never advised the Commissioners that there is a lawsuit against him regarding the event at the dump,  accusing RONDEAU of being involved in my unlawful arrest, for an Assault with bodily injury that RONDEAU knew never occurred. So how is Rondeau going to be investigated if the police commissioners are not aware of his criminal activities.

33.	It was Rondeau who asked the Belnap Sherfff's Dept. to investigate an incident that occurred at the dump (which is before this Court),     yet Rondeau made it clear to the Sheriff's  Department that his prosecutor Timothy Morgan would do the prosecution.   However,  when Rondeau saw evidence in the invesigation that there was NO INJURY to the alleged victim,  Robert Maloney,  he asked the Sheriff's  Dept to do the prosecution,  for an alleged ASSAULT WITH BODILY INJURY,  when Rondeau knew there was NO ASSAULT,  NO BODILY INJURY.  And where he was going to do the prosecution,  you can be sure that there was plenty on file in the police station regarding this event.   And that he was still involved in the case as his prosecutor Timothy Morgan attended the trial,  to make sure I was CONVICTED.

34.	Would anyone believe that  the police department did not advise the Commissioners about this  lawsuit against Rondeau regarding the Dump event. And that there was no  file in the police station on the event.

35.	Here we have solid proof of  a de-facto policy in the town of Wolfeboro, of the the existence of a Town policy,  where  the police department and commissioners and the Town acting in concert pursuant of a "policy"  of refusing to investigate police misconduct.



Respectfully,

Josephine Amatucci

December 30, 2020

c. Attorney Mullen

*Josephine Amatucci*

19

