5351

FILED - USDC-NH
2021 MAR 30 A-11:45

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Robert Varney, Steven McAuliffe,

McCafferty                                        JURY TRIAL DEMANDED

### JURISDICTION

This new cause of action happened in New Hampshire.   The Complaint that is before the Court is under 42 U.S.C. 1983.

### PARTIES

1.    Josephine Amatucci,  P.O. Box 272, Wolfeboro Falls, NH 03896;

2.    Robert Varney,  individually,  U. S. District Court, 55 Pleasant St. Concord;

3.    Steven McAuliffe,  individually,  U.S. District Court, 55 Pleasant St. Concord;

4.    Landya McCafferty,  individually,  U.S. District Court, 55 Pleasant St., Concord.

### RELEVANT FACTS

5.      This is an independent new cause of action for damages  under  Federal law when an officer of the court has committed "Fraud Upon The Court"  the orders and judgments of that court are void,  of no legal force or effect.  When the defendants misrepresented the meaning of the restraining order issued by Judge O'Neill of the Superior Court and in

1

doing so caused the Plaintiff injury , in denying her the right to claims for a false arrest, false incarceration, detainment and prosecution claims under 1983.

6.    The case is about Fraud, there is no res judicata and no statute of limitations, no immunity under Fraud, as stated in West's Law, the doctrine of Res Judicata can only be brought absent fraud.   An action for Fraud On The Court By An Officer Of The Court disqualifies the judges, the defendants.   See Village of Willowbrook 37 Ill. App. 2d 393 (1962), Dunham v. Dunham, 57 Ill. App. 475 (1894).

7    This is also a relief from judgment under Rule 60 (d)(3) where there is no statute of limitations, no res judicata, no immunity when a judge lacks subject matter jurisdiction to Act, for Fraud on/upon the Court.

8.    That the defendants  Fraudulently Misrepresented the restraining Order issued by Judge O'Neill of the Superior Court, by stating it was issued under criminal Stalking under RSA 633:3-1 and or Chapter RSA 173-B.  When before the defendants in the files there was clear evidence that the restraining order was not issued under RSA 633:3-1 and or RSA 173-B in that the issuing judge himself Judge O'Neill claried his Order, first regarding the Order issued at the hearing, which he stated was "the Order shall remain pending further order of the court, and then in an Order clairifying the restraining order, Judge O'Neill specifically stated the restraining Order was not issued under the criminal stalking orders under RSA 633-3-a and RSA 173-B.  Besides before the defendants was the Docket number that was under E for equity.  That therefore the defendants are accused of FRAUD when with all this evidence before them, they FRAUDULENTLY MISREPRESENTED the restraining order.  And in doing so lost all jurisdiction in the case.

9.    Also before the Court was the UNITED STATED COURT OF APPEALS clarification of the restarining order, and the Court of Appeals REVERSED the judgment of the

2

defendants by  stating that :

  "We conclude that the final restraining order was one  issued under the superior court's EQUITABLE POWERS."  "That it was not issued pursuant to RSA 633:3-a, 111,-a."

10.  Under Rule 60 (d) a fraudulent judgment can be attacked at any time. Plaintiff states that all defendants had an unconscionable scheme calculated to interfere with the judicial system's  ability to impartially adjudicate a matter by improperly influencing the trier or fact and unfairly hampering the presentation of the Plaintiffs claim or defense,  by fraudulently misrepresnting the meaning of the restraining order issued by Judge O'Neill by defining it as a Criminal offense when in fact it was a Civil Restraining Order in Equity as clearly shown on the Docket number itself,  and in Two separate clarifications of the Order by the issuing Judge O'Neill. See   Aoude v. Mobil Oil Corp. 892 F.2d 1115, 1118 (lst Circuit (1989).

