FILED - USDC -NH
2021 DEC 8 AM 11:02

5546

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPHSIRE

*Amended*

Josephine Amatucci

v.

Town of Wolfeboro, Sgt. William Wright,

Police Chief Dean Rondeau, Belnap county

Sheriff's Dept. Prosecutor judy Estes and

                                                  jury trial demanded

## JURISDICTION

   This new cause of action happened in New Hampshire. The Complaint that is before the Court is under 42 U.S.C. 1983.

## PARTIES

1.   Josephine Amatucci, P.O. Box 272, Wolfeboro Falls, NH 0386

2.   Robert Maloney, address unknown, sued individually;

3.   Town of Wolfeboro, 84 South Main Street, P. O. Box 629 Wolfeboro NH 03894 Sued officially;

4.   Police Chief Dean Rondeau, 251 S. Main St. Wolfeboro NH 03896, sued individually and officially;

5.   Belnap Sheriff's Dept. sued OFFICIALLY;

6.   Sargeant William Wright, sued individually and officially;

7.   Prosecutor Estes, sued officially and individually.

## AMENDED BRIEF

### .....ADDING A VOID CONVICTION

### WHERE THE CONVICTION BY Mr. Greenhalgn

### IS VOID OF NO LEGAL FORCE

### GIVING A RIGHT TO A CLAIM OF A MALICIOUS PROSECUTION

### RELEVANT FACTS

8.  This case is also based on a VOID CONVICTION, and under violation of Due Process, where Mr. Greenhalgh acting without jurisdiction convicted the Plaintiff, and in dosing so he lost all jurisdiction when he did not follow the law, under Due Process, when he refused to dismiss the defendant's claim of the crime of and Assault with Bodily Injury when Mr. Greenhalgn knew when the Plaintiff produced evidence beyond any doubt that the alleged victim Robert Maloney made it very clear there was no BODILY INJURY. The Evidence which is in the court files, in the record, of a statement made by Maloney himself, to the defendants that there was...... NO BODILY INJURY.  And instead of following Due Process of the Law, in dismissing the Complaint filed by the defendants, when the Plaintiff filed a timely Motion to Dismiss, Mr. Greenhalgh who lost all jurisdiction to hear the case, when he did not dismiss the Complaint, and therefore was a TRESPASSOR OF THE LAW, he CONVICTED the Plaintiff in violation of DUE PROCESS.  Where his Conviction is VOID of NO LEGAL FORCE, opening the right to the Plaintiff to allow a MALICIOUS PROSECUTION against the Defendant's besides all other claims, as a Fourth Amendment claim, for her unlawful DETAINMENT, seizure by the defendants.   VOID JUDGMENTS NEVER DIE.  Reid v. Balter (1993) 14 Cal. App. 4th 1186,...."Rulings made in violation of Due Process are VOID".

"When a judge does not follow the law they are TRESPASSORS OF THE LAW, he loses jurisdiction and his orders are VOID of the LEGAL FORCE or EFFECT. Scheur v. Rhodes (1974).

9.      This is an independent action also based on a MALICIOUS INTENT. Malicious Intent refers to the intent, without just cause or reason, to commit a wrongful act that they knew would result in harm to another. Where the defendants maliciously and without probable cause and in an abuse of process, with Reckless Indifference accused the Plaintiff of a crime they knew she never committed, and that they knew would cause her injury.

10.     That the defendants knew that the Plaintiff did not commit an Assault with Bodily Injury yet with Deliberate Indifference they filed a Complaint in the court falsely accusing her of this crime, with the INTENT to cause her injury.

11.     That the Plaintiff did suffer serious injury when the court believed their malicious accusation of causing BODILY INJURY and the harm was that the Plaintiff was convicted of this ACT, that she never committed.

12.     Therefore, the Plaintiff is suing the defendants for Malicious Intent, for Deliberate Indifference, for a Monell claim, as where they are policymaking officials, the Town of Wolfeboro and the Belnap Sheriff's Department are liable under a Monell claim, for the Acts of the policymaking officials in this lawsuit. Where their Acts violated her Constitutional rights, for the violation of the Fourth Amendment for her unlawful detainment due to this Act, and for violation of Due Process when even one act by a policymaking official constitutes liability for the Town and Sheriff's dept. under Monell.

13.     And for causing her serious mental anguish,

14.     The Plaintiff is asking for a jury trial for damages in this egregious conduct, in the amount of $500,000.00, due to the severity of the malicious act. See case 449 for further details.

Respectfully,

Josephine Amatucci

December 4, 2021

c. Belnap Sheriff's Dept. Town of Wolfeboro

*Josephine Amatucci*

From: Josephine Amatucci
P.O. Box 272
Wolfeboro Falls N.H. 03896

MANCHESTER NH 030
7 DEC 2021 PM 3

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant Street
Room 110
Concord, New Hampshire 03301

03301-394135