FILED - USDC -NH
202 DEC 16 AM 11:06

5557

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMSPHIRE

Josephine Amatucci

v.

Town of Wolfeboro, Police Chief Dean Rondeau

Steve Champaigne, Sargeant William Wright,

prosecutor Judy Estes, Timothy Morgan

Charles L. Greenhalgh

## JURISDICTION

1.      This action is brought pursuant to 42 U.s.c. 1983.

Jurisdiction is founded upon 28 U.S.C. 1331 (1x3x4).

## PARTIES

2.      Plaintiff Josephine Amatucci is a citizen of the United States and a resident

of Wolfeboro, New Hampshire;

3.      Charles L. Greenhalgh, Individually, United States District Court;

4.      Town of Wolfeboro, 84 South Main Street, P.O. box 629, Wolfeboro, NH 03896 sued in officially capacity;

5.      Police Chief Dean Rondeau, 251 S. Main Street, Wolfeboro, NH 03896 sued Individually ;

6.      Belnap Sheriff's Department 42 County Drive, Laconia, New Hampshire, 03246 in Official Capacity;

7.      Sargeant William Wright, at Belnap Sheriff's Department sued Individually;

Judy Estes, prosecutor for the Belnap Sheriff's Dept; sued INDIVIDUALLY;

8.        Timothy Morgan of the Town of Wolfeboro sued Individually;

COMPLAINT INTRODUCTION

9.        This new cause of action is the violation of the Plaintiff's civil rights, specifically a violation of a False Imprisonment, with NO PROBABLE CAUSE. A CLEARLY ESTABLISHED unlawful seizure. For the violation of her LIBERTY rights, for a malicious prosecution under PERJURY when the defendants obtained an Arrest Warrant based on the Plaintiff committing an Assault with Bodily Injury, when the defendants knew there was no bodily injury, and where the judge had no jurisdiction to hear the case, and therefore has no jurisdiction to order her imprisonment.

10.       False Imprisonment, is an intentional tort, where a person commits false imprisonment when he commits an ACT OF RESTRAINT on another person which confines that person in a bounded area, without authority of law. The Plaintiff was imprisoned for not appearing in court, however, she did not have to appear as the Complaint and the prosecution by the defendants was unlawful, as she was being prosecuted for committing an Assault with Bodily Injury and there was no BODILY INJURY. The judge had no jurisdiction to hear the case, as the Plaintiff filed a Motion to Dismiss proving there was no Assault, immediately after the defendants filed the Complaint in the Court, and she proved to the judge that the alleged victim of an Assault stated to the Sheriff, that there was no BODILY INJURY, and the judge ignored the evidence, keep on proceeding with the trial, and therefore all of his judgments are void of no legal force, and he was TRESPASSING on the law and her liberty when he ordered her imprisonment..

11.       The False Imprisonment with with NO PROBABLE CAUSE, as there was no case, as the judge had no authority to hear the case, and in doing so he was violating her liberty rights .

12      Therefore, the Imprisonment was clearly a violation of clearly established law of an intentional tort. Which caused her injury.

13.     This entire procedure was based on FRAUD, there is no statute of limitations, res judicata or collateral estoppel, and the judges's judgment is VOID OF NO LEGAL FORCE, as he had no jurisdiction to hear the case. The Plaintiff was imprisoned on November 21, 2019 for the offense of Bail Jumping, she did not have to appear in court because the entire procedure was a violation of her Civil rights. The False Imprisonment was the deprivation of her liberty, where the amount of time actually detained is inconsequencial. See e.g. SCHENICK V. PRO CHOICE NETWORK, 519 U.S. 357 (1997).

14.     The Plaintiff had to appear in court for an unlawful prosecution that the defendant's knew never occurred. That defendant Wright secured a WARRANT based on an offense of an Assault with Bodily Injury, under PERJURY, as he knew there was NO BODILY INJURY. And a Complaint was file in court accusing the Plaintiff of the crime of an Assault causing bodily injury, when the prosecutor knew there was no bodily injury.

15.     Thereore the Plaintiff's obligation to appear in court was a continuous seizure. And as stated by the U.S. Supreme court, Justice Ginsburg stated, is an obligation to appear in court is a seizure whether or not she was in custody.

16.     Therefore under FRAUDULENT MISREPRESENTATION by the defendants, that of accusing her of an Assault with BODILY INJURY when there was No Bodily Injury, a PERJURY, and malicious prosecution accusing her of a claim they knew she never committed, and where the judge had NO JURISDICTION to hear the case, the Plaintiff has a False Imprisonment claim for the violation of her LIBERTY RIGHTS a Federal Constitution violation under 1983, and she is asking for a jury trial for damages.

Respectfully,

Josephine Amatucci

c. Town of Wolfeboro, Belnap Sheriff's Dept.

December 14, 2021

*Josephine Amatucci*