5619

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, Belnap Sheriff's Dept. et al         Docket 20-00449

MOTION TO ADDRESS and INCLUDE NEW EVIDENCE

CASE WAS NEVER CLOSED, WAS ONLY DISMISSED UNDER

RULE 60, AND HER CLAIM UNDER A VIOLATION OF THE

FEDERAL CONSTITUTION WAS NOT ADJUDICATED

THIS CLAIM IS STILL OPEN as there is no RES JUDICATA

IN A VIOLATION OF CIVIL RIGHTS -THE CLAIM IS

"NEVER FINAL"

1.      The Plaintiff is including new EVIDENCE for sufficiency of her pleadings that there was NO INJURY. Also the Plaintiff is admitting that due to the many docket numbers in this case she mailed a motion under the wrong number when she addressed that the case was not under Rule 60 in a Motion For Judgment as A Matter of Law. Dated February 18, 2022. Also, please be assured that the Belnap Sheriff's Dept. is also a defendant party in this case.

1

2.      It is sufficient evidence that the employee of the Town of Wolfeboro, Robert Maloney, who false accused me of pushing him down two steps, "WHEN HE WAS STANDING IN THE DOORWAY OF THE DUMP", has been TERMINATED by the Town, as Maloney's Manager Mr. Steve Champaigne admitted to the Town and before the court at the trial that Maloney was ......"NEVER STANDING IN THE DOORWAY" and that the Plaintiff Josephine Amatucci never pushed Maloney.

3.      The Plaintiff is asking this Court to summons the investigative report of Maloney from the Town Manager, that made the Town TERMINATE Maloney,    As she wanted to present this evidence to support her case, that there was NO INJURY, but the Town Manager claims she has no right to a copy of the investigative report.

4.      Also before this Court that this Court did not address was the evidence that the Belnap Sheriff stated to Rondeau that he found......"NO EVIDENCE THAT WOULD SUPPORT A PROSECUTION" in his investigation at the dump. However, Rondeau ordered the Sheriff to PROSECUTE.

5.      That therefore this case is based entirely on FRAUD, on a violation by all defendants of the Plaintiff Civil Rights, when she was detained and prosecuted and "seized" under a violation of her Constitutional Rights. As there was NO PROBABLE CAUSE NO PROBABLE CAUSE to detain and prosecute her for a crime THEY ALL KNEW she never committed.

6.      The Plaintiff is again submitting all her evidence to the Court besides this new evidence, so that this Court under the CONSTITUTION, will allow her a jury trial for damages.

7.      That therefore with this new EVIDENCE that Maloney was NEVER STANDING IN THE DOORWAY, that the Plaintiff NEVER PUSHED HIM, and THAT THERE WAS NO

EVIDENCE OF ANY INJURY, AND NO EVIDENCE OF A PROSECUTORIAL NATURE, the Plaintiff has supplied a ......................SUFFICIENCY OF HER PLEADINGS.

8.      That with this evidence before him the Judge cannot and will not refuse the Plaintiff her Constitutional right to damages under 1983, or he is TRESPASSING AGAINST THE LAW.   And must otherwise remove himself from this case.

9.      The United States Supreme Court stated :

"There is no requirement to show a favorable outcome in the criminal proceeding by he defendants, under the Fourth Amendment, except to show an .................'UNLAWFUL UNRESONABLE SEIZURE"

The violation of the Plaintiff's Fourth Amendment was a seizure in that it detained the Plaintiff during the entire course of a trial, and it took away her LIBERTY, as she was scarcely at liberty when she remained apprehended as long as she was bound to appear and henced "SEIZED" for trial, even when the State employed a Summons in lieu of a physcial arrest to secure her presence, see Albright v. Oliver, (1994). And it was UNREASONABLE in that ............"There was NO PROBABLE CAUSE to prosecute her as there was NO INJURY, and the Sheriff himself admitted he found no prosecutable evidence.

10.     In the case of Cocroft v. Smith, Cocroft was CONVICTED of the offense of resisting arrest, BUT was allowed damages for his UNLAWFUL ARREST.


Respectfully,

Josephine Amatucci

February 19, 2022

c.   Town of Wolfeboro, Belnap Sheriff's Dept.

*Josephine Amatucci*

3