

# State of New Hampshire

**DEPARTMENT OF SAFETY**
**DIVISION OF MOTOR VEHICLES**
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, NH 03305
Telephone: (603)227-4010 TDD Access Relay NH 7-1-1

Robert L. Quinn
Commissioner of Safety

Elizabeth A. Bielecki
Director of Motor Vehicles

JOSEPHINE AMATUCCI
PO BOX 272
WOLFEBORO FALLS, NH 038960272

| | |
|---|---|
| Notice Date: | 4/8/2022 |
| Date of Birth: | 9/27/1938 |
| Reference #: | NHI11884363 |
| Rescind Date: | 4/7/2022 2:45:33 PM |

## NOTICE OF RESCIND

The Division of Motor Vehicles has taken the following action with respect to the Suspension or Revocation Notice to you as dated above. **The items are proper notification of your present status:**

THE ACTION(S) TAKEN AGAINST YOUR LICENSE/OPERATING PRIVILEGE HAVE BEEN RESCINDED FOR CAC801457, NO FURTHER ACTION IS REQUIRED
THE ACTION(S) TAKEN AGAINST YOUR REGISTRATION PRIVILEGE HAVE BEEN RESCINDED FOR CAC801457, NO FURTHER ACTION IS REQUIRED

Director of Motor Vehicles



State of New Hampshire

DEPARTMENT OF SAFETY
DIVISION OF MOTOR VEHICLES
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, N.H. 03305
TELEPHONE: (603) 227-4000 • RELAY NH (7-1-1)

ROBERT L. QUINN
COMMISSIONER OF SAFETY

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

April 29, 2022

Josephine Amatucci
Po Box 272
Wolfeboro Falls NH 03896

Dear Sir/Madam,

The Division of Motor Vehicles has received information that gives the Director of Motor Vehicles reason to have your driving abilities evaluated.

In order for the Division of Motor Vehicles to evaluate your driving abilities, please appear for your examination at the following date and time:

| | |
|---|---|
| Appointment Date: | May 16,2022 |
| Appointment Time Knowledge Test | 1:30 PM |
| Appointment Time Road Test: | Schedule after Passing Knowledge Test |
| Appointment Location: | Tamworth 1864 White Mt Highway |

Please bring this letter to your appointment and please arrive 5 minutes prior to your appointment time. If you need to reschedule this appointment you must call us at 603-227-4000 do not reschedule your appointment online. **If you decide you would like to give up your right to drive, please mail in your driver license and a note stating that you wish to voluntarily give up driving.**

If you should have any further questions, please call (603) 227-4000.

Very truly yours,

Bureau of Driver Licensing





State of New Hampshire
DEPARTMENT OF SAFETY
DIVISION OF MOTOR VEHICLES
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, N.H. 03305
TELEPHONE: (603) 227-4000 • RELAY NH (7-1-1)

ROBERT L. QUINN
COMMISSIONER OF SAFETY

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

April 04, 2022

Josephine Amatucci
Po Box 272
Wolfeboro Falls NH 03896

Dear Sir/Madam,

The Division of Motor Vehicles has received information that gives the Director of Motor Vehicles reason to have your driving abilities evaluated.

In order for the Division of Motor Vehicles to evaluate your driving abilities, please appear for your examination at the following date and time:

| | |
|---|---|
| Appointment Date: | April 21,2022 |
| Appointment Time Knowledge Test | 12:50 PM |
| Appointment Time Road Test: | Schedule after Passing Knowledge Test |
| Appointment Location: | Tamworth 1864 White Mt Highway |

Please bring this letter to your appointment and please arrive 5 minutes prior to your appointment time. If you need to reschedule this appointment you must call us at 603-227-4000 do not reschedule your appointment online. **If you decide you would like to give up your right to drive, please mail in your driver license and a note stating that you wish to voluntarily give up driving.**

If you should have any further questions, please call (603) 227-4000.

Very truly yours,

Bureau of Driver Licensing

# State of New Hampshire

ROBERT L. QUINN
COMMISSIONER OF SAFETY

DEPARTMENT OF SAFETY
DIVISION OF MOTOR VEHICLES
JAMES H. HAYES SAFETY BUILDING
23 HAZEN DRIVE CONCORD NH 03305
TDD Access Relay NH 1-800-735-2964

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

## RED CARD REQUEST

Name: **Josephine Amatucci** of **Wolfeboro** DOB: **09/27/1938**

License # **NHL19257911**

Requested by: **NH State Police – Troop E**

Action Requested: **Re-Exam**

Notes:

Recommendation: Name: Date:

---

Disposition: Re-Exam

Director's Signature: [signature] Date: 3/15/22

NH-DMV-FR

DEC 29 2021

Tpr. Rae activated her emergency lights, turned around on Route 28, and stopped the vehicle at the southern edge of the 7-11 parking lot for violation of **RSA 265:30 - Failure to Yield Right of Way at a Stop Sign.** The vehicle was a 2012 Nissan Versa, bearing NH Registration 3672039. The operator was eventually identified as:

**Josephine AMATUCCI**
**DOB: 09/27/1938.**

As Tpr. Rae made contact with AMATUCCI, she immediately demanded to know why she was being stopped. Tpr. Rae explained she had almost caused a crash as she had neglected to stop at the stop sign and cut off the vehicle in front of me. AMATUCCI became irate and began yelling at Tpr. Rae, telling her there was no stop sign there. She said she has been trying to get a stop sign there for years, but no one would listen to her. Tpr. Rae continued to try to point out there was a stop sign there, but she refused to listen. When Tpr. Rae told AMATUCCI she had cut off the other vehicle, causing both operators to slam their brakes, she stated "obviously I did not" since she had quote not "caused an accident."

AMATUCCI initially would not hand over her license and registration. She continued trying to argue over the existence of the stop sign. After repeatedly asking for her license and registration, she finally handed Tpr. Rae both documents.

AMATUCCI was issued a citation for the above RSA. Tpr. Rae recommended AMATUCCI go check the stop sign so she would see it was in place. She refused, and then ignored Tpr. Rae when she tried to explain the citation. Tpr. Rae got back into her cruiser and cleared from the stop.

AMATUCCI wrote a letter to Ossipee District Court regarding the stop. In the letter she states she did stop at the stop sign, and she was the one who helped put the signs in place. She also states she would be "committing suicide" if she did not stop at the intersection. The letter directly contradicts her statements to Tpr. Rae during the motor vehicle stop.

On June 23rd, 2021 AMATUCCI failed to appear in court for the scheduled trial regarding the above offense. The judge made an administrative finding of guilty after hearing Tpr. Rae's offer of proof.

**Report for Trooper Mark Hensel**
**NH State Police – Troop E**

On June 3rd, 2021 at approximately 12:09 P.M Tpr. Hensel was traveling southbound on Route 16 in the town of Ossipee when he observed a vehicle traveling northbound stop in the lane of travel. (The vehicle and operator were later identified as AMATUCCI operating her Nissan Versa). After the Nissan stopped, it then pulled into the shoulder area and began initiating a U-Turn while there was both south and northbound traffic. This caused vehicles both north and southbound to stop as everyone was unsure what the vehicle was going to do. The Nissan then completed the U-turn, crossing the double yellow lines, and pulling over into the southbound shoulder. The vehicle in front of Tpr. Hensel continued south, maneuvering around the Nissan. Tpr. Hensel stopped and proceeded to make contact with AMATUCCI.

