FILED - USDC -NH
2023 JAN 19 AM 10:52
5871

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HANPSHIRE


Josephine Anatucci                                    JURY TRIAL DEMANDED

v.

Dean Rondeau, et al                                   DOCKET 1:18-mc-00038 JL


MOTION FOR SUMMARY JUDGMENT

EVIDENCE SPEAKS

PLEASE INCLUDE A MONELL  CLAIM

MAKING THE TOWN AND THE SHERIFF'S  DEPT. LIABLE

1.       With the evidence in the files and beyond any reasonable doubt of

Fraud on the Court,  this case is mandated under the LAW to go  before a jury

for damages as allowed under 1983.  That any opinion or ruling of the Court

DOES NOT OVERRIDE ....the Plaintiff's  FEDERAL CONSTITUTIONAL RIGHTS TO

DAMAGES UNDER 1983.  That the evidence before the Court will show that the

alleged  victim Robert Maloney stated clearly that  he had  NO INJURY,  yet

Rondeau and the Belnap Sheriff's Dept. ..... in an UNLAWFUL MALICIOUS

PROSECUTION .....filed a Complaint to the Court  and with an FRAUDULENT

WARRANT FOR HER  ARREST ISSUED UNDER FRAUD,  in hand,  fraudulently

accused  the Plaintiff of  an Assault with Bodily Injury.  When they knew that

the alleged victim told them there was NO INJURY.  (it is to be noted that

1 𝐵

Robert Maloney was terminated by the Town).

2.      No State ruling, no dispute, no opinion of the Court that can override this

evidence, can dispute the Plaintiff's right under the Federal Civil Rights, under

the LAW OF THE LAND, of her right under 1983 to damages for an unlawful

Malicious Prosecution. Unless they are TRESPASSING ON THE FEDERAL LAW.

3.      The Plaintiff is therefore demanding a STATUS HEARING, on a MOTION

FOR SUMMARY JUDGMENT, on this LAW SUIT, under any Docket Number that

she has filed the case under, as she is totally confused with which docket number

is the active docket number in this case.

4.      And if this is not the correct Docket NUMBER , as applied in this document,

the court must apply any of the docket numbers she has filed with this filing.

The Plaintiff is also filing the same Motion for STATUS HEARING, for Summary

Judgment under any/or one of these docket numbers whichever apply to this case.

Under Docket Civil No. 21-cv-01049 -JL. AND /OR 1:18-mc-00038-JL and/or Case 1:22-fp-

00319 or Case 21-cv-01081-LM. as the Plaintiff is totally confused with all

the different docket numbers that go into a case when it is the same event.  Please

apply whichever docket number that applies to this DUMP CASE.

5.      Please apply the case that is active regarding the event that occurred at the dump

and the unlawful Malicious Prosecution as filed in the Court, by Rondeau and the

defendants Belnap Sheriff's Dept. and Greenhalghn.  Where the judge in the case lost all

jurisdiction and where his rulings are void of no legal force.

6.      Please note all the evidence that is in the file and record under all the related

cases.

7.      Where both Rondeau and the Belnap Sheriff's Dept and Mr. Greenhalgn

2  𝐵

violated my Civil Rights and where under the LAW under 1983 I am allowed damages.

8.      As there was NO PROBABLE CAUSE,  NO PROBABLE CAUSE,  NO PROBABLE

CAUSE TO MALICIOUSLY PROSECUTE ME FOR ASSAULT WITH BODILY INJURY.  That

evidence in the files will show that it was..... Rondeau..... who ordered the Belnap

Sheriff's  Department to maliciously prosecute me.  That he is just as guilty as the Belnap

Sheriff's  Dept.  for the unlawful MALICIOUS PROSECUTION.

9.      That with the evidence before the Court and in the record,  there is  no

dispute that this was an UNLAWFUL  malicious prosecution,  and that if the Court denies

this  offense the Court is warring against the Constitution.

