**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Josephine Amatucci

     v.                    Civil No. 22-cv-319-JL-AJ

Town of Wolfeboro, et al.

**O R D E R**

Plaintiff Josephine Amatucci, proceeding pro se and in forma pauperis, has filed a complaint (Doc. No. 1/#4767[1]), and a complaint addendum (Doc. No. 4/#4767[2]) alleging that the defendants have violated her federal constitutional rights in connection with an August 2018 incident at the Wolfeboro, New Hampshire town dump ("August 2018 Town Dump Incident"). The complaint documents are before the Court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2). Also before the Court are Mrs. Amatucci's motions for summary judgment (Doc. Nos. 8/#5799, 9/#5871, #10/5557, #11/5557, #12/8023, #13/8024, #14/8029), to expedite (Doc. No. 15/#8033), and for a hearing (Doc. No. 16/#8150).

---

[1] As a courtesy to Mrs. Amatucci, along with the court-assigned docket number for each of her filings, the Court lists the four-digit number she has given to each of those documents.

[2] The complaint addendum (Doc. No. 4/#4767) is largely duplicative of the complaint (Doc. No. 1/#4767) in this case.

**Discussion**

I.   Preliminary Review

    A.   Legal Standard

The Court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  In considering whether a pro se complaint states a claim, the Court construes the pro se litigant's pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The Court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The Court may dismiss claims, sua sponte, if the Court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).

    B.   Claims Asserted are Barred by Res Judicata

This action concerns the August 2018 Town Dump Incident, which resulted in criminal charges against Mrs. Amatucci and her state court prosecution and conviction on those charges.  The complaint Mrs. Amatucci filed in this case is essentially identical to the complaint she previously filed in another case

in this Court, Amatucci v. Town of Wolfeboro, No. 20-cv-449-JL (D.N.H.) ("Case 20-449").[3]  The Court dismissed Case 20-449 as barred by res judicata, as the claims therein had been previously litigated against the defendants therein, and/or their privies, in another case, Amatucci v. Town of Wolfeboro, No. 19-cv-531-JD (D.N.H.) ("Case 19-531").  See Case 20-449, Aug. 11, 2021 Order (ECF No. 21) (approving Aug. 2, 2021 Report and Recommendation ("R&R") (ECF No. 18)).  Here, Mrs. Amatucci asserts the same claims she asserted, or could have asserted, in Case 19-531 and Case 20-449, against the same defendants in those cases and/or their privies.  Accordingly, the Court dismisses this matter in its entirety, as barred by res judicata.[4]

---

[3] The only differences between Mrs. Amatucci's complaint (Doc. No. 1/#4647) in this case and the April 10, 2020 complaint she filed in Case 20-449 (ECF No. 1/#4767) are: (1) the handwritten words "New Lawsuit/Jury Demand" have been added to the complaint filed in this case; (2) the typed text "AN UNLAWFUL 4TH AMENDMENT SEIZURE, WITHOUT PROBABLE CAUSE, A CLEARLY ESTABLISHED RIGHT UNDER … THE LAW OF THE LAND THE FEDERAL CONSTITUTION UNDER FRAUD, FRAUD IS NEVER FINAL" has been added to the title of the complaint filed in this case; (3) underlining is added to several lines on page three of the complaint filed in this case; and (4) the dates "April 8, 2020" and "February 18, 2022" above Mrs. Amatucci's signature on page ten of the complaint filed in this case are crossed out and replaced with the date "August 9, 2022."

