FILED - USDC -NH
2023 NOV 9 AM 10:40

8263

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Dennis P. O'Connor                     JURY TRIAL DEMANDED

JURISDICTION

1. This action is brought pursuant to 42 U.S.c. 1983

PARTIES

2. Dennis P. O'Connor, INDIVIDUALLY

FACTS

3. This lawsuit is based on a Conspiracy claim between the Judge and O'Connor,

## CONSPIRACY CLAIM

In Adickes v. S.H. Kress & Co., the Supreme Court stated a private party involved in a conspiracy, even though not an official of the State, can be held liable under 1983. "Private persons, jointly engaged with State officials, in their prohibited actions, are acting 'under color of law' for the purpose of the statute. To act 'under color of law' does not require that the accused be an officer of the State. It is enough that he is a willing participant in joint activity with the State or its agents."

4. That when O'Connor did not speak one word during the entire court procedure, and trial, he was in fact conspiring with the judge to violate the Plaitiff's FEDERAL civil rights   There is NO RES JUDICATA.

5. That in doing so he was acting under color of law.

6. The Plaintiff claims that if O'Connor had performed adequately, the judge would have to have ruled on her.... Motion to Dismiss... and she would not have to be detained further with court proceedings, and a trial.

7. An unlawful detainment that is a Fourth Amendment violation of her liberty rights.

8. Therefore, the Order to the Clerk to return the Plaintiff'S filings does not apply to this claim, as this is not a claim of.... ineffective assistance of Counsel, which cannot be a 1983 claim, this is a violation of a Federal civil rights claim, of a viable Due Process claim when the judge refused to litigate and dismiss the unlawful malicious prosecution claim against me..

9. Contrary to the decision of this Court Attorney O'Connor as a private individual was not acting under color of law, and therefore not liable to Mrs. Amatucci for alledged violations of her federal constitutional rights, the courts have found that private individuals can be held liable under 1983 when they conspire with a judge.

10. As further stated by this Court a private person does act "under color of law, when engaged in a conspiracy with officials to deprive a defendant or federal rights.

citing the case of ................ Tower v. Glover, 467 U.s. 914 (1984) for ACTING UNDER COLOR OF LAW FOR 1983 PURPOSES the Court stated:

Regarding a "under color of law" action, state action can be found where a private party (O'Connor) performs a public function, commits acts that are traditionally and exclusively done by being associated with the government or has significant state involvement, encouraged or authorized by the government in their activities. As it appears when (O'Connor) did not defend the Plaintiff, which was his duty, he was in fact conspiring with the judge to violate her civil rights.

11. And In the case of Dubose v. Kelly, 187 f.3d 999 the Court stated:

"To act "under color of state law under 1983 purposes ......."
"DOES NOT REQUIRE that the defendant be UNDER COLOR OF LAW. It is enough that he is a willful lartcipant in joint action with the State or its Agents. PRIVATE PERSONS, jointly engaged with state officials in the challenged acion, are acting 'under color of law " for purpses of 1983 actions. Where the judge was the product of a corrupt conspiracy, under these allegations that the defendant judge was the product of a corrupt conspiracy, the private arty conspiring with the judge was acting under COLOR OF STATE LAW, within the meaning of 1983."

12. The Plaintiff claims that O'Connor by not defending the Plaintiff against the unlawful violation of Due Process by the judge he 'directed hiself toward an unconstitutional action by virtue of remaining silent. In a MEETING OF THE MINDS. White v. Walsh 649 F.3d 560, 561 (8th Cir. 1981).

DUE PRCESS OF THE 14TH AMENDMENT

EQUAL PROTECTION RIGHTS

13. In the case of Tower v. Glover -Supreme Court Decisions- the court stated:

"Title 42 U.S.C. 1983 privdes that "every person" who acts "under color" of state law to deprive another of constitutional rights whall be liable in a suit for damages . The Court of Appeals agreed, that Glover's CONSPIRACY allegations "cast the color of state law over petitioners actions. "

14. The Plaintiff states that O'Connor, a private party, was jointly engaged in the judge's prohibited action and therefore was was acting under "color of law".

