FILED - USDC -NH
2023 DEC 15 AM 11:09

8291

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

O'Connor                          Case Number 118-mc-00038-JL

MOTION FOR SUMMARY JUDGMENT

A VIOLATION OF THE SUPREMACY CLAUSE

BY THE COURT

1. The Plaintiff states that this court violated the Plaintiffs rights under 1983 by refusng to enforce the Federal laws. That under the...." SUPREMACY CLAUSE" regarding this State Court'S refusal to to entertain the Plaintiff's FEDERAL CAUSE OF ACTION, the State Court 's obligation under FEDERAL LAW. Under the "SUPREMACY CLAUSE."

2. Regarding a 1983 Action based on an unlawful detainment of her LIBERTY RIGHTS, when the Court and the defendant denied in a Conspiracy to address the Plaintiff's Motion to Dismiss, and where the defendant in a Conspiracy with the judge, kept silent and refused to defend her as was her right. That the defendant O'Connor whose job it was to defend her, violated her rights under the Fourth Amendment as an ineffective counsel, when he kept silent throughout the entire trial and pre-trial procedures.

1

3.       As cited in the case of Tower v. Glover as follows:

"a private person acts "under color of law"  when engaged in a conspiracy with officials to deprive a defendant of FEDERAL RIGHTS."  State action can be found where a private person perfoms a public function,  commits acts that are traditionally and          exclusively done by being ASSOCIATED with the government or have significant state involvement , encouraged or authorized by the government in their unlawful activities."

..................................................................

## VIOLATIONS OF THE SUPREMACY CLAUSE

4.       That in the case of Haywood v. Drown the Supreme Court considered the responsibility of a state to enforce the laws of the Federal Constitution,  which in this case to enforce the  Plaintiff's  Federal Constituional Rights to damages under 1983 for when  under 1983 the defendant deprived the Plaintiff of her rights, privileges when he neglected  to defend her against the unlawful practices of the court,  in a conspiracy    When he remained silent instead of defending her,  which was her right.

5.       That  therefore under 1983  the defendant O'Connor is liable UNDER THE SUPREMACY CLAUSE,  and in a Consiracy with the judge,  to  deprived the Plaintiff of her rights and privileges,  by refusing to  defend her,  throughout the entire court procedure. Which is an  unlawful Fourth Amendment violation of her  liberty  rights,  when she was forced to endure an unlawful trial,  when her Motion to Dismiss was ignored, and not addressed,  when she was unlawfully convicted for a crime the defendant knew she never committed,  yet he remained silent.  Allowing her to be CONVICTED when it was his duty to protect her.

6.       A violation of the Supremacy Clause as stated in the case of Dubose v. Kelly as the Court stated:

"To act "under color of state law under 1983 purposes ....."DOES NOT REQUIRE that the defendant  (O'Connor) be.... UNDER COLOR OF LAW.  It is enough that he is a willing

2

participant in joint action with the State or its Agents.   Where the judge was the product of a corrupt conspiracy to deny the Plaintiff her Constitutional protections.".

7.         Therefore under the violation of the SUPREMACY CLAUSE when this court unlawfully refused to address the Plaintiff's 1983 claim, the judge Joseph Laplante's rulings are VOID OF NO LEGAL FORCE, when he trespassed against the SUPREMACY CLAUSE, THE LAW OF THE LAND, in refusing to address the Plaintiff's rights to a 1983 claim against the defendant O'Connor.

8.         And that this Court will allow the Plaintiff her right to damages under 1983 by a jury of her peers, as allowed UNDER THE SUPREMACY CLAUSE, AND UNDER a 1983 claim.

Respectfully,

Josephine Amatucci

c.  defendant O'Connor

*Josephine Amatucci* (signature)



# Supremacy Clause

The **Supremacy Clause** of the Constitution of the United States (Article VI, Clause 2) establishes that the Constitution, federal laws made pursuant to it, and treaties made under its authority, constitute the "supreme Law of the Land", and thus take priority over any conflicting state laws.[1] It provides that state courts are bound by, and state constitutions subordinate to, the supreme law.[2] However, federal statutes and treaties must be within the parameters of the Constitution;[3] that is, they must be pursuant to the federal government's enumerated powers, and not violate other constitutional limits on federal power, such as the Bill of Rights—of particular interest is the Tenth Amendment to the United States Constitution, which states that the federal government has only those powers that are delegated to it by the Constitution.

The Supremacy Clause is essentially a conflict-of-laws rule specifying that certain federal acts take priority over any state acts that conflict with federal law. Some jurists further argue that the clause also nullifies federal law that is in conflict with the Constitution, although this is disputed.[4] The Supremacy Clause follows Article XIII of the Articles of Confederation, the predecessor of the Constitution, which provided that "Every State shall abide by the determination of the [Congress], on all questions which by this confederation are submitted to them."[5]

As a constitutional provision announcing the supremacy of federal law, the Supremacy Clause assumes the underlying priority of federal authority, albeit only when that authority is expressed in the Constitution itself;[6] no matter what the federal or state governments might wish to do, they must stay within the boundaries of the Constitution.[7] Consequently, the Supremacy Clause is considered a cornerstone of the United States' federal political structure.[8][9]

## Text

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the Contrary notwithstanding.[10]

## Background

### Constitutional Convention

According to Madison's Notes of Debates in the Federal Convention of 1787, the Supremacy Clause was introduced as part of the New Jersey Plan.[11][12] During the debate, it was first put up for a motion by Luther Martin[13] on July 17, when it passed unanimously.[14]

From: Josephine Amatucci
P.O. Box 242
Wolfeboro Falls, N.H. 03896

MANCHESTER NH 030
14 DEC 2023 PM 2 L

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

03301-394135