speed was unreasonable for the conditions and therefore, under NH statute, the state had failed to prove she was speeding. However, the court also found that she had an obligation to stop for the police, that she failed to do so for over 4 miles and that she was, therefore, guilty of failing to stop for the police. Admitted that plaintiff was validly arrested and prosecuted for speeding and failure to stop. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether the plaintiff was truly headed to the sheriff's office for any purpose, but it would not have mattered to them, and therefore deny those allegations. Defendants deny all the remaining allegations of paragraph 9. Also see the response, above, to Paragraph 7. Defendant O'Brien further specifically denies all the allegations against him. His involvement in this matter, contrary to the plaintiff's false and groundless allegations, was extremely limited. Mr. O'Brien responded, as he was legally required to do, to a call from police dispatch that Ms. Amatucci was causing a disturbance at the Town offices. By the time Ofc. O'Brien arrived at the Town offices, Ms. Amatucci had already left. Mr. O'Brien's sole involvement after that was to make a radio call back to police dispatch confirming that Ms. Amatucci was no longer at Town Hall. O'Brien did not make a phone call to Ofc. Emerson, did not call the Sheriff's Department and did not request anyone to chase or stop or arrest Ms. Amatucci. He was not in any way involved in the pursuit of Ms. Amatucci and was not present when she was pursued, stopped or arrested. After Ms. Amatucci was arrested and taken away, Officer O'Brien went to the location of Ms. Amatucci's car to relieve Chief Chase so that Chief Chase did not have to wait for the tow truck to arrive. As to the statement in the police log about Ofc. Emerson trying to stop "her," that was not a quote of Ofc. Emerson's police call to dispatch, but rather a conflation in the log prepared by the dispatcher, William Riley, of Emerson's statement that he was turning around to chase a speeding car (which he did not know was Ms. Amatucci). Officer

AND

[handwritten: illegible] FIRST MY ENTIRE FOURTH AMENDMENT.

8297

To: Judge Laplante

From: Josephine Amatucci

Re: The unlawfuf prosecution for SPEEDING

Dear Mr. laplante:

You are going to allow me a jury trial for damages IMMEDIATELY against Stuart Chase and the Town for Chase's unlawful prosecution for speeding, when speeding is not a crime in New Hampshire, and he unlawfully prosecuted me for speeding, an elderly person.

Josephine Amatucci See Attached Evidence

12/21/23

Josephine Amatucci




WIKIPEDIA

# Supremacy Clause

The **Supremacy Clause** of the Constitution of the United States (Article VI, Clause 2) establishes that the Constitution, federal laws made pursuant to it, and treaties made under its authority, constitute the "supreme Law of the Land", and thus take priority over any conflicting state laws.[1] It provides that state courts are bound by, and state constitutions subordinate to, the supreme law.[2] However, federal statutes and treaties must be within the parameters of the Constitution;[3] that is, they must be pursuant to the federal government's enumerated powers, and not violate other constitutional limits on federal power, such as the Bill of Rights—of particular interest is the Tenth Amendment to the United States Constitution, which states that the federal government has only those powers that are delegated to it by the Constitution.

The Supremacy Clause is essentially a conflict-of-laws rule specifying that certain federal acts take priority over any state acts that conflict with federal law. Some jurists further argue that the clause also nullifies federal law that is in conflict with the Constitution, although this is disputed.[4] The Supremacy Clause follows Article XIII of the Articles of Confederation, the predecessor of the Constitution, which provided that "Every State shall abide by the determination of the [Congress], on all questions which by this confederation are submitted to them."[5]

As a constitutional provision announcing the supremacy of federal law, the Supremacy Clause assumes the underlying priority of federal authority, albeit only when that authority is expressed in the Constitution itself;[6] no matter what the federal or state governments might wish to do, they must stay within the boundaries of the Constitution.[7] Consequently, the Supremacy Clause is considered a cornerstone of the United States' federal political structure.[8][9]

## Text

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the Contrary notwithstanding.[10]

## Background

### Constitutional Convention

According to Madison's Notes of Debates in the Federal Convention of 1787, the Supremacy Clause was introduced as part of the New Jersey Plan.[11][12] During the debate, it was first put up for a motion by Luther Martin[13] on July 17, when it passed unanimously.[14]