8341

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

CHARLES GREENHALGH, Rondeau, Champaign, Maloney,

Wright, Estes, Morgan, et al                 1:18-mc-00038-JL

RESPONSE TO COURT ORDER DATED 1/22/2024

A MOTION FOR JUDGMENT AS A MATTER OF LAW

AS FRAUD IS NEVER FINAL

THERE IS NO STATUTE OF LIMITATIONS

WHERE THE DECISIONS OF THE COURT CANNOT OVERRULE

HER RIGHTS TO A FEDERAL CONSTITUTIONAL CLAIM

1.      By the court denying that the defendant's are guilty of violating the Plaintiff's Constitutional Rights, that is by denying that the Plaintiff was maliciously prosecuted, by the defendant's the court is in fact under the law, AIDING AND ABETTING.......the defendant's unlawful ACTS. That The Plaintiff is stating that the Court's ruling in the 1/22/2024 Order, is a DELIBERATE MISINTERPRETATION of the true facts of this case, as statd by the Plaintiff, and that there is no restriction allowed by the court under

1

the law, where the court can legally prohibit the Plaintiff from commencing her actions in this case arising from the unlawful Malicious Prosecution that was filed by the defendants in the Court, where the defendant's falsely and maliciously accused the Plaintiff of a crime "THEY KNEW", the defendant's knew she never committed, that she never commintted an "Assault with Bodily Injury" on a Mr. Robert Maloney, an employee of the Town Dump. As evidence before the Court in the Plaintiff's Motion to Dismiss, which was timely filed, was evidence beyond any doubt that Mr. Maloney stated very clearly to the defendents, and BEFORE they filed the Malicious Prosecution in the Court, that there was "no injury", that the defendants knew there was "no injury" BEFORE they filed a Complaint in the Court falsely falsely falsely accusing the Plaintiff of causing an"assault with bodily injury" to Mr. Maloney.

2.      And where the Court was aware from the evidence that there was "no bodily injury" that occurred at the "Town Dump" and where the defendants knew there was no boidily injury that occurred at the town dump, there is no res judicata or collateral estoppel related to the Plaintiff's lawsuit. That therefore there is and can never be a filing restriction to this lawsuit, that therefore, this Court is MANDATED under the FEDERAL Constitution, to move the Plaintiff's claims before a jury of her peers for damages as allowed under 1983, for the violation of her Federal Constitutional Rights. As no decisions made by the judge of this court can overrule, or override the Plaintiff's rights under the LAW OF THE LAND..

3.      That the defendant's unlawfully Malicious Prosecuted the Plaintiff, when they "falsely" accused the Plaintiff of causing bodily injury, without probable cause, When they knew there was "no boidlly injury" as stated by the alleged victim himself

when he stated he had....... "no injury"

4.      Therefore, the Court's Order of 1/23/2024 is a DELIBERATE MISINTERPRETATION of the true facts of the case, when they try to deny that the Complaint filed by the defendants was an unlawful Malicious Prosecution.

5.      That where the alleged victim Robert Maloney stated very clearly there was no bodily injury and where she was being prosecuted for a crime that she never committed, this case is in violation of the Plaintiff's Constitutional Rights of an Fourth Amendment violation, of violation of Due Process of he law.

6.      Greenhalghn, is a defendant, in his INDIDVIDUAL CAPACITY, Greenhalghn lost jurisdiction to rule in this case when he refused to rule on and allow the Plaintiff's evidence contained in her Motion to Dismiss, and dismiss the case, knowing she was not guilty of the crime she was being accused of, of an Assault with Bodily Injury to Mr. Robert Maloney, at the Town Dump. Where she was being fraudulently maliciously prosecuted by all defendants. And also, In denying to rule on the Plaintiff's Motion to Dismiss, under Due Process of the Law, Greenhalghn lost jurisidiction, and in fact by moving forward in the case where he had no jurisdiction to do so he was trespassing against the Federal Constitution, the LAW OF THE LAND, in denying the Plaintiff her Federal Constitutional Rights, to a Fourth Amendment claim against the defendants, as allowed under 1983. And in doing so Greenhalghn's decisions and or rulings in the case are ......VOID OF NO LEGAL FORCE.

