FILED - USDC -NH
2024 APR 29 AM 11:56

9071

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Dennis O'Connor, and Belnap County Sheriff's Dept.

JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. 1983 .   Jurisdiction is founded upon 28  U.S.C. 133 (1x3x4).

PARTIES

2.      Josephine Amatucci, P. O. Box 272, Wolfeboro Falls, NH 03896

3.      Attorney Dennis P. O'Connor, PLLC , acting under color of law  *16 Washington St. Conway, N.H. 13823*

RELEVANT FACTS

4.      This case is NOT  an INEFFECTIVE ASSISTANCE CLAIM,  as FRAUDULENTLY MISINTERPRETED  ("FRAUD IS NEVER FINAL") by the Court.  As a claim for INEFFECITVIE ASSISTANCE is not a viable  claim  under 1983,  and this  claim is a viable claim under 1983.

5.      This is a......" CONSPIRACY CLAIM"  viable under 1983.  Against the defendant who was acting......" under color of law"  where there is NO RES JUDICATA,  under a violation of the Federal Constitution.   The court never litigated the merits of a CONSPIRACY

1

CLAIM. Never litigated a claim of an unlawful detainment -of a Fourth Amendment violation of the Plaintiff's liberty rights. for a liable 1983 claim.

6.  This is a claim of CONSPIRACY, a viable 1983 claim as stated by the Supreme Court in the case of Adickes v. S.H. Kress & co. where the COURT stated:

"A private party involved in a CONSPIRACY, even though not an official of the State, can be held liable under 1983. Private persons, jointly engaged with State Officials, in their prohibited actions, are acting 'under color of law' for the purpose of the statute. To act under color of law does NOT REQUIRE that the accused be an officer of the State. It is enough that he is a WILLING PARTICIPANT in joint activity with the State or it Agents."

That defendant O'Connor conspired with the Judge, did not perform adequately wen the judge refused to rule on the Plaintiff's Motion to Dismiss. Where the Plaintiff's Motion to Dismiss contained exculpatory evidence tht would have cancelled her unlawful unlawful Maliicious Prosecution by the defendants, when they accused her of causing bodily injury to the alleged victim Norman Maloney, when in her Motion to Dismiss the Plaintiff had evidnece that Maloney stated, "he had NO INJURY".

7.  In the case of Dubose v. Kelly, 187 F.3d 999 the Court stated:

"To act "undr color of state law under 1983 purposes, DOES NOT REQUIRE that the defendant be acting UNDER COLOR OF LAW. It is enough that he is a willful participant in joint action with the State or its agents. PRIVATE PERSONS, jointly engaged with state officials in the challenged action, are acting 'UNDER COLOR OF LAW" for purposes of 1983 actions".

8.  In the case of Tower v. Glover  - a Supreme Court decision stated:

"Title 42 U.S.C. 1983 provides that "every person" who acts "under color of law" of state law to deprive another of his constitutional rights shall be liable in a suit for damages. The Court of Appeals agreed, that the Glover's CONSPIRACY allegations "were under the color of state law.."

The Supreme Court case of Lugar v. Edmondson Oil Co.

9.  That the Plaintiff states when O'Connor did not speak one word, did not defend the Plaintiff during the entire court procedure, he was in fact CONSPIRING with the judge.

2

10.     And in doing so, he was "ACTING UNDER COLOR OF LAW".

11.     The Plaintiff claims that if O'Connor had performed adequately, the judge would had ruled on her Motion to Dismiss, and she would not have to be detained further with court proceedings, and a trial, in violation of the Fourth Amendment right against unreasonable seizures.

12.     That the Plaintiff's claims are viable claims under the Federal Constitution, and a violation of Due Process where the defendant can be held liable under 1983 when by keeping silent, instead of defending the Plaiintiff, as was his duty, he was in fact CONSPIRAING WITH THE JUDGE in denying the Plaintiff's Constitutional rights.

WHEREFORE: Based on the violations of the Plaintiff's Due Process, Fourth Amndment Rights, Fourteenth Amendment Rights, violation of her EQUAL PROTECTION RIGHTS, the violation of her FREEDOM RIGHTS, that O'Connor although a private party, when jointly engaged in the judge's prohibited actions, was acting under "COLOR OF LAW, when he did not defend the Plaintiff as was his duty under the Sixth Amendment. That this court is therefore, MANDATED , under the Federal Constitution, under the LAW OF THE LANDE, to allow the Plaintiff a trial of her peers for damages as allowed under 1983, in the amont of $500,000.00. A Sixth Amendment right, based on the fact that she was a very elderly person.

Respectfully,

Josephine Amatucci

c. O'Connor

April 24, 2024

*Josephine Amatucci*

From: Josephine Amatucci
P.O. Box 292
Wolfeboro Falls, N.H. 03...

7022 3330 0001 2491 8755

United States District Court
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

4/27
BLC

U.S. POSTAGE PAID
FCM LETTER
WOLFEBORO FALLS
NH 03896
APR 23, 2024
**$3.72**
R2305H130147-01


03301