9103

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Estes, Champaigne, Morgan, Wolfeboro NH, town of,

DEAN RONDEAU, Wright and Robert Maloney

## JURISDICTION

This action happend in New Hampshire. The Complaint is before the Court under 42 U.S.C. 1983.

## PARTIES

Judy Estes, Belnap County Sheriff's Dept. 42 County Drive, Laconia, NH 03246

Steve Champaign, Town of Wolfeboro

Timothy Morgan, Town of Wolfeboro

town of Wolfeboro, 84 South Main St. P. O. Box 629, Wolfeboro, NH 03894

DEAN RONDEAU, Town of Wolfeboro

William Wright, Belnap Sheriff's Dept.

Robert Maloney, Town of Woleboro

## RELEVANT FACTS

1

## THE LAW

No filing restrictions, no procedures of the courts by the judges, can OVERRIDE any Federal Cosntitutional claims of the Plaintiff, or refuse to rule on them under local procedure, as the FEDERAL CONSTITUTION, THE LAW OF THE LAND, overrides, overrules, all local procedures of the law. NO RES JUDICATA, NO COLLATERAL ESTOPPEL, FOR A VIOLATION OF THE FEDERAL CONSTITUTION. THE LAW OF THE LAND. NO STATUTE OF LIMITATIONS UNDER FRAUDULENT MISREPRESENTATION.

That under Miranda v. Arizona, the Supreme Court stated, "We can go on, quoting court decisions after court decisions, however, the CONSTITUTION itself answers our question that "Can a government LEGALLY put restrictions on the rights of the American people at any time, for any reason, the answer is found in Article Six of the U.S. Constitution, which states, "WHERE RIGHTS SECURED BY THE CONSTITUTION ARE INVOLVED, THERE CAN BE NO RULE MAKING OR LEGISLATION WHICH WOULD ABROGATE THEM".

That under the case of Norton v. Shelby County, the court stated, "An unconstitutional act is NOT LAW. It confers no rights, it imposes no duties, affords no protection, it creates no office, it is in leal contemplation as inoperative as though it had NEVER BEEN PASSED."

That under the law of the cae of Sherer v. Cullen, and Hanson v. Denckla, the court stated,  "a void judgment , the courts distort the Plaintiff's records and arguments, to deprive her of a realsistic assessment by failing to litigate her FEDERAL CONSTITUTIONAL CLAIMS, HER fOURTH AMENDMENT VIOLATIONS,

That this case is under the fact that her FEDERAL CONSTITUIONAL RIGHTS under a 1983 claim was denied, never litigated.

1. The Plaintiff states that the actions of the court in previous filings in this case

are unsupported by the evidence submitted by the Plaintiff. Actions in violation of

the Fifth Amendment, when not supported by the SUBSTANTIAL EVIDENCE filed by

the Plaintiff in this case.   That this court erroneously declared and/or applied

the law ...in violation.... of the Fifth Amendment and of Due Process, in violation

of the BILL OF RIGHTS, which  protects citizens from UNFAIR and UNJUST legal proceedings .

And under the Sixth Amendment's Rights of criminal defendants, of Due Process. A right

a summary judgment standard under Rule 56(c) where SUPPORTING MATERIALS show that

there is no genuine issue as to any material fact and that the moving party is ENTITLED TO JUDGMENT as a MATTER OF LAW. Anderson v. Liberty Lobby, Inc. " Whether the evidence IS ONE-SIDED that one party MUST PREVAIL AS A MATTER OF LAW. Allen v. Tyson Foods, Inc. Adickes v. S.H. Kress & co.

2. The Plaintiff bases her claims under the rulings by the Court in the case of Pembauer v. city of Cincinnati 475 u.S. 469 (1986) A UNITED STATES SUPREME COURT a case that clarified a previous case, Monell v. Deaprtment of Social Services (1978) and established that "MUNICIPALITIES can be held liable een for a .......SINGLE DECISION.......that is improperly made by a MUNICIPAL POLICYMAKER, where it was defendant Police Chief DEAN RONDEAU who is a policymaking official, who made the final decision to have the Plaintiff prosecuted when under a Monell claim he is equally responsible whether the action is to be taken ......ONLY ONCE.....or to be taken repeatedly for a liability undr 1983.

