# STATE OF NEW HAMPSHIRE

CARROLL COUNTY 3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE COURT

## ARREST WARRANT

*TO THE SHERIFF OF ANY COUNTY IN THIS STATE OR DEPUTY, OR ANY POLICE OFFICER WITHIN THE STATE:*

WHEREAS, the Complainant, Sergeant William Wright of Belknap County Sheriffs Department in the County of Belknap

has exhibited to me, Karen Ann Jones, a Justice/Justice of the Peace in the County of CARROLL, his/her complaint upon oath against the Defendant,

**JOSEPHINE AMATUCCI**, of 360 GOV WENTWORTH HWY WOLFEBORO, NH 03894,

in the County of Carroll for the crime(s) of:

631:2-A,I(B) Simple Assault; BI

WE COMMAND YOU to take the Defendant, if found to be in your precinct,and bring him/her before the 3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE COURT

Dated the 16th day of November, 2018

Karen Anne Jones
Justice/Justice of the Peace 6/15/2022

## RETURN

STATE OF NEW HAMPSHIRE COUNTY OF CARROLL

I have arrested the defendant and now have him/her before the Court as commanded.

11/19/18 — Date

[signature] — Name of Officer

Sergeant — Title of Officer

AOC-127-045 6/89

Carroll County Sheriff's Department Page: 1
NARRATIVE FOR CHIEF DEPUTY RICHARD M YOUNG JR
Ref: 1800-931-OF
Entered: 09/10/2018 @ 1314 Entry ID: 1313
Modified: 09/10/2018 @ 1422 Modified ID: 1313

On Friday, September 7, 2018, at approximately 1:50 pm,

Sgt. Bedley,
CCSO,

phoned me at my desk and requested that I assist him at the County Attorney's Office, with removing

Josephine Amattuci.

I am very familiar with Ms. Amattuci, has I have had many conversations with her in past.

Sgt. Bedley and I walked into the C.A. Office waiting room, just outside the office and Ms. Amatucci was sitting there. She asked me my name. She has known me for many years. I served civil papers on her, when I was with the Carroll County Sheriff's Office in the early 2000's. She has sat in my office on several occassions, since I returned to the Sheriff's Office, as the Chief Deputy, in 2013. We have had many phone conversations as well.

She asked the name of the Italian Sheriff. I told her his name. She asked to speak with him. I told her that he was not here. She did not want to speak with me. She stated that

Stu Chase

and

Dean Rondeau

were criminals. She wanted to speak with someone in the C.A. Office. I asked her if she had an appointment to see someone. She told me that she has rights, she went on to state that she has Constitutional Rights. She told me it was her First Amendment Right, to speak with someone in the C.A.Office.

Once again, I was informed that no one from the C.A. Office was able to see her, on a Friday afternoon. She got up and walked over to the intercom and pressed the button. It should be noted that her voice had been raised on several occassions up to this point. No one from the C.A. Office answered the intercom. I asked her repeatedly, not to touch the intercom button. I tried to reason with her, that she needed to make an appointment. She continued on with it was her right. I told her that it was not her right, if she was disturbing the peace and yelling and did not have an appointment. I told her repeatedly that she would have to call and make an appointment to speak with someone from the C.A. Office. She stated that she would wait, to see someone. I told her that she was not going to do that without an appointment. She pressed the intercom button somewhere between 5-8 times, I figured. Each time, I asked her not to use the intercom system. I told her that she was disrupting the employees. I had shut the door in the waiting room, to the hall, because I had seen one of the C.A. employees, come out of her office to see what the commotion was. Because Ms. Amattuci had been yelling.

I explained to Ms. Amattuci, that if she did not leave the premises, that she could be arrested. I told her that she simply needed to leave and make an appointment. She became very irate and tried to use her cell phone to call the County Attorney's Office. After many minutes of trying to reason with her and explain to her that she was not going to meet with someone at the C.A. Office, I finally reached over and took her hand and escorted her out of



**Incident #: 1800-931-OF**
**Call #: 18-47009**

Date/Time Reported: 09/07/2018 1355
Report Date/Time: 09/07/2018 1416
Status: Incident Open

Reporting Officer: Sergeant Michael Bedley
Assisting Officer: Chief Deputy Richard Young

Signature: ______________________________

| # | SUSPECT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | **AMATUCCI, JOSEPHINE**<br>350 GOVERNOR WENTWORTH HWY<br>WOLFEBORO NH 03894 | F | W | | *********** | |

Military Active Duty: N
HEIGHT: WEIGHT: HAIR: BROWN EYES: BROWN
BODY: MEDIUM COMPLEXION: MEDIUM
DOB: PLACE OF BIRTH: BOSTON, MA
LICENSE NUMBER: ETHNICITY: NOT HISPANIC

**[CONTACT INFORMATION]**

Home Phone (Primary)
CallBack Number (Primary)
CallBack Number

**[APPEARANCE]**

GLASSES WORN: NO

**[FAMILY/EMPLOYMENT INFORMATION]**

MARITAL STATUS:

OCCUPATION:

| # | OFFENSE(S) | ATTEMPTED | TYPE | CLASS |
|---|---|---|---|---|

LOCATION TYPE: Commercial/Office Building Zone: OSSIPEE CORNER
CARROLL COUNTY ATTORNEYS OFFICE
95 WATER VILLAGE RD
OSSIPEE NH 03864

| # | OFFENSE(S) | | ATTEMPTED | | TYPE | CLASS |
|---|---|---|---|---|---|---|
| 1 | **Disorderly Conduct** | 644 2<br>OCCURRED: 09/07/2018 1355 | N | B | **Misdemeanor** | **B** |
| 2 | **Criminal Trespass** | 635 2<br>OCCURRED: 09/07/2018 1355 | N | B | **Misdemeanor** | **B** |
| 3 | **Harassment** | 644 4,I<br>OCCURRED: 09/07/2018 1355 | N | B | **Misdemeanor** | **B** |

