4220

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Chief Deputy Richard M. Young, Jr.

Sargeant Michael Bedley                                JURY TRIAL REQUESTED

Carroll County Sheriff's Department, Carroll County District Attorney office

JURISDICTION

This cause of action happened in New Hampshire.   The Complaint that is before the Court is under 42 U.S.C. 1983 and 42 U.S.C. 1985,  a civil rights action.

PARTIES

1.      Chief Deputy Sheriff Richard M. Young, Jr. sued individually,  Carroll County Sheriff's Department,  96 Water Village  Road, Ossipee, NH 03864;

2.      Sergeant Michael Bedley, sued individually, Carroll County Sheriff's Department, 96 Water Village Road, Ossipee, NH 03896;

3.      Carroll County Sheriff's Department, sued OFFICIALLY, 96 Water Village Road, Ossipee, NH 03896;

4.       Mikaela Andruzzi, Carroll County District Attorney's office, sued OFFICIALLY

5.      Josephine Amatucci, P. O. Box 272, Wolfeboro Falls, NH 03896.

1

RELEVANT FACTS

6.      The Carroll County Sheriff's Department advises the citizens on the Internet that they provide courteous service, with the highest of professionalism.

7.      However, on September 7, 2018 Chief Deputy Richard Young attacked the Plaintiff with Excessive Foce, WITHOUT PROBABLE CAUSE, unreasonably and unjustifiably while Sargeant Bedley failed to intervene, as was his duty.

THE INCIDENT

8.      The Plaintiff went inside the office of the Carroll County Prosecutors office to file a complaint against then Wolfeboro Police Chief Dean Rondeau, who had just ordered the Belnap Sheriff's Dept. to file a Complaint against the Plaintiff accusing her of a crime both he and the Belnap Sheriff's Dept. knew she never committed of an Assault with Bodily Injury, when before them was the statement by the alleged victim, that there was NO INJURY.

9.      And because there was no-where else to go for her safety the Plaintiff in fear went to see the County County District Attorney Michaela Andruzzi, to redress her grievances, a First amendment Right.

10.     The Plaintiff I rang the bell in the waiting room, for service (an unusual procedure, as in other sections of NH there is a person to greet you when you arrive), she rang the bell and stated that she feared for her safety and wanted to file a Complaint. She was not greeted in a friendly manner, and was told she either had to write a letter asksing for an appointment. Under the First Amendment she did not have to write a letter so she rang the bell again and this time no response.

11.     Before you know it, two Sheriff's arrived defendants Young and Bedley and was asked to leave the premises by Young. They Plaintiff did not want to leave until she was

able to present her complaint to the District Attorney , but no-one would come outide the office to receive the Complaint  She feared for her safety, and sat down and called the office on her cell phone.

12.   She also feared for her safety from defendant Young from her past experience with him  when in the past she  had gone to the Sheriff's  Department to complain about the Sheriff's  Dept. hiring officer Stuart Chase,  the former police chief,  when they knew he had a criminal background,  when In Danvas Mass. when he was the a police chief he was sued by a citizen for attacking her and unlawfully imprisoning her,   in retaliation fo her accusing one of his  police officers of misconduct and asking Chase to investigate Exactly the same situation with the Plaintiff when she went inside the police station to report a crime against police officer Dean Rondeau,  when Chase attacked me and warned me that if I accuse his men of misconduct he will get me and arrest me on the spot which is what he did.  Besides,  prosecuting me for a crime I never committed.

13.   Deputy Young lied and told me they investigated Chase before hiring him,  when the Selectmen advised me that Chase was never investigated by the Carroll County Sheriff's  Dept. before they hired him. I feared Young and told the Disrrict Attorney's office to get Young away from me,  but there was silence..

14.   When Young tried to approach me I rang the bell and pleaded for someone to come outside the office, I told them to get "this criminal away from me"  referring to Young  who aided and abetted Chase,  and  I didn't  want  him near me.

15.   While I was sitting down on my phone trying to get somone to come out and get my Complaint  defendant  Young grabbed my right arm and twisted it and squeezed it so hard that I screamed,  and all the time Sargeant Bedley and the District Attorney's  office stood watching and with ........DELIBERATE INDIFFERENCE.....no -one came made a move

to protect me. And in not doing so they were guilty of......AIDING AND ABETTING.....the unlawful acts of Young.

16.     Young had no ......PROBABLE CAUSE..... to assault me with.......BODILY INJURY., as the Plaintiff was not running away from him, was no threat to the safety of others, and he had .........NO PROBABLE CAUSE..........to Assault her.

17.     He and Bedley could have taken the Plaintiff by the arms and peacefully escorted the Plaintiff outside the office of the District Attorney and the building.

18.     On the Plaintiff's way home, her arm started to pain severely and when she looked down she noticed her arm had turned red and purple and a large lump appeared. The pain was so excruciating she went straight to her primary care physicians office. When the nurse saw her arm she told me I needed to go to the immergency ward immediately and the nurse put her in a wheelchair and took her to the Immergency ward of Huggins Hospital. .

19.     At the immergency ward the doctor looked at her arm and believed she had a broken bone and ordered an x-ray, they my arm was put in a sling and I was given prescription medication..

20.     As it turns out there was no broken bones. But the pain was so excruciating the Plaintiff couldn't sleep for nights on end. She ended up going back to the immergency ward several days later as the contusion was spreading on my arm, instead of getting better. I am left with a scar on my arm for a long period of time.

21.     After I left Huggins Hospital I went back to the County Attorney to show what damage Young did to my arm, but they refused to come outside, so I went across the street, in the courthouse, and I let a bailiff by the name of Bruce look at my arm, and I told him what happened, so that someone could be a witness to my bruise.

22.     Here we have a First, Fourth and Fourteenth Amendment violation against the

Plaintiff, individually, when Young WITHOUT PROBABLE CAUSE, caused the Plaintiff serious injury, and we have a Monell claim of an unreasoanble seizure without probable cause against the Carroll County Sheriff's Dept. and the Carroll County District Attorney's office for municipal liability for the actions of their employees, for Deliberate Indifference, for Aiding and Abetting Young by not protecting the Plaintiff, and for the Carroll County District Atorney's office for .....CAUSATION....., when they ORDERED the Sheriff's Department to move the Plaintiff from the premises when legally she had a First amendment Right to redress her grivances.

23. A Monel claim for damages against the defendants, where under 1983 the Plaintif is allowed damages, and by a jury of her peers.

24. And where the Plaintiff will have the Superior Court order Melissa Banks to appear and present her evidence of Young attacking the Plaintiff, evidence which is on her IPhone. As allowed under the law, under the RIGHT TO KNOW LAW.


Respectfully,

Josephine Amatucci

c.   Carroll County Sheriff's Dept. Carroll County district Attorney's office.

June 11, 2024

*Josephine Amatucci*

5

*Josephine Amatucci*
PO Box 272
Wolfeboro Falls, NH 03896

MANCHESTER
12 JUN 2024

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, New Hampshire 03301