9099

# UNITED STATES DISTRICT COURT

Josephine Amatucci

v.

Town of Wolfeboro, LINDA Murray,

in her official and individual status

Police Commissioners

## A VOID JUDGMENT

RESPONSE TO THE COURT REFUSAL TO DOCUMENT

THIS CURRENT LAWSUIT UNDER "FILING RESTRICTIONS"

A DECISION OF THE COURT IN VIOLATION OF THE PLAINTIFF'S

FEDERAL CONSTITUTONAL RIGHTS UNDER

"THE LAW OF THE LAND "

THE PLAINTIFF IS ADDING THE POLICE COMMISSINERS TO THIS LAWSUIT

1. Filing restrictins of the Court do not/cannot override the Plaintiff's rights under the Federal Constitutional and under 1983. Under the Plaintiff's rights under the Federal Constitution under a Monell claim under the U.S. Code 42 U.S.C. 1983, A part of the Civil Rights ACt of 1871. That the unlawful conduct of the defendants occurred under Color of State Law and deprived the PLaintiff of a Federally protected right, where the town is considered a person. That although even if only one event occured there is still liability for the Town, as stated by the Court in the case of Pembaur v. City of Cincinnati..

2. Although not necessary for there to be a CUSTOM of the Town, that even one event makes them liable, The Plaintiff has proven there is a custom by the town and the

1

Police Commissioners, to hire police chiefs, where there are pre- existing patterns of civil rights violations against the public, and where there is a pattern by the town officials, (Connick v. Harris) to hire them with conscience disregard of their backgrounds, in DELIBERATE INDIFFERNCE.

3.      Deliberate Indiffernce, where Stuart Chase was hired as a Police Chief even though the Police Commissioners knew or should have known that Chase was TERMINATED from the Danvas, Mass. police Deprtment after only serving one year as a police chief, for his unlawful actions against a citizen who had gone inside the police station to complain about a police officer, and Chase unlawfully incarcerated her accusing her of crimes she never committed. HE WAS TERMINATED AS POLICE CHIEF. And where Dean Rondeau was hired as police chief even though the Police Commissioners and the Town officials knew were aware that Rondeau unlawfully accused the Plaintiff of a crime she never committed, in retaliation, when Rondeau contacted the Department of Safety and tried to have her license to drive revoked, by accusing her of a crime he knew she never committed, as at the time he was accusing her of committing a serious traffic violation in Wolfeboro New Hampshire, she in fact could prove that she was in Massachusetts at the time, from a bank deposit she made in Massachusetts at the time she was suppose to be driving erratically in Wolfeboro New Hampohire.. She did not have to re-tested by the DMV. with this evidence.  A CLAIM OF DELIBERATE INDIFFERENCE BY THE POLICE COMMISSIONERS AND THE TOWN officials, when failing to screen, Chase and Rondeau when hiring them as police chiefs who were the people with who would predictably commit this type of constitutional violations again.

4.      When Chase falsely prosecuted the Plaintiff for speeding when she was not speeding, as the trial court judge found she was NOT SPEEDING, and when Rondeau

accused her of a serious traffic violation at the Wolfeboro State Park, when in fact she could prove she was in another state at the time.

5. That Under the court's ENDORSED ORDER dated June 6, 2024, this court is...."

.....trying.... to deny the Plaintiff "DUE PROCESS RIGHTS she is allowed under THE FEDERAL CONSTITUTIONAL LAW. A decision that is contrary to her Federal Constitutional Rights. As verified in the case of Cooper v. Aaron, 358 U.s. 1, 78 S.Ct. 1401 (1958) where the Court stated ....

"Any judge who does not comply with his oath to the Constitution OF THE UNITED STATES, WARS against the Constitution and engages in acts in violation of the SUPREME LAW OF THE LAND. The judge is engaged in acts of treason". That the ......."UNITED STATES SUPREME COURT " has stated that "no legislator or executive or judicial officer can war against the Constitution without violating his undertaking in support of it. See also U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed. 2d 392, 406 (1980); Cohens v. Virginia .

6. PEMBAUR V. CITY OF CINCINNATI

"the court held that a SINGLE DECISION made by a MUNICIPALITY policymaker can establish policy sufficient for a MONELL LIABILITY. In determining who is a municipal policy maker in the CITY OF ST LOUIS V. PRAPROTNIK (1988) the Court held that if an OFFICIAL has final policy-making authority and is responsible under STATE LAW for making policy in that area of town's business, he or she is a municipal policymaker."

That any local "RESTRICTIONS" ... do not/cannot.... overrule the LAW OF THE LAND. Therefore this case......." WILL"......... be docketed, or this judge is denying the Plaintiff her rights under DUE PROCESS and is trespassing against the law of the land and is mandated to step down from this case and another judge will take over, one who will abide by the Constitutional Law. Her rights under Due Process for a suit under 1983 against the Town and Linda Murray, in a suit under Monell v. Department of Social Services of the city of New York. That under the significance under Monell is that "This resolution created a precedent that for the first time established LOCAL GOVERNMENT MONETARY ACCOUNTABILITY for UNCONSTITUTIONAL ACTS and created the RIGHT TO OBTAIN DAMAGES FROM

3

MUNICIPALITIES. The accountablility is a LEGAL DOCTRINE known as MONELL liability that has been further developed by subsequent case law.

