FILED - USDC -NH
2024 JUL 29 PM 12:14

9143

UNITED STATES DISTRICT COURT

DISTIRCT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town, Ronfeau, Champaigne, Maloney,

Wright, Estes Belnap Sheriff's Dept, Morgan          JURY TRIAL DEMANDED


FRAUD IS NEVER FINAL

JURISDICTIONAL ..........SUPPLEMENT

1. ......SUPPLEMENT.....to July 15, 2024 lawsuit, submitted to Court, which happened in New hampshire. The Complaint that is before the Court under 42 U.S.C. 1983.

FURTHER RELEVANT FACTS....EVIDENCE

2. As stated, this lawsuit is all about the malicious prosecution by the defendants when they fraudulently filed a Complaint in the Court accusing the Plaintiff of causing Bodily Injury to a Mr. Robert Maloney, when they knew, when he stated to them, very clearly that he had ......."NO INJURY."  That therefore the Complaint by the defendants was In violation of the Federal Constitution, that of an unalwful Fourth and Fourteenth Amendment violation, of her liberty rights, a claim under 1983, where the Town of Wolfeboro and the Sheriff's Dept. are liable for damages where there was no probable cause, for the policymakers to prosecute the Plaintiff, as there was NO BODILY INJURY.

3. Please see attached evidence which proves beyond a doubt that the defendants knew of the Plaintiff's innocence before they filed a Complaint in the Court falsely accusing the Plaintiff of causing an Assault with Bodily Injury on a Mr. Robert Maloney, when they knew

1

that the alleged victim Robert Maloney, stated to them that he had ......"NO INJURY".

4. And before the Court is evidence beyond any doubt that a witness to the event at the dump, a Mr. Steven Champaigne admitted at the trial......UNDER OATH....... that Mr. Maloney was never standing in the doorway, and therefore the Plaintiff did not push Maloney down the steps as Maloney falsely stated. A copy of the trial was sent to this Court for evidence of what occurred at trial.

5. That although the defendants had this evidence before them that there was "NO INJURY,, Polcie Chief Dean Rondeau who was TERMINATED for his involvement in this case, he MALICIOUSLY ORDERED the Sheriff's Dept. to prosecute the Plaintiff, The evidence is attached. And is before the Court.

6. The evidence that The defendant's maliciously filed an unlawful Criminal Prosecution against the Plaintiff in the court ,.......... WHICH IS WHAT THIS LAWSUIT CASE IS ALL ABOUT.......that this lawsuit is only about the filing of a Complaint in the Court by the defendants, falsely accusing the Plaintiff of a crime they knew she never committed, that of causing an ASSAULT with BODILY INJURY on Mr. Robert Maloney, when Maloney himself stated to them that there he had ......NO INJURY.

7. That this lawsuit before the Court is not about what occurred at the dump, but about the unlawful Complaint filed by the defendants in the Court, falsely accusing the Plaintiff of causing Bodily injury to Mr. Maloney.

8. Also before the Court was Evidence that it was Police Chief Rondeau who ORDERED the Sheriff's Dept. to prosecution the Plaintiff. Dean Rondeau who was TERMINATED from his involvement in this unawful maliciious prosecution of the Plaintiff.

9. Evidence was also before the Court that witness to the Dump incident, a Mr. Stephen Champaigne stated to the defendants that he was familiar with the fact that that Robert

Maloney's family were having legal issues with the Plaintiff.   That although Maloney stated to the Sheriff that he only knew the Plaintiff from her coming to the Dump over the years, THE TRUTH WAS, THAT ROBERT MALONEY and his FAMILY, LIVED NEXT DOOR TO THE PLAINTIFF, and that he knew the Plaintiff very well,   AND THAT THE TRUTH WAS THE PLAINTIFF HAD A RESTRAINING ORDER ON MALONEY'S MOTHER, a Ms. PAULINE MALONEY.

10.   That therefore, evidence before the Court will prove that the Plaintiff never pushed Maloney, as he stated, that there was NO INJURY, and evidence will show that Maloney was never standing in the doorway,    as verified by Mr. Steven Champaigne, a witness of the event at the Dump, who stated  "UNDER  OATH" , at the trial,  that Maloney was never standing in the doorway, as Maloney falsely stated, and that the Plaintiff........... NEVER PUSHED MALONEY DOWN THE STAIRS, as Maloney falsely stated.

