FILED - USDC -NH
2024 AUG 2 PM2:10

9154

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Town of Woleboro, Selectmen, Town Manager


RESPONSE TO COURT'S UNLAWFUL DISMISSAL

UNDER LOCAL RULES AND PROCEDURE

WHEN THIS CASE IS A 1983 SUIT AGAINST THE MUNICIPALITY UNDER

MONELL , A FEDERAL CONSTITUTIONAL CLAIM

WHICH OVERRIDES ANY LOCAL RULE OR PROCEDURE

Under the Supremacy Clause, the laws of the United States , judge Laplante is bound to address his rulings, under the LAW OF THE LAND, and that a violation of a local procedure of a restraining order of the Court, cannot will not override the Plainhtiff's claims of a r a Monell claim under 1983 a Federal Constitutional right a right, which overrides any local law or procedure, such as a local restraining order. That a local restraining order does not /cannot not override the Plaintiff's claims in this case, that of a Monell claim, which makes the Town liable for the Federal Civil Rights violations of the Plaintiff by the police, where in ..... Deliberate Indifferance.... the Town, in a widespread practice are the "moving force" behind the violations of the Plaintiff's civil rights by the police. In a custom of the Town when they have denied and disregarded the unlawful acts of the police. in a continuous conduct over the years, and in doing so were Aid and Abetting the unlawful acts of the police, in Deliberate Indiffernce. Where it must be known by the Court there is NO CLAIM of ...... RESPONDEAT SUPERIOR in this case by the Plaintiff.

1. This court has no authority to dismiss the Plaintiffs claims in this case by a

restraiming order, of a local procedure, and/or in refusing to address or litigate or rule on

the actual claims of this case, which is a Monell claim in violation of the Plaintiff's Civil

Rights, by the police. Where local rules or procedures cannot/ does not override her right to a lawsuit claim under Monell for the violation of her Federal Constitutional rights. As allowed under a Monell claim under 1983 .

## A MONELL CLAIM

2. "A Monell claim is established by a decision of the UNITED STATES SUPREME COURT, under the doctrine, where individuals can challenge individual law enforcement officers, municipalities, and police policies, when their misconduct causes harm or violates their Constitutional Rights . When town inaction can be traced to a deprivation such as a custom "By Deliberate Indifferene" to the Plaintiff's rights. See Dwares v. City of N.Y. 985 F.2d 94, 100-101 (2d Cir. 1993). Pembaur v. City of Cincinnati".

3. That therefore the Judge cannot dismiss this cause of action , in violation of the Plaintiff's rights under Monell as allowed by the decision of of the United States Supreme Court under Monell. Where a restraining order under local rule/procedure does not override the rights allowed under a Monell claim as decisded by the UNITED SUPREME COURT, of the rights of the Plaintiff in this lawsuit against the defendants.

4. Where the Town in a continuing conduct, in deliberate indifference, in a CUSTOM of the Town, in conscious disregard, in failure to supervise the unlawful acts of the police, as policymaking individuals, amounted to "deliberate Indiference" a viable claim under Monell under 1983.

5. And where in all the previous cases and decisions of the Court only addressed the local rules, and never addressed a Monell claim, a viable Federal Constitutional claim, there is no res judicata or claim preclusion in this case.

6. Where under the case of City of St Louis v. Praporotnik, the UNITED STATES SUPREME COURT accepted the theory, that, "when a final policymaker approved a decision, it would be chargeable to the municipality." That a willful participant in joint activity with its agents, is liable under 1983.

Monell, under 1983 states:

"A municipality is liable where there is a deprivation of a federal right that occurred as a result of a "policy" of the local government or local officials whose acts or inactions may fairly be said to be those of the municipality. That therefore, the municipal acts or inactions were taken with a degree which is causally linked to the deprivation of a federal right". Brown, 117 S. Ct. at 1401".

WHEREFORE; This judge will either allow this lawsuit to move forward without further delay as allowed under the Sixth Amendment for an 86 year old elderly person, or the judge is a TRESPASSOR of the law of the land, and is mandated to step down in this case where another judge will allow the Plaintiff her Constitutional rights as allowed under a Monell claim against the defendants. To a trial before a jury of her peers, as allowed under Monell, where the Town is liable for the failure to supervise the actions of the police in a CONTINUING CONDUCT OVER THE YEARS, as proven with the evidence before the court. In a custom and/or policy of deliberate indiffernce, for the Town's inactions and denials in a widespread "moving force". And in doing so the Town is in violation of Due Process under the Fourth, Fourteenth, and Sixth Amendment in denial of the Plaintiff's Constitutional rights for a deprivation of her FEDERAL RIGHTS which occurred as a result of a "policy" of the local officials, whose acts are those of the municipality, a claim as allowed under Monell.

Respectfully,

Josephine Amatucci

August 1, 2024

c. Town of Wolfeboro

*Josephine Amatucci*