9212

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Deputy Richard M. Young and

Carroll County Sheriff's Dept.

## JURISDICTION

1. This action is broght pursuant to 42 U.S.C. 1983.

## PARTIES

2. Plaintiff Josephine Amatucci a citizen of the United States and a resident of Wolfeboro, New Hampshire;

3. Carroll County Sheriff's Dept. in Ossipee N.H.

4. Sheriff Deputy Richard M. Young in Ossipee N.H.

## RELEVANT FACTS

5. This case is AGAIN before the Court, who refuses to address, litigate, adjudicate the Plaintiff's claims under 42 U.S.C. 1983.

6. Yes, yes, yes the Plaintiffr can sue a Sherif's Dept. under Section 1983 where defendant Deputy Richard M. Young, an employee of the Sheriff's Dept. acting under "COLOR OF STATE LAW" violated the Plaintiff's Federal Constitutional Rights while performing his official duties.

7. Where there is NO IMMUNITY when actions are unconstitutional and when they

CLEARLY VIOLATED ESTABLISHED RIGHTS.  Under the Federal Constituiton, the LAW OF THE LAND. Which overrides any state procedures.  Where "under color of state law" Young's actions resulted in the deprivation of a Federal Statutory Right, of Excessive Force, in violation of the Fourth Amendment. When the Plaintiff was not fleeing, was not being arrested, and where she was no threat to anyone's saftey.

8.    When under her First Amendment Rights, and in desperation the Plaintiff entered the Carroll County District Attorney's Office to dispute an unlawful Malicious Prosecution that she was being falsely accused of by the then Police Chief Dean Rondeau. Where she feared for her safety, the Plaintiff being a very elderly person of 84 years old.  That she had evidence that she never committed any Assault with Bodily Injury as she was being prosecuted for by Rondeau and the Belnap Sheriff's Dept.  Where her exculpaory evidence was a statement made by the alleged victim a Mr. Maloney, stating there was.... NO INJURY.

9.    That while the Plaintiff was sitting down in the waiting room waiting on her phone with the District Attorney's office to come outside the office and get her evidence and pleading for help, suddenly defendant Deputy Shieriff Young appeared, as ordered by the District Attorney prosecutor to remove her from the waiting room.

10.    The Plaintiff rang the bell to the County Attorney's office to tell them to remove Young from her, and she went to sit down. At that time Young approached the Plaintiff and attacked her with EXCESSIVE FORCE, grabbing her arm and twisting it, with such force that she started to scream from the pain. And he forced her out the door of the office. and removed her from the building.

11.    On the way home her pain was so bad she went straight to her primary care physicialy who seeing the severity of her redness of her arm injury had her rushed to the immergency ward of the hospital where due to the severity of her injury an x-ray was

ordered, and her arm was put in a sling. And she was given medication. It was indeed an EXCESSIVE FORCE INJURY.

12.     Under 1983 Punitive damages are available undr Section 1983 when the defendants conducT involves reckless and or callous indifference of the Plaintiff's Federally PROTECTED RIGHTS and of CRUEL AND UNUSUAL PUNISHEMENT. See the case of Smith v. Wade (1983). Where the .....United States Supreme Court....showed where there is indifference to the rights of others, as allowed under the EIGHTH AMENDMENT.

13.     That beyond any reasonable doubt the Plaintiff's injury was ( 1) under color of law; (2) In an action that resulted in the deprivation of her Federal Constitutional rights. which allows for a Section 1983 lawsuit against a Sheriff's Dept. where Young violated my Federal Constitutonal Rights while performing in an official act. See Sintra v. City of Seattle . Monroe v. Pape.

14.     The Plaintiff is petitioning the Court to order that Melissa Banks who recorded the Assault by Young, to produce the evidence of her video tape to the court, as exculpatory evidence, which is also evidence of the Huggins Hospital report before the court of the claim of excessive force by Young.

WHEREFORE: Under 1983, under 1983, damages are allowed for the reckless and/or callous indiference of the Plaintiff's Federally protected rights, by Young, where the Sheriff's Dept. can be sued undr 1983, for compensatory, nominal, punitive damages, that the Plaintiff is DEMANDING as allowed under the law that this Court allows her an IMMEDIATÉ Sixh Ameendment Right, to a jury trial of her PEERS, for damages for the violation of her Federal Constitutional Rights. As allowed under a 1983 claim.

Respectfully,

Josephine Amatucci

December 18,2024

c.. Carroll County Sheriff's Dept. and Young.

*Josephine Amatucci*

3 /3

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301