9235

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

DMV, Trooper Hawley Rae, Mr. Maracuso

Melissa Countway, Individually

### JURISDICTION

1. This new cause of action for damages is brought pursuant to 42 U.S.c.1983, Jurisdiction is founded upon 28 U.S.C. 1331 (1)(3)(4), and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of the court under 28 U.S. C. 1367 (a) to her and adjudicate state law claims. Plaintiff claims a trial by jury.

### PARTIES

Plaintiff Josephine Amatucci, at Post Office Box 272, Wolfeboro Falls, NH 03896, is a Citizen of the United States and a resident of Wolfeboro, N.H.

Melissa Countway, INDIVIDUALLY,

Trooper Hawley Rae, #1216 of the NH State Poice, 139 Iron works Road, Concord, NH.

Department of Motor Vehicles Officially

Director of DMV........Mr. Maracuso, Officially and Individually

### COMPLAINT INTRODUCTION

1. This Complaint is ENTIRELY based on the Plaintiff's violation of her right to a

1 OF 9    1 OF 9 PAGES

HEARING ..... BEFORE.... her license to drive was suspended, by the DMV. A viable claim under the Federal Constitution under the LAW OF THE LAND, under 1983, a vioaltion of Due Process when she was denied a HEARING BEFORE her license to drive was suspended. That any local administrative action, law, procedure of the DMV, that any decision of defendant Maracuso, does not/cannot ....OVERRIDE.... the Plaintiff's LIBERTY RIGHTS under 1983 of the Federal Constution, of Due Process of the Federal Constitutional law. A law that demands that a HEARING be allowed BEFORE one's license to drive is suspended. That is BEFORE, BEFORE, BEFORE, BEFORE her license is suspended, which did not happen here.

2. That despite her pleas, the director Maracuso of the DMV refused the Plaintiff her right unnder Due Process of the FEDERAL CONSTITUTION, the right to a hearing to defend herself, before her license to drive was suspended.

3. As stated clearly, under Justia, it is the LAW that the Plaintiff be allowed a LEGAL RIGHT to a..." HEARING".... under Federal CONSTITUTIONAL Law, her right to a Hearing by the Deparment of Motor Vehicles..... BEFORE ... her license to drive was suspended.

4 . That the Plaintiff's RIGHTS under DUE PROCESS, under the Fourteenth Amendment of the Federal Constitution, the LAW OF THE LAND, 'OVERRIDES any local Administrative Procedure of the DMV, which denied the Plaintiff her right to hearing, before her rights to drive were suspended by the DMV under an administrative procedure, where no arbitrary Act of the State Government Administrative procedures and/or actions, can/will OVERRIDE the Plaintiff's Due Process LIBERTY rights allowed by the FEDERAL CONSTITUTION, which protects people's Life, Liberty, or property . And where under 1983, one is allowed to sue local government officials, the defendants, for DAMAGES under Section 1983 for violations of their FEDERAL CONSTITUTIONAL RIGHTS , as allowed under DUE PROCESS OF THE LAW OF THE LAND.

2 *B*

5 . That, although the Plaintiff begged for a...." HEARING".... before her license was suspended, before having to submit to be re-examined, by the DMV, under an ADMINISTRTIVE PROCEDURE, begged for a HEARING where she was able to present exculpatory evidence against any traffic violations, or that she was no threat to the public, supported by evidence by her Primary Care Physician, confirming that she had no mental or physical disabilities, wherefore, the denial of a Hearing was a violation of her Federal Constitutional Rights under Due Process, when the the DMV ignored her evidence, and suspended her license under an administrative procedure. In violation of the Fourteenth Due Process Rights, under the LAW OF THE LAND which allows the Plaintiff damages before a jury trial of her peers, under 1983. That no management of the docket can interfere with the Plaintiff's Federal Constitutional Rights by this Court. It is the LAW OF THE FEDERAL GOVERNMENT that manages the docket, that determines what proceeds in this case, it is the LAW that manges the docket, not the adminsitrative rules and procedures of a court. And in this case, no management is necessary by the Court, as the evidence admits this case directly to a jury trial for damages, where no mangement is necessary, that the case is simply presented to a jury trial of her peers for damages.

6. That this case is ripe for damages when the DMV illegally and unlawfully and in Deliberate Indifference suspended her license under local adminsitrative rules that have no authority OVER HER FEDERAL CONSTITUTIONAL RIGHTS.

7. That it is to be noted that this is the second time DMV in Deliberate Indifference refused to give the Plaintiff a Hearing before they ordered her to be re-examind. As in the past the FORMER Police Chief Dean Rondeau, of Wolfeboro, contacted the DMV to have the Plaintiff re-examined, accusing her of a crime she later proved she never committed. Yet the DMV, without allowing her the right to a Hearing, ordered her to be re-examined. An Act of Deliberate Indifference.

3

8.  Howevr, the Plaintiff was able to produce exculpatary evidence that she was not in Wolfeboro, NH at the time Rondeau was falsely accusing her of a traffic violation, she was able to prove she was in Massachusetts at the time, as she had as evidence a deposit slip she made in a Massachusetts bank at the same time she was suppose to be involved in a traffic violation in New Hampshire, according to Officer Dean Rondeau.

WHEREFORE:  Under her rights under the FEDERAL CONSTITUTION, THE LAW OF THE LAND, under 1983 the Plaintiff is allowed, and is MANDATING tht a jury trial of her peers be ordered immediately by the Court, for damages, for the denial of her liberty rights, in the unlawful denial of her Federal Constitutional rights by the defendants, when she was denied a HEARING before her license to drive was suspended, a trial, to be held without further delay, that is a SPEEDY TRIAL, as mandated under the Sixth Amendment, for the elderly.

Respectfully,

Josephine Amatucci

March 10, 2025

c. DMV, Rae

*Josephine Amatucci*

4 𝐵

From: Josephine Amatuci
P.O. Box 272
Wolfeboro Falls, N.H. 03896

CERTIFIED MAIL
7022 3330 0001 2492 5784

U.S. POSTAGE PAID
FCM LG ENV
WOLFEBORO FALLS
NH 03896
MAR 14, 2025
$7.44
03301
RDC 99
S2324K500781-01

BC
3/15

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, New Hampshire 03301

FIRST CLASS