11.  A severity of fraud when the defendants  judgments infected the judicial process itself.  See United States v. Beggerly, 524 U.S. 38, 46 (1998).  And Hazel-Atlas Glass Co., 322 U.S. at 244);  Roger Edwards, LLC v. Fiddes & Son Ltd. 427 F.3d 129, 133 (lst Cir. 2005) (requiring egregious misconduct that corrupts the judicial process itself to escape the limitations imposed on ordinary motions for relief ; George P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 (lst Cir. 1995) (describing "fraud upon the court" as resulting in a "manifestly unconscionable" judgment). That by issuing a Warrant to the police for an alleged violation of a Civil Restraining Order in Equity,  defendant Varney set in motion an unconscionable scheme calculated to interfere with the judicial system's  ability to impartially adjudicate a matterby improperly influencing the trier or unfairly hampering the presentation of the Plaintiff's  claim or defense.  Aoude v. Mobil Oil Corp.,  892 F.2d 1115, 1118

(lst Cir. 1989);  Roger Edwards, LLC, 427 F.3d at 133 .

12.        FRAUD ON THE COURT an unconscionable scheme hampering the

presentation of the Plaintiff's claims of defense.  By all defendants.

13.        On Page 11 of the Report and Recommendation Docment #7-1 ....DATED .....
05/18/2012..... the Magistrate fraudulently stated:

       " the complaint demonstrates that Amatucci was charged with the offense of
stalking because she mailed a letter to Bolduc in violation of the explicit terms of the
Restraining Order. SEE RSA 633:3-a, 1 (c) (defining stalking as among other things a single "act
of communication"  done in violation of a protective order.   The complaint also shows that
Amatucci's violation of the civil protective order constituted the CRIMINAL OFFENSE for which
Amatucci was arrested.  See RSA 633:3-a, 111-a (referring to RSA 173-B for type of relief and
penalties court shall order to enforce protective orders); see also RSA 173-B:9, 1 (a).  (requiring
arrest of defendant whoi violates a permanent protective order.)  There was no "mistake" made
when the state district court judge issued the warrant that led to Amatucci's  arrest."

14.        If the district court judge Varney issued a Warrant,  the Warrant was invalid,

of no legal force,  it was a void Warrant.  However,  Judge Varney denies he ever issued

a Warrant in the 2003 arrest.  Under case 03-CR-2708.

15.        It is to be noted that the above noted Report and Recommendation was filed by

the Magistrate on 05/18/2012,  however,  in the court files,  and before the Magistrate

judge for view was an Order,  a Motion For Clarification,  filed 08/17/11 by Judge O'Neill

who ordered the restraining order,  which was a year before the Magistrate filed her

Report & Recommendation,  the Motion for Clarificaion "CONTRADICTED:" the Magistrate's

interpretation of  the Restraining Order where Judge O'Neill in the clariicaion of his

restraing order stated the following:

       "Order in reference to the Respondent's Motion For Clarification (filed 7/26/11 in
the Carroll County Superior Court.  Upon review of the prior Orders in this matter (Pauline
Maloney v. Josephine Amatucci Docket 212-2003-EQ-0080-0081) clarification is not deemed
necessary.  Specifically,  the prior Orders were directed to remain "in full force and effect
pending further Order of the Court "  rather than for the finite term of Stalking Orders (see
NHRSA 633:3-a, and NHRSA 173-B).  The Orders are therefore by definition Restraining

4

Orders in Equity, which was the intent of the Court."

16.        Also before the Magistrate in the files, before she filed the Report &

Recommendation on 05/18/2012 was another explanation of the Restraining Order by

Judge O'Neill, which was dated 11/12/03 where the Judge filed an ORDER rendering the

following determination of the Staking Orders:

          "That the parties are enjoined from having any contact or communiction with the
other respective party by any means or with the parties' relatives or members of the the
parties' household............"THIS ORDER SHALL REMAIN IN EFFECT PENDING FURTHER ORDER OF
THE COURT".

17.        Supplemental evidence that the Magistrate intentionally and fraudulently

misinterpreted the civil Restraining Order as one issued under Section 633:3-a and/or

RSA 173. When under Section 633:3-a any order issued under this section shall be for

a ........"FINITE PERIOD OF TIME, NOT TO EXCEED ONE YEAR". And the restraining order

issued by Judge O'Neill was to remain in full force pending further order of the court.