AMATUCCI was argumentative with Tpr. Hensel and did not believe she did anything wrong. She said she had turned around to pick berries or flowers along that side of the road. Tpr. Hensel issued AMATUCCI a citation for violation of **RSA 265:22 – Yellow/Solid Line.**



NH-DMV-FR
29 2021

**Trials with AMATUCCI**

On December 1st, 2021 Tpr. Hensel and Tpr. Rae each had a trial in Ossipee District Court with AMATUCCI in regards to the above citations. During both trials, AMATUCCI frequently demanded all charges be dropped. She believes she did nothing wrong, and the troopers were wrong to stop her. Judge Countway presided over the trials and continuously had to explain the court rules to AMATUCCI. AMATUCCI constantly talked over the judge, demanding she dismiss the charges. AMATUCCI could not be reasoned with and refused to accept her driving behavior is illegal and dangerous.

Judge Countway found AMATUCCI guilty of both violations. In regards to the violation of **RSA 265:30 - Failure to Yield Right of Way at a Stop Sign**, Judge Countway wrote in her ruling "The Court is also concerned that the Defendant argued that she had the right to operate as she did, since she arrived at the intersection first. The Court is concerned about the safety of other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from failing to stop and failing to yield to oncoming traffic in the manner described in this case."

In regards to the violation of **RSA 265:22 – Yellow/Solid Line**, Judge Countway wrote in her ruling "The Court is also troubled that the Defendant's argument was focused on her belief that her driving was legal. The Court is concerned about the safety of the other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from conducting U-turns in the manner described in this case."

**Report for Trooper Nikita Klimashov**
**NH State Police – Troop A**

On December 23rd, 2020, Tpr. Klimashov was on patrol in Portsmouth. Tpr. Klimashov was driving on Gosling Road when a blue Nissan Hatchback suddenly pulled out of a gas station parking lot, directly in front of his cruiser, causing him to brake suddenly. The vehicle proceeded to attempt to turn left, the wrong way down Gosling Road, which is separated by a raised concrete median. The driver only stopped once Tpr. Klimashov sounded his air horn. He conducted a traffic stop after the operator had turned and entered the roadway in the correct direction.

When Tpr. Klimashov contacted the driver, she had left her vehicle in drive and began to roll forward while he was standing at her window. The driver had to be asked to provide her license 4 times as she had refused the first 3 times. Tpr. Klimashov identified the driver as the above named AMATUCCI by her NH driver's license. AMATUCCI stated that pulling out in front of Tpr. Klimashov and turning the wrong way on a one-way road was "no big deal" because she had not actually caused an accident. Amatucci went on an incoherent rant about how she was a safe driver and that law enforcement had it out for her. She berated Tpr. Klimashov for several minutes for "wasting her time" and never acknowledged that her motor vehicle operation may have been unsafe.

**REQUEST FOR A MOTOR VEHICLE DRIVER RE-EXAMINATION:**

Based upon her above interactions with several troopers, it is believed that AMATUCCI's actions show a pattern of conduct that causes a concern for her ability to drive safely and obey traffic laws. AMATUCCI's erratic driving and disbelief she is committing any motor vehicle violations is concerning. She seems to believe as long as she did not cause a crash, she did nothing wrong. She appears unwilling to change her driving behavior, which is of upmost concern. There is also concern her mental health is declining and she is both mentally and physically unable to safely operate a motor vehicle. The State is

not unsympathetic to AMATUCCI being an elderly woman with possible declining health, but it needs to consider the safety of the entire motoring public over the individual.

I respectfully request AMATUCCI be required to undergo any examinations the Bureau of Hearings deems necessary to determine whether or not she can operate a motor vehicle without being a risk to the general public.

Thank you for your time and attention to this matter.

Respectfully Submitted,

Hawley Rae

Trooper Hawley Rae #1216
NH State Police Special Investigations Unit
139 Iron Works Road
Concord, NH 03301
Hawle_.l rae_ dos.nh_.ov
Dispatch (603) 223-4381
Cell: (603) 931-9005

NH-DMV-FR
DEC 29 2021

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

Carroll County — 3rd Circuit - District Division - Ossipee

## State v. JOSEPHINE AMATUCCI

**464-2021-CR-00559**

ORDER

The Court held a trial in the above captioned case on December 1, 2021. The State appeared through the State Trooper who issued the ticket in this matter and the Defendant appeared representing herself.

Trooper Hensel testified that he was traveling south bound on Route 16 in Ossipee, New Hampshire on a straight section of roadway. The road in that section contained two lanes of travel separated by a double yellow line. See Exhibits 1 and 2. The Court takes judicial notice that Route 16 is a way in the State of New Hampshire based upon the testimony of the Trooper. The Trooper was following another vehicle. The Trooper observed a car traveling north bound that stopped in its lane of travel. The Trooper testified that the car pulled over to the shoulder then conducted the first part of a "U-turn", stopping near the double yellow line, perpendicular to the lanes of travel. The Trooper observed that the vehicle in front of him, and he, slowed their vehicles to stop, not knowing what the car would do next. The car, which the Trooper ultimately determined was being operated by the Defendant, then continued to complete the U-turn, crossing the double yellow line and pulling over to the opposite shoulder. The car in front of the Trooper continued south, driving around the Defendant and the Trooper made contact with the Defendant and issued a ticket for violating RSA 265:22.

RSA 265:22 provides in general that a vehicle may not cross an unbroken painted line marking the driver's lane. The statute provides exceptions, as relevant to this case, for emergencies, "[t]o permit ingress or egress to side roads or property adjacent to the highway" and "[i]n case such driver has an unobstructed view and can see the end of the said unbroken painted line." RSA 265:22, I.

The Defendant vehemently argued that it was legal for her to cross the double yellow line. She essentially argued that since it is sometimes permissible to cross that line, it was also permissible for her to do so in the manner in which she made her U-turn. She stated that the Trooper had to drop the charge against her and implored the Court to do the same.

NOT REGARDING A DOUBLE LINE

The Court finds that the Trooper testified credibly and that the State has met its burden of proof with regard to the violation of RSA 265:22. The Court notes that the Trooper testified that the Defendant told him that she was turning around in order to pick some berries or flowers along the side of the road. Exhibits 1 and 2 show the lanes of travel from the north bound and south bound perspectives respectively. There are no side roads or driveways or entrances to adjacent property in that section of Route 16. There is no view of the end of the unbroken painted line. Thus the Court finds that none of the exceptions apply to this matter. The Court therefore finds the Defendant guilty. The statutory fine, according to the face of the ticket issued in this matter is $124. The Court suspends the fine, on

condition of one year of good behavior, which is defined as not committing a Felony, Misdemeanor or any Motor Vehicle violation.

The Court recognizes that the State likely would object to a suspended fine in this matter. The Court notes that the Defendant stated that she would not pay a fine in this matter, and she was unhappy that the Court was taking the matter under advisement. She indicated that she is over 80 years old and was clearly upset by these proceedings and the perception that the "process" would not be fair to her. The Court finds in the interest of justice that a suspended fine, on the conditions identified above will best promote the goals of sentencing in this matter.

The Court is also troubled that the Defendant's argument was focused on her belief that her driving was legal. The Court is concerned about the safety of other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from conducting U-turns in the manner described in this case.

So Ordered.

December 02, 2021
Date

Signature of Judge

Melissa Countway
Printed Name of Judge

days from the date of issuance DATE OF ISSUANCE **06/03/2021 AT 12:10 PM**

TO AVOID ANY ADDITIONAL ADMINISTRATIVE FEES OR REINSTATEMENT FEES SEE REVERSE SIDE FOR INSTRUCTIONS AND PENALTY INFORMATION.