10.      That instead of drowning this case in irrelevant issues,  that no matter under

what docket number,   a STATUS HEARING will  show there is no dispute and that the

judge is MANDATED to allow a jury trial for damages for the violation of her Federal  civil

rights,  .............................."UNDER THE LAW OF THE LAND".   AND INCLUDE A MONELL

CLAIM MAKING THE TOWN AND THE BELNAP SHERIFF'S DEPT. LIABLE,  where the

Prosecutor is a policymaking official who violated the Plaintiff's Civil Rights as allowed

 under Monell.


Respectfully,

Josephine Amatucci

January 12, 2023

c.  Town of Wolfeboro, *Sheriffs Dept.*

*Josephine Amatucci*

SUPPLEMENTAL NARRATIVE FOR SERGEANT WILLIAM WRIGHT

Ref: 18-153-OF

On October 2, 2018 I received a telephone call from Chief Rondeau. He informed me he was made aware by his prosecutor, I had sent the paperwork to him for review. He said he would recommend sending Ms. Amatucci a must appear citation and avoid an actual physical custody arrest and processing. He stated it would be to the best interest in all parties to handle this case as least intrusive as possible, as previous contacts with Ms. Amatucci have caused hostility. He indicated Ms. Amatucci has always shown up at court accordingly and does not believe she would need to be bailed traditionally. He further told me the Ossipee Court allows for hand summons to be issued on Class B Misdemeanor cases.

As a result of the conversation and direction of Chief Rondeau, I will be sending Ms. Amatucci the court complaint via certified receipt mail through the US Postal Service, rather than following through with a tradition warrant arrest process. November 1, 2018 court date will be given.

The Belknap County Sheriff's Department was also asked by the Wolfeboro Police Department to prosecute this case accordingly.

**RECEIVED**

SEP 0 9 2019

OSSIPEE
DISTRICT DIVISION

*Conspiracy*
*Monell Claim*

I told him I would conduct the investigation and would be forwarding the conclusion once completed.

On September 7, 2018 I responded to the Wolfeboro Solid Waste Disposal Building, 400 Beach Pond Rd Wolfeboro, NH.  At approximately 0940 hours, I met with the victim of this incident:

                         Robert Maloney

The building office was open and had foot traffic from the busy dump day.  I was told we could use the office, but might be interrupted during the interview.  I began the recorded interview asking Mr. Maloney about the incident.

He informed me on August 7, 2018 at approximately 2 p.m., he was standing in the doorway of the building office.  He witnessed Josephine Amatucci speaking with Supervisor Steve Champaigne about a couple of people who were making a mess with a U-Haul truck.  The people had been emptying the truck and had items spread out. Ms. Amatucci was told Mr. Champaigne had already told the people they were to clean up the mess before they left.  Ms. Amatucci then walked off.  As short time later, Mr. Maloney was still standing in the door way when Ms. Amatucci came to him from the flank.  She then pushed him on his left side with her hands, causing him to lose his balance and fall down the two stairs into the office.  She followed him into the office and began yelling at Mr. Champaigne, who was already in the room.  She argued about the mess caused by the U-haul truck.  After a few moments she then left.  Mr. Maloney told me Ms. Amatucci did not have permission to put her hands on him.  He did not have any injuries as a result of this assault.  He told me she had no real reason to push him and that she could have easily walked around him.  We were interrupted a couple of times during the interview, with patrons of the dump.  The facility was extremely busy and there was limited staff on hand.  *IT WAS DETERMINED AT THE TRIAL BY MR. CHAMPAIGNE'S TESTIMONY that MALONEY – WAS NEVER STANDING IN THE DOORWAY –*

When I asked about his relationship with Ms. Amatucci and he told me he knew her from him working at the dump for the last 20 years.  He said she was a frequent customer and had no idea what her concern with the U-haul truck was.  His recorded statement is part of this report.  *MALONEY WAS TERMINATED BY THE TOWN.*

I then spoke with:

                         Joshua Nason                *MALONEY ✓*
                         DoB: 12/25/93               *He WAS TERMINATED BY THE TOWN*

who advised me he was a witness to the assault.  Again I audio taped this interview in the same office.  Mr. Nason informed me he had seen Ms. Amatucci come up to Mr. Maloney from the side.  She then pushed him, causing him to fall down the stairs.  She then commenced to yell at Mr. Champaigne telling him he was rude to people.  She yelled for a few minutes then left.  He said he left the office just after the assault.  He said he did not hear of any injuries but he was aware she had no right to push him. His recorded statement is attached to this report.