[4] See Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012) ("Under the federal law of claim preclusion, 'a final judgment on the merits of an action precludes the parties or

II.  Vexatious Litigation

    A.  Legal Standard

    "Federal courts 'possess discretionary powers to regulate the conduct of abusive litigants.'" United States v. Gómez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citation omitted). "'[E]xtreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties,'" may justify a court's issuance of an injunction barring a party from filing further frivolous and/or vexatious lawsuits. Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4, 408 F.3d 1, 10 (1st Cir. 2005) (citation omitted).  Any such "restrictions imposed must be tailored to the specific circumstances presented." Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993).  "Where a litigant has demonstrated a 'propensity to file repeated suits . . . involving the same or similar claims' of a 'frivolous or vexatious nature,' a bar on further filings is appropriate." Lewis v. N.H. Jud. Branch, Civil No. 10-cv-231-PB, 2010 U.S. Dist. LEXIS 128666, at *9, 2010 WL 5058516, at *3 (D.N.H. Nov. 22, 2010) (citation omitted), R&R approved, 2010 U.s. Dist. LEXIS 128647, at *1, 2010 WL 5057167, at *1 (D.N.H. Dec. 6, 2010).

_____

their privies from relitigating claims that were raised or could have been raised in that action.'") (citation omitted).

Before a filing restriction may be imposed, however, a litigant must be "warned or otherwise given notice that filing restrictions [are] contemplated." Cok, 985 F.2d at 35.   In determining whether a filing restriction is appropriate in this case, the Court recognizes "that the use of broad filing restrictions against pro se plaintiffs 'should be approached with particular caution.'" Id. (citation omitted).

B.   Previous Cases Concerning the August 2018 Town Dump Incident

Mrs. Amatucci has filed and litigated a total of eight lawsuits concerning the August 18 Town Dump Incident, including the instant lawsuit and the seven listed below:

- Case 19-531 (filed May 15, 2019 (ECF No. 1/#4319); dismissed for failure to state a claim Mar. 2, 2020 (ECF No. 7); five post-judgment motions denied by Orders issued Mar. 11, 2020, Mar. 25, 2020, and Apr. 1, 2020)

- Case 20-449 (filed Apr. 23, 2020 (ECF No. 1/#4767); dismissed as barred by res judicata Aug. 11, 2021 (ECF No. 21) (approving Aug. 2, 2021 R&R (ECF No. 18)); 25 post-judgment motions denied by Orders issued Aug. 13, 2021, Dec. 29, 2021, Dec. 30, 2021, Feb. 25, 2022, June 21, 2022, and July 8, 2022)

- Amatucci v. Greenhalgh, No. 21-cv-238-JL (D.N.H.) ("Case 21-238") (filed Mar. 29, 2021 (ECF No. 1/#5249); dismissed on grounds of judicial immunity Aug. 11, 2021 (ECF No. 12) (approving Aug. 2, 2021 R&R (ECF No. 10)); 17 post-judgment motions denied by Orders issued Dec. 29, 2021, Jan. 10, 2021, Jan. 11, 2021, Jan. 20, 2022, Feb. 25, 2022, June 21, 2022, July 8, 2022)

- Amatucci v. Town of Wolfeboro, No. 21-cv-1081-JL (D.N.H.) ("Case 21-1081") (filed Dec. 16, 2021 (ECF No. 1/#5557);

dismissed as barred by res judicata Mar. 28, 2022 (ECF No. 9) (approving Feb. 28, 2022 R&R (ECF No. 7)); seven post-judgment motions/filings denied by Order issued Mar. 6, 2023)

- Amatucci v. O'Connor, No. 22-cv-273-JL (D.N.H.) ("Case 22-273") (filed May 26, 2021 (ECF No. 1/#5394 & #5396); federal claims dismissed for failure to state a claim, state law claims dismissed without prejudice Aug. 9, 2022 (ECF No. 6) (approving July 27, 2022 R&R (ECF No. 3)); three post-judgment motions/filings denied by Order issued Aug. 10, 2023)

- Amatucci v. O'Connor, No. 22-cv-339-JL (D.N.H.) ("Case 22-339") (filed Aug. 22, 2022 (ECF No. 1/#5394); R&R (ECF No. 12) recommending dismissal as barred by res judicata issued Aug. 17, 2023)

- Amatucci v. Greenhalgh, No. 22-cv-340-LM (D.N.H.) ("Case 22-340") (filed Aug. 22, 2022 (ECF No. 1/#5769); R&R (ECF No. 7) recommending dismissal as barred by res judicata issued Aug. 8, 2023)