3

15.     To act "under color of law under the 1983  statute

does not require that the accused be an officer of the State.  It is enough that he

was a willfully participant in joint activity with the judge is enought that he is a

willful participant  in joint activity with the judge.  " United States v. Price 383

U.S. at 152.   Adickes v. S.H.Kress & Co.,  United States v. LPrice.  In the case of

DuBose v. Kelly 187 f.3d 999 (8th Cir. 1999) the court held that PRIVATE ATTORNEYS

who conspired with the court to deprive a client of  his due process rights be held

liable under 1983.

16.     The Court never litigsated or ruled on the merits of a Conspiracy charge

by O'Connor, a private citizen,  who participated with the judge in refusing the

Plaintiff her Civil Rights. bu refusing to defend her, in violation of the Sixth

Amendment.

17.             THE SUPREME COURT OF THE UNITED STATES

        The Supreme Court stated in the ase of Lugar v. Edmondson Oil Co.

that :

        "A private party's joint participation with officials in their seizure is
sufficient to characterize that part as a "STATE ACTOR"  for purposes of  a violation
of the Federal Civil Rights.  Such a "joint participation" does not requaire something more than
invoking the aid of an official to take advantage of the official procedure."

18.     As the Plaintiff stated there is no doubt that  O'Connnor was under the control

of the Judge when he kept silent as the judge was violating the Plaintiff's Civil Rights.

Making  O'Connor guilty of Conspiracy with the judge ,  when he did not defend the

Plaintiff as was his duty under the Sicth Amendment.

        O'CONNOR ACTING WITHIN THE ARMBIT OF COURT AUTHORITY

19.      The defendant O'Connor was an appinted private attorney,  appointed and

4

paid by the Federal Judge, which makes his Acts under State Authority when acting and being paid by a judge. His appointed by the judge he is given him all the powers of the court. Giving the Plaintiff a means of confronting violations of her Federal Rights when those violations occurred as a result of the behavior of actors at the COURT LEVEL.

20.  O;CONNOR'S INACTION TO THE JUDGE'S

VIOLATION OF HER CIVIL RIGHTS

DETERMINES HE IS ACTING UNDER COLOR OF LAW

IN A SIGNIFICANT COURT INVOLVEMENT

The Plaintiff states that there was "Joint action" and "substantil cooperation" of O'Connnor with the Judge when the judge he was refusing to address her Motion to dismiss, and O'Connnor did not defend the Plaintiff from the unlawful actions of the judge.

21.  To prove her Conspiracy the Plaintiff shows an... AGREEMENT OF THE MINDS TO VIOLATE HER CONSTITUTIONAL RIGHTS. That O'Connor by remaining silent he participated in the unlawful Acts of the Judge, when the judge violated the Plaintiff's Due Process rights to rule on her Motion to dismiss. Evidence that he failed to exercise an independent judgment by remaining silent supports inference of a conspiracy between a private party and the judge. Assuming O'Connor was not acting as an "Officer of the Court". That O'Connor's choice to remain silent must in law be that of the state. Johnson, 113 F.3d at 1119, quoting Blum v. Yaretsky 457 U.S. 1004, (1982), Denis 449 U.?s. at 27,. Lee v. Katz 76 F.d 550 at 554 (9th cir. 2002)

716.  Plaintiff states that there was a symbolic relationship between a court-appointed lawyer and the judge. An exercise of control over O'Connor's actions. Brunete 294 f.3d at 1213. An obvious involvement of the Court in the private conduct of O'Connor. Burton 365 U.s.at 722.

Please note that the Plaintiff mails a copy to O'Connor but the mail comes bace.

WHEREFORE: This court is obligated to allow the Plaintiff the right to go before a jury of her peers for damages as allowed under 1983. For damages in the amount of $500,000.00.

Respectfully,

Josephine Amatucci

Nov. 3 2023
~~October 26, 2023~~

c. O'Connor

*Josephine Amatucci*

From: Josephine Amicci
P.O. Box 292
Wolfeboro Falls, N.H. 03896

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

MANCHESTER NH 030
7 NOV 2023 PM 3

0301-394135