7.      The Court twisted the facts in this case, and based the Plaintiff's claims in her lawsuit on what occurred ...at the Town Dump ....when the Plaintiff's claims are based on the Complaint filed by the defendant's in the Ossipee Court falsely accusing her of causing Bodily Injury, a Malicious Prosecution, as no bodily injury

ever occurred at the Town Dump. That the Complaint was in fact a Malicious Prosecution. A Complaint accusing the Plaintiff of a crime they KNEW she never committed, FRAUD, of causing bodily injury to Maloney...... where the defendants knew that there was NO BODILY INJURY that occurred at the Town Dump, as the alleged victim himself stated to them that he had " NO INJURY", evidence that the Plaintiff submitted to the Court in her Motion to Dismiss., That therefore the Malicious Prosecution had no connection with an injury that never occurred. Therefore there is NO RES JUDICATA, and NO COLLATERAL ESTOPPEL. Evidence will prove that the Plaintiff's Federal Constitutional rights were unlawfully denied in this case, by the Court, and that the opinion's of the Court in their bias rulings in this case, will not and cannot override the Plaintiff's rights allowed under the vioaltion of the Federal Constitution. THE LAW OF THE LAND, under 1983 for damages for the violation of her civil rights.

8.      There is no res judicata or collateral estoppel, as the court based their rulings in this case on what DID NOT OCCUR AT THE DUMP, under fraud, as the Court knew there was no bodily injury that occurred at the dump. That the Court knew all along in reviewing this case, that the defendants filed a fraudulent malicious prosecution claim against the Plaintiff, accusing her of a crime THEY KNEW she never committed. That she was being prosecuted for a crime THEY KNEW never OCCURRED AT THE DUMP. Therefore there can be no res judicata, no collateral estoppel but fraud that occurred in this case, and Fraud is NEVER FINAL. This case is going before a jury for damages as allowed under 1983.

9.      There is no doubt that Greenhalghn's ruling in this case is void of no legal force as he lost jurisdiction to rule on the case when he denied to rule on the Plaintiff's

Motion to Dismiss, a violation of Due Process, where he refused to rule on her unlawful seizure for the crime of causing bodily injury, that was filed without probable cause, by the defendant's where they knew she was not guilty of causing bodily injury of which they were maliciously prosecuting her for, a crime they had NO PROBABLE CAUSE to prosecute. The denial of the plaintiff's right under PROCEDURAL DUE PROCESS

"The right NOT to be deprived of life, liberty, or property without due process of law; nor deny any person within its jurisdiction the EQUAL PROTECTION OF THE LAWS".

10. That there is no doubt that Greenhalghn's Acts in this case were "egregious as to subject the Plaintiff to a deprivation of constitutional dimentions. That his ACTS were in violation of Due Process under the FOURTEENTH AMENDMENT. In bad faith, to have her unlawfully detained, without probable cause, that Greenhalghn had every intention to deprive and infringe upon the Plaintiff's right to equal protection under the law, and her Fourth and Fourteenth Constitutional Amendment rights. See the case of Gunderson v. Schlueter, 904 F.2d 407, 409 8th Cir. 1990) and the case law decisions of the court that is attached to this motion.

11. And as stated by Justice Ginsburg of the United States Supreme Court, and in the case of Schenick v. Pro Chice Network:

"an obligation to appear in court is a SEIZURE (without probable cause) whether or not she was in custody."

12. Also, evidence in the files will show that Sheriff Wright got a warrant for the Plaintiff's arrest by fraudulently accusing her of causing bodily injury to Maloney, when he knew there was NO BODILY INJURY, and evidence will show that Maloney stated to the defendant's, that he had NO INJURY, yet a false claim was filed in the Court by the defendants accusing the Plaintiff of causing Maloney BODILY INJURY.

13. That this case is all about a Fourth and Fourteenth Amendment violation, of

a violation of Due Process, of an unlawful seizure of the Plaintiff, by all defendants, including Greenhalghn, when he accused the Plaintiff of a crime HE KNEW from her evidence in her Motion to Dismiss that she did not commit. As the Plaintiff proved in her Motion to Dismiss that she filed timely in the court, before the arraignment, as soon as she received a copy of the Malicious Prosecution lawsuit filed by the defendants in the Court.

## AN UNLAWFUL WARRANT

14. That the defendants obtained a warrant falsely accusing the Plaintiff of causing bodily injury, to the alleged victim Robert Maloney, when they maliciously proecuted her for causing bodily injury, under RSA 631:2-A 1(B).

## FRAUD ON/UPON THE COURT

## FRAUD IS NEVER FINAL

15. ATTACHED ARE court cases defining the LEGAL RIGHTS of the Plaintiff.

WHEREFORE: As allowed under the LAW, under 1983, this Court will allow this case to go before a jury of her peers, WITHOUT FURTHER DELAY, for damages for the violation of her Federal Constitutional Rights.

Respectfully,

Josephine Amatucci

February 13, 2024

c. Town and Sheriff's Dept.

*Josephine Amatucci*

FROM: JOSEPHINE AMATUCCI
P.O. BOX 272
WOLFEBORO FALLS, N.H. 03896

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
OFFICE OF THE CLERK
55 PLEASANT ST.
ROOM 110
CONCORD, N.H. 03301