3. The Plaintiff states that the violations of her rights under the FEDERAL CONSTITUTIONAL , of the Fourth Amendment was not litigated and determined by the state court, nor this Federal District Court, which would have been given preclusive effect , of issues raisd, argued under the Fourth Amendment, which have preclusive effect where a Fourth Amendment claim is irrelevant to the constitutionality of a criinal conviction. That this is a claim of 1983 actions which directly challenges the legality of police conduct. Where State and Federal courts are deficient in protecting federal rights. See case of Allen v. McCurry, where the court stated:

" UNDER 1983 EVERY PERSON ASSERTING A FEDERAL RIGHT IS ENTITLED TO THE OPPORTUITY TO LITIGATE THAT RIGHT IN A FEDERAL DISTRICT COURT. WHETHER THE CLAIM HAS AREADY BEEN DECIDED AGAINST HIM AFTER A FULL AND FAIR PROCEEDING IN STATE COURT"

" That the doctrine of Collateral Estoppel does not apply to 1983 suits ...... AGAINST POLICE OFFICERS......to recover for Fourth Amendment vioaltions, in Federal courts, THAT State

court judgments will not be given.... collateral estoppel effect... under 1983 claims".

4.      This is a case based on the ruling in the case of Allen v. McCurry 449 U.S. 90 (1980) where the court considered whether the doctrine of collateral estoppel can Be invoked against a 1983 claimant to bar relitigaton of a Fourth Amendment claim decided against him in a STATE criminal proceeding.  Where the Court rejected the view that, because the 1983 action provides the ONLY ROUTE to a Federal District Court for the Plaintiff's CONSTITUTIONAL claim, relitigation of the Fourth Amendment question in federal court MUST MUST MUST be permitted. The Court concluded that the doctrine of cllateral estoppel applies to 1983 suits to recover for Fourth Amendment violations.

5.      The Court further stated in FEDERAL ACTIONS, including 1983 actions, ...................... .......... STATE -COURT JUDGMENTS ......WILL NOT....BE GIVEN COLLATERAL -ESTOPEL EFFECT, with the understanding that federal courts could step in where the state courts were unable or unwilling to protect federal rights.  See Board of Regents v. Tomanio 446 U.s. 478, 485-486 (1980).  42 U.S.C. 1988 authorizes FEDERAL courts , in an action under 1983 to DISREGRD an otherwise applicable state rule of law if the state law is INCONSISTENT with the federal policy underlying 1983.

6.      The Court stated "the judgment in the prior action operates as an estoppel ONLY as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.  Unless an issue was actually litigated and determined in the former judicial proceeding, the law will not treat it as final.  Luke Construction Company v. Simpkins, Eason v. Eason, Brown v. Felsen. Furthermore , collateral estoppel precluded the litigation of ONLY ONLY ONLY those issues necessary to support the judgment entered in the first action. As the Virginia Supreme Court stated in Petrus v. Robbins (1954),  "to render the judgment conclusive, it must appear on the record of the prior suit that the PARTICULAR MATTER

sought to be concluded was necessarily TRIED OR DETERINED, -that is that the VERDICT could not have been rendered .....WITHOUT DECIDING THAT MATTER." Block v. Commisioners (1879) Segal v. American Tel. Tel. Co. (1979).

## DOCTRINE OF RES JUDICATA

7.     "the judgment in the former action is conclusive of the latter, not only as to EVERY QUESTION which was decided, but also as to EVERY OTHER MATTER which the parties might have lkitigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or ESSENTIALLY CONNECTED with the SUBJECT MATTER of the litigation, whether the same, as a matter of fact, were or were not considered. Eason v. Eason also quoting Kemp v. Miller.   RES JUDICATA DOES NOT APPLY.

## RELEVANT FACTS

8.     None of the issues in the case, allowed for a determination of the filing of a CRIMINAL Complaint filed by the Sheriff's Dept. baed on an Assault with Bodily Injury by the Plaintiff on a Mr. Robert Maloney, an employee of the Town Dump.  That evidence before the Court showed that Maloney, the alleged victim of an Assault with Bodily Injury, stated to the Sheriff's Dept. that he had ....."NO INJURY".  Besides the fact that at the Trial a witness, a supervisor at the Dump, a witness to what occurred on May 7, 2014 to the event at the dump, Mr. Steve Champaign clairified that the alleged victim Mr. Maloney was not standing on the top of the steps when the Plaintiff entered the office at the dump, and therefore she did not push Maloney down the few steps when she was entering the office, as Maloney falsely stated.  Evidence before the Court that there was NO ASSAULT wiith a Deadly Weapon, and that the Complaint filed by the Sherif's Dept. was a violation of the Plaintiff's Fourth Amendment and Due Process rights.  A 1983 claim.  Where the Police Chief Dean

Rondeau was the one who ORDERED the Shriff's Dept. to file a false Complaint against the Plaintiff for an Assault with bodily Injury in the courts, was a POLICYMAKING OFFICIAL, for the deterination of a 1983 claim. AND AND A MONELL CLAIM, making the Town liable for the acts of Rondeau, a policymaking official, even if the Act occurred only once as determined under the case of Pembaur.