SEP 20 2019

OSSIPEE
DISTRICT DIVISION

)n August 31, 2018 Chief Deputy David M. Perkins III came into my office and informed me of a onversation he had with the Wolfeboro Police Department. He told me Wolfeboro Police Chief Dean Rondeau was asking for the Belknap County Sheriff's Department to assume an investigation involving an ssault with a town employee and a local woman. He told me he would forward the paperwork once received, sked for me to review it and then make a decision if it was a criminal matter.

was later given (4) statements (3) of which were on Wolfeboro Police Department Uniform Statement Forms nd (1) was just a typed letter. I reviewed the statements and found the following:

Robert Maloney
DoB: 6/1/64
Wolfeboro Town Employee

vas working on August 7, 2018 at approximately 2 p.m. He was approached by a woman named Josephine Amatucci, who came into the office at the dump and pushed him down 2 stairs. She then proceeded to yell at Steve Champaigne, who is later identified as the Department Supervisor.

Statements received from:

Steve Champaigne
DoB: 1/10/69
Wolfeboro Town Employee

and

Joshua Nason
DoB: 12/25/93
Wolfeboro Town Employee

ndicated similar information. The fourth statement was from:

Adam Tasker
Superintendent of Solid Waste
Wolfeboro Town Employee

was reporting what was reported to him about the incident. His involvement is not relevant to this case, although the information will be included.

After a review of the statements, I determined them to be sufficient for case introduction but there would need to be additional information gathered in order to be submitted as a prosecutable criminal case. I called Chief Rondeau of the Wolfeboro Police Department to discuss the matter. I subsequently left a message for him to call me back. We continued to miss each other and returned each others telephone calls. I was able to speak directly to Chief Rondeau on September 4, 2018 at approximately 1219 hours. Chief Rondeau informed me he wanted the Belknap County Sheriff's Department to perform a criminal investigation into this matter. If found to be a criminal matter, his agency prosecutor would take care of the prosecutorial process. He further told me, his department was involved in a lawsuit of some sort with the suspect in this case, along with the Town of Wolfeboro and Carroll County Sheriff's Department. He said it was best handled by a neutral outside agency.

Exhibit 6

9/25/18

On September 25, 2018 at approximately 1300 hours, I went to the Wolfeboro Solid Waste Facility, 400 Beach Pond Road Wolfeboro, NH to speak with employee and witness:

Steven Champaigne

Upon arrival we met in the upper building office. I explained who I was and why I was there to take a statement/interview him. He informed me he understood. We began the taped statement shortly thereafter. During the interview Mr. Champaigne informed me he was an employee of the Town of Wolfeboro. He has known Josephine Amatucci for approximately 10 years, from her contact with him at the Solid Waste Facility. He stated he was familiar with Robert Maloney's family having legal issues with Ms. Amatucci but nothing directly with Mr. Maloney. He told me on August 7, 2018 at approximately 2 p.m., he and two other employees were taking a water break in the lower building office. He said Robert Maloney was standing in the doorway of the office. Ms. Amatucci made a comment to Mr. Champaigne as she walked by about some patrons making a mess. He responded back to her indicating the issue had been addressed. Ms. Amatucci returned a couple minutes later and pushed Robert Maloney out of the doorway and began yelling at Mr. Champaigne. He said Robert Maloney was knocked off balance and slid down the two steps into the office. He said Ms. Amatucci then left the office area.

He indicated there was no legitimate reason for Ms. Amatucci to touch Mr. Maloney. Further, he said they were hopeful she would be barred from the solid waste facility to avoid future issues. I concluded the statement after speaking with Mr. Champaigne for a few minutes.

Based on the information received from the witnesses and victim in this case, there is probable cause to believe on August 7, 2018 at approximately 1400 hours, Josephine Amatucci did have unprivileged physical contact to another, to wit, Robert Maloney, without being licensed or privileged to do so. I will be drafting a warrant and complaint for her arrest. She refused to speak with me about the incident, to give her recollection of the event.

September 28, 2018 warrants were drafted and approved by Sheriff Moyer and Prosecutor Timothy Morgan. Case will be submitted to Prosecutor Morgan once supplemental narrative is approved and an arrest is made.

To Selectmen

n August 31, 2018 Chief Deputy David M. Perkins III came into my office and informed me of a recent conversation he had with the Wolfeboro Police Department. He told me Wolfeboro Police Chief Dean Rondeau was asking for the Belknap County Sheriff's Department to assume an investigation involving an ssault with a town employee and a local woman. He told me he would forward the paperwork once received, sked for me to review it and then make a decision if it was a criminal matter.

was later given (4) statements (3) of which were on Wolfeboro Police Department Uniform Statement Forms nd (1) was just a typed letter. I reviewed the statements and found the following:

Robert Maloney
DoB: 6 1 62
Wolfeboro Town Employee

was working on August 7, 2018 at approximately 2 p.m. He was approached by a woman named Josephine Amatucci, who came into the office at the dump and pushed him down 2 stairs. She then proceeded to yell at Steve Champaigne, who is later identified as the Department Supervisor.

Statements received from:

Steve Champaigne
DoB: 1/10/69
Wolfeboro Town Employee

and

Joshua Nason
DoB: 12 25/93
Wolfeboro Town Employee

ndicated similar information. The fourth statement was from:

Adam Tasker
Superintendent of Solid Waste
Wolfeboro Town Employee

was reporting what was reported to him about the incident. His involvement is not relevant to this case, although the information will be included.