7.     Please see below the courts decisions on the violation of one's Constitutional rights.

8.                    SIMMONS V. UNITED STATES 390 U.s. 377 (1968)

"Denial of one's CONSTITUTIONAL RIGHTS is a denial of DUE PROCESS OF THE LAW".

NORTON V. SHELBY COUNTY, 118 U.S. 425

"An unconstitutional act IS NOT LAW, it confers NO RIGHTS, it IMPOSES NO DUTIES, AFFORDS NO PROTECTION, it creates no office;  as INOPERATIVE as though it had never been passed."

9.                    Sherer v. Cullen, 481 F 946

The Court stating, "We can go on quoting court decision, HOWEVER, the CONSTITUTION itself answers our question, "CAN A GOVERNMENT LEGALLY PUT RESTRICTIONS ON THE RIGHTS OF THE AMERICAN PEOPLE AT ANYTIME FOR ANY REASON? The answer is found in ARTICLE SIX of the U.S. Constitution. Miranda v. Arizona, 384 U.S. 426, 491, 86 S.Ct. 1603 "Where rights secured by the Constitution are involved, there can be NO RULE …..NO RULE…. NO RULE… or legislation that can abrogate them."

10             Bennett v. Boggs, 1 Baldw 60. Where the court stated:

"   Statutes and/or decisions that VIOLATE the principles of one's FEDERAL RIGHTS ….that there is NO LAWFUL METHOD for government to put RESTRICTIONS or LIMITATIONS on RIGHTS belonging to the people. THE ASSERTION OF FEDERAL RIGHTS, when plainly and reasonably made, IS NOT TO BE DEFEATED UNDER THE NAME OF PRACTICE".

11.                    DAVIS V. WECHSLER 263 US 22, 24

"Where rights SECURED BY THE CONSTITUION are involved there can be NO RULE MAKING or legislation which would abrogate them."

12.                    MILLER V. US. 230 F 486

"There can be ……."NO SANCTION or PENALTY IMPOSED" ……..upon one because of his exercise of CONSTITUTIONAL RIGHTS."

WHEREFORE:  The Plaintiff's cause of action which is in the exercise of her Federal Constitutional Rights will move forward, against the defendants, as any local or procedural

ruling of the court such as filing restrictions, or sanctions of the court, DO NOT OVERRIDE, overrule her Federal Constitutional rights, under the LAW OF THE LAND. That the court thereore, is MANDATED, to allow the Plaintiff her rights to damages under 1983 by a jury of her peers. For the violations of the Plaintiff's Federally protected rights under the Federal Constution under a MONELL CLAIM.

Respectfully,

Josephine Amatucci

c. Town of Wolfeboro

June 17, 2024

Josephine Amatucci

1:18-mc-00038-JL AMATUCCI MASTER FILE V. ALL DEFENDANTS

## U.S. District Court

## District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 6/6/2024 at 3:23 PM EDT and filed on 6/6/2024
**Case Name:** AMATUCCI MASTER FILE V. ALL DEFENDANTS
**Case Number:** 1:18-mc-00038-JL
**Filer:**
**Document Number:** No document attached

*[handwritten: See Response Attached]*

**Docket Text:**
**ENDORSED ORDER [66] Complaint.** *Text of Order: The Court has reviewed Josephine Amatucci's June 4, 2024 filing (Doc. No. 66/#9099), intended as a complaint initiating a new lawsuit in this court, to determine whether it violates any of the filing restrictions applicable to Mrs. Amatucci's ability to file new lawsuits in this court. See Doc. No. 4 (July 29, 2013 Order, Amatucci v. Hamilton, No. 13-cv-087-SM (D.N.H.)); Doc. No. 2 (Apr. 11, 2018 Order, Amatucci v. Chase, No. 17-cv-237-JL (D.N.H.)); Doc. No. 54 (Aug. 24, 2023 Order, Amatucci v. Town of Wolfeboro, No. 22-cv-319-JL-AJ (D.N.H.)). The claims asserted in the proposed complaint arise out of the events underlying all three of those filing restrictions, and nothing in the proposed complaint warrants revisiting the filing restrictions or the events they concern. Accordingly, the Court denies leave to docket Document No. 66 as the complaint in a new case in this court.* So Ordered by Judge Joseph N. Laplante. (mc)

**1:18-mc-00038-JL Notice has been electronically mailed to:**

**1:18-mc-00038-JL Notice, to the extent appropriate, must be delivered conventionally to:**

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896

MANCHESTER
17 JUN 2024

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, New Hampshire, 03301