WHEREFORE: the evidence is all before the Court, that there was no Assault with bodily Injury, that the Plaintiff never pushed Maloney, that Maloney was never standing in the doorway as stated by witness Steven Champaigne UNDER OATH at the trial, a copy of which the Plaintiff submitted to the Court.  That therefore, there is no doubt that this case was an unlawful MALICIOUS PROSECUTION, without probable cause, as the defendants knew there was NO INJURY, in violation of the Fourth and Fourteenth Amendment of the Cosntitution, of a claim under 1983, where the policymaking officials violated the Plaintifff's Federal Constitutional Rights, and under a claim under 1983 making the town of Wolfeboro and the Sheriff's Dept. liable for damages.

And due to the long delay of justice in this case, and due to the Plaintiff's age, under her rights under the Sixth Amendment,   this case will go before a jury WITHOUT FURTHER DELAY for damages as allowed under the law..

Respectfully,

Josephine Amatucci

c. Town of Wolfeboro, and Sheriff's dept.

July 18, 2024

*Josephine Amatucci*

3

SUPPLEMENTAL NARRATIVE FOR SERGEANT WILLIAM WRIGHT
Ref: 18-153-OF

On October 2, 2018 I received a telephone call from Chief Rondeau. He informed me he was made aware by his prosecutor, I had sent the paperwork to him for review. He said he would recommend sending Ms. Amatucci a must appear citation and avoid an actual physical custody arrest and processing. He stated it would be to the best interest in all parties to handle this case as least intrusive as possible, as previous contacts with Ms. Amatucci have caused hostility. He indicated Ms. Amatucci has always shown up at court accordingly and does not believe she wo___ ___d to be bailed traditionally. He further told me the Ossipee Court allows for hand summons to be is___ ___ed on Class B Misdemeanor cases.

As a result of the conversation and direction of Chief Rondeau, I will be sending Ms. Amatucci the court complaint via certified receipt mail through the US Postal Service, rather than following through with a tradition warrant arrest process. November 1, 2018 court date will be given.

The Belknap County Sheriff's Department was also asked by the Wolfeboro Police Department to prosecute this case accordingly.

*Rondeau had All the evidence Before him That there was no Assault - No Bodily Injury - Hellooo Rondeau was Terminated.*

**RECEIVED**
SEP 09 2019
OSSIPEE
DISTRICT DIVISION

*Conspiracy*
*Monell Claim*

```
                    Belknap County Sheriffs Department                    Page: 2
                    NARRATIVE FOR SERGEANT WILLIAM WRIGHT
        Ref: 18-153-OF
```

I told him I would conduct the investigation and would be forwarding the conclusion once completed.

On September 7, 2018 I responded to the Wolfeboro Solid Waste Disposal Building, 400 Beach Pond Rd Wolfeboro, NH. At approximately 0940 hours, I met with the victim of this incident:

Robert Maloney

The building office was open and had foot traffic from the busy dump day. I was told we could use the office, but might be interrupted during the interview. I began the recorded interview asking Mr. Maloney about the incident.

He informed me on August 7, 2018 at approximately 2 p.m., he was standing in the doorway of the building office. He witnessed Josephine Amatucci speaking with Supervisor Steve Champaigne about a couple of people who were making a mess with a U-Haul truck. The people had been emptying the truck and had items spread out. Ms. Amatucci was told Mr. Champaigne had already told the people they were to clean up the mess before they left. Ms. Amatucci then walked off. As short time later, Mr. Maloney was still standing in the door way when Ms. Amatucci came to him from the flank. She then pushed him on his left side with her hands, causing him to lose his balance and fall down the two stairs into the office. She followed him into the office and began yelling at Mr. Champaigne, who was already in the room. She argued about the mess caused by the U-haul truck. After a few moments she then left. Mr. Maloney told me Ms. Amatucci did not have permission to put her hands on him. He did not have any injuries as a result of this assault. He told me she had no real reason to push him and that she could have easily walked around him. We were interrupted a couple of times during the interview, with patrons of the dump. The facility was extremely busy and there was limited staff on hand.