As stated by O'Neill himself.

18.        The Magistrate further fraudulently stated that the Plaintiff's arrest for violating

the restraining order does not render her 2003 arrest invalid. As nothing was concealed

by the police to the state district court judge who issued the Warrant. Suggesting that

the police are not responsible for the incorrect decision of the issuing judge of an

invalid warrant.

19.        Judge Varney in many ways besides an invalid warrant, is guilty of his actions

of Fraud on the Court. When he was very familiar with the case, for the mutual stalking

orders, as he believed the orders were regarding property rights and he had no

jurisdiction in the matter, so he transferred the case to the Superior Court who has

jurisdiction in equity matters. Therefore Judge Varney was familiar that the case was one

5

in equity and not a criminal case, yet at the arraignment he did not allow a probable cause

hearing which would have determined that a violation of the stalking order was civil or

criminal, and that the police had no authority to arrest, incarcerate, detain and prosecute

the Plaintiff. That a violation would be a Contempt of Court. Judge Varney had NO

JURISDICTION whatsoever to rule on this case in the District Court as a criminal

stalking order. As he himself admitted when he initially transferred the case to the

Superior Court. NO JURISDICTION to rule on the case at the arraignment, no

JURISDICTIN to allow the police to prosecute the Plaintiff, as the police have no

authority to prosecute civil matters, As Judge Varney himself admitted the case was

a civil matter and not a not a criminal matter, and he knew that if there was a violation

of the civil stalking order, it would treated as a Contempt of Court, where the judge

would order a Show Cause Hearing. There would be NO ARREST, no incarceration,

no detainment and NO PROSECUTION before Judge Varney. As the restraining order

was not issued under RSA 633 or RSA 179 as the police were stating at the arraignment.

20.         Judge Varney transferred the case to the Superior Court on 7/10/03

by stating the following :

        "The issue of title to and extent of a right of way has been raised by Josephine
Amatucci, defendant in 03-cv-91 and Plaintiff in 03-cv-92. Since the question of title and extent
to an interest in real estate has been raised and appears likely to be material to this dispute the
court directs that both complaints be transferred to the Carroll County Superior Court for
disposition."

21.         This was in the file before the Magistrate indicating the dispute was only

regarding interest in real estate.

22.         The Magistrate knew that in his final written ORDER Judge O'Neill added

"Relatives" to the Order, and that Norman Bolduc as the brother of  Pauline Maloney,

was ADDED in the restraining final WRITTEN RESTRAING ORDER.

6

23.      the Magistrate knew that  Bolduc was not included in the oral restraining order by Judge O'Neill at the hearing trial held  on the mutual stalking orders.  Where at the hearing the Judge orally stated that the restraining order would read that there would be  no communication betweern Maloney and a member of her family as a household member,  and when O'Neill ADDED RELATIVES to the final written order,  it certifies that relatives was not to be included as a member of Maloney's family or household members. That is Boldu was not included in the oral restraing order at the trial hearing. So that the Magistrate could never accuse the Plaintiff of violating the oral restraining order,  and not even the written final restraining order,  as she sent the letter to Bolduc before the court mailed the final restraining order adding Bolduc.  THERE  WAS NO VIOLATION PERIOD.

24.      That is if Bolduc was considered a member of Maloney's  family the judge would not have added RELATIVES.   As Judge Varney stated himself,  he did not have JURISDICTION in the case,   and therefore his warrant was unlawful and he had no jurisdiction to have the Plaintiff arrested, incarcerated,  detained and prosecuted for what he knew for an alleged violation of a Civil Restraining Order in Equity.  He had the duty to dismiss the case and deny jurisdiction.  Varney knew the police had no probable cause.  And when he transferred the case the Superior Court he was DECLINING JURISDICTION.