DEPARTMENT OF SAFETY
FINANCIAL RESPONSIBILITY SECTION - DMV
PO BOX 3838, CONCORD NH 03305
603-227-4010 http://www.nh.gov/payticket

JUN 17 2021

RECEIVED JUN 30 2021

DOCKET #: 464-2021-CR-00559

You must come to the court listed at on to answer this complaint.

3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE
DISTRICT COURT

96 WATER VILLAGE ROAD, BOX 2
STREET

OSSIPEE | NH | 03864
TOWN/CITY | STATE | ZIP CODE

THE UNDERSIGNED COMPLAINS THAT THE DEFENDANT: (Please Print)

AMATUCCI (LAST NAME) JOSEPHINE (FIRST NAME) (MIDDLE NAME)

350 GOV WENTWORTH HWY (ADDRESS) WOLFEBORO (CITY) NH (STATE) 03894 (ZIP CODE)

DOB 09 (MO) 27 (DAY) 1938 (YR) NHL19257911 (OP LICENSE #) NH (STATE) D (CLASS)

F (SEX) (RACE) 64 (HEIGHT) 165 lbs (WEIGHT) BRO (COLOR EYES) BRO (COLOR HAIR)

LICENSE PRESENTED: ☒ YES ☐ NO

IN THE 3RD DAY OF JUNE YR 2021 AT 12:09 PM

DID OPERATE M.V. REGISTRATION # 3672039 PLATE TYPE PASS STATE NH

MAKE NISS YR 2012 TYPE VERSA

☐ COMMERCIAL VEHICLE ☐ HAZMAT ☐ 16+ PASSENGER

AT LOCATION: OSSIPEE GPS N43 44.19055' W71 07.7718:

CHARGE ID: 1872657C

upon a certain public highway to wit - NH-16 / ROUTE 16

☐ at a speed greater than was reasonable and prudent under the conditions prevailing, to wit, at a rate of ___ m.p.h the prima facia lawful speed at the time and place of violation being ___ m.p.h.
Contrary to RSA 265:60 ☐ Radar ☐ Aircraft ☐ Clocked ☐ Laser

☐ traveling at a rate of ___ m.p.h., the same being in excess of the maximum lawful speed limit of ___ m.p.h.

☐ did fail and neglect to stop the said vehicle for a certain:
- ☐ stop sign (contrary to RSA 265:31)
- ☐ traffic light (contrary to RSA 265:9) before entering intersection of:

☐ did fail and neglect to have the said vehicle inspected in accordance with the regulation of the Director of Motor Vehicles. Contrary to RSA 266:5.

☐ did fail and neglect to have said vehicle registered in accordinace with law. Contrary to RSA 261:40.

☒ other: YELLOW/SOLID LINE VIOLATION

Contrary to RSA: 265:22 Against the peace and dignity of the State.

MAKING A FALSE STATEMENT ON THIS COMPLAINT MAY RESULT IN CRIMINAL PROSECUTION (RSA 592-A:7, II)

NHSP-E (Department) TR. M. HENSEL (Complainant) [signature] (Complainant Signature) 1252 (Badge Number)

☒ SERVED IN HAND

FINE FROM SCHEDULE $ 124.00

YOU MUST COMPLETE THE REVERSE SIDE OF THIS FORM
SEE REVERSE FOR INSTRUCTION AND PENALTY INFORMATION.

DOS/COURT DS No 21-885-492587 DSMV 428E (REV 09/01/2017)

---

☐ Negotiated Plea after trial 12/1/2021

FINDING: ☒ Guilty ☐ Not Guilty ☐ Dismissed

☐ Waiver of Counsel and Rights Acknowledged

☐ Appearance of ___ for the defendant

☐ Nolle Prossed by ___ on ___ DATE

Continued from ___ to ___ by ___

Continued from ___ to ___ by ___

SENTENCE:

☒ Fine of $ 100 amount suspended $ ___ P.A. $ 24 Total $ 124
(amount suspended on conditions stated below)

☐ Time Payment:

☐ Ordered ☐ Recommended defendant's license (privileges) to operate a motor vehicle be:

☐ suspended ☐ revoked for a period of ___ ☐ License Forwarded

☐ Defendant placed on probation for a period of

☐ Case continued for sentence ☐ Complaint placed on file ☐ with ☐ without finding

(This disposition may not apply to CDL operators or commercial vehicle offenses)

☐ Other

DEFAULT:

Fine $ ___ P.A. $ ___ Admin. Fee ☐ imposed $ ___ ☐ waived Total $

Defendant failed to ☐ appear on ___ DATE ☐ pay on ___ DATE

☐ Bench Warrant Ordered ___ (date) issued ___ (dat

☐ for ☐ non-appearance ☐ non-payment

☐ Bail to be determined by Bail Commissioner $

☐ Bail set by Court $ ___ PR / CASH / SURETY

☐ Other

☐ Recommended license suspension Justice Signature

APPEAL:

☐ To Superior Court (De Novo trials only): ___ The Defendant appeals

☐ To Superior Court: To be perfected within 30 days or sentence will be invoked.

Default Date

12/2/2021
Conviction Date

Justice Signature
[signature]
Justice Signature
Melissa B. Countway, Judge

Original abstract forwarded ___ (date)

Ⓧ suspended - see narrative order

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

3rd Circuit - District Division - Ossipee
96 Water Village Rd., Box 2
Ossipee NH 03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF HEARING

FILE COPY

Case Name: **State v. JOSEPHINE AMATUCCI**
Case Number: **464-2021-CR-00559**

The above referenced case(s) has/have been scheduled for:
**Trial**

| Charge ID | Statute | Description |
|---|---|---|
| 1872657C | 265:22 | Yellow/Solid Line Violation |

IT WAS A DOUBLE Yellow

**Date: December 01, 2021** **96 Water Village Rd., Box 2**
**Time: 1:30 PM** **Ossipee NH 03864**
**Time Allotted: 1 Hour**

If you are unable to appear at this scheduled hearing, you must request a continuance from the Court in writing at least 10 days in advance of the hearing date. You must also send a copy of the request to the opposing party, unless restricted from doing so. Motions to continue filed fewer than 10 days in advance of hearing will only be granted if the Court finds that an emergency or exceptional circumstance exists. You must appear on the scheduled date unless you receive notification from the Court that a request to continue the hearing has been granted. **FAILURE TO APPEAR OR PROPERLY OBTAIN A CONTINUANCE FROM THE COURT MAY RESULT IN AN ORDER FOR YOUR ARREST.**

When a person pleads guilty/nolo or is convicted after trial, the court expects all fines imposed to be paid in full on the date of the hearing.

**NOTICE OF APPELLATE RIGHTS**

A person convicted of a violation level offense or a class B misdemeanor has the right to appeal the decision of the District Division by filing an appeal with the New Hampshire Supreme Court. This appeal is only on questions of law which means that the Supreme Court will not consider questions of fact already decided by the District Division. With limited exceptions, the person convicted has 30 days from the date of sentencing to file an appeal with the Supreme Court.

A person convicted of a class A misdemeanor has the right to appeal the decision of the District Division to the Superior Court and to have a trial by jury. The person convicted must notify the District Division of the intent to appeal within 72 hours of sentencing.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11, V in a courtroom or area used by a court.