LII > Wex > Summary Judgment

# Summary Judgment

## Definition

Summary judgment is a judgment entered by a court for one party and against another party without a full trial.

## Overview

In civil cases, either party may make a pre-trial motion for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment for federal courts. Under Rule 56, in order to succeed in a motion for summary judgment, a movant must show 1) that there is no genuine dispute as to any material fact, and 2) that the movant is entitled to judgment as a matter of law.

"Material fact" refers to any facts that could allow a fact-finder to decide against the movant.

Many states have similar pre-trial motions.

## Partial Summary Judgment

Judges may grant partial summary judgment. For example, a judge might rule on some factual issues, but leave others for trial. Alternately, a judge might grant summary judgment regarding liability, but still hold a trial to determine damages.

## Procedural Notes

### Viewing Evidence

When considering a motion for summary judgment, a judge will view all evidence in the light most favorable to the movant's opponent.

## Summary Judgment Standard

"The purpose of summary judgment is to enable a court 'to
pierce the boilerplate of the pleadings and assay the parties'
proof in order to determine whether trial is actually
required.'" Fernández-Salicrup v. Figueroa-Sancha, 790 F.3d
312, 328 (1st Cir. 2015) (citation omitted). "Summary judgment
is warranted if the record, construed in the light most
flattering to the nonmovant, 'presents no genuine issue as to
any material fact and reflects the movant's entitlement to
judgment as a matter of law.'" Lawless v. Steward Health Care
Sys., LLC, 894 F.3d 9, 20-21 (1st Cir. 2018) (citation omitted);
see Fed. R. Civ. P. 56(a)). At summary judgment, "[a]n issue is
'genuine' if the evidence would enable a reasonable factfinder
to decide the issue in favor of either party." Irobe v. U.S.
Dep't of Agric., 890 F.3d 371, 377 (1st Cir. 2018). "A fact is
'material' when its (non)existence could change a case's
outcome." Mu v. Omni Hotels Mgmt. Corp., 882 F.3d 1, 5 (1st
Cir. 2018), rev. denied, 885 F.3d 52 (1st Cir. 2018).

To obtain summary judgment, "[t]he moving party must
affirmatively demonstrate that there is no evidence in the
record to support a judgment for the nonmoving party." Celotex
Corp. v. Catrett, 477 U.S. 317, 332 (1986). "This demonstration
must be accomplished by reference to materials of evidentiary

2   (FG)

# STATE OF NEW HAMPSHIRE

CARROLL COUNTY                    3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE COURT

## ARREST WARRANT

TO THE SHERIFF OF ANY COUNTY IN THIS STATE OR DEPUTY, OR ANY POLICE OFFICER WITHIN THE STATE:

WHEREAS, the Complainant, Sergeant William Wright of
Belknap County Sheriffs Department in the County of Belknap

has exhibited to me, _KAREN ANN JONES_
a Justice/Justice of the Peace in the County of CARROLL,
his/her complaint upon oath against the Defendant,

JOSEPHINE AMATUCCI, of 380 GOV WENTWORTH HWY WOLFEBORO, NH 03894,

in the County of _Carroll_
for the crime(s) of:

631:2-A,I(B) Simple Assault; BI        *FRAUD - There was no injury*

WE COMMAND YOU to take the Defendant, if found to be in your precinct, and bring him/her
before the 3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE COURT

Dated the _16th_ day of _November_ _2018_

_Karen Ann Jones_
/ Justice/Justice of the Peace    _6/15/2022_

## RETURN
STATE OF NEW HAMPSHIRE COUNTY OF CARROLL

I have arrested the defendant and now have him/her before the Court as commanded.