In addition to the eight cases listed above, Mrs. Amatucci filed the following three cases concerning the August 2018 Town Dump Incident, which she voluntarily dismissed:

- Amatucci v. Employee of the Transfer Station, No. 18-cv-1226-JL (D.N.H.) (filed Dec. 26, 2018 (ECF No. 1/#4138); voluntarily dismissed Apr. 11, 2019 (ECF No. 3/#4400); post-dismissal motion/filing by Mrs. Amatucci denied by July 23, 2019 Order)

- Amatucci v. Rondeau, No. 19-cv-156-JL (D.N.H.) (filed Feb. 13, 2019 (ECF No. 1/#4319); voluntarily dismissed May 20, 2019 (ECF No. 4/#4433); 13 post-dismissal motions filed by Mrs. Amatucci denied by Oct. 26, 2020, June 7, 2021, Jan. 11, 2022, June 21, 2022, and Jan. 3, 2023 Orders);

- Amatucci v. Town of Wolfeboro, No. 21-cv-1049-LM (D.N.H.) (filed Dec. 6, 2021 (ECF No. 1/#5546); voluntarily dismissed Mar. 9, 2022 (ECF No. 5/#5636); post-dismissal

motion filed by Mrs. Amatucci denied by Aug. 1, 2023 Order).

C.    Warning of Potential Future Imposition of Filing Restriction

On February 28, 2022, in Case 21-1081, the Court issued the following warning to Mrs. Amatucci concerning her continued filing of lawsuits related to the August 2018 Town Dump Incident:

Filing Restriction Warning

This is the fifth lawsuit Mrs. Amatucci has filed concerning the August 2018 incident at the Town dump. As discussed above, Case 19-531 and Case 21-238 have been dismissed on their merits, and final judgment has entered in those cases. Under the doctrine of claim preclusion/res judicata, claims which were, or could have been, asserted in those earlier cases are barred. Additionally, a case Mrs. Amatucci previously filed in this Court, Case 20-449, was dismissed on the grounds of res judicata, as Case 20-449 asserted claims which were, or could have been asserted in Case 19-531 against defendants named or in privity with the defendants to Case 19-531.  See Aug. 11, 2021 Order, Case 20-449 (ECF No. 21) (approving Aug. 2, 2021 R&R (ECF No. 18)).

For these reasons, it should be clear to Mrs. Amatucci that she cannot obtain relief in this court on the claims asserted in this case, or on any claims arising out of the August 2018 incident at the Town dump, or the related investigation and state court criminal proceedings, asserted against any involved Town employee, law enforcement officer, prosecutor, state court judge, or state court personnel. Accordingly, should Mrs. Amatucci attempt again to file any new action in this Court concerning these matters, the Court may, at that time, enjoin Mrs. Amatucci from filing any new action in this Court

7

arising from the August 2018 incident at the Town
dump.

Case 21-1081, Feb. 28, 2022 R&R (ECF No. 7) (footnote omitted)
(approved by Mar. 28, 2022 Order (ECF No. 9)).  Despite this
warning, Mrs. Amatucci filed and litigated four of the above-
listed cases concerning the August 2018 Town Dump Incident after
the date the warning issued, specifically, Case 21-238, Case 22-
273, Case 22-339, and Case 22-340.