## CHARLES GREENHALGH

9. That Charles Greenhalgh was never sued under his official status, that therefore the ruling of the court to dismiss the claim under judicial immunity was stated under FRAUD, Fraudulent Misrepresentation. And thus is a decision that is void of no legal force, to dismiss the Plaintiff's viable claim against Greenhalgh, who refused to allow and ajudicate the Plaintiff's viable Motion to Dismiss, based on the evidence before the court that there was NO ASSAULT WITH BODILY INJURY against the employee of the dump, Mr. Maloney, with evidence from a statement made by Maloney himself that he had "NO INJURY". That also Greenhalgh ordered Mr. Maloney and stated when the Plaintiff was confronting Maloney as was her right under the Sixth Amendment Confrontation Clause, that Greenhalgh was not acting as a judge when he stopped witness Robert Maloney from answering the Plaintiff's question at trial, as to whether the Plaintiff had a RESTRAINING ORDER against his mother Pauline Maloney, in opposition to Maloney's false statement to the court and his false statement to the Sheriff's when he was being questioned about the incident at the dump, where Maloney FALSELY stated that he only knew the Plaintiff from her coming to the dump where he worked, over the years. That even though a witness at the dump at the time, and supervisor a Mr. Steve Campaigne testified at the trial that the Plaintiff did not push Maloney down the steps at the office of the Dump, as Maloney was.... NOT STANDING.... at the stairs at the entrance to the office, as Maloney stated, and therefore,

the Plaintiff's question at trial, as to whether the Plaintiff had a RESTRAINING ORDER against his mother Pauline Maloney, in opposition to Maloney's false statement to the court and his false statement to the Sheriff's when he was being questioned about the incident at the dump, where Maloney FALSELY stated that he only knew the Plaintiff from her coming to the dump where he worked, over the years. That even though a witness at the dump at the time, and supervisor a Mr. Steve Campaigne testified at the trial that the Plaintiff did not push Maloney down the steps at the office of the Dump, as Maloney was.... NOT STANDING.... at the stairs at the entrance to the office, as Maloney stated, and therefore, the Plaintiff did not push Maloney. EVIDENCE OF A FICTITIOUS accusation by Maloney, that he was standing in the doorway when the Plaintiff pushed him aside to enter the office which made him FALL DOWNA FEW STEPS. That therefore Greenhalghn had no LEGAL JURISDICTION to continue to accuse the Plaintiff of causing an Assault to Robert Maloney. The evidence was there all along, yet Greenhalgh who violated his Code of Conduct who did not comply to his Oath to the Constitution of the United States instead warred against the Constitution when he engaged in ACTS (when he convicted the Plaintiff of causing bodily injury) in violation of the LAW OF THE LAND. Which made him lose JURISDICTION IN THIS CASE. And therefore he was acting not as a judge but as an individual. And is liable for his unconstitutional Acts undr 1983 as an individual. For a Fourth Amendment unlawful detainment, of her liberty rights, when an unlawful trial was held in violation of her due process rights to the litigation of her MOTION TO DISMISS the case as filed by the Plaintiff with exculpatory evidence that there was NO ASSAULT, as fraudulently stated by the defendants.

WHEREFORE: The ...."EVIDENCE"..... will prove the violation of the Plaintiff's FEDERAL CIVIL RIGHTS, which allows a 1983 claim against the defendants, and requests a speedy trial by a jury of her peers, for damages as allowed under 1983, and a Monell claim.

Respectfully,

Josephine Amatucci

June 7, 2024

Copy to town of Wolfeboro, Sheriffs Dept.

*Josephine Amatucci* (signature)

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896

CERTIFIED MAIL®

9589 0710 5270 0931 7083 79

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord New Hampshire 03301

B/C
6/6