After a review of the statements, I determined them to be sufficient for case introduction but there would need o be additional information gathered in order to be submitted as a prosecutable criminal case. I called Chief Rondeau of the Wolfeboro Police Department to discuss the matter. I subsequently left a message for him to call me back. We continued to miss each other and returned each others telephone calls. I was able to speak directly to Chief Rondeau on September 4, 2018 at approximately 1219 hours. Chief Rondeau informed me he wanted the Belknap County Sheriff's Department to perform a criminal investigation into this matter. If found o be a criminal matter, his agency prosecutor would take care of the prosecutorial process. He further told me his department was involved in a lawsuit of some sort with the suspect in this case, along with the Town of Wolfeboro and Carroll County Sheriff's Department. He said it was best handled by a neutral outside agency

AND LIKE THE EVIL SNAKE HE IS HE LET THE BELKNAP SHERIFFS COMMIT FRAUD ON THE PROSECUTION. IT IS HE ALSO IS RESPONSIBLE FOR MY 3

... AN ADDITIONAL INFORMATION

RONDEAU KNEW MALONEY STATED NO ASSAULT W/BODILY INJURY

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: **3rd Circuit - District Division - Ossipee**

Case Name: **State v. Josephine Amatucci**

Case Number: **464-2018-CR-1490**
(if known)

## CIRCUIT COURT BAIL ORDER

Police Dept. Belknap County Sheriff Agency Case Number: ______

| Date of Offense | Offense | Misd. A | Misd. B |
|---|---|---|---|
| 08/06/2018 | Simple Assault | ☐ | ☑ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |

It is hereby ordered, pending ☐ arraignment ☑ trial ☐ other hearing on 11/21/2019 at 9:00 ☑ AM ☐ PM, that the defendant:

☑ Be released on personal recognizance.

☐ Be detained for not more than 72 hours to allow for filing of a probation violation.

**Defendant's release is subject to the following conditions:**
Defendant shall not commit a federal, state or local crime while on release, must appear at all court proceedings as ordered and must advise the court in writing of all changes of address within 24 hours.

1. ☐ Shall have no contact, direct or indirect, or through a third party with ______ and shall not come within ______ feet of where that person(s) may be.
2. ☐ Shall live at: ______
3. ☐ Shall not travel outside of New Hampshire.
4. ☐ Shall not possess a firearm, destructive device, dangerous weapon, or ammunition.
5. ☐ Shall refrain from excessive use of alcohol, and use of a narcotic drug or controlled substance as defined in RSA 318-B.
6. ☐ Shall follow all terms and conditions of probation and/or parole.
7. ☐ The Criminal Bail Protective Order issued on ______ remains in full force and effect.
8. ☐ Other:

______

**The Court determines that the above conditions will:**

A. ☐ not reasonably assure the appearance of defendant as required by a *preponderance of the evidence* for the following reasons:

______

**Case Name:** State v. Josephine Amatucci
**Case Number:** 464-2019-CR-1293
**CIRCUIT COURT BAIL ORDER**

A1. ☐ Having found that the following order imposing a financial condition will not be the sole cause for the defendant's continued detention, the court orders that the defendant shall be released on $ ____________ cash or corporate surety bail.

**AND/OR The Court determines that:**
**B.** ☐ release will endanger the defendant or the public by *clear and convincing evidence* for the following reasons:

**Therefore the Court orders that the defendant:**
**B1.** ☐ be placed in preventive detention. (See RSA 597:2, IV(a)).
☐ and/or such other restrictions as set forth below:

**B2.** ☐ Having found that the following order imposing a financial condition will not be the sole cause for the defendant's continued detention, the court orders that the defendant shall be released on $ ____________ cash or corporate surety bail.

**Defendant Information:**
Name: Josephine Amatucci DOB: 9/27/38
Physical address: 350 Govenor Wentworth Highway
Mailing address (if different): Wolfeboro, NH. 03894
Home phone #: ____________ Cell phone #: ____________ E-mail: ____________
☐ Defendant received a copy of "What You Need to Know."

Defendant Signature

**So Ordered:**

Date

Signature of Bail Commissioner

Bail commissioner fee $ ______

Name of Bail Commissioner

☐ Approved ☐ Approved as modified ☐ See Supplemental Bail Order

Date 9/4/19

Signature of Judge
Charles L. Greenhalgh
Name of Judge

☐ County Attorney/AGs Office ☐ Sheriff's Department ☐ Defendant
☐ Defense Counsel ☐ NH Department of Corrections ☐ Surety
☐ House of Corrections ☐ Other ____________

**STATE OF NEW HAMPSHIRE**

**Carroll County, ss**

**3rd Circuit District
Division-Ossipee**

**AFFIDAVIT IN SUPPORT OF ARREST**

I, Judy Estes, a certified Police Officer in the State of New Hampshire, being duly sworn, set forth below facts establishing that Josephine AMATUCCI, DoB: 09/27/38 of 350 Governor Wentworth Highway in Wolfeboro, New Hampshire has committed the offense of Bail Jumping contrary to RSA 642:8:

1. On February 6, 2019, Josephine AMATUCCI was arraigned before the 3rd Circuit District Division Ossipee Court for the offense of Simple Assault.

2. The Honorable Charles L. GREENHALGH released Ms. AMATUCCI on personal recognizance bail.

3. On June 19, 2019, the Court scheduled a trial regarding the Simple Assault to take place on July 31, 2019 at 9:00am. A Notice of Hearing was sent to Ms. AMATUCCI.

4. Ms. AMATUCCI received the Court's Notice of Hearing for the trial date. She then filed numerous Motions and other documentation informing the Court there was not going to be a trial on July 31, 2019.

5. On July 24, 2019, the Honorable Melissa VETANZE responded to a Motion and informed Ms. AMATUCCI the trial remained scheduled for July 31, 2019, and if she failed to appear it could result in a bench warrant being issued.

6. On July 31, 2019, the State and its witnesses appeared before the 3rd Circuit District Division – Ossipee Court prepared for trial. Ms. AMATUCCI failed to appear.