When I asked about his relationship with Ms. Amatucci and he told me he knew her from him working at the dump for the last 20 years. He said she was a frequent customer and had no idea what her concern with the U-haul truck was. His recorded statement is part of this report.

I then spoke with: [handwritten: AT THE TRIAL MR. CHAMPAIGNE A WITNESS ADMITTED MALONEY WAS NOT STANDING IN THE DOORWAY. WHERE MALONEY ADMITS HE HAD NO INJURIES- THEREFORE THERE WAS NO BODILY INJURY FOR WHAT SHE WAS MALICIOUSLY PROSECUTED FOR.] Joshua Nason [handwritten: AND MALONEY WAS NEVER STANDING IN THE DOORWAY AND HE KNEW] DoB: 12/25/93 [handwritten: me well I lived next door to HIM AND HAD A RESTRAINING ORDER ON HIS MOTHER]

who advised me he was a witness to the assault. Again I audio taped this interview in the same office. Mr. Nason informed me he had seen Ms. Amatucci come up to Mr. Maloney from the side. She then pushed him, causing him to fall down the stairs. She then commenced to yell at Mr. Champaigne telling him he was rude to people. She yelled for a few minutes then left. He said he left the office just after the assault. He said he did not hear of any injuries but he was aware she had no right to push him. His recorded statement is attached to this report.

I was informed Steve Champaigne was on vacation and would not be returning until the 17th. I told the employees I would be following up with him once he returned.

I went to the Wolfeboro Police Department and spoke with a Captain. He gave me an IMC printout of Ms. Amatucci's information and contacts Wolfeboro Police Department

_Exhibit_

On September 25, 2018 at approximately 1300 hours, I went to the Wolfeboro Solid Waste Facility, 400 Beach Pond Road Wolfeboro, NH to speak with employee and witness:

Steven Champaigne

Upon arrival we met in the upper building office. I explained who I was and why I was there to take a statement/interview him. He informed me he understood. We began the taped statement shortly thereafter. During the interview Mr. Champaigne informed me he was an employee of the Town of Wolfeboro. He has known Josephine Amatucci for approximately 10 years, from her contact with him at the Solid Waste Facility. He stated he was familiar with Robert Maloney's family having legal issues with Ms. Amatucci but nothing directly with Mr. Maloney. He told me on August 7, 2018 at approximately 2 p.m., he and two other employees were taking a water break in the lower building office. He said Robert Maloney was standing in the doorway of the office. Ms. Amatucci made a comment to Mr. Champaigne as she walked by about some patrons making a mess. He responded back to her indicating the issue had been addressed. Ms. Amatucci returned a couple minutes later and pushed Robert Maloney out of the doorway and began yelling at Mr. Champaigne. He said Robert Maloney was knocked off balance and slid down the two steps into the office. He said Ms. Amatucci then left the office area.

He indicated there was no legitimate reason for Ms. Amatucci to touch Mr. Maloney. Further, he said they were hopeful she would be barred from the solid waste facility to avoid future issues. I concluded the statement after speaking with Mr. Champaigne for a few minutes.

Based on the information received from the witnesses and victim in this case, there is probable cause to believe on August 7, 2018 at approximately 1400 hours, Josephine Amatucci did have unprivileged physical contact to another, to wit, Robert Maloney, without being licensed or privileged to do so. I will be drafting a warrant and complaint for her arrest. She refused to speak with me about the incident, to give her recollection of the event.

September 28, 2018 warrants were drafted and approved by Sheriff Moyer and Prosecutor Timothy Morgan. Case will be submitted to Prosecutor Morgan once supplemental narrative is approved and an arrest is made.

*I had, have a Restraining Order on Pauline Maloney, Robert Maloney's Mother.*

*Mr. Champaigne UNDER OATH at the Trial, admitted Maloney WAS NEVER STANDING IN THE DOORWAY and therefore I never pushed Maloney down a few steps the court was given a copy of the Trial which Touts besides the evidence of _____ WAS NEVER*

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896



United States District Court
District of New Hampshire
Office of The Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301