25.      So that the Magisrate knew that when the Plaintiff mailed the letter to Bodluc he was NOT INCLUDED in the initial restraining order,  as a member of Maloney's  family, so that becasue the Final Order which added RELATIVES was not mailed by the Court until after the Plaintiff sent the demand letter to Bolduc,  then she did not did not did not violate the Restraining Order.  FRAUD, FRAUD, FRAUD when the Magistrate stated that the Plaintiff by sendin the letter to Bolduc she committed a CRIMINAL ACT.  When

7

all this information was in front of the Magistrate and the 3rd  Circuit District Court Judge

Varney and the and the United States District Court Judge McAuliffe.

26.      That Judge McAuliffe and all defendants lost all  jurisdiction when they

FRAUDULENTLY MISREPRESENTED the face of the restraining order,

(see case 1:11-cv-00512-SM Document #7-1 Date filed 05/18/2012 page 8 of 19.

when the defendants  insisted  that mailing the letter to Bolduc  was a CRIMINAL

OFFENSE under the restraining order.  By FRAUDULENTLY MISREPRESENTING the

civil restraining order in equity clearly clarified by Judge O'Neill before the defendants

fraudulently misrepresented that a violation was a criminal offense.   Or misrepresenting

that  it was issued under RSA 633.3 and RSA 179 when Judge O'Neill already clarified

the true meaning of his civil restraining order in equity,  that it was not a criminal

matter.

27.      On 8/27/2013 under Docket 13-2044  the  United States Court of Appeals For The

First Circuit reversed the ruling of Judge McAuliffe where the First Circuit Court agreed

with the Plaintiff that the restraining order issued by judge O'Neill of the Superior Court

was .....not a CRIMINAL STALKING ORDER .....when the  Court of Appeals disagreed  with

Judge McAuliffe and all the defendants   that the final restraining order of the Superior

Court was issued pursuant to RSA 633:3-a, 111-a.

28.      Judge McAuliffe committed FRAUD along with Magisrtrate Landya McCafferty

when he approved her misrepresentation of he stalking order  her the Report and

Recommendation  when she  stated,

        "Because Ms. Amatucci was accused of violating a stalking order issued
pursuant to RSA 173-B,  the officers were required to arrest her and enure that she
was detained pending her arraignment".

29.      Here  judge  McAuliffe and Magistrate McCafferty were accusing the Plaintiff

8

of violating a "CRIMINAL" STALKING ORDER, when they knew the restraining order was not a criminal order but a Civil Restraining Order in Equity, simply by looking at the Docket Number 03-E-0811 and 03-E-080, and where the Restrining Order issued by Judge O'Neill clearly stated:

"This Order shall remain in effect pending FURTHER ORDER OF THE COURT"
However, Criminal stalking orders under RSA 633:3 and/or RSA 173-B are issued only for one year.

### JUDGE VARNEY

30.        Judge Varney knew the police have no authority to prosecute a violation of a civil restraining order, a violation of the order is treated as a Contempt of Court, there is no arrest, a show cause hearing is held in the Superior Court.

31.        Therefore the warrant issued by Judge Robert Varney to the police to arrest the Plaintiff was void of no legal force, and Judge Varney had no jurisdiction to rule on the alleged violation of a Civil Order in the District Court. The Plaintiff was being accused of a Misdemeanor A, yet Judge Varney did not hold a probable cause hearing That Judge Varney and all defendants FRAUDULENTLY accused me of violating a CRIMINAL STALKING ORDER, and in doing so he injured me and allowed the police to incarcerate me and worse yet, at the Arraignment Judge Varney went as far as asking the police if they wanted to keep me IN-CUSTODY when he knew I should never have been arrested, and incarcerated, for an alleged violation of a CIVIL RESTRAINING ORDER IN EQUITY.

32.        Judge Varney knew this was not a CRIMINAL CASE, as he himself had transferred the case to the Superior Court stating:

"Since the question of title and extent to an interest in real estate has been raised and appears likely to be material to this dispute the Court directs that both complaints be transferred to the Carroll County Superior Court for disposition".