July 06, 2021

Elaine J. Lowe
Clerk of Court

C: MARK HENSEL; NH State Police - Troop E; JOSEPHINE AMATUCCI





Case 1:18-mc-00038-JL Document 48-1 Filed 05/20/22 Page 13 of 34

Go to previous versions of this Section

# 2019 New Hampshire Revised Statutes Title XXI - Motor Vehicles Chapter 263 - Drivers' Licenses Section 263:7 - Reexamination.

**Universal Citation:** NH Rev Stat § 263:7 (2019)

**263:7 Reexamination. –**

I. The director may require with cause any person holding a license to drive motor vehicles or applying for reissue of such license to pass such examination as to the person's qualifications as the director shall prescribe. Such reexamination may include an examination for visual acuity as prescribed by the director. All license examinations shall be conducted by department of safety personnel. No license shall be reissued to such person or continued in effect until the director is satisfied as to such person's fitness to drive a motor vehicle. The age of the license holder shall not constitute cause for reexamination under this section.

II. The director may waive reexamination requirements for a driver who previously held a valid commercial driver license and subsequently had that commercial privilege become inactive as a result of the expiration of his or her medical certification and then obtains a valid medical certification within 24 months of entering the inactive status.

**Source.** RSA 261:3-a. 1955, 294:1. 1957, 25:1. 1963, 271:1. 1967, 376:2. 1981, 146:1. 1999, 290:2. 2011, 79:1, eff. July 15, 2011. 2014, 35:1, eff. July 26, 2014.

**Disclaimer:** These codes may not be the most recent version. New Hampshire may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or

**3rd Circuit Court** **Ossipee District Division**

**State v. ~~Korbin Tinker~~** Josephine Amatucci
**Docket # 464-2020-CR-[redacted]** 270

The Court held ~~a telephonic status~~ an in-person pre-trial hearing on April 28, 2021.

X The State appeared.

X The Defendant appeared. __The Defendant failed to appear.

__ Counsel for the Defendant appeared.

**The Matter shall be:**

__ Scheduled for a further status/plea hearing.

X Scheduled for trial. - 1- hour

**Other:** The Court will view the area of the alleged violation.

April 28, 2021
Date

[signature]
Judge Melissa B. Countway

5586

RECEIVED
JAN 18 2022
OSSIPEE
DISTRICT DIVISION

THE STATE OF NEW HAMPSHIRE

3RD CIRCUIT-DISTRICT DIVISION-OSSIPEE

State

v.

Josephine Amatucci

Case 464-2021-CR-00559

RESPONSE TO COURTS ORDER

DATED 1/4/2022

1. The Court denied the Defendant a Hearing regarding a traffic violation and mentioned that the Defendant may pursue her appellate rights.

2. However, before the Defendant can file any appeal, Melissa Countway must make it clear to the Defendant that New Hampshire law does not allow U-Turns across a double solid yellow line, as the Defendant was making a U-Turn across a double yellow solid line.

3. It is the duty of Ms. Countway to respond to this request, if she believes there was a violation of New Hampshire law. As the Defendant cannot appeal unless this question is answered by Ms. Countway

Resectfully,

1/28/22 The Court respectfully found Ms. Amatucci guilty of the alleged offense and suspended the fine in the interests of justice.

MCount
MELISSA B. COUNTWAY

5550

THE STATE OF NEW HAMPSHIRE

CARROLL COUNTY DISTRICT COURT

STATE

v.

Josephine Amatucci 464-2021-CR-00559

A MOTION FOR A HEARING

DEFENDANT IS REQUESTING A HEARING

BASED ON A FRAUDULENT MISREPRESENTATION

OF FACTS BY THE JUDGE

1. The defendant is requesting her right to a hearing as the judge twisted the entire facts of the case, and instead of just addressing what the defendant was being charged, by the officer. that ..... "she did not have a legal right to turn around to the opposite direction of the road...... ON A DOUBLE YELLOW" This is the only fact this case is all about.

2. However, the judge fraudulently based this case under RSA 265:22 which states:

"a vehicle may not drive to the left of or across an unbroken painted line marked on the way ".

3. HELLOOOOOOOOOOO I was cited for turning my car around in the opposite direction ON A DOUBLE YELLOW. When the police officer stated I had NO LEGAL RIGHT TO TURN ON A DOUBLE YELLOW. I did not drive to the left of or across an unbroken painted line, I drove AROUND a double yellow to the opposite direction. Which the police officer admitted was legal under the law. So I was INNOCENT.

4. And at the trial he admitted Ihe made a mistake and that I had a legal right to turn

around in the opposite direction on a DOUBLE YELLOW.

5. The judge misrepresented the facts of the case, to make the officer look innocent by misrepresenting the facts of the case by citing the case under RSA 265:22.

6. And because the defendant had a legal right to make a turn on a double yelllow GUESS WHAT.......SHE IS INNOCENT.

7. Fraud is never final, therefore the defendant is asking for a HEARING where she will be found.......... NOT GUILTY.

9. We need transcribing or a recording in all cases that concern police, because the judges in a continuing course of conduct have a procedure where police are continually given some kind of immunity ...........UNDER FRAUD.

10. There is no fine, there is NO VIOLATION, he defendant is 100 percent innocent and the court is going to find her innocent.

11. There is NO SUSPENSION, because there is NO GUILT.

12. That this case should only have been litigated as to whether the defendant had a legal right to turn around to the other opposite lane on a double yellow. Which has nothing to do with RSA 265:22.

13. It is the police officer who is the one who will be given one year of good behavior, Trooper Hensel.

14. I insist on ACCOUNTABILITY.

Respectfully,

Josephine Amatucci

c. Trooper Hensel

December 9, 2021

April 4, 2022

NH DMV · FR OP
APR 07 2022

To: John Marasco

From: Josephine Amatucci

Under the Right To Know Line I am Demanding That you Describe To me under Oath why you are having me Re-Examed and ordering a Road Test.

People do not get Road Tests for a Violation Level Traffic Violation.

Therefore the Reason cannot be because I was <u>Accused</u> (not Guilty) of a Violation.

Therefore Please State under my 1st & 4th & 14th Amendment Right under Due Process

why you are ordering a Road Test.

I am waiting in the Lobby

Josephine Amatucci



Menu

Log In (/login.html?origin_page=%2F) (/)

# New Hampshire

New Hampshire (/dmv/new-hampshire/) / Rules of the Road and How to Pass THE TEST

MENU

# U-Turns

◂ BACK (center-left-turn-lanes.html) NEXT ▸ (end-of-lane-markings.html)

U-turns are sometimes legal, sometimes illegal. What's that you say? You'd like to be able to tell the difference? This must be your lucky day.

You may legally make a U-turn:

1. Across a double yellow line, as long as it is safe and there are no signs prohibiting it. No doing that across a triple yellow line, though. Those are pretty rare (non-existent), but now you know.

2. In a residential area, as long as no oncoming traffic is within 200 feet or there is a traffic signal protecting you from oncoming traffic.

3. At most intersections, as long as there's not a "No U-turn" sign. Make sure you still wait for that green light though. If you'll recall, that means "go."