_11/19/18_          _[signature]_          _Sergeant_
Date                 Name of Officer          Title of Officer

AOC-127-015   6/89

# The State of New Hampshire
## COMPLAINT

Case Number: _____     Charge ID: _____

| ☐ VIOLATION | MISDEMEANOR | ☐ CLASS A | ☒ CLASS B | ☐ UNCLASSIFIED (non-person) |
|---|---|---|---|---|
| | FELONY ☐ CLASS A | ☐ CLASS B | ☐ SPECIAL | ☐ UNCLASSIFIED (non-person) |

You are to appear at the: **3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE** Court,

Address: **96 WATER VILLAGE RD, BOX 2 , OSSIPEE, NH**     County: **CARROLL**

Time: 0800 Am          Date: January 9, 2019

Under penalty of law to answer to a complaint charging you with the following offense:

**THE UNDERSIGNED COMPLAINS THAT : PLEASE PRINT**

| AMATUCCI | | | JOSEPHINE | | | |
|---|---|---|---|---|---|---|
| Last Name | | | First Name | | | Middle |
| 350 GOV WENTWORTH HWY | | | WOLFEBORO | | NH | 03894 |
| Address | | | City | | State | Zip |
| F | W | 5 0 8 | 1 8 7 | BROWN | | BLACK |
| Sex | Race | Height | Weight | Eye Color | | Hair Color |
| 09/27/38 | | 09AIJ38271 | | NH | | |
| DOB | | License #: | | OP License State | | |

☐ COMM. VEH.          ☐ COMM. DR. LIC.          ☐ HAZ. MAT.          ☐ 16+PASSENGER

AT: 400 BEACH POND RD, WOLFEBORO NH

On 08/06/2018 at 2:00 PM in CARROLL County NH, did commit the ofense of:

RSA Name:          Simple Assault; BI

Contrary to RSA:  631:2-A,I(B)          *FRAUD*

Inchoate:

(Sentence Enhancer):

And the laws of New Hampshire for which the defendant should be held to answer in that the defendant did:

commit the crime of Simple Assault in that she knowingly caused unprivileged physical contact to another, to wit, Robert Maloney by pushing Robert Maloney with her hands, on his upper arm/shoulder. Said offense constituting a Class B Misdemeanor;

against the peace and dignity of the State.

☐ SERVED IN HAND

| _____ | Sergeant William Wright | Belknap County Sheriffs Department |
|---|---|---|
| Complainant Signature | Complainant Printed Name | Complainant Dept. |

**Making a false statement on this complaint may result in criminal prosecution.**

Oath below not required for police officers unless complaint charges class A misdemeanor or felony (RSA 592-A:7.I).

Personally appeared the above named complainant and made oath that the above complaint by him/her subscribed is, in his/her belief, true.

| 11/16/2018 | _____ |
|---|---|
| Date | Justice of the Peace          2/15/2022 |

NHJB-2962-D (6/27/2016)

FILED - USDC -NH
2023 JAN 19 AM 10:51

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**District of New Hampshire**

**Notice of Electronic Filing**

The following transaction was entered on 1/4/2023 at 10:31 AM EST and filed on 1/3/2023

**Case Name:** Amatucci v. Rondeau et al

**Case Number:** 1:19-cv-00156-JL

**Filer:**

*See Attached*

**WARNING: CASE CLOSED on 05/20/2019**

**Document Number:** No document attached

**Docket Text:**
ENDORSED ORDER denying [14] MOTION Requesting A Status Hearing A Summary Judgement Motion. *Text of Order: Plaintiff Josephine Amatucci's Motion Requesting a Status Hearing/A Summary Judgment Motion (Doc. No. 14/#5755) is DENIED. This case is closed.* So Ordered by Judge Joseph N. Laplante.(ko)

**1:19-cv-00156-JL Notice has been electronically mailed to:**

**1:19-cv-00156-JL Notice, to the extent appropriate, must be delivered conventionally to:**

Josephine Amatucci(Terminated)
PO Box 272
Wolfeboro Falls, NH 03896

FROM: JOSEPHINE AMATUCCI
P. O. Box 272
WolfeBoro FAllS, N.H. 03896



United States District Court
District of New HAMpshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301