Mrs. Amatucci is already subject to two filing restrictions
in this Court as a result of her filing repetitive lawsuits
asserting claims which the Court had previously rejected.  The
first, issued on July 29, 2013, enjoins her "from commencing any
further actions in this court arising from her 2003 arrest
without prior approval from a judge of this court."  Amatucci v.
Hamilton, No. 13-cv-087-SM (D.N.H.) (July 29, 2013 Order (ECF
No. 8, at 1-2)) ("2013 Filing Restriction").  The second enjoins
Mrs. Amatucci from filing a new pro se action "against any
defendant sued in [Amatucci v. Chase, No. 15-cv-356-JL (D.N.H.)
("Case 15-356")], and the privies of those defendants, arising
out of the events of May 7, 2014, the ensuing state prosecution,
and/or the No Trespass Order at issue in Case 15-356, without
first obtaining prior approval from a judge of this court."
Amatucci v. Chase, No. 17-cv-237-JL (D.N.H.) (Feb. 6, 2018 R&R

8

(ECF No. 77, at 6) (approved by Apr. 11, 2018 Order (ECF No. 100))) ("2018 Filing Restriction").

Despite the Court's previous imposition of the 2013 Filing Restriction and the 2018 Filing Restriction, and the Court's February 28, 2022 warning in Case 21-1081 that any additional lawsuits concerning the August 2018 Town Dump Incident, Mrs. Amatucci has persisted in filing lawsuits concerning the August 2018 Town Dump Incident, and has filed dozens of motions and other documents in those lawsuits asserting arguments which the Court had already rejected on multiple occasions.  Accordingly, a new filing restriction, concerning the August 2018 Town Dump Incident is warranted at this time.

D.   New Filing Restriction

For the reasons set forth above, the Court now issues the following injunction restricting Mrs. Amatucci's ability to file certain lawsuits in this Court:

**From this date forward, Mrs. Amatucci is enjoined from filing any new action in this Court against any defendant, or person in privity with any defendant, sued in: Amatucci v. Town of Wolfeboro, No. 19-cv-531-JD (D.N.H.), Amatucci v. Town of Wolfeboro, No. 20-cv-449-JL (D.N.H.), Amatucci v. Greenhalgh, No. 21-cv-238-JL (D.N.H.), Amatucci v. Town of Wolfeboro, No.**

21-cv-1081-JL (D.N.H.), <u>Amatucci v. O'Connor</u>, No. 22-
cv-273-JL (D.N.H.), <u>Amatucci v. O'Connor</u>, No. 22-cv-
339-JL (D.N.H.), <u>Amatucci v. Greenhalgh</u>, No. 22-cv-
340-LM (D.N.H.), and/or this case, arising out of the
events of the August 2018 Town Dump Incident, and Mrs.
Amatucci's state criminal prosecution and conviction
arising therefrom, without first obtaining prior
approval from a judge of this Court.

The Court further directs that any new action
filed by Mrs. Amatucci shall be docketed in the master
miscellaneous case, <u>In re Amatucci Master File</u>, 18-mc-
038-JL (D.N.H.), along with the 2013 and 2018 Filing
Restrictions already docketed therein, <u>see</u> <u>id.</u>, ECF
Nos. 1-4.  Any such new action, once docketed in the
master miscellaneous case, shall be presented to a
judge of this Court for review to determine whether
the filing complies with the terms of this injunction,
the 2013 Filing Restriction, and the 2018 Filing
Restriction.  If any filing docketed therein violates
any of those three injunctions, the Court will reject
the filing and return any filing fee paid.  This
injunction does not prevent Mrs. Amatucci from
pursuing any meritorious claims which have arisen or

10

**may arise in the future, and that are appropriately**

**brought in this Court.**

### Conclusion

For the foregoing reasons, and as fully explained above, the Court now directs as follows:

1.   This action is dismissed in its entirety as barred by res judicata.

2.   The pending motions in this case are denied as non-meritorious.

3.   The Court enjoins Mrs. Amatucci from filing any further lawsuits concerning the August 2018 Town Dump Incident, as fully explained and set forth in this Order.

3.   The Clerk's office is directed to docket a copy of this Order in In re Amatucci Master File, 18-mc-38-JL (D.N.H.), and to forward all of Mrs. Amatucci's filings initiating a new case in this to a judge of this Court for review to determine compliance with this Order and the 2013 and 2018 Filing Restrictions, as fully explained and set forth in this Order.

11

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

August 24, 2023

cc: Josephine Amatucci, pro se