In accordance with New Hampshire RSA 642:8 Bail Jumping, a person is guilty of an offense if, after having been released with or without bail, she knowingly fails to appear before a Court as required by the conditions of her release.

Ms. AMATUCCI was aware of the trial date, and she knowingly failed to appear before the Court.

Wherefore, I request that the Court issue a warrant and order a duly authorized Officer to take the defendant and bring him before the Court having jurisdiction.

Judy Estes

Judy Estes, Detective

Having reviewed the facts contained in this Affidavit, the Justice of the Peace makes a finding that probable cause ✓ exists / ~~does not exist~~ to believe that the above-named Defendant has committed the offense listed herein.

Subscribed and sworn to before me this 5th day of August, 2019

Elizabeth W. Newell
Justice of the Peace

Then personally appeared the above named Detective Judy Estes, and made oath that the foregoing affidavit by her subscribed is true.

Before me this 5th day of August 2019.

Elizabeth W. Newell
Justice of the Peace

INSTRUCTIONS: A person seeking an arrest warrant shall appear personally before any justice or justice of the peace, and shall give an affidavit in the form hereinafter prescribed. The affidavit shall contain facts, information and circumstances upon which such person relies to establish probable cause for the issuance of the warrant, and the affidavit may be supplemented by oral statements under oath for the establishment of probable cause. The person issuing the warrant shall retain the affidavit and shall make notes personally of the substance of any oral statements under oath supplementing the affidavit or arrange for a transcript to be made of such oral statements.

**PROBABLE CAUSE** IS DEFINED AS: "An apparent state of facts found to exist upon reasonable inquiry, which would induce a reasonably intelligent and prudent [person] to believe, in a criminal case, that the accused person has committed the crime charged.

RECEIVED
NOV 20 2018
OSSIPEE DISTRICT DIVISION

# State of New Hampshire

Carroll COUNTY

3rd Circuit District Division Ossipee

November, 20 18

I, Sergeant William H. Wright (Name of Applicant), being duly sworn, herewith make application for the issuance of an Arrest Warrant against the defendant:

Josephine Amatucci DoB: 9/27/38
(Name)

350 Governor Wentworth Highway Wolfeboro, NH 03894
(Address)

I have information that a crime or offense has been committed by the defendant as follows: (describe source, facts indicating reliability and credibility of source, and nature of information; if based on personal knowledge, so state):

See Attached Affidavit

Based upon the foregoing information, there is probable cause to believe that the defendant did commit a crime or offense as stated above.

Wherefore, I request the issuance of an arrest warrant and an order for a duly authorized officer to take the defendant and bring him/her before the court having jurisdiction.

[signature]
Signature of Applicant

Then personally appeared before me the above-named Sergeant William H. Wright (Applicant) and made oath that the foregoing affidavit is true.

Karen Cann Jones
Justice/Justice of the Peace 2/15/2022

And I, Karen Cann Jones, have personally examined the Complaint against the aforesaid defendant and any information contained in the above affidavit, and have orally examined the above applicant. Based upon such information, I conclude there ☒ is ☐ is not sufficient probable cause for the issuance of the Arrest Warrant sought. Therefore, the application is ☒ **granted** ☐ **denied** and the arrest warrant ☒ **is** ☐ **is not** issued.

Notes of Issuing Justice/JP: Karen Cann Jones

**STATE OF NEW HAMPSHIRE**

**Carroll County, ss**

**3rd Circuit District Division-Ossipee**

**AFFIDAVIT IN SUPPORT OF ARREST**

I, Judy Estes, a certified Police Officer in the State of New Hampshire, being duly sworn, set forth below facts establishing that Josephine AMATUCCI, DoB: 09/27/38 of 350 Governor Wentworth Highway in Wolfeboro, New Hampshire has committed the offense of Bail Jumping contrary to RSA 642:8:

1. On February 6, 2019, Josephine AMATUCCI was arraigned before the 3rd Circuit District Division Ossipee Court for the offense of Simple Assault.
2. The Honorable Charles L. GREENHALGH released Ms. AMATUCCI on personal recognizance bail.
3. On June 19, 2019, the Court scheduled a trial regarding the Simple Assault to take place on July 31, 2019 at 9:00am. A Notice of Hearing was sent to Ms. AMATUCCI.
4. Ms. AMATUCCI received the Court's Notice of Hearing for the trial date. She then filed numerous Motions and other documentation informing the Court there was not going to be a trial on July 31, 2019.
5. On July 24, 2019, the Honorable Melissa VETANZE responded to a Motion and informed Ms. AMATUCCI the trial remained scheduled for July 31, 2019, and if she failed to appear it could result in a bench warrant being issued.
6. On July 31, 2019, the State and its witnesses appeared before the 3rd Circuit District Division – Ossipee Court prepared for trial. Ms. AMATUCCI failed to appear.

In accordance with New Hampshire RSA 642:8 Bail Jumping, a person is guilty of an offense if, after having been released with or without bail, she knowingly fails to appear before a Court as required by the conditions of her release.

Ms. AMATUCCI was aware of the trial date, and she knowingly failed to appear before the Court.

Wherefore, I request that the Court issue a warrant and order a duly authorized Officer to take the defendant and bring him before the Court having jurisdiction.

Judy Estes
Judy Estes, Detective

---

On November 16, 2018 I called the Elaine Lowe, Clerk of Court for the 3rd Circuit District Division Court - Ossipee. I informed her of the active warrant for Josephine Amatucci and requested information about bail and arraignment date/time. I was recommended to make arrangements with Ms. Amatucci to come to the 3rd Circuit Court to be arrested, booked and bailed.

On Monday November 19, 2018 at 0928 hours, I called Ms. Amatucci to make arrangements for arrest. She answered the telephone. I introduced myself and she told me she did not want to speak to me, then hung up the phone without further discussion. I immediately called back and left a voice mail.