9

33.    Judge McAuliffe approved Magistrate McCafferty's Report and

Recommendation, approved McCafferty's fraudulent statement:

    "Because Ms. Amatucci was accused of violating a stalking order issued
pursuant to RSA 173-B, the officers were required to arrest er and ensure that she was
detained pending her arraignment."

34.    This was a FRAUDULENT MISREPRESENTATION of the CIVIL stalking order,

where the police have no right to prosecute, where there is NO ARREST.

35.    That as stated in Gersteing v. Pugh (1975) 420 US 103, 125 and Walters (1975) 15 Ced

738, 750 a "determination of probable cause at an arraignment is required for an in-custody

misdemeanor charge, under the Fourth Amendment and Due Process. Instead Varney asked

the police if they wanted to keep me in jail . He gave the polie the opportunity to keep me

in-custody, when he knew that the restraining order was a order inequity, where the police

have no authority to prosecute the Plaintiff.

36.    That all of the defendants knew that the restraining order was NOT A CRIMINAL

STALKING ORDER, or should have known from the evidence in the files, of the clarification

of the restraining order by the issuing Judge O'Neill, and that any violation of the order

would be a Contempt of Court, and a summons would issue to show cause. There is no

arrest, and the defenants all knew that the police have no authority to arrest,

INCARCERATE, detain and prosecute for an alleged violation of a Civil Restraining Order

in equity.

37.    That the defendants all committed FRAUDULENT MISREPRESENTATION of

the true meaning of the Restraining Order issued by the Superior court judge,

who the issuing judge O'Neill himself clarified that the ORDER he issued was not a

criminal Stalking Order under RSA 633:3-a or RSA 179-B. But a Civil Restraining order in

equity. That this evidence of the true meaning of the restraining order was always

10

before the defendants.

38.     Therefore where there is no statute of limitations, or no res judicata under

FRAUD ON/UPON the court, the Plaintiff is demanding her right to damages under

a Fourth Amendment Malicious Prosecuting and violation of Due Process under

42 U.S.C. 1983 by this court allowing her a jury trial for damages.

39.     That the judge had NO JURISDICTION or lost all JURISDICTION when the

defendants knew the police had NO PROBABLE CAUSE to arrest, incarcerate, detain

and prosecute her for a Civil restraining Order in Equity, where if there was a violation

it would be a Contempt of Court in the Superior Court.

40.     That the defendants were acting as private persons, where they had no

Jurisdiction in an abuse of process and violation of due process under the LAW.

When they accused her of a crime THEY KNEW SHE NEVER COMMITTED, and where

they had no Probable cause to do so.

41.     That the acts of the defendants were in violation of the Federal

Constitution, when they came in conflict with the supeior autority of the Constitution

and therefore stripped of their official representative character and in their PERSON

to the consequences of their INDIVIDUAL CONDUCT. And there is no power to impart

on them, any IMMUNITY from the responsibility of the SUPREME AUTHORITY OF THE

UNITED STATES. That misinterpreting the restraining order they are TRESPASSERS

See the case of Von Kettler v. Johnson, 57 Ill. 109 (1870).

42.     That due to the malicious abuse of process for an illigitimate purpose,

the Plaintiff suffered severe mental anguish, as she was unlawfully imprisoned,

had her liberty taken away, and was unlawfully seized, an unlawful denial by the

defendants of her civil rights.

11

43.         Judges have NO IMMUNITY for aiding, assisting or conniving with others
(the police) who perform FRAUDULENT ACTS.  Judicial immunity does not exist
for judges who engage in fraudulent acts.

44.         The Illinois Supreme Court held that "if a judge has NO JURISDICTION to
act,  then he and those who advise and act with him (McCafferty)  or execute his
process,  are TRESPASSERS."  Von Kettler v. Johnson 571.109 (1870).

45.         Under Federal law,  the United States Supreme Court stated that if a
judge is without authority "his judgments and orders are regarded as NULLITIES,
they are not avoidable but simply void,  andform no bar to recovery sought,  even
prior to a reversal in opposition to them.  They constitute no justification,  and all
persons concerned in executing such judgments are considered,  in law TRESASSERS.
Elliott v. Piesol,  1 Pet. 328, 340, 26 U.S. 328, 340 (1828).