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

3rd Circuit - District Division - Ossipee
96 Water Village Rd., Box 2
Ossipee NH 03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**JOSEPHINE AMATUCCI**
**PO BOX 272**
**WOLFEBORO FALLS NH 03896**

Case Name: **State v. JOSEPHINE AMATUCCI**
Case Number: **464-2020-CR-00270**

Enclosed please find a copy of the Court's Order dated December 02, 2021 relative to:

**Order on December 1, 2021 Trial**

December 06, 2021

Elaine J. Lowe
Clerk of Court

(138)
C: HAWLEY RAE; Mark Hensel; NH State Police - Troop E

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

Carroll County

3rd Circuit - District Division - Ossipee

## State v. JOSEPHINE AMATUCCI

**464-2020-CR-00270**

ORDER

The Court held a trial in the above captioned case on December 1, 2021. The State appeared through the State Trooper who issued the ticket in this matter and the Defendant appeared representing herself.

Trooper Rae testified that she was traveling north bound on Route 28 in Wolfeboro, New Hampshire approaching the intersection of Route 109. The Court took judicial notice that both Route 28 and Route 109 are ways in the State of New Hampshire. The Trooper was following another vehicle. The Trooper observed a car approaching Route 28 from Route 109, which she ultimately determined was being operated by the Defendant who was also identified as the person contesting this case in Court. The Trooper observed that the Defendant's vehicle did not stop at the stop sign and that she accelerated, making a left turn from Route 109 to Route 28. The Trooper observed that the vehicle in front of her had to "slam on its brakes" to avoid hitting the Defendant. The Trooper had slowed down, since she could see what was happening. The Trooper made contact with the Defendant and issued a ticket for violating RSA 265:30.

RSA 265:30 provides in part "...every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop ... and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection."

The Defendant passionately argued that the Trooper had to drop this charge against her. She implored the Court to do so as well. She argued that the first vehicle to an intersection has the right of way. She argued that since she was the first vehicle in the intersection, that she had the right to proceed. She also argued that the Trooper could not have observed the stop sign from her vantage point due to her distance away and "tall grass." During a prior Court appearance, the Defendant requested that the Court observe the intersection, and the Court notes that it is familiar with this intersection.

The Court finds that the Trooper testified credibly and that the State has met its burden of proof with regard to the violation of RSA 265:30. In particular, the Court finds that the Defendant did not stop before entering the intersection, and that she did not yield to oncoming traffic as required by RSA 265:30. The Court therefore finds the Defendant guilty. The statutory fine, according to the face of the ticket issued in this matter is $62. The Court suspends the fine, on condition of one year of good behavior, which is defined as not committing a Felony, Misdemeanor or <u>any</u> Motor Vehicle violation.

The Court recognizes that the State likely would object to a suspended fine in this matter.  The Court notes that the Defendant stated that she would not pay a fine in this matter and demanded that the case be dropped.  The Defendant seemed upset by these proceedings and the perception that the "process" would not be fair to her.  The Court finds in the interest of justice that a suspended fine, on the conditions identified above will best promote the goals of sentencing in this matter.

The Court is also concerned that the Defendant argued that she had the right to operate as she did, since she had arrived at the intersection first.  The Court is concerned about the safety of other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from failing to stop and failing to yield to oncoming traffic in the manner described in this case.

Finally, the Court clarifies that the Complaint in this matter had been marked previously by the undersigned to reflect a Nolo Plea.  This was whited-out when the Defendant changed her mind during the plea colloquy on April 28, 2021.  Next the matter was scheduled for June 23, 2021, and the Court entered an Admin. finding of guilty when the Defendant failed to appear.  At that time, the Court imposed the statutory fine of $62.  The Defendant filed a Motion to Vacate which the Court granted on July 1, 2021.  The Court did not consider any of these procedural history issues in reaching its verdict after the trial on December 1, 2021.  Furthermore, the Court now, marks the complaint to cross-reference this narrative order.

So Ordered.

December 02, 2021
Date

Signature of Judge

Melissa Countway
Printed Name of Judge

DOCKET #: 464-2020-CR-00270 CHARGE ID: 1729147C

COMPLAINT (VIOLATION ONLY)

☒ You DO NOT have to come to court. You MUST answer this complaint to the Department of Safety within (30) days from the date of issuance. DATE OF ISSUANCE: 02/26/2020 AT 02:36 PM

TO AVOID ANY ADDITIONAL ADMINISTRATIVE FEES OR REINSTATMENT FEES SEE REVERSE SIDE FOR INSTRUCTIONS AND PENALTY INFORMATION.

DEPARTMENT OF SAFETY
FINANCIAL RESPONSIBILITY SECTION - PBM
PO BOX 3838, CONCORD NH 03305
603-227-4010 http://www.nh.gov/payticket

You must come to the court listed at on to answer this complaint.
3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE
DISTRICT COURT
96 WATER VILLAGE ROAD, BOX 2
STREET
OSSIPEE NH 03864
TOWN/CITY STATE ZIP CODE

DOCKET #: 464-2020-CR-00270

THE UNDERSIGNED COMPLAINS THAT THE DEFENDANT: (Please Print)

AMATUCCI JOSEPHINE
LAST NAME FIRST NAME MIDDLE NAME

PO BOX 272 WOLFEBORO FALLS NH 03896
ADDRESS CITY STATE ZIP CODE

09 27 1938 NHL19257911 NH D
DOB MO DAY YR. OP LICENSE # STATE CLASS

F 64 BRO
SEX RACE HEIGHT WEIGHT COLOR EYES COLOR HAIR

LICENSE PRESENTED: ☒ YES ☐ NO

ON THE 26TH DAY OF FEBRUARY YR 2020 AT 02:33 PM

DID OPERATE M.V. REGISTRATION # 3672039 PLATE TYPE PASS STATE NH

MAKE NISS YR 2012 TYPE VERSA

☐ COMMERCIAL VEHICLE ☐ HAZMAT ☐ 16+ PASSENGER

AT LOCATION: WOLFEBORO GPS N43 37.12731' W71 10.3336

CHARGE ID: 1729147C

Upon a certain public highway to wit - 28 S

☐ at a speed greater than was reasonable and prudent under the conditions prevailing, to wit, at a rate of ____ m.p.h the prima facia lawful speed at the time and place of violation being ____ m.p.h.

Contrary to RSA 265:60 ☐ Radar ☐ Aircraft ☐ Clocked ☐ Laser

☐ traveling at a rate of ____ m.p.h., the same being in excess of the maximum lawful speed limit of ____ m.p.h.

did fail and neglect to stop the said vehicle for a certain:

☐ stop sign (contrary to RSA 265:31)

☐ traffic light (contrary to RSA 265:9) before entering intersection of:

☐ did fail and neglect to have the said vehicle inspected in accordance with the regulation of the Director of Motor Vehicles. Contrary to RSA 266:5.

☐ did fail and neglect to have said vehicle registered in accordance with law. Contrary to RSA 261:40.

☒ other: FAILURE TO YIELD RIGHT OF WAY AT STOP OR YIELD SIGN (1ST OFFENSE)

Contrary to RSA: 265:30 Against the peace and dignity of the State.

MAKING A FALSE STATEMENT ON THIS COMPLAINT MAY RESULT IN CRIMINAL PROSECUTION (RSA 592-A:7, I)

NHSP-E TR. H. RAE [signature] 1216
Department Complainant Complainant Signature Badge Number

☒ SERVED IN HAND

FINE FROM SCHEDULE $ 62.00

YOU MUST COMPLETE THE REVERSE SIDE OF THIS FORM
SEE REVERSE FOR INSTRUCTION AND PENALTY INFORMATION.