I called Chief Rondeau of the Wolfeboro Police Department and informed him of Ms. Amatucci's unwillingness to speak with me. He recommended to serve her with a citation/hand summons in lieu of physical arrest.

Ms. Amatucci had not called me by 1400 hours, so Detective Judy Estes and I went to Ms. Amatucci's residence. At approximately 1505 hours, we arrived at the residence. Wolfeboro Police assisted by standing by up the road. There was a blue car parked in the driveway, so I knocked on one of the front doors. There was no response from inside. After a couple minutes of me knocking and no answer, I walked to the front of the house and looked through a window. I could see a light on inside. I went back to the door and continued to knock. Detective Estes went to the front windows and knocked. I then heard what sounded like a window open and Ms. Amatucci's voice could be heard speaking loudly. I walked around the front of the house to see Detective Estes speaking with Ms. Amatucci through an open window. I began to speak and Ms. Amatucci stuck her head out of the window and looked at me. She then said she had something for me and handed Detective Estes a white envelope. Detective Estes then handed Ms. Amatucci the pink citation slip, which was already prepared for in-hand service. Ms. Amatucci took the citation, looked at it and immediately threw it outside of her window. She then shut the window. I yelled to her the court date was "January 9, 2019 at 0800 in the Ossipee District Court". I took a photograph of where she left the citation for record.

On November 20, 2018 I filed the complaints with the 3rd Circuit Court - Ossipee.

The letter Ms. Amatucci addressed tq me was opened and there was a short letter with a response for Plaintiff's Request for Discovery in a 2006 Strafford County Superior Court Case 06-C-112. The letter, envelop and court document is attached to this case but does not appear to have any bearing on the issue at hand. This case is scheduled for arraignment in the 3rd Circuit District Division Court - Ossipee January 9, 2019 at 0800 hours.

Welcome - The letter did have a bearing "Lady" who was accusing me of a crime she knew I did not do. The letter was in response to Tellier the Sheriff (By Robert Maloney) that he did not know me. The letter showed me that he did know me, [illegible] Maloney's Mother, so Lady he did know me, in fact he lived next door to me for years and I have an active restraining order on his Mother [illegible] Pauline Maloney.

---

SUPPLEMENTAL NARRATIVE FOR SERGEANT WILLIAM WRIGHT
Ref: 18-153-OF

On October 2, 2018 I received a telephone call from Chief Rondeau. He informed me he was made aware by his prosecutor, I had sent the paperwork to him for review. He said he would recommend sending Ms. Amatucci a must appear citation and avoid an actual physical custody arrest and processing. He stated it would be to the best interest in all parties to handle this case as least intrusive as possible, as previous contacts with Ms. Amatucci have caused hostility. He indicated Ms. Amatucci has always shown up at court accordingly and does not believe she wo[illegible]d to be bailed traditionally. He further told me the Ossipee Court allows for hand summons to be is[illegible]ed on Class B Misdemeanor cases.

As a result of the conversation and direction of Chief Rondeau, I will be sending Ms. Amatucci the court complaint via certified receipt mail through the US Postal Service, rather than following through with a tradition warrant arrest process. November 1, 2018 court date will be given.

The Belknap County Sheriffs Department was also asked by the Wolfeboro Police Department to prosecute this case accordingly.

RECEIVED
SEP 09 2019
OSSIPEE
DISTRICT DIVISION

CONSPIRACY
MONELL CLAIM

8/7/2018

EXHIBIT
2

8/8/18

On Tuesday, 8/7/18, I was informed by the Solid Waste staff of an incident on Monday, 8/6/18, involving Ms. Ammatucci. There was a few people in a U-Haul unloading and separating items and were making a bit of a mess. The staff had already asked them to clean up their area once they were done. As Rob Maloney was standing on the top step of the lower office, Ms. Ammatucci approached the office and pushed Rob backwards down the stairs and into the office. She then proceeded to get in the face of Steve Champaigne to tell them that the people were making a mess to which Steve replied that he had already talked with the people and that they were going to clean up when they were done. She then said something to the affect that Steve always has an attitude. (Steve has never in my 20 + years of working with him ever had an attitude with anyone, let alone the public)

Steve Champaigne, Josh Nason and Rob Maloney were the 3 staff members on duty that day and are witness to the incident.

Adam Tasker

I told him I would conduct the investigation and would be forwarding the conclusion once completed.

On September 7, 2018 I responded to the Wolfeboro Solid Waste Disposal Building, 400 Beach Pond Rd Wolfeboro, NH. At approximately 0940 hours, I met with the victim of this incident:

Robert Maloney

The building office was open and had foot traffic from the busy dump day. I was told we could use the office, but might be interrupted during the interview. I began the recorded interview asking Mr. Maloney about the incident.

He informed me on August 7, 2018 at approximately 2 p.m., he was standing in the doorway of the building office. He witnessed Josephine Amatucci speaking with Supervisor Steve Champaigne about a couple of people who were making a mess with a U-Haul truck. The people had been emptying the truck and had items spread out. Ms. Amatucci was told Mr. Champaigne had already told the people they were to clean up the mess before they left. Ms. Amatucci then walked off. As short time later, Mr. Maloney was still standing in the door way when Ms. Amatucci came to him from the flank. She then pushed him on his left side with her hands, causing him to lose his balance and fall down the two stairs into the office. She followed him into the office and began yelling at Mr. Champaigne, who was already in the room. She argued about the mess caused by the U-haul truck. After a few moments she then left. Mr. Maloney told me Ms. Amatucci did not have permission to put her hands on him. He did not have any injuries as a result of this assault. He told me she had no real reason to push him and that she could have easily walked around him. We were interrupted a couple of times during the interview, with patrons of the dump. The facility was extremely busy and there was limited staff on hand.