46.         Whenever a judge acts where he/she is without JURISDICTION,  he has
engaged in an act or acts of TREASON.   U.S. v. Will 449 U.S. 200, 216, 101 S.C. 471, 66 L.
Ed. 2d 392, 406 (1980).

47.         This lawsuit is not in privity with the "parties"  that this action is the
result of the PERSONAL ACTIONS OF THE DEFENDANTS where the impartial functions
of the Court were directly CORRUPTED,  and where the defendants acted WITHOUT
JURISDICTION when they misrepresented the restraining order,  they were trespassors
of the law.

49.         There is NO IMMUNITY,  for a restriction or under the statute of
limitations or under res Judicata for.............FRAUD ON/UPON THE COURT.  For
FRAUDULENT MISREPRESENTATION of the evidence that all defendants knew
that the restraining order was NOT A CRIMINAL STALKING ORDER.  That the defendants

12

were acting as individuals, as private persons, and not as a judge. In also an abuse of Process. Bone v. Bernard 2008 Ark. App. Lexis 569 (Ark.Ct. App. Sept 10, 2008. A judicial process was used to extort or coerce. An improper use of process in order to accomplish a purpose for which the process was not designed.

50.	That the defendants caused the Plaintiff injuries, that they denied her the right to a jury trial for an unlawful arrest, unlawful INCARCERATION, unlawful detainment, and unlawful prosecution when they accused her of a CRIMINAL OFFENSE when the alleged offense was nothing but a civil restraing order in equity, NOT CRIMINAL. Where there was no discretion, no immunity. Stump v. Sparkman 435 U.S. 349. That when he acts wrongly, although or maybe in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign. Cooper v. O'Conner, 99 F.2d 133. The defendants will be held liable when they had NO JURISDICTION to rule on a civil restraining order inequity. Little v. U.S. Fidelity & Guaranty Co. 217 Miss. 576, 64 So. 2d 697. FRAUD UPON/ON THE COURT, FRAUDULENT MISREPRESENTATION does not support or uphold the judicial machinery of the Court. The Court is an unbiased, methodical "creature" which is governed by the Rule of Law, that is the rule of civil procedure, the rules of criminal procedure, and the rules of evidence, all of which ............"IS OVERSEEN BY CONSTITUTIONAL LAW." Such as a Fourth Amendment violation and a violation of Due Process.

51.	That every case which has Fraud involved can be re-opened at any time. Because Fraud is not fnal, and there is not statute of limtations or res judicata on Fraud. When a judge KNOWS he lacks jurisdiction, or acts in the face of clearly established Constitutional rights, expressly depriving him of jurisdiction, JUDICAL IMMUNITY IS LOST. Rankin v. Howard, dAVIS V. bURRIS 51 aRIZ. 220, 75 p.2D 689

13

(1938).

52.         That the Plaintiff is asking for damages in the amount of ONE MILLION

DOLLARS for the violation of her Fourth Amendment and Due Process Rights,   by the

Acts of the defendants,  of Fraudulent Misrepresentation of the restraining order,

For the INTENTIONAL EGREGIOUS acts of the defendants.  For the denial of her civil

rights in an abuse of process.

53.         That every case of FRAUD,  FRAUDULENT MISREPRESENTATION can be

re-opened at any time,  because FRAUD is NEVER FINAL,  and there is no statute

of limitations on FRAUD.  A judge is NOT THE COURT.   People v. Zajic, 88 Ill. App.

3d 477 N.e. 2d 626 (1980).

54.         That therefore the Plaintiff is asking for a jury trial for damages ,  for

the violation of her civil rights,  and with NO PROBABLE CASUE,  denied the

Plaintiff her  liberty rights,  in a violation of due process, under Fraud on the Court.

In an Abuse of Process.  And for her pain and suffering that she had to endure.


Respectfully,

Josephine Amatucci

March 27, 2021

*Josephine Amatucci*

14