DOS/COURT DS No 20-885-392869 DSMV 428E (REV 09/01/2017)

PLEA: ☐ Guilty ☐ Not Guilty ☐ Nolo Contendere
☐ Change of Plea ☐ Not Guilty to Guilty ☐ Not Guilty to Nolo
☐ Negotiated Plea vacated 7/1/21

FINDING: ☒ ~~Admin~~ Guilty ☐ Not Guilty ☐ Dismissed

Guilty after trial 12/1/2021 MC

☐ Waiver of Counsel and Rights Acknowledged
☐ Appearance of ____ for the defendant
☐ Nolle Prossed by ____ on ____ DATE

Continued from ____ to ____ by ____
Continued from ____ to ____ by ____

SENTENCE:
☒ Fine of $ 50 amount suspended $ ____ P.A. $ 12 Total $ 62 (*)
(amount suspended on conditions stated below)

(*) fine is suspended 12/2/21

☐ Time Payment
☐ Ordered ☐ Recommended defendant's license (privileges) to operate a motor vehicle be:
☐ suspended ☐ revoked for a period of ____ ☐ License Forwarded
☐ Defendant placed on probation for a period of ____
☐ Case continued for sentence ☐ Complaint placed on file ☐ with ☐ without finding
(This disposition may not apply to CDL operators or commercial vehicle offenses)
☐ Other

Prior negotiated plea was not entered on 4/28/21 after the Defendant changed her mind. Trial was scheduled on 6/23/21. The State appeared + Defendant did not. Admin Finding of Guilt entered after offer of proof.

DEFAULT:
Fine $ ____ P.A. $ ____ Admin. Fee ☐ imposed $ ____ ☐ waived Total $ ____
Defendant failed to ☒ appear on 6/23/21 DATE ☐ pay on ____ DATE
☐ Bench Warrant Ordered ____ (date) issued ____ (date)
☐ for ☐ non-appearance ☐ non-payment
☐ Bail to be determined by Bail Commissioner $ ____
☐ Bail set by Court $ ____ PR / CASH / SURETY
☐ Other

Justice Signature

☐ Recommended license suspension

APPEAL:
☐ To Superior Court (De Novo trials only): ____ The Defendant appeals.
☐ To Superior Court: To be perfected within 30 days or sentence will be invoked.

Default Date Justice Signature

~~6/23/2021~~ MC [signature]
Conviction Date Justice Signature
vacated 7/1/21 Melissa B. Countway, Judge

Original abstract forwarded ____ (date)

(*) see narrative 12/2/2021 [signature]
Melissa B. Countway, Judge





# State of New Hampshire

DEPARTMENT OF SAFETY
DIVISION OF MOTOR VEHICLES
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, N.H. 03305
TELEPHONE: (603) 227-4000 • RELAY NH (7-1-1)

ROBERT L. QUINN
COMMISSIONER OF SAFETY

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

May 06, 2022

ATTENTION: I will not have to Appear unless under the LAW. What LEGAL RIGHT does the Dept. of Safety have to Take Away my Liberty. What am I Being Ordered... of that the Dept. has a LEGAL RIGHT to order me to be retested.

You don't get Re-Tested for a Traffic Violation. You don't get Re-Tested because of your Age in New Hampshire. Please Respond to file any Legal Right to Discriminate Against me

Josephine Amatucci
Po Box 272
Wolfeboro Falls NH 03896

Dear Sir/Madam.

The Division of Motor Vehicles has received information that gives the Director of Motor Vehicles reason to have your driving abilities evaluated.

In order for the Division of Motor Vehicles to evaluate your driving abilities, please appear for your examination at the following date and time:

| | |
|---|---|
| Appointment Date: | May 27,2022 |
| Appointment Time Knowledge Test | 1:30 PM |
| Appointment Time Road Test: | Schedule after Passing Knowledge Test |
| Appointment Location: | Tamworth 1864 White Mt Highway |

Please bring this letter to your appointment and please arrive 5 minutes prior to your appointment time. If you need to reschedule this appointment you must call us at 603-227-4000 do not reschedule your appointment online. **If you decide you would like to give up your right to drive, please mail in your driver license and a note stating that you wish to voluntarily give up driving.**

If you should have any further questions, please call (603) 227-4000.

Very truly yours,

Bureau of Driver Licensing





State of New Hampshire
DEPARTMENT OF SAFETY
DIVISION OF MOTOR VEHICLES
STEPHEN E. MERRILL BUILDING
23 HAZEN DRIVE, CONCORD, N.H. 03305
TELEPHONE: (603) 227-4000 • RELAY NH (7-1-1)

ROBERT L. QUINN
COMMISSIONER OF SAFETY

ELIZABETH A. BIELECKI
DIRECTOR OF MOTOR VEHICLES

May 06, 2022

Josephine Amatucci
Po Box 272
Wolfeboro Falls NH 03896

Dear Sir/Madam,

The Division of Motor Vehicles has received information that gives the Director of Motor Vehicles reason to have your driving abilities evaluated.

In order for the Division of Motor Vehicles to evaluate your driving abilities, please appear for your examination at the following date and time:

| | |
|---|---|
| Appointment Date: | May 27,2022 |
| Appointment Time Knowledge Test | 1:30 PM |
| Appointment Time Road Test: | Schedule after Passing Knowledge Test |
| Appointment Location: | Tamworth 1864 White Mt Highway |

Please bring this letter to your appointment and please arrive 5 minutes prior to your appointment time. If you need to reschedule this appointment you must call us at 603-227-4000 do not reschedule your appointment online. **If you decide you would like to give up your right to drive, please mail in your driver license and a note stating that you wish to voluntarily give up driving.**

If you should have any further questions, please call (603) 227-4000.

Very truly yours,

Bureau of Driver Licensing

Case 1:18-cv-00038-JL Document 48-1 Filed 05/20/22 Page 26 of 34

# TITLE XXI
# MOTOR VEHICLES

## CHAPTER 265
## RULES OF THE ROAD

## Overtaking and Passing, Highway Markings, Right of Way

### Section 265:22

**265:22 Highway Markings. –**
I. The commissioner of transportation and, subject to his approval, selectmen of any town or board of mayor and aldermen or group having similar powers in any city, having control of any highway may order such marking of ways, by painted lines, as is deemed necessary to the safe and efficient use of any such way. In ordering or approving such marking the commissioner of transportation insofar as is practicable shall conform to nationally accepted standards and any marking of the way by painted lines shall prima facie be deemed to be approved or ordered by the commissioner of transportation. When the single center line highway marking method is used, no driver of a vehicle shall, while proceeding along a way, drive any part of such vehicle to the left of or across an unbroken painted line marked on the way by order of or with the approval of the said commissioner, except as herein otherwise provided and when the barrier line highway marking system is employed, no driver of a vehicle shall, while proceeding along a way, drive any part of such vehicle to the left of or across an unbroken painted line marked on the way in such driver's lane by order of or with the approval of said commissioner except:
(a) In an emergency; or
(b) To permit ingress or egress to side roads or property adjacent to the highway; or
(c) In case such driver has an unobstructed view and can see the end of the said unbroken painted line; or
(d) In order to pass a pedestrian, a motorized wheelchair, a mobility scooter or device, or a device moved by human power, including a bicycle, skateboard, or foot-scooter, provided such movement can be made safely; or
(e) In order to comply with RSA 265:37-a, I.
II. The fine for a violation of this section shall be $100.

**Source.** RSA 262-A:21. 1963, 330:1. 1981, 146:1. 2004, 257:33. 2005, 177:46, eff. July 1, 2005. 2018, 46:1, eff. July 14, 2018. 2021, 128:1, 2, eff. Sept. 21, 2021.