When I asked about his relationship with Ms. Amatucci and he told me he knew her from him working at the dump for the last 20 years. He said she was a frequent customer and had no idea what her concern with the U-haul truck was. His recorded statement is part of this report.

I then spoke with:

Joshua Nason
DoB: 12/25/93

who advised me he was a witness to the assault. Again I audio taped this interview in the same office. Mr. Nason informed me he had seen Ms. Amatucci come up to Mr. Maloney from the side. She then pushed him, causing him to fall down the stairs. She then commenced to yell at Mr. Champaigne telling him he was rude to people. She yelled for a few minutes then left. He said he left the office just after the assault. He said he did not hear of any injuries but he was aware she had no right to push him. His recorded statement is attached to this report.

I was informed Steve Champaigne was on vacation and would not be returning until the 17th. I told the employees I would be following up with him once he returned.

I went to the Wolfeboro Police Department and spoke with a Captain. He gave me an IMC printout of Ms.

I told him I would conduct the investigation and would be forwarding the conclusion once completed.

On September 7, 2018 I responded to the Wolfeboro Solid Waste Disposal Building, 400 Beach Pond Rd Wolfeboro, NH. At approximately 0940 hours I met with the victim of this incident:

Robert Maloney

The building office was open and had foot traffic from the busy dump day. I was told we could use the office, but might be interrupted during the interview. I began the recorded interview asking Mr. Maloney about the incident.

He informed me on August 7, 2018 at approximately 2 p.m., he was standing in the doorway of the building office. He witnessed Josephine Amatucci speaking with Supervisor Steve Champaigne about a couple of people who were making a mess with a U-Haul truck. The people had been emptying the truck and had items spread out. Ms. Amatucci was told Mr. Champaigne had already told the people they were to clean up the mess before they left. Ms. Amatucci then walked off. As short time later, Mr. Maloney was still standing in the door way when Ms. Amatucci came to him from the flank. She then pushed him on his left side with her hands, causing him to lose his balance and fall down the two stairs into the office. She followed him into the office and began yelling at Mr. Champaigne, who was already in the room. She argued about the mess caused by the U-haul truck. After a few moments she then left. Mr. Maloney told me Ms. Amatucci did not have permission to put her hands on him. He did not have any injuries as a result of this assault. He told me she had no real reason to push him and that she could have easily walked around him. We were interrupted a couple of times during the interview. with patrons of the dump. The facility was extremely busy and there was limited staff on hand. [illegible]

When I asked about his relationship with Ms. Amatucci and he told me he knew her from him working at the dump for the last 20 years. He said she was a frequent customer and had no idea what her concern with the U-haul truck was. His recorded statement is part of this report. [illegible]

I then spoke with:

Joshua Nason
DoB: 12/25/93 [illegible]

who advised me he was a witness to the assault. Again I audio taped this interview in the same office. Mr. Nason informed me he had seen Ms. Amatucci come up to Mr. Maloney from the side. She then pushed him, causing him to fall down the stairs. She then commenced to yell at Mr. Champaigne telling him he was rude to people. She yelled for a few minutes then left. He said he left the office just after the assault. He said he did not hear of any injuries but he was aware she had no right to push him. His recorded statement is attached to this report.

| | | | |
|---|---|---|---|
| esting Agency Case # | | Agency | CARROLL COUNTY |
| acking # | TNH040194657 | | |
| Arrest Date | 09/04/2019 | Violation Date | 08/06/2018 |
| Arrested on Warrant | Y | Violation End Date | |
| Offense | 631:2-A SIMPLE ASSAULT | Violation on Or About | |
| Degree | MISDEMEANOR | Fingerprint Supported | Y |
| ncncate | | | |
| Special condition | | | |
| Comments | EBW | | |

## Complaint as Filed Offense (CAAFF)

| | | | |
|---|---|---|---|
| Docket | 464-2018-CR-01490 | Violation Date | 08/06/2018 |
| Charge id | 1564240C | Violation End Date | 08/06/2018 |
| Degree | MISDEMEANOR B | ncncate | |
| Offense | 631:2-A.I(B). Simple Assault. B: | Court | OSSIPEE-D |
| Comments | | | |

## Court Disposition

| | | | |
|---|---|---|---|
| Disposed Offense | 631:2-A. (A). SIMPLE ASSAULT PHYSICAL CONTACT OR B: | Docket | 464-2018-CR-01490 |
| Degree | MISDEMEANOR B | Charge id | 1564240C |
| Court | OSSIPEE-D | Indicted | |
| Court Date | 11/21/2019 | Appeal | |
| Violation Date | 08/06/2018 | Violation End Date | 08/06/2018 |

Findings

| | | | |
|---|---|---|---|
| Plea Date | 02/06/2019 | Plea | NOT GUILTY |
| Finding Date | 11/21/2019 | Finding | GUILTY |
| Judge | GREENHALGH, CHARLES L | | |
| Comments | | | |

Amended Reason

| | |
|---|---|
| Description | Comments |
| VACATED | |

Sentence

| | | | |
|---|---|---|---|
| Date | 11/21/2019 | Type | SENTENCED |
| Judge | GREENHALGH, CHARLES L | | |

Amended Reason

Sentence Condition

| Description | Amount | Comments |
|---|---|---|

# Belknap County Sheriffs Department
## Arrest Report

**Arrest #: 18-398-AR**
**Call #: 18-39514**
**Warrant #: 18-432-WA**
**Incident #: 18-153-OF**

Date/Time Reported: 11/19/2018 @ 1459
Arrest Date/Time: 11/19/2018 @ 1515 *AMENDMENT 1/9/19*
Booking Date/Time: 11/19/2018 @ 1515

TN #:
Court: 3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE
Court Date: 01/09/2019 @ 0800
Reporting Officer: Sergeant William Wright
Assisting Officer: Deputy Sheriff Judy Estes
Booking Officer: Sergeant William Wright