Case 1:18-mc-00038-JL Document 48-1 Filed 05/20/22 Page 27 of 34

Bluebeam®

Download Your Free Trial Now

Open

Bluebeam

Campbell v. Walker, 78 Atl. 601, 603, 2 Boyce (Del.) 41. "The owner of an automobile has the same right as the owner of other vehicles to use the highway,* * * A traveler on foot has the same right to the use of the public highways as an automobile or any other vehicle."

Simeone v. Lindsay, 65 Atl. 778, 779; Hannigan v. Wright, 63 Atl. 234, 236. "The RIGHT of the citizen to DRIVE on the public street with freedom from police interference, unless he is engaged in suspicious conduct associated in some manner with criminality is a FUNDAMENTAL CONSTITUTIONAL RIGHT which must be protected by the courts." People v. Horton 14 Cal. App. 3rd 667 (1971) "The right to make use of an automobile as a vehicle of travel long the highways of the state, is no longer an open question. The owners thereof have the same rights in the roads and streets as the drivers of horses or those riding a bicycle or traveling in some other vehicle."

House v. Cramer, 112 N.W. 3; 134 Iowa 374; Farnsworth v. Tampa Electric Co. 57 So. 233, 237, 62 Fla. 166. "The automobile may be used with safety to others users of the highway, and in its proper use upon the highways there is an equal right with the users of other vehicles properly upon the highways. The law recognizes such right of use upon general principles.

Brinkman v Pacholike, 84 N.E. 762, 764, 41 Ind. App. 662, 666. "The law does not denounce motor carriages, as such, on public ways. They have an equal right with other vehicles in common use to occupy the streets and roads. It is improper to say that the driver of the horse has rights





Case 1:18-mc-00038-JL Document 48-1 Filed 05/20/22 Page 28 of 34

ARE

BLOG ABOUT LUKE UNCENSORED MEMBERS AST TEH CMU DONATE

STORE CONTACT

# U.S. SUPREME COURT SAYS NO LICENSE NECESSARY TO DRIVE AUTOMOBILE ON PUBLIC ROADS

Posted by Jeffrey Phillips | Jul 21, 2015 |

## U.S. SUPREME COURT AND OTHER HIGH COURT CITATIONS PROVING THAT NO LICENSE IS NECESSARY FOR NORMAL USE OF AN AUTOMOBILE ON COMMON WAYS

JOIN WE ARE CHANGE!

YOUR EMAIL

SUBSCRIBE

FOLLOW US

Facebook 586k Follow
Twitter 293k Followers
YouTube 784k Follow
Instagram 103k Follow

POST ARCHIVE

Select Month

BLOG CATEGORIES

Select Category



Robert L. Quinn
Commissioner of Safety

# State of New Hampshire

Department of Safety
Division of Motor Vehicles
23 Hazen Drive, Concord, NH 03305
Telephone: (603) 227-4050 Relay NH 7-1-1

Elizabeth A. Bielecki
Director of Motor Vehicles

## REQUEST FOR ADMINISTRATIVE ACTION

***For Law Enforcement Use Only***

NH-DMV-FR
DEC 29 2021

To: Director of Motor Vehicles
Stephen E. Merrill Building
23 Hazen Drive
Concord, NH 03305
Email: dos.dmv.admin@dos.nh.gov
Fax: 603-271-7800

Agency: New Hampshire State Police - Troop E
PO Box 235
West Ossipee, NH 03890
(603) 323-3333

Date: 12/29/2021

RE: Operator Name: Josephine Amatucci    DOB: 09/27/1938
Address: 350 Gov Wentworth Hwy
Wolfeboro, NH 03894
License Number: NHL19257911    State: NH

**The above individual was involved in the following:**

- [ ] Motor Vehicle Accident with Fatality
- [x] Improper Driving / Incompetency
- [ ] False Statement on License
- [ ] Other:
- [ ] Motor Vehicle Accident with Serious Injury
- [ ] Medical Reasons
- [ ] False Statement on Registration

**Requested Action (choose one):**

- [x] Motor Vehicle Driver Re-Examination
- [ ] Motor Vehicle Hearing
- [ ] Immediate Suspension
- [ ] Other (describe):

**BASIS FOR ACTION (supporting documentation for this incident or accident must be attached):**

*PLEASE SEE ATTACHED REPORT*

**Arrested:** [ ] YES [x] NO **Summoned:** [x] YES [ ] NO **Charge:** RSA 265:30 (Failure to Stop/Yield)

[signature]
Officer's (Requestor) Signature

Trooper Hawley L. Rae #1216
Officer's Name (print/type)

Approving Official's Signature

12/29/2021
Date

DSMV 384 (Rev 01-20)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

10th Circuit - District Division - Portsmouth
111 Parrott Ave.
Portsmouth NH 03801-4402

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF CLEARED DEFAULT

**JOSEPHINE AMATUCCI**
**PO BOX 272**
**WOLFEBORO FALLS NH 03896**

Case Name: **State v. JOSEPHINE AMATUCCI**
Case Number: **470-2021-CR-00003**

| Charge ID: | RSA: | Violation Date: | Offense: |
| --- | --- | --- | --- |
| 1819831C | 265:23 | 12/23/2020 | Failure to Keep Right - Rotary |

The default was cleared with the court on April 07, 2022 and the Administrative Fee was paid.

INSTRUCTIONS TO THE DEFENDANT:

If you present yourself to the Division of Motor Vehicles prior to the suspension date, a restoration fee will not be imposed. If the suspension date has already passed you must pay the $100.00 restoration fee to restore your driving privileges to the Division of Motor Vehicles.

**New Hampshire Division of Motor Vehicles**
**Bureau of Financial Responsibility**
**23 Hazen Drive, Concord, NH 03305**
**Telephone: 603-227-4010**

**WARNING**: YOU SHALL NOT OPERATE A MOTOR VEHICLE IF THE SUSPENSION DATE HAS PASSED UNTIL YOUR LICENSE HAS BEEN RESTORED IN WRITING BY THE DIVISION OF MOTOR VEHICLES.

April 07, 2022

Tracy L. Meyer
Clerk of Court

(4701142)

Case is now Closed



# State of New Hampshire

DEPARTMENT OF SAFETY

Robert L. Quinn, Commissioner of Safety

***Division of State Police***

James H. Hayes Safety Building, 33 Hazen Drive, Concord, NH 03305

Colonel Nathan A. Noyes
*Director*

**DATE:** December 29th, 2021

**TO:** Bureau of Hearings

**FROM:** Trooper Hawley Rae
New Hampshire Department Safety
Division of State Police – Troop E

NH-DMV-FR
DEC 29 2021

**SUBJECT:** Request for Administrative Action

**NAME:** Josephine Amatucci
**ADDRESS:** 350 Governor Wentworth Hwy
Wolfeboro, NH 03896
**DOB:** 09/27/1938

**NH License #:** NHL19257911

**BASIS FOR ACTION:**

**Report for Trooper Hawley Rae #1216**
**NH State Police – Troop E**

On February 26th, 2020 at approximately 2:33 P.M Tpr. Rae was traveling northbound on Route 28 in the town of Wolfeboro. She was on patrol as a State Trooper, in a fully marked cruiser at the time. Tpr. Rae was approaching the intersection of Route 28 and Route 109. Vehicles approaching Route 28 from Route 109 have a stop sign prior to turning onto Route 28. There is also a flashing red light at the intersection, an additional warning for motorists approaching from Route 109 to stop.