Signature: ______________________________

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | AMATUCCI, JOSEPHINE<br>350 GOV WENTWORTH HWY<br>WOLFEBORO NH 03894 | F | W | 80 | 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 | 603-569- |

Military Active Duty: N
HEIGHT: 508 WEIGHT: 187 HAIR: BLACK EYES: BROWN
BODY: NOT AVAIL. COMPLEXION: NOT AVAIL.
DOB: 09/27/1938 PLACE OF BIRTH: NOT AVAIL.
LICENSE NUMBER: NH 09AIJ38271 ETHNICITY: NOT HISPANIC

[CONTACT INFORMATION]

Home Phone (Primary) 603-569-2429

[APPEARANCE]

GLASSES WORN: NO

[RIGHTS/BOOKING CHECKS]

FINGERPRINTED: N
PHOTOGRAPHED: N
SUICIDE CHECK: Not Performed
PERSONS: State&Federal
NCIC VEHICLE CHECK: Not Performed
INJURY OR ILLNESS: N

| # | OFFENSE(S) | ATTEMPTED | TYPE | CLASS |
|---|---|---|---|---|

LOCATION TYPE: Government/Public Building Zone: Out of Town
400 BEACH POND RD
WOLFEBORO NH 03894

| 1 | Simple Assault; BI<br>631 2-A,I(B) | N<br>B | Misdemeanor | B |
|---|---|---|---|---|

OCCURRED: 08/06/2018 1400
WEAPON/FORCED USED: Personal Weapons (Hands/Feet/Etc)

could not give the Plaintiff a reason why he was convicting her at the trial There was no reason, as she never committed an Assault on Maloney, and without an Assault, without bodily injury, the case was not proecutable, so there would be no reason for Judge greenhalgn to CONVICT HER. Therefore, Judge Greenhalgh must reverse the Conviction

19 The Plaintiff an 81 year old person has suffered enough of the defendants false and FRAUDULENT MISREPRESENTATION

20. Police Chief Rondeau used this Conspiracy in RETALIATION because she has a lawsuit against the Carroll County Sheriff's Dept. of which he is involved And he convinced the Belnap Sheriff's Dept. to conspire with him against her, by telling them of her case she has against the Carroll County Sheriff's Dept.

Respectfully,

Josephine Amatucci

May 28,2020

c. Town of Wolfeboro, Belnap Sheriff's Dept.

MOTION ~~GRANTED~~/DENIED

Charles L. Greenhalgh, Judge

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

3rd Circuit - District Division - Ossipee
96 Water Village Rd., Box 2
Ossipee NH 03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF HEARING

**JOSEPHINE AMATUCCI**
**PO BOX 272**
**WOLFEBORO FALLS NH 03896**

Case Name: **State v. Josephine Amatucci**
Case Number: **464-2018-CR-01490**

The above referenced case(s) has/have been scheduled for:

**Arraignment on Complaint**

| Charge ID | Statute | Description |
|---|---|---|
| 1564240C | 631:2-A,I(A) | Simple Assault; Physical Contact or BI |

CONTINUED FROM 1/9/19

**Date: February 06, 2019** **96 Water Village Rd., Box 2**
**Time: 8:00 AM** **Ossipee NH 03864**

If you are unable to appear at this scheduled hearing, you must request a continuance from the Court in writing at least 10 days in advance of the hearing date. You must also send a copy of the request to the opposing party, unless restricted from doing so. Motions to continue filed fewer than 10 days in advance of hearing will only be granted if the Court finds that an emergency or exceptional circumstance exists. You must appear on the scheduled date unless you receive notification from the Court that a request to continue the hearing has been granted. **FAILURE TO APPEAR OR PROPERLY OBTAIN A CONTINUANCE FROM THE COURT MAY RESULT IN AN ORDER FOR YOUR ARREST.**

When a person pleads guilty/nolo or is convicted after trial, the court expects all fines imposed to be paid in full on the date of the hearing. Multiple cases are scheduled at this time. Please notify the court 15 days prior to the hearing date above if the hearing is expected to last longer than 30 minutes.

**NOTICE OF APPELLATE RIGHTS**

A person convicted of a violation level offense or a class B misdemeanor has the right to appeal the decision of the District Division by filing an appeal with the New Hampshire Supreme Court. This appeal is only on questions of law which means that the Supreme Court will not consider questions of fact already decided by the District Division. With limited exceptions, the person convicted has 30 days from the date of sentencing to file an appeal with the Supreme Court.

A person convicted of a class A misdemeanor has the right to appeal the decision of the District Division to the Superior Court and to have a trial by jury. The person convicted must notify the District Division of the intent to appeal within 72 hours of sentencing.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

January 18, 2019

Elaine J. Lowe
Clerk of Court

C: Belknap County Sheriff

# The State of New Hampshire
## COMPLAINT

**Case Number:** 464-2018-CR-1490 **Charge ID:** 1564240C

| ☐ VIOLATION | MISDEMEANOR ☐ CLASS A ☒ CLASS B ☐ UNCLASSIFIED (non-person) |
|---|---|
| | FELONY ☐ CLASS A ☐ CLASS B ☐ SPECIAL ☐ UNCLASSIFIED (non-person) |

You are to appear at the: **3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE** Court,
Address: **96 WATER VILLAGE RD, BOX 2 , OSSIPEE, NH** County: CARROLL

RECEIVED
NOV 20 2018
OSSIPEE
DISTRICT DIVISION

Time: 0800 Am Date: January 9, 2019

Under penalty of law to answer to a complaint charging you with the following ofense:

**THE UNDERSIGNED COMPLAINS THAT :** PLEASE PRINT

| AMATUCCI | | | JOSEPHINE | | | |
|---|---|---|---|---|---|---|
| Last Name | | | First Name | | | Middle |
| 350 GOV WENTWORTH HWY | | | WOLFEBORO | | NH | 03894 |
| Address | | | City | | State | Zip |
| F | W | 5 0 8 | 1 8 7 | BROWN | | BLACK |
| Sex | Race | Height | Weight | Eye Color | | Hair Color |
| 09/27/38 | | 09AIJ38271 | | NH | | |
| DOB | | License #: | | OP License State | | |

☐ COMM. VEH. ☐ COMM. DR. LIC. ☐ HAZ. MAT. ☐ 16+PASSENGER

AT: 400 BEACH POND RD, WOLFEBORO NH

On 08/06/2018 at 2:00 PM in CARROLL County NH, did commit the ofense of:

RSA Name: Simple Assault; BI
Contrary to RSA: 631:2-A,I(B)
Inchoate:
(Sentence Enhancer):

And the laws of New Hampshire for which the defendant should be held to answer in that the defendant did:

commit the crime of Simple Assault in that she knowingly caused unprivileged physical contact to another, to wit, Robert Maloney by pushing Robert Maloney with her hands, on his upper arm/shoulder. Said offense constituting a Class B Misdemeanor;

against the peace and dignity of the State.

☐ SERVED IN HAND

| [signature] | Sergeant William Wright | Belknap County Sheriffs Department |
|---|---|---|
| Complainant Signature | Complainant Printed Name | Complainant Dept. |

**Making a false statement on this complaint may result in criminal prosecution.**

Oath below not required for police officers unless complaint charges class A misdemeanor or felony (RSA 592-A:7.I).



There is a newer version of the New Hampshire Revised Statutes

View our newest version here

# 2010 New Hampshire Statutes TITLE LXII CRIMINAL CODE CHAPTER 631 ASSAULT AND RELATED OFFENSES Section 631:2-a Simple Assault.

**Universal Citation:** NH Rev Stat § 631:2-a (1996 through Reg Sess)

**631:2-a Simple Assault. –**

I. A person is guilty of simple assault if he:

(a) Purposely or knowingly causes bodily injury or unprivileged physical contact to another; or

(b) Recklessly causes bodily injury to another; or

(c) Negligently causes bodily injury to another by means of a deadly weapon.

II. Simple assault is a misdemeanor unless committed in a fight entered into by mutual consent, in which case it is a violation.

**Source.** 1979, 126:3, eff. Aug. 4, 1979.

**Disclaimer:** These codes may not be the most recent version. New Hampshire may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

Case 1:18-cr-00038-JL Document 67-1 Filed 06/10/24 Page 24 of 26

# TITLE LXII
# CRIMINAL CODE

## CHAPTER 631
## ASSAULT AND RELATED OFFENSES

### Section 631:2-a

**631:2-a Simple Assault. –**

I. A person is guilty of simple assault if he:

(a) Purposely or knowingly causes bodily injury or unprivileged physical contact to another; or

(b) Recklessly causes bodily injury to another; or

(c) Negligently causes bodily injury to another by means of a deadly weapon.

II. Simple assault is a misdemeanor unless committed in a fight entered into by mutual consent, in which case it is a violation.

**Source.** 1979, 126:3, eff. Aug. 4, 1979.

4767

FILED - USDC -NH
2022 AUG 11 PM12:22

THE UNITED STATES DISTRICT COURT

DISRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, Police Chief Dean Rondeau,

Steve Champaign, Robert Maloney, Sargeant

William Wright, prosectors Judy Estes and

Timonthy Morgan

New LAWSUIT

JURY DEMAND

AN UNLAWFUL 4TH AMENDMENT SEIZURE, WITHOUT PROBABLE CAUSE, A CLEARLY ESTABLISHED RIGHT UNDER..........THE LAW OF THE LAND, THE FEDERAL CONSTITUTION. UNDER FRAUD, FRAUD IS NEVER FINAL.

JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1983. Jurisdiction is founded upon 28 U.S.C. 1331 (1x3x4) and aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of the court under 28 U.S.C. 1`367 (a) to hear and adjudicate state law claims.

PARTIES

2. Plaintiff Josephine Amatucci is a citizen of the United States and a resident of Wolfeboro, New Hampshire;

3. Police Chief Dean Rondeau, 251 S. Main Street, Wolfeboro, NH 03894, sued Individually;

4. Town of Wolfeboro, 84 South Main Street, P.O. Box 629, Wolfeboro, NH 03894 sue in Official Capacity;

5. Belnap Sherff's Dept. 42 County Drive, Laconia, New Hampshire, 03246 official capacity;

6. Sargeant William Wright sued individually;

Case 1:22-fp-00073 Document 1 Filed 02/22/22 Page 1 of 10

FILED - USDC -NH
2022 FEB 22 PM12:17
4767

THE UNITED STATES DISTRICT COURT

DISRICT OF NEW HAMPSHIRE

New Lawsuit if Required To include New Evidence

See New Evidence Attached at Bottom

Josephine Amatucci

v.

Town of Wolfeboro, Police Chief Dean Rondeau,

Steve Champaign, Robert Maloney, Sargeant

William Wright, prosectors Judy Estes and

Timonthy Morgan, Belnap Sheriff's Dept.

JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1983. Jurisdiction is founded upon 28 U.S.C. 1331 (1x3x4) and aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of the court under 28 U.S.C. 1`367 (a) to hear and adjudicate state law claims.

PARTIES

2. Plaintiff Josephine Amatucci is a citizen of the United States and a resident of Wolfeboro, New Hampshire;

3. Police Chief Dean Rondeau, 251 S. Main Street, Wolfeboro, NH 03894, sued Individually;

4. Town of Wolfeboro, 84 South Main Street, P.O. Box 629, Wolfeboro, NH 03894 sue in Official Capacity;

5. Belnap Sherff's Dept. 42 County Drive, Laconia, New Hampshire, 03246 official capacity;

6. Sargeant William Wright sued individually;