As Tpr. Rae continued approaching the intersection, she observed a vehicle, a Nissan Versa, traveling on Route 109, quickly approaching the intersection. There was also a vehicle traveling northbound directly in front of Tpr. Rae. She observed the Nissan traveling on Route 109 did not stop at the stop sign, but accelerated and turned left onto Route 28 to continue southbound. The operator in front of Tpr. Rae had to slam his/her brakes in order to avoid a collision. Tpr. Rae also braked hard to avoid striking the vehicle in front of her.

NH-DMV-FR
DEC 29 2021

Tpr. Rae activated her emergency lights, turned around on Route 28, and stopped the vehicle at the southern edge of the 7-11 parking lot for violation of **RSA 265:30 - Failure to Yield Right of Way at a Stop Sign.** The vehicle was a 2012 Nissan Versa, bearing NH Registration 3672039. The operator was eventually identified as:

**Josephine AMATUCCI**
**DOB: 09/27/1938.**

As Tpr. Rae made contact with AMATUCCI, she immediately demanded to know why she was being stopped. Tpr. Rae explained she had almost caused a crash as she had neglected to stop at the stop sign and cut off the vehicle in front of me. AMATUCCI became irate and began yelling at Tpr. Rae, telling her there was no stop sign there. She said she has been trying to get a stop sign there for years, but no one would listen to her. Tpr. Rae continued to try to point out there was a stop sign there, but she refused to listen. When Tpr. Rae told AMATUCCI she had cut off the other vehicle, causing both operators to slam their brakes, she stated "obviously I did not" since she had quote not "caused an accident."

AMATUCCI initially would not hand over her license and registration. She continued trying to argue over the existence of the stop sign. After repeatedly asking for her license and registration, she finally handed Tpr. Rae both documents.

AMATUCCI was issued a citation for the above RSA. Tpr. Rae recommended AMATUCCI go check the stop sign so she would see it was in place. She refused, and then ignored Tpr. Rae when she tried to explain the citation. Tpr. Rae got back into her cruiser and cleared from the stop.

AMATUCCI wrote a letter to Ossipee District Court regarding the stop. In the letter she states she did stop at the stop sign, and she was the one who helped put the signs in place. She also states she would be "committing suicide" if she did not stop at the intersection. The letter directly contradicts her statements to Tpr. Rae during the motor vehicle stop.

On June 23rd, 2021 AMATUCCI failed to appear in court for the scheduled trial regarding the above offense. The judge made an administrative finding of guilty after hearing Tpr. Rae's offer of proof.

**Report for Trooper Mark Hensel**
**NH State Police – Troop E**

On June 3rd, 2021 at approximately 12:09 P.M Tpr. Hensel was traveling southbound on Route 16 in the town of Ossipee when he observed a vehicle traveling northbound stop in the lane of travel. (The vehicle and operator were later identified as AMATUCCI operating her Nissan Versa). After the Nissan stopped, it then pulled into the shoulder area and began initiating a U-Turn while there was both south and northbound traffic. This caused vehicles both north and southbound to stop as everyone was unsure what the vehicle was going to do. The Nissan then completed the U-turn, crossing the double yellow lines, and pulling over into the southbound shoulder. The vehicle in front of Tpr. Hensel continued south, maneuvering around the Nissan. Tpr. Hensel stopped and proceeded to make contact with AMATUCCI.

AMATUCCI was argumentative with Tpr. Hensel and did not believe she did anything wrong. She said she had turned around to pick berries or flowers along that side of the road. Tpr. Hensel issued AMATUCCI a citation for violation of **RSA 265:22 – Yellow/Solid Line.**

NH-DMV-FR

DEC 29 2021

**Trials with AMATUCCI**

On December 1st, 2021 Tpr. Hensel and Tpr. Rae each had a trial in Ossipee District Court with AMATUCCI in regards to the above citations. During both trials, AMATUCCI frequently demanded all charges be dropped. She believes she did nothing wrong, and the troopers were wrong to stop her. Judge Countway presided over the trials and continuously had to explain the court rules to AMATUCCI. AMATUCCI constantly talked over the judge, demanding she dismiss the charges. AMATUCCI could not be reasoned with and refused to accept her driving behavior is illegal and dangerous.

Judge Countway found AMATUCCI guilty of both violations. In regards to the violation of **RSA 265:30 - Failure to Yield Right of Way at a Stop Sign**, Judge Countway wrote in her ruling "The Court is also concerned that the Defendant argued that she had the right to operate as she did, since she arrived at the intersection first. The Court is concerned about the safety of other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from failing to stop and failing to yield to oncoming traffic in the manner described in this case."

In regards to the violation of **RSA 265:22 – Yellow/Solid Line**, Judge Countway wrote in her ruling "The Court is also troubled that the Defendant's argument was focused on her belief that her driving was legal. The Court is concerned about the safety of the other motorists under these circumstances and notes that the finding of guilty is intended to deter the Defendant from conducting U-turns in the manner described in this case."

**Report for Trooper Nikita Klimashov**
**NH State Police – Troop A**

On December 23rd, 2020, Tpr. Klimashov was on patrol in Portsmouth. Tpr. Klimashov was driving on Gosling Road when a blue Nissan Hatchback suddenly pulled out of a gas station parking lot, directly in front of his cruiser, causing him to brake suddenly. The vehicle proceeded to attempt to turn left, the wrong way down Gosling Road, which is separated by a raised concrete median. The driver only stopped once Tpr. Klimashov sounded his air-horn. He conducted a traffic stop after the operator had turned and entered the roadway in the correct direction.

When Tpr. Klimashov contacted the driver, she had left her vehicle in drive and began to roll forward while he was standing at her window. The driver had to be asked to provide her license 4 times as she had refused the first 3 times. Tpr. Klimashov identified the driver as the above named AMATUCCI by her NH driver's license. AMATUCCI stated that pulling out in front of Tpr. Klimashov and turning the wrong way on a one-way road was "no big deal" because she had not actually caused an accident. Amatucci went on an incoherent rant about how she was a safe driver and that law enforcement had it out for her. She berated Tpr. Klimashov for several minutes for "wasting her time" and never acknowledged that her motor vehicle operation may have been unsafe.

**REQUEST FOR A MOTOR VEHICLE DRIVER RE-EXAMINATION:**

Based upon her above interactions with several troopers, it is believed that AMATUCCI's actions show a pattern of conduct that causes a concern for her ability to drive safely and obey traffic laws. AMATUCCI's erratic driving and disbelief she is committing any motor vehicle violations is concerning. She seems to believe as long as she did not cause a crash, she did nothing wrong. She appears unwilling to change her driving behavior, which is of upmost concern. There is also concern her mental health is declining and she is both mentally and physically unable to safely operate a motor vehicle. The State is

not unsympathetic to AMATUCCI, being an elderly woman with possible declining health, but it needs to consider the safety of the entire motoring public over the individual.

I respectfully request AMATUCCI be required to undergo any examinations the Bureau of Hearings deems necessary to determine whether or not she can operate a motor vehicle without being a risk to the general public.

Thank you for your time and attention to this matter.

Respectfully Submitted,

Hawley Rae

Trooper Hawley Rae #1216
NH State Police – Special Investigations Unit
139 Iron Works Road
Concord, NH 03301
Hawley.l.rae@dos.nh.gov
Dispatch: (603) 223-4381
Cell: (603) 931-9005

NH-DMV-FR